IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION<br>and BOSTON SCIENTIFIC SCIMED, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CONOR MEDSYSTEMS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>) |

## COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc., for their Complaint against Defendant Conor Medsystems, Inc., hereby allege as follows and demand a jury trial on all issues so triable.

## THE PARTIES

1.  Plaintiff Boston Scientific Corporation ("BSC") is a Delaware corporation having a principal place of business at One Boston Scientific Place, Natick, Massachusetts 01760.

2.  Plaintiff Boston Scientific Scimed, Inc. ("BSSI") is a Minnesota corporation having a principal place of business at One Scimed Place, Maple Grove, Minnesota 55311.

3.  Upon information and belief, Defendant Conor Medsystems, Inc. ("Conor") is a Delaware corporation having a principal place of business at 1003 Hamilton Court, Menlo Park, California 94025.

-2-

## NATURE OF THE ACTION

4. This is a civil action for the willful infringement of United States Patent No. 5,922,021 ("the '021 patent"). This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Conor is subject to personal jurisdiction in this Court as evidenced by, *inter alia*, its presence in Delaware as a Delaware corporation.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT

8. On July 13, 1999, the '021 patent, titled "Intravascular Stent," was duly and legally issued to Dr. G. David Jang. BSSI is the current assignee of the '021 patent, and is the owner of the right to sue and to recover for any current or past infringement of that patent. A copy of the '021 patent is attached hereto as Exhibit A.

## ACTS GIVING RISE TO THIS ACTION

9. Conor has infringed the '021 patent by making, using, offering to sell and/or selling within the United States stents (including but not limited to those using the names "CoStar" or "UniStar" as all or part of the trademark) as claimed thereby ("the Accused Stents"), and/or inducing and/or contributing to such conduct, without authority and in violation of 35 U.S.C. § 271(a), (b) and/or (c).

10. Conor does not have any license or other authority from BSC, BSSI or any other person or entity to practice the subject matter claimed by the '021 patent.

11. Conor's activities are not subject to the protections of 35 U.S.C. § 271(e)(1) because, upon information and belief, Conor is not making, using, offering to sell and/or selling the Accused Stents "solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products." Instead, upon information and belief, Conor is making, using, offering to sell and/or selling some or all of the Accused Stents for subsequent commercial sale in India and other countries and/or for the development and submission of information other than under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products.

12. To the extent that Conor begins offering to sell and/or selling the Accused Stents for use in patients in the United States, and/or inducing and/or contributing to such conduct, that would further infringe the '021 patent under 35 U.S.C. § 271(a), (b) and/or (c).

13. BSC and BSSI have at all times complied with the notice provisions of 35 U.S.C. § 287(a) with respect to the '021 patent.

14. Upon information and belief, Conor has been aware of the '021 patent at all relevant times.

15. Upon information and belief, Conor has willfully infringed the '021 patent. Conor's willful infringement of the '021 patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

16. BSC and BSSI have been irreparably harmed by Conor's infringement of the '021 patent and will continue to be irreparably harmed by that infringement unless and until it

is enjoined by this Court. BSC and BSSI do not have an adequate remedy at law. Conor's infringement has also caused damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs BSC and BSSI pray for judgment:

A.    Adjudging that Defendant Conor has infringed the '021 patent;

B.    Preliminarily and permanently enjoining Conor, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, from making, using, offering to sell and/or selling within the United States, and/or importing into the United States, any Accused Stents or any other product that infringes or induces or contributes to the infringement of the '021 patent prior to the expiration of that patent, including any extensions;

C.    Awarding BSC and BSSI damages adequate to compensate for Conor's infringement of the '021 patent, together with interest and costs as fixed by the Court;

D.    Adjudging that Conor's infringement of the '021 patent has been willful and trebling all damages awarded to BSC and BSSI for such infringement pursuant to 35 U.S.C. § 284;

E.    Declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding BSC and BSSI the attorney fees, costs and expenses they incur in this action; and

F.    Awarding BSC and BSSI such other and further relief as the Court deems just and proper.

DB02:5093784.1 900001.0005

-5-

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs BSC and BSSI hereby demand a trial by jury for all the issues so triable.

YOUNG CONAWAY
STARGATT & TAYLOR, LLP

Josy W. Ingersoll (I.D. #1088)
John W. Shaw (I.D. #3362)
Adam W. Poff (I.D. #3990)
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19801
(302) 571-6600
jingersoll@ycst.com

*Attorneys for Plaintiffs*

*Of Counsel*:

John M. Desmarais
Peter J. Armenio
Eric W. Dittmann
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Dated: November 8, 2005