# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CONOR MEDSYSTEMS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 05-768 (SLR) |

## ANSWER OF CONOR MEDSYSTEMS, INC.

Defendant Conor Medsystems, Inc. ("Conor") hereby answers Boston Scientific Corporation's ("BSC's") and Boston Scientific Scimed, Inc.'s ("BSSI's") (collectively, "Plaintiffs'") Complaint ("Complaint") as follows:

### THE PARTIES

1.  Conor admits upon information and belief the averments of Paragraph 1.

2.  Conor admits upon information and belief the averments of Paragraph 2.

3.  Conor admits the averments of Paragraph 3.

### NATURE OF THE ACTION

4.  Conor admits that the Complaint purports to be a civil action for the alleged willful infringement of United States Patent No. 5,922,021 ("the '021 patent") and that the Complaint purports to be an action that arises under the Patent Laws of the United States, 35

U.S.C. § 1 *et seq.* Conor denies any allegation that it has infringed or does infringe the '021 patent identified in the Complaint and, therefore, denies the remaining averments of Paragraph 4.

## JURISDCTION AND VENUE

5.  Conor admits that this Court has subject matter jurisdiction over actions arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* based on 28 U.S.C. §§ 1331 and 1338(a). Conor denies the remaining averments of Paragraph 5 of the Complaint.

6.  Conor admits the averments of Paragraph 6.

7.  Conor admits the averments of Paragraph 7.

## THE PATENT

8.  Conor admits that on its face the '021 patent states that it was issued on July 13, 1999, is titled "Intravascular Stent," and names G. David Jang as the sole inventor. Conor further admits that a copy of the '021 patent is attached to the Complaint as Exhibit A. Conor lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 8, including that BSSI is the current assignee of the patent, and therefore denies the averments.

## ACTS GIVING RISE TO THIS ACTION

9.  Conor denies the averments of Paragraph 9.

10. Conor denies the averments of Paragraph 10.

11. Conor denies the averments of Paragraph 11.

12. Conor denies the averments of Paragraph 12.

13. Conor is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 13 and, therefore, denies them.

14. Conor denies the averments of Paragraph 14.

15. Conor denies the averments of Paragraph 15.

16. Conor denies the averments of Paragraph 16.

## DEFENSES

17. Conor asserts the defenses set forth below and specifically reserves the right to amend its answer with additional defenses and/or counterclaims.

## FIRST DEFENSE (NON-INFRINGEMENT)

18. Conor has not infringed and does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '021 patent.

## SECOND DEFENSE (INVALIDITY)

19. Each of the claims of the '021 patent is invalid for failure to comply with the Patent Laws of the United States, including without limitation the conditions and requirements for patentability set forth in 35 U.S.C. §§ 102, 103, and 112.

## THIRD DEFENSE (NO ENTITLEMENT TO INJUNCTIVE RELIEF)

20. Plaintiffs are not entitled to injunctive relief because Conor has not infringed and is not infringing the '021 patent, the '021 Patent is not valid, and the '021 Patent is not enforceable. Further, any purported injury to Plaintiffs is not immediate or irreparable, and Plaintiffs would have an adequate remedy at law. Further, the public interest and the balance of hardships disfavors an injunction under the circumstances here.

## FOURTH DEFENSE (PROSECUTION HISTORY ESTOPPEL)

21. Plaintiffs are estopped from asserting that any valid and enforceable claim of the '021 patent is infringed by Conor, either literally or by application of the doctrine of equivalents,

because of admissions, amendments, arguments, and statements to the United States Patent and Trademark Office during prosecution of the applications leading to, or related to, the issuance of the '021 patent.

### FIFTH DEFENSE (PATENT MISUSE)

22. Plaintiffs' claim for alleged infringement of the '021 patent is barred due to patent misuse.

23. Upon information and belief, Plaintiffs secured their purported assignment of rights to the '021 patent through fraud or mistake, and therefore have no right to assert the '021 patent against Conor.

24. Upon information and belief, Plaintiffs claim that on or about June 3, 2002, the '021 patent, among others, was assigned to Scimed Life Systems, Inc. ("Scimed") – purportedly a predecessor of Plaintiff BSSI – by the inventor of the '021 patent, G. David Jang ("Dr. Jang").

25. Upon information and belief, on or about May 19, 2005, Dr. Jang filed a Complaint against Plaintiff BSC and Scimed, in the United Stated District Court for the Central District of California, Eastern Division-Riverside (ED CV 05-00426 VAP) (the "California suit") alleging that Scimed breached the Assignment Agreement between Scimed and Dr. Jang and that Plaintiff BSC and Scimed made intentional misrepresentations which fraudulently induced Dr. Jang to enter into a contract to assign patents, including the '021 patent, to Scimed. Dr. Jang has asked for an order rescinding the Assignment Agreement which includes the assignment of the '021 patent.

26. Upon information or belief, Plaintiff BSC and Scimed have appeared in the California suit and have knowledge of Dr. Jang's position that Plaintiff BSC and Scimed fraudulently induced Dr. Jang to assign the '021 patent and that rescission of the Assignment

Agreement is the appropriate remedy. Plaintiffs' acts of bringing the present action against Conor constitute patent misuse because they are aware of Dr. Jang's suit and do not have the equitable or legal right to assert the patent against Conor. This suit against Conor also constitutes patent misuse because neither Plaintiff owns or has the right to assert the '021 patent in law or equity.

