# EXHIBIT 6

# HellerEhrman LLP

January 17, 2006

Paul A. Rose
paul.rose@hellerehrman.com
Direct (858) 450-5808
Main +1.858.450.8400
Fax +1.858.450.8499

39204.0778

*Via Email and U.S. Mail*

Edward Han
Howrey LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004

Re:   *Jang v. Boston Scientific, et al.*, C.D. Cal. Case No. ED CV 05-00426 VAP SGLx

Dear Mr. Han:

     As you know, notwithstanding Scimed's and Boston Scientific's material breach of the assignment agreement with Dr. Jang, notwithstanding Scimed's and Boston Scientific's unconscionable and untenable assertion that the assignment agreement somehow conveyed ownership of Dr. Jang's balloon catheter patents to Scimed, and notwithstanding Dr. Jang's rescission of the assignment agreement, all of which, collectively and independently, relieves Dr. Jang of any obligations under the assignment agreement, including the obligation to cooperate in litigation contained in Paragraph 7.3(b), Dr. Jang voluntarily provided material assistance to Scimed and Boston Scientific in the J&J litigation. Dr. Jang similarly stands ready to assist with the infringement suit against Conor Medsystems, if the district court permits that suit to proceed in the face of Dr. Jang's rescission of the parties' agreements.

     Dr. Jang's willingness to assist Scimed and Boston Scientific in the J&J matter and his willingness to assist Scimed and Boston Scientific in the Conor Medsystems matter is and always has been without prejudice to Dr. Jang's position in his lawsuit against Scimed and Boston Scientific that the assignment agreement has been rescinded. As a consequence of that rescission, which relates back to the date the assignment agreement and related documents were executed (as I am sure Boston Scientific and Scimed realize), any and all damages or settlement proceeds obtained by Scimed or Boston Scientific in either lawsuit will belong to Dr. Jang as a matter of law. For reasons known only to your clients, they elected to proceed with the J&J litigation and initiate the Conor litigation with full knowledge of Dr. Jang's rescission of the assignment agreement. They did not ask Dr. Jang's permission to proceed in either action, but instead proceeded unilaterally as though they were the owners of the claims being asserted. Having done so, they must realize that they will be constructive

Heller Ehrman LLP   4350 La Jolla Village Drive, 7th Floor   San Diego, CA 92122-1246   www.hellerehrman.com

Anchorage   Beijing   Hong Kong   Los Angeles   Madison, WI   New York   **San Diego**   San Francisco   Seattle
Silicon Valley   Singapore   Washington, D.C.

**HellerEhrman** LLP

January 17, 2006
Page 2

trustees for Dr. Jang of any proceeds they may recover in either lawsuit once judgment is entered in Dr. Jang's favor in *Jang v. Boston Scientific et al.*

Very truly yours,

Paul A. Rose