# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDIS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 03-027-SLR |
| | ) |
| BOSTON SCIENTIFIC CORPORATION | ) |
| and SCIMED LIFE SYSTEMS, INC., | ) |
| | ) |
| Defendants. | ) |

O R D E R

At Wilmington this 14th day of June, 2005, having reviewed the papers filed in connection with Cordis' motion to stay proceedings with respect to BSC's counterclaim of infringement of the '021 patent;

IT IS ORDERED that Cordis' motion (D.I. 342) is denied for the following reasons:

1. In evaluating Cordis' motion, the court must consider whether Dr. Jang, the inventor of the '021 patent, is a necessary party under Fed. R. Civ. P. 19(a) and indispensable under Fed. R. Civ. P. 19(b).

> Rule 19(a) requires the joinder of a party who is subject to service of process and within the court's subject matter jurisdiction when:
> (1) in the person's absence complete relief cannot be accorded among those already parties, or
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may
> (i) as a practical matter impair or impede that person's ability to protect that interest or

> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Angst v. Royal MacCabees Life Ins. Co., 77 F.3d 701, 705 (3d Cir. 1996).

2.  If the court concludes that a party is "necessary," the party should be joined if feasible. If joinder is not feasible, then the court proceeds to the second step of the analysis, that is, whether "in equity and good conscience the action should proceed among the parties before it," or alternatively, whether the action should be stayed. Fed. R. Civ. P. 19(b). Rule 19(b) lists four factors to be considered by the court to determine "equity and good conscience":

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

3.  In this case, the court finds that, assuming Dr. Jang is a necessary party,[1] equity and good conscience do not call for the action to be stayed. First, complete relief can be accorded among Cordis and BSC. BSC currently has the right to assert the

---

[1] It is not feasible to join Dr. Jang because the court has no jurisdiction over him.

2

'021 patent, and Dr. Jang does not have that right. See Prima Tek II v. A-Roo Co., 222 F.3d 1372, 1378 (citing Waterman v. Mackenzie, 138 U.S. 252 (1891), for the holding that the "possibility that title [to] a patent could revert back to the [assignor] prior to the expiration of the patent term" did not make the assignor a indispensable party).

4. Second, it is doubtful that Dr. Jang's interest, with respect to Cordis' alleged infringement and the validity of the '021 patent, will not be fully represented by BSC. It can hardly be asserted that BSC will not vehemently argue for infringement and validity, or that these would not be the same arguments put forth by Dr. Jang, should he obtain the right to assert the '021 patent. Dr. Jang has been involved in this litigation from an early stage; therefore, if he were concerned about his interests not being fully represented, he could have tried to join in the litigation.

5. Third, Dr. Jang does not currently have an ownership interest in the '021 patent. In order to assert the patent, he will have to prevail in his suit against BSC. At such an early stage in that litigation, it is impossible to ascertain whether he is likely to succeed or whether, upon prevailing, he will assert the '021 patent against Cordis.

6. Fourth, the parties, and the court, have spent substantial amounts of time preparing for this trial and it is an

3

inefficient use of limited judicial resources to stay this case, on the eve of trial, due to the **chance** that Dr. Jang may be able to assert the '021 patent in the future.

                                                           _/s/_____
                                                     United States District Court

4