IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION<br>and BOSTON SCIENTIFIC SCIMED, INC.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CONOR MEDSYSTEMS, INC.,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-768-SLR<br>)<br>)<br>)<br>)<br>) |

## RULE 16 SCHEDULING ORDER

At Wilmington this _____ day of _____, 2006, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

**IT IS ORDERED** that:

1. **Pre-Discovery Disclosures.** The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

　　(a)　Discovery is needed on the following subjects: infringement, willful infringement, validity, enforceability and damages, except that Plaintiffs may file a motion seeking an Order bifurcating and staying discovery and trial of all damages issues.

　　(b)　All fact discovery shall be commenced in time to be completed by February 14, 2007.

(1) Document production shall be completed on or before December 1, 2006.

(2) Maximum of 25 interrogatories by each party to any other party.

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 100 requests for admission by each party to any other party.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) Maximum of 75 hours for fact depositions, each deposition being limited to 7 hours except for the named inventor, whose deposition shall be limited to 14 hours.

(c) Expert discovery shall be commenced in time to be completed by April 20, 2007.

(1) Expert reports on issues for which the parties have the burden of proof due February 23, 2007. Rebuttal expert reports due March 23, 2007.

(2) Expert depositions to be limited to a maximum of 7 hours per expert unless extended by agreement of the parties, except that the deposition of any expert who

submits both opening and rebuttal expert reports is limited to a maximum of 10.5 hours unless further extended by agreement of the parties.

    (3) All *Daubert* motions shall be filed on or before May 1, 2007.

  (d) If willfulness has been asserted and absent agreement among the parties, the defendant must inform plaintiffs as to whether it intends to rely on advice of counsel by December 20, 2006. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendant to its counsel and whatever other materials related to the issues in dispute that defendant had in its possession at the time the advice was sought, except that Defendant may file a motion seeking an Order limiting the scope of discovery to documents provided to opinion counsel.

  (e) Supplementations under Rule 26(e) due January 12, 2007 and as otherwise agreed to by the parties or permitted by the Court.

  (f) **Discovery Disputes.**

    (1) The court shall conduct an in-person discovery status conference on November 8, 2006 at 5:00 p.m., the time to be allocated equally among the parties.

    (2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

    (3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

  (g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously

been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before January 7, 2007.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on February 7, 2007, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before May 1, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

7. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art

that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on March 13, 2007, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on May 1, 2007. Simultaneous response briefs should be filed by May 22, 2007. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on June 22, 2007 at 9:30 a.m.

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

    (a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

    (b) No telephone calls shall be made to chambers.

    (c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on September 27, 2007 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a jury trial commencing on October 15, 2007 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE