IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BOSTON SCIENTIFIC CORPORATION )
and BOSTON SCIENTIFIC SCIMED, INC., )
)
        Plaintiffs, )
) C.A. No. 05-768-SLR
        v. )
)
CONOR MEDSYSTEMS, INC., )
)
        Defendant. )

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO BIFURCATE AND STAY DISCOVERY AND TRIAL OF DAMAGES ISSUES**

YOUNG CONAWAY
STARGATT & TAYLOR, LLP
Josy W. Ingersoll (I.D. #1088)
John W. Shaw (I.D. #3362)
Adam W. Poff (I.D. #3990)
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6600
apoff@ycst.com

*Attorneys for Plaintiffs*

*Of Counsel*:

John M. Desmarais
Peter J. Armenio
Eric W. Dittmann
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Dated: October 17, 2006

TABLE OF CONTENTS

**NATURE AND STAGE OF THE PROCEEDING** ...................................................................1

**SUMMARY OF THE ARGUMENT** ........................................................................................1

**STATEMENT OF THE FACTS** ...............................................................................................2

**ARGUMENT**................................................................................................................................2
    I.    Applicable Legal Standard — This Court Has Broad Discretion To Bifurcate And Stay Damages Issues.................................................................2
    II.   Bifurcating And Staying Damages Is Common In Patent Cases............................4
    III.  Bifurcating And Staying Damages Issues Would Expedite The Resolution Of This Litigation And Promote Efficiency .......................................5
    IV.  Bifurcating And Staying Damages Issues Would Not Prejudice Conor..................6

**CONCLUSION** ............................................................................................................................7

## TABLE OF AUTHORITIES

**<u>Cases</u>**

*Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*,
  Civil Action No. 1:98-cv-00080-SLR...................................................................5

*Boston Scientific Scimed, Inc. v. Cordis Corp.*,
  Civil Action No. 1:03-cv-00283-SLR...................................................................4

*Ciena Corp. v. Corvis Corp.*,
  210 F.R.D. 519 (D. Del. 2002) ........................................................................4, 5

*Cordis Corp. v. Boston Scientific Corp.*,
  Civil Action No. 1:03-cv-00027-SLR...................................................................4

*Gardco Mfg., Inc. v. Herst Lighting Co.*,
  820 F.2d 1209 (Fed. Cir. 1987)............................................................................3

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970) ....................................................................6

*Idzojtic v. Pa. R.R.*,
  456 F.2d 1228 (3d Cir. 1972)...............................................................................2

*In re Calmar, Inc.*,
  854 F.2d 461 (Fed. Cir. 1988)..........................................................................3, 4

*Joy Techs., Inc. v. Flakt, Inc.*,
  954 F. Supp. 796 (D. Del. 1996) .........................................................................4

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936).............................................................................................2

*McCullough v. Kammerer Corp.*,
  331 U.S. 96 (1947)...............................................................................................3

*Medtronic Vascular, Inc. v. Boston Scientific Corp.*,
  Civil Action 1:04-cv-00034-SLR ........................................................................5

*Medtronic Vascular, Inc. v. Boston Scientific Corp.*,
  Civil Action No. 1:98-cv-00478-SLR...................................................................5

*Smith v. Alyeska Pipeline Serv. Co.*,
  538 F. Supp. 977 (D. Del. 1982) .................................................................4, 5, 6

**Statutes**

28 U.S.C. § 1292(c)(2) ................................................................................................. 3, 4

**Rules**

Fed. R. Civ. P. 42(b) ............................................................................................ 3, 4, 5, 6

Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "BSC") respectfully move the Court for an Order bifurcating and staying discovery and trial of all damages issues pending resolution of the underlying liability issues in this action.

## NATURE AND STAGE OF THE PROCEEDING

BSC filed its Complaint against Conor asserting infringement of U.S. Patent No. 5,922,021 on November 8, 2005. (D.I. 1) Conor filed its Answer on December 30, 2005 (D.I. 8) and its Amended Answer on January 19, 2006 (D.I. 16).

