# EXHIBIT 1

# CONOR MEDSYSTEMS INC (CONR)

1003 HAMILTON COURT
MENLO PARK, CA 94025
(650) 614-41

# 10-Q

**FORM 10-Q FOR PERIOD ENDED 9/30/2005**
**Filed on 11/14/2005 - Period: 09/30/2005**
File Number 000-51066



LIVEDGAR[®] Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

BSC-C 0079569

Table of Contents

# UNITED STATES

# SECURITIES AND EXCHANGE COMMISSION

### Washington, D.C. 20549

# FORM 10-Q

☒   **QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the quarterly period ended September 30, 2005

OR

☐   **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the transition period from _____ to _____

Commission file number 000-51066

# CONOR MEDSYSTEMS, INC.

(Exact Name of Registrant as Specified in its Charter)

BSC-C 0079570

Table of Contents

*Legal Contingencies*

On February 1, 2005, Angiotech Pharmaceuticals, Inc. and Boston Scientific Corporation (as Angiotech's licensee) initiated legal proceedings against the Company in the District Court in the Hague, Netherlands, seeking: a declaration that the Company's CoStar stent infringes European Patent No. (EP) 0 706 376 B1 in the Netherlands and other countries designated in EP 0 706 376 B1; an order that the Company and its affiliates cease any infringement of EP 0 706 376 B1 in the Netherlands and other designated European countries; an order that the Company not use its CE marketing approval, if obtained by the Company, for three years or for a period of time which the District Court deems appropriate and/or at the choice of Boston Scientific and Angiotech; an order requiring the Company to withdraw all information and documentation concerning the clinical trials the Company has conducted in the Netherlands from all relevant regulatory authorities worldwide; an order requiring the Company to pay 2,460 euros per sale of its CoStar stent in Europe or, at the choice of Boston Scientific and Angiotech, 2,460 euros per day that the Company does not comply; an order that the Company indemnify Boston Scientific and Angiotech or surrender its profit on sales of its CoStar stent in countries covered by EP 0 706 376 B1; and an order that the Company pay the costs of the proceedings. A scheduling hearing has been set for April 2006. A trial date for these proceedings has not yet been set. The Company is unable to predict the outcome of these proceedings.

On February 18, 2005, the Company initiated proceedings against Angiotech and the University of British Columbia in the High Court of Justice in the United Kingdom requesting that the court invalidate EP 0 706 376 B1 based on the grounds that all claims of the patent either lack novelty or are obvious in light of the state of scientific knowledge at the priority date of the patent. The trial began on October 4, 2005, and the High Court of Justice is expected to hear the parties' closing arguments in mid December 2005. The Company anticipates that the High Court of Justice will deliver its decision in early 2006. The Company is unable to predict the outcome of these proceedings.

On March 31, 2005, the Company filed an Application to Revoke Australian Patent Nos. 728873, 771815 and 693797 owned by Angiotech and University of British Columbia in the Federal Court of Australia (Victoria District Registry), on the bases, among others, that the patents are invalid in light of the state of scientific knowledge as of the priority date of the patents and that they are not enabled for the claimed subject matter. A trial date for these proceedings has been set for June 5, 2006. The Company is unable to predict the outcome of these proceedings.

**4. Subsequent Events**

On October 14, 2005, the Company adopted a Change of Control Severance Benefit Plan for the benefit of all non-executive employees. Pursuant to the Change of Control Severance Benefit Plan, if one month prior to or within thirteen months after the effective date of a change of control of the Company, the employee is terminated without cause or the employee is constructively terminated, the employee is entitled to, subject to certain conditions, (1) receive a severance payment, (2) continuation of benefits for three months and (3) full acceleration of option vesting.

13

BSC-C 0079590

# CONOR MEDSYSTEMS INC (CONR)

1003 HAMILTON COURT
MENLO PARK, CA 94025
(650) 614-41

# EX-32.1

**CEO AND CFO CERTIFICATION REQUIRED BY RULE 13A-14(B) OR RULE 15D-14(**
**10-Q Filed on 11/14/2005 - Period: 09/30/2005**
File Number 000-51066



LIVEDGAR® Information Provided by Global Securities Information, Inc.
800.669.1154
www.gsionline.com

BSC-C 0079652

EXHIBIT 32.1

# CERTIFICATION

Pursuant to the requirement set forth in Rule 13a-14(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), and Section 1350 of Chapter 63 of Title 18 of the United States Code (18 U.S.C. §1350), Frank Litvack, M.D., Chief Executive Officer of Conor Medsystems, Inc. (the "Company"), and Michael Boennighausen, Chief Financial Officer of the Company, each hereby certify that, to the best of his knowledge:

1. The Company's Quarterly Report on Form 10-Q for the period ended September 30, 2005, and to which this Certification is attached as Exhibit 32.1 (the "Periodic Report"), fully complies with the requirements of Section 13(a) or Section 15(d) of the Exchange Act; and

2. The information contained in the Periodic Report fairly presents, in all material respects, the financial condition and results of operations of the Company.

**In Witness Whereof,** the undersigned have set their hands hereto as of the 14th day of November, 2005.

/s/ FRANK LITVACK, M.D
_____

Frank Litvack, M.D. *Chief Executive Officer*

/s/ MICHAEL BOENNIGHAUSEN
_____

Michael Boennighausen *Chief Financial Officer*

BSC-C 0079653