IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION AND BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | |
| PLAINTIFFS, | ) ) | |
| V. | ) ) ) | Civil Action No. 05-768 (SLR) |
| CONOR MEDSYSTEMS, INC., | ) ) | |
| DEFENDANT. | ) | |

## NOTICE OF DEPOSITION AND SUBPOENA
## DIRECTED TO PHYTOGEN INTERNATIONAL LLC

**PLEASE TAKE NOTICE** that at 10:00 a.m. on January 29, 2007, Plaintiffs

Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "Boston

Scientific"), by its counsel, will take the oral deposition of Phytogen International LLC

("Phytogen") under Rules 30 and 45 of the Federal Rules of Civil Procedure. The deposition

will be conducted at The Plains Hotel, 1600 Central Avenue, Cheyenne, WY 82001, or such

other location as is mutually agreed upon by Boston Scientific and Phytogen. The deposition

will be conducted before an officer or other person authorized to administer oaths pursuant to

Rule 28 of the Federal Rules of Civil Procedure, and the testimony will be recorded by

stenographic and videographic means.

The deposition will continue until completed with such adjournments as to time

and place as may be necessary. You are invited to attend and cross-examine the witness.

**PLEASE TAKE FURTHER NOTICE** that, under Rule 45 of the Federal Rules

of Civil Procedure, the deponent's attendance, testimony, and production of documents is

compelled by subpoena, a copy of which is attached. The topics of testimony are set forth in

"Schedule A" and the documents requested are set forth in "Schedule B" to the copy of the attached subpoena.

Dated:  December 22, 2006



_____
Josy W. Ingersoll (I.D. #1088)
John W. Shaw (I.D. #3362)
Adam W. Poff (I.D. #3990)
YOUNG CONAWAY
  STARGATT & TAYLOR LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com

John M. Desmarais
Peter J. Armenio
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

*Attorneys for Plaintiffs*

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

_____ **DISTRICT OF** _____ **Wyoming** _____

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC. | **SUBPOENA IN A CIVIL CASE** |
| **V.** | |
| CONOR MEDSYSTEMS, INC. | CASE NUMBER: [1] |
| | Civil Action No. 05-768 (SLR) District of Delaware |

TO:  Phytogen International LLC
c/o Hirst & Applegate, P.C.
1720 Carey Avenue, Suite 200
Cheyenne, WY 82001

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The Plains Hotel, 1600 Central Avenue, Cheyenne, WY 82001 Topics of examination set forth in attached Schedule A. | January 29, 2007 at 10:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule B.

| PLACE | DATE AND TIME |
|---|---|
| Capital Copy Services. 2000 Westland Road, Cheyenne, WY 82001 (attn: Sheryl Brown) | January 18, 2007 at 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_ (Attorney for Plaintiffs Boston Scientific Corp. and Boston Scientific Scimed, Inc.) | December 21, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jeanne M. Heffernan, Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022   (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | Attorney |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## TOPICS OF EXAMINATION

### TOPIC NO. 1:

Phytogen's communications or agreements with Conor concerning the CoStar and/or UniStar stent, including but not limited to any collaborative license and supply agreements.

### TOPIC NO. 2:

Phytogen's financial arrangements with Conor concerning the CoStar and/or UniStar stent, including but not limited to Conor's accounting to Phytogen of: sales made by Conor and/or Conor's distributors; deductions made by Conor for commissions allowed to distributors; deductions made by Conor for discounts given to dealers and/or purchasers; and any licensing fees received by Conor from third parties licensed or sublicensed by Conor to CoStar and/or UniStar stents.

### TOPIC NO. 3:

Phytogen's shipping arrangements with Conor, including but not limited to delivery destination(s) and delivery dates.

### TOPIC NO. 4:

Conor's manufacture of CoStar and UniStar stents, including the geographical location of manufacture, any third parties retained by Conor to manufacture CoStar and UniStar stents, and the purpose of manufacture (*e.g.*, preclinical, clinical, or commercial).

A-1

**TOPIC NO. 5:**

Conor's testing of CoStar and/or UniStar stents, including but not limited to the testing agreed to by Conor and Phytogen, the geographical location of Conor's testing, and the manner of Conor's testing.

**TOPIC NO. 6:**

Samples of any CoStar and/or UniStar stents received by Phytogen from Conor, including but not limited to the date of any shipments of samples, the location from which any shipments of samples were sent, the place of manufacture of any samples, and any payment made in exchange for such samples.