### SIXTH DEFENSE (UNCLEAN HANDS)

27. Plaintiffs' claim for alleged infringement of the '021 patent is barred under the doctrine of unclean hands.

### SEVENTH DEFENSE (INEQUITABLE CONDUCT)

28. Plaintiffs' claim for alleged infringement of the '021 patent is barred due to inequitable conduct because individuals associated with the filing and prosecution of the application for the '021 patent, including the named inventor and the prosecuting attorney (Paul Davis), made the following material misrepresentations and material omissions with the intent to deceive the Patent Office:

29. During the prosecution of the '021 patent, Dr. Jang was aware of, and failed to disclose to the Examiner of the '021 patent, a number of material prior art stents that were described in the Handbook of Coronary Stents (published in 1998) to which Dr. Jang contributed, including the Paragon stent and the V-Flex stent.

30. During the prosecution of the application for the '021 patent, Dr. Jang and Mr. Davis were aware of, and failed to disclose to the Examiner of the '021 patent, a material prior art reference, namely, U.S. Patent No. 5,545,210, which Dr. Jang and Mr. Davis were aware of before issuance of the '021 patent from their prosecution of U.S. Patent No. 6,241,760 and U.S. Patent No. 5,954,743.

31. In prosecuting the application claims (1 and 24) that became independent claim 1 and independent claim 23 of the '021 patent, the applicant misleadingly described both the stent of claim 1 and the stent of claim 23 to the Examiner on June 17, 1998, as follows: "the present invention is **a stent** with a first connecting strut with proximal, distal and intermediate sections. The intermediate section is non-parallel to the proximal and distal sections. Additionally, **the stent** has a first expansion strut of a first expansion strut pair in a first expansion column that has a longitudinal axis which is offset from a longitudinal axis of a first expansion strut of the second expansion strut pair in a second expansion column." (emphasis added) The applicant then misleadingly asserted that these limitations distinguished both claims 1 and 23 from the '067 Pinchasek patent when, under Plaintiffs' construction of claim 23, the limitations did not distinguish claim 23 from the '067 Pinchasek patent. As a result of these misleading statements, the Examiner was led to believe that independent claim 23 contained limitations that distinguished it from the '067 Pinchasek patent, as reflected in a statement made by the Examiner on September 15, 1998. There, based on the applicant's misleading statements, the Examiner stated that independent claims 1 and 23 both covered a plurality of expansion columns "wherein the expansion strut pairs of the first expansion column are longitudinally offset from the expansion strut pairs of the second expansion column." Thus, the applicant's misleading statements led the Examiner to allow claim 23 over the '067 Pinchasek patent when, in fact, at least under Plaintiff's construction, the '067 Pinchasek patent anticipates or renders obvious claim 23.

## EIGHTH DEFENSE (OWNERSHIP)

32. Based on information and belief, the purported assignment of the '021 patent to Plaintiffs was procured through fraud and/or mistake. As a result, Plaintiffs lack legal and

6

equitable ownership of the '021 patent and do not have standing to bring or maintain this suit under the '021 patent.

### NINTH DEFENSE (§ 271(E)(1) EXEMPTION)

33. Plaintiffs' complaint for alleged infringement of the '021 patent is barred in whole or in part because the alleged conduct is exempt under 35 U.S.C. § 271(e)(1).

### PRAYER FOR RELIEF

WHEREFORE, Conor requests that the Court enter judgment in its favor and against the Plaintiffs as follows:

A. A dismissal with prejudice of Plaintiffs' Complaint and each claim therein;

B. A judgment that Conor is not infringing, contributing to the infringement of, or inducing the infringement of, and has not infringed, contributed to the infringement of, or induced the infringement of, any of the claims of the '021 patent;

C. A judgment that the claims of the '021 patent are invalid;

D. A judgment that the '021 patent is not enforceable;

E. Adjudging that Plaintiffs are not entitled to any injunctive relief against, or any damages for any alleged patent infringement by, Conor;

F. Enjoining BSC and BSSI from asserting the '021 patent against Conor;

G. Adjudging this to be an exceptional case against Plaintiffs under 35 U.S.C. § 285;

H. Awarding Conor its reasonable attorneys' fees, costs and expenses; and

I. Granting to Conor such other and further relief as this Court may deem just and proper.

                        MORRIS, NICHOLS, ARSHT & TUNNELL

                        */s/  Jack B. Blumenfeld (#1014)*
                        _____
                        Jack B. Blumenfeld (ID #1014)
                        Roger D. Smith II (ID #3778)
                        1201 North Market Street
                        P.O. Box 1347
                        Wilmington, DE  19899
                        (302) 658-9200
                          Attorneys for Conor Medsystems, Inc.

*Of Counsel*:

Matthew D. Powers
Jared Bobrow
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

Sherry M. Knowles
KING & SPALDING LLP
191 Peachtree Street
Atlanta, GA  30303
(404) 572-4600

December 30, 2005

CERTIFICATE OF SERVICE

I, Jack B. Blumenfeld, hereby certify that on December 30, 2005 I electronically filed Answer of Conor Medsystems, Inc. with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP

I also certify that copies were caused to be served on December 30, 2005 upon the following in the manner indicated:

<u>BY HAND</u>

Josy W. Ingersoll, Esquire
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE  19899

<u>BY EMAIL</u>

Peter J. Armenio
Kirkland & Ellis
Citigroup Center
153 East 53rd Street
New York, NY  10022
parmenio@kirkland.com

/s/    Jack B. Blumenfeld (#1014)
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com