On January 3, 2006, Conor moved to stay the litigation. (D.I. 9) The Court denied Conor's stay motion on August 17, 2006. (D.I. 24) The Court held a scheduling conference on September 6, 2006 (D.I. 25), at which time the Court set this matter down for trial to begin on October 15, 2007.

Following the scheduling conference, the parties negotiated a proposed scheduling order and submitted it for the Court's consideration (D.I. 31). During that negotiation, BSC proposed to bifurcate and stay discovery and trial on damages issues in this action. Despite Conor's suggestion during the scheduling conference that it would be hard pressed to complete its discovery in time for the October 15, 2007 trial, Conor refused to agree to the proposed bifurcation and stay.

## SUMMARY OF THE ARGUMENT

BSC respectfully submits that the Court should bifurcate and stay discovery and trial of damages issues for the following reasons.

*First,* the required bifurcation and stay would promote efficiency and expedite the litigation process. As this Court and other courts have found, bifurcation may provide a particular benefit in patent cases, where the issues of liability and damages are readily separable.

*Second,* the requested bifurcation and stay would enable the Court to try damages issues once, and with the benefit of any appellate ruling on the underlying liability issues.

*Third,* Conor would not be prejudiced by the requested bifurcation and stay. To the contrary, this procedure would streamline discovery and trial of the liability issues in this action. Moreover, given that Conor has not yet begun its document production and no depositions have been taken, the case is in an ideal posture for bifurcation.

## STATEMENT OF THE FACTS

Conor refused to participate in the discovery process during the pendency of its unsuccessful motion to stay. As a result, discovery in the case is still in the early stages. The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26 on September 25, 2006. (D.I. 28, 29) Although this action has been pending for almost a year as of the filing of this motion, Conor has not yet produced any documents and only recently responded (albeit deficiently) to BSC's April 10, 2006 discovery requests. Conor recently served its first set of written discovery requests. BSC responded to Conor's first set of interrogatories on October 16, 2006, and will serve its responses to Conor's first set of requests for production on October 18, 2006.

## ARGUMENT

I. **Applicable Legal Standard — This Court Has Broad Discretion To Bifurcate And Stay Damages Issues**

As the Supreme Court has recognized, there is a "power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Accordingly, a district court has broad discretion to exercise its inherent power to bifurcate issues and order separate trials. *See Idzojtic v. Pa. R.R.*, 456 F.2d 1228, 1230 (3d Cir. 1972) (providing that a district court has broad discretion in ordering separate trials); *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d

2

1209, 1212 (Fed. Cir. 1987) (stating that "a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management.").

The Court's inherent power to order separate trials is reinforced by Fed. R. Civ. P. 42(b), which provides that:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues . . . .

Fed. R. Civ. P. 42(b). A district court may therefore bifurcate trial to: (1) further convenience; (2) avoid prejudice; or (3) promote expedition and economy. *Id.* Under the plain meaning of the Rule, any one of these grounds is sufficient to warrant bifurcation.

28 U.S.C. § 1292(c)(2) dovetails with Rule 42(b) and this Court's inherent powers and specifically permits bifurcation of damages specifically in patent infringement actions. The statute provides that: "The United States Courts of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . of an appeal from a judgment in a civil action for patent infringement which . . . is final except for an accounting." 28 U.S.C.A. § 1292(c)(2) (West 2006). By providing for an interlocutory appeal on liability issues prior to obtaining a final judgment on damages, 28 U.S.C. § 1292(c)(2) empowers district courts to exercise their discretion to try damages issues after resolution of liability issues. As the Supreme Court has explained, the goal of § 1292(c)(2) is "to prevent a great burden of expense to litigants in [patent] actions" and "to obviate the cost of an accounting in the event the case is reversed on appeal." *McCullough v. Kammerer Corp.*, 331 U.S. 96, 98 n.1 (1947) (discussing predecessor statute to 28 U.S.C. § 1292(c)(2)); *see also In re Calmar, Inc.*, 854 F.2d 461, 463–64 (Fed. Cir. 1988) (citing *McCullough*).