**TOPIC NO. 7:**

Shipments of any CoStar and/or UniStar stents received from Conor, including but not limited to the date of any shipments, the location from which any shipments were sent, the place of manufacture of CoStar or UniStar stents shipped to Phytogen, and any payment made in exchange for such shipments.

A-2

## SCHEDULE B

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

### DOCUMENT REQUEST NO. 1:

All documents reviewed by, or used to prepare, the corporate designee(s) who will testify on the Topics of Examination outlined in Schedule A.

### DOCUMENT REQUEST NO. 2:

All documents concerning any communication or agreement with Conor concerning CoStar and/or UniStar stents, including but not limited to any collaborative license and supply agreements, order forecasts, and/or firm orders.

### DOCUMENT REQUEST NO. 3:

All documents concerning shipments made by Phytogen to Conor, including documents indicating the delivery destination and delivery dates of such shipments.

### DOCUMENT REQUEST NO. 4:

All documents concerning any communication between Phytogen and any other person or entity regarding the CoStar and/or UniStar stent.

### DOCUMENT REQUEST NO. 5:

All documents concerning Phytogen's financial arrangements with Conor, including but not limited to payment reports and/or other records setting forth: the number of CoStar and/or UniStar stents sold, the countries in which such CoStar and/or UniStar stents were sold; the cost of manufacture to Conor of such CoStar and/or UniStar stents; any deductions and/or discounts given by Conor to its distributors and/or purchasers for the sale of such CoStar and/or UniStar

stents; and/or any licensing fees received by Conor from third parties who are licensed or sublicensed by Conor to CoStar and/or UniStar stents.

**DOCUMENT REQUEST NO. 6:**

All documents concerning Conor's manufacture, processing, testing, packaging, storage, and distribution of CoStar and/or UniStar stents, including but not limited to master production and control records, batch production and control records, and product complaint files.

**DOCUMENT REQUEST NO. 7:**

All invoices for all CoStar and/or UniStar stents and/or samples supplied to Phytogen by Conor.

**DOCUMENT REQUEST NO. 8:**

All packaging and other documents concerning any shipments of CoStar and/or UniStar stents and/or samples received by Phytogen.

## <u>DEFINITIONS</u>

(for both Schedules A and B)

1.      As used herein, "Phytogen" shall mean Phytogen International LLC, and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

2.      As used herein, "Conor" shall mean Defendant Conor Medsystems, Inc. and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

3. .    As used herein, "document" shall have the full meaning ascribed to it by the Federal Rules Of Civil Procedure, and shall include any means for retaining information.

4.      As used herein, "communication" shall mean any transmission of information by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer link-ups, written memoranda and face-to-face conversations.

5.      As used herein, "concerning" shall mean concerning, referring to, relating to, describing, evidencing, discussing, identifying, comprising or constituting.

6.      As used herein, "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun; the use of a verb in any tense shall be construed as the use of that verb in all other

C-1

tenses whenever necessary to bring within the scope of the requested documents that which might otherwise be construed to be outside its scope.

7.    As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

8.    As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

9.    As used herein, "person" shall mean any natural person or any business, legal, or governmental entity or association.

10.    The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate.

11.    All requested documents shall be produced in the same file or other organizational environment in which they are kept by you, including any labels, files, folders and/or containers in which such documents are located in or associated with.  For example, a document that is part of a file, docket or other grouping should be physically produced together with all other documents from said file, docket or grouping responsive to said request, in the same order or manner of arrangement as the original.  Additionally, a document should be produced stapled, clipped or otherwise bound or connected in the same manner as the original.

12.    The requests herein shall be deemed to include any and all relevant documents within Phytogen's possession, custody or control, including documents located in the personal

files of any and all of your past and present managers, agents, representatives, employees,

attorneys, consultants and accountants.

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on December 22, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Morris Nichols Arsht & Tunnell LLP
> 1201 North Market Street
> PO Box 1347
> Wilmington, DE 19899-1347

I further certify that on December 22, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL AND U.S. MAIL**

> Matthew D. Powers, Esquire
> Jared Bobrow, Esquire
> Weil, Gotshal & Manges LLP
> 201 Redwood Shores Parkway
> Redwood Shores, CA 94065

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
apoff@ycst.com

Attorneys for Boston Scientific Corporation and Boston Scientific Scimed, Inc.

054604.1005