By allowing for an interlocutory appeal of the liability phase prior to a trial on damages, § 1292(c)(2) recognizes the common practice of staying damages issues in patent infringement cases. *See In re Calmar*, 854 F.2d at 464 ("Hence it is clear that the purpose of the legislation, § 1292(c)(2), allowing interlocutory appeals in patent cases was to permit a stay of a damages trial.") (italics omitted). Staying damages issues until after any liability appeal prevents the Court from having to retry damages issues because of the liability appeal, thereby promoting judicial economy and avoiding unnecessary proceedings.

## II. Bifurcating And Staying Damages Is Common In Patent Cases

District courts have routinely bifurcated and stayed damages issues in patent cases because questions of validity and infringement are often easily severed from the damages inquiry. *See, e.g., Smith v. Alyeska Pipeline Serv. Co.*, 538 F. Supp. 977, 982–83 (D. Del. 1982) (citing *Swofford v. B & W, Inc.*, 34 F.R.D. 15, 19–20 (S.D. Tex. 1963), *aff'd*, 336 F.2d 406 (5th Cir. 1964)) (articulating unique circumstances present in patent cases that justify ordering separate trials of liability and damages under Rule 42(b)).

Consistent with other district courts, this Court has bifurcated and stayed damages issues in several patent infringement cases. *See, e.g., Ciena Corp. v. Corvis Corp.*, 210 F.R.D. 519, 521 (D. Del. 2002) (ordering one trial on infringement and willfulness issues, a second trial on invalidity issues, and a third trial on damages issues); *Joy Techs., Inc. v. Flakt, Inc.*, 954 F. Supp. 796, 798 (D. Del. 1996) (noting bifurcation and trial of damages after appeal of liability issues); *Smith*, 538 F. Supp. at 984 (bifurcating trial on damages under Rule 42(b) until after resolution of liability issues).

This Court has followed this practice in several stent cases. *See, e.g., Boston Scientific Scimed, Inc. v. Cordis Corp.*, Civil Action No. 1:03-cv-00283-SLR; *Cordis Corp. v. Boston Scientific Corp.*, Civil Action No. 1:03-cv-00027-SLR; *Medtronic Vascular, Inc. v. Boston*

*Scientific Corp.*, Civil Action No. 1:98-cv-00478-SLR; *Advanced Cardiovascular Sys., Inc. v. Medtronic Vascular, Inc.*, Civil Action No. 1:98-cv-00080-SLR; *Medtronic Vascular, Inc. v. Boston Scientific Corp.*, Civil Action 1:04-cv-00034-SLR.

In *Ciena*, this Court discussed the rationale for bifurcating damages in patent trials:

> In the context of patent cases, experienced judges use bifurcation and trifurcation both to simplify the issues in patent cases and to maintain manageability of the volume and complexity of the evidence presented to a jury. In fact, bifurcation of complex patent trials has become common. Typically, courts bifurcate patent cases into liability and damage trials.

210 F.R.D. at 521 (internal quotations and citations omitted). Noting that bifurcation can reduce jury confusion by limiting the number of legal issues the jury must address at any one time, the Court in *Ciena* ordered a separate damages trial to be held after any liability appeal. *Id.*

BSC respectfully submits that the Court should follow a similar procedure here. Damages issues should be bifurcated and stayed pending resolution of the underlying liability issues. Such a process would promote judicial economy and reduce jury confusion without any prejudice to Conor.

### III. Bifurcating And Staying Damages Issues Would Expedite The Resolution Of This Litigation And Promote Efficiency

As discussed above, Rule 42(b) provides for bifurcation when it would either: (1) further convenience; (2) avoid prejudice; or (3) promote expedition and economy. Although only one of these considerations is necessary for bifurcation, all three are present here.

***First,*** there is little overlap between the witnesses and documents related to the amount of damages and the witnesses and documents relevant to the liability portion of the case, obviating the need for discovery on damages until after the liability trial. This fact strongly favors the requested bifurcation. *See Smith*, 538 F. Supp. at 983–84 (bifurcating damages where liability and damages issues do not overlap).

5

*Second,* damages theories and calculation can be complicated. For example, determining what constitutes a reasonable royalty is based on a consideration of 15 complex factors unrelated to liability, including factors such as the nature and scope of a license that would have been granted to a hypothetical licensee and the business risks faced by the hypothetical licensee at the time the alleged infringement began. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified*, 446 F.2d 295 (2d Cir. 1971) (listing fifteen factors relevant to proving reasonable royalty damages). The requested bifurcation and stay would reduce the number of legal principles the jury would have to apply and lessen the risk of jury confusion. *See Smith*, 538 F. Supp. at 983–84 (noting that trial of damages and liability together "would tend to clutter the record and to confuse the jury.").

*Third,* the requested bifurcation and stay would reduce the number of issues to be addressed in discovery conferences, expert reports and pretrial filings. This would promote efficiency and streamline preparation for the liability trial.

*Fourth,* resolution of liability in Conor's favor will obviate the need for a damages trial, while resolution of liability in BSC's favor may encourage the parties to negotiate a settlement, thereby avoiding the need for a damages trial. *See id.* at 984. Thus, regardless of the outcome of the liability trial, the requested bifurcation and stay will promote judicial economy.

Overall, bifurcating and staying discovery and trial of damages issues will save time, effort, and expense for the Court and the parties and is therefore warranted under Rule 42(b).

## IV.     Bifurcating And Staying Damages Issues Would Not Prejudice Conor

The requested bifurcation and stay of damages issues would not prejudice Conor. Conor has not yet produced any documents, whether related to damages or liability, nor have any depositions been taken in the case. Conor has also suggested that it would be hard pressed to prepare for the October 15, 2007 trial date. Far from prejudicing Conor, bifurcating and staying

discovery and trial on damages issues until resolution of the liability phase would reduce the number of issues for the October 2007 trial and simplify Conor's preparation. Indeed, given this benefit to Conor, it is difficult to understand why Conor refused to agree to the proposed bifurcation.

## CONCLUSION

For all of the reasons set forth above, BSC respectfully requests that the Court grant its motion and enter BSC's proposed order bifurcating and staying discovery and trial on damages issues pending resolution of the underlying liability issues.

                        YOUNG CONAWAY
                        STARGATT & TAYLOR, LLP

                        */s/ Adam W. Poff*
                        Josy W. Ingersoll (I.D. #1088)
                        John W. Shaw (I.D. #3362)
                        Adam W. Poff (I.D. #3990)
                        1000 West Street, 17th Floor
                        P.O. Box 391
                        Wilmington, Delaware 19801
                        (302) 571-6600
                        apoff@ycst.com

                        *Attorneys for Plaintiffs*

*Of Counsel*:

John M. Desmarais
Peter J. Armenio
Eric W. Dittmann
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022-4611
(212) 446-4800

Dated:  October 17, 2006

7

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on October 17, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris Nichols Arsht & Tunnell LLP
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on October 17, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**

>Matthew D. Powers, Esquire
>Jared Bobrow, Esquire
>Weil, Gotshal & Manges LLP
>201 Redwood Shores parkway
>Redwood Shores, CA 94065

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ *Adam W. Poff*
>Adam W. Poff (No. 3990)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19899-0391
>(302) 571-6600
>apoff@ycst.com
>
>Attorneys for Boston Scientific Corporation and Boston Scientific Scimed, Inc.