IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC.<br><br>Plaintiffs,<br><br>v.<br><br>CONOR MEDSYSTEMS, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 05-768-SLR<br>)<br>)<br>)<br>) |

**BSC'S NOTICE OF DEPOSITION OF
CONOR MEDSYSTEMS, INC. PURSUANT TO FED. R. CIV. P. 30(B)(6)**

PLEASE TAKE NOTICE that at 9:30 a.m. on January 23, 2007, or such other time and date as agreed to by counsel, Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "BSC") will take the deposition upon oral examination of Defendant Conor Medsystems, Inc. ("Conor") at the offices of Kirkland & Ellis LLP, 153 East 53rd Street, New York, New York 10022, pursuant to Federal Rule of Civil Procedure 30(b)(6). This deposition upon oral examination will be conducted before an officer authorized to administer oaths and will be recorded by stenographic and videographic means.

BSC will take this deposition upon oral examination through one or more officers, directors, managing agents or other persons designated by Conor pursuant to Federal Rule of Civil Procedure 30(b)(6) as the person(s) knowledgeable to testify on Conor's behalf concerning

1

the topics identified in Schedule A. Conor is requested to identify the individual(s) who will testify regarding each topic at least one week in advance of the deposition. The deposition will continue from day to day until completed with such adjournments as to time and place as may be necessary. You are invited to attend and examine the witness(es).

Dated: January 9, 2007

YOUNG, CONAWAY, STARGATT,
& TAYLOR, LLP

Josy W. Ingersoll (I.D. #1088)
John W. Shaw (I.D. # 3362)
Adam W. Poff (I.D. #3990)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6713
apoff@ycst.com

*Attorneys for Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc.*

*Of Counsel*:

John M. Desmarais
Peter J. Armenio
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022
(212) 446-4800

## SCHEDULE A

### Definitions

As used herein, "Conor" shall mean defendant Conor Medsystems, Inc. and all of Conor Medsystems, Inc.'s corporate parents, corporate predecessors and part or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

As used herein, "BSC" shall mean Plaintiffs Boston Scientific Corporation, Boston Scientific Scimed, Inc., collectively, and all of their corporate parents, corporate predecessors and part or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

As used herein, "the Jang '021 patent" shall mean U.S. Patent No. 5,922,021 including any corrections thereto.

As used herein, "Conor Stents" shall mean any stent made, used, sold, offered for sale or imported into the United States by Conor in which the word "CoStar," "UniStar," "MedStent" or "DepoStent" constitutes all or part of the trademark or name, including any commercial, developmental, working or non-working model, or any prototype of any of the foregoing, and any stent-delivery system incorporating any such stent.

As used herein, "Bx Velocity Stents" shall mean any stent made, used, sold, offered for sale or imported into the United States in which the word "Bx Velocity," "Bx Sonic," "Cypher" or "Genesis" constitutes all or part of the trademark or name, including any commercial, developmental, working or non-working model, or any prototype of any of the foregoing, and any stent-delivery system incorporating any such stent.

As used herein, "*Cordis v. BSC*" shall mean *Cordis Corporation v. Boston Scientific Corporation*, No. 03-027-SLR (D. Del.) including all associated pleadings, hearings, conferences, trials and appeals.

A-1

A-2

1. The design of Conor Stents, including without limitation:

    (a) All past and present designs;

    (b) The development of such designs over time;

    (c) The reasons for any changes in such designs over time; and

    (d) The identity of all persons who contributed to or worked on such designs.

2. All facts and circumstances relating to Conor's knowledge of the Jang '021 patent, including but not limited to:

    (a) The date Conor first learned of the existence of the Jang '021 patent;

    (b) The identification of the person(s) at Conor who first learned of the existence of the Jang '021 patent;

    (c) The process by which Conor first learned of the existence of the Jang '021 patent;

    (d) What Conor learned when it first learned of the existence of the Jang '021 patent; and

    (e) All communications Conor has had with Dr. Jang regarding technology developed by Dr. Jang, including without limitation the Jang '021 patent.

3. All facts and circumstances relating to Conor's knowledge of *Cordis v. BSC*, including but not limited to BSC's claims for infringement of the Jang '021 patent and the jury verdict finding that the Bx Velocity Stents infringe the Jang '021 patent.

4. Any decision by Conor or its agents to change or not change the design of Conor Stents to avoid infringement of the Jang '021 patent.

5. The facts and circumstances relating to Conor's seeking U.S. or foreign regulatory approval of Conor Stents, including without limitation:

   (a) Conor's written and/or oral communications to U.S. or foreign regulatory agencies relating to Conor Stents, and the identity of persons who contributed to or worked on such communications;

   (b) Clinical studies relied upon in seeking such regulatory approval, including without limitation the identification of the Conor Stents used in each such clinical study, the location of manufacture and/or assembly of each stent used in each such clinical study and the purpose(s) for which each such clinical study was conducted;

   (c) Samples of Conor Stents sent to regulatory agencies relating to seeking regulatory approval, including without limitation the identification of the Conor Stents sent as samples, the location of manufacture and/or assembly of each such sample, and the regulatory agency that received each such sample; and

   (d) The location of manufacture and/or assembly of Conor Stents and/or stent components used by Conor relating to Conor's seeking U.S. or foreign regulatory approval of Conor Stents.

6. The facts and circumstances relating to any U.S. or foreign facility used to manufacture and/or assemble Conor Stents and/or components thereof, including without limitation:

(a) The location of each such facility;

(b) The ownership of each such facility;

(c) The date Conor first leased or purchased each such facility;

(d) The date Conor first manufactured and/or assembled Conor Stents and/or components thereof in each such facility;

(e) The identity of the Conor Stents and/or components thereof manufactured and/or assembled in each such facility;

(f) The number of Conor Stents and/or components thereof manufactured and/or assembled, on a monthly basis, in each such facility; and

(g) The intended and/or actual use of the Conor Stents and/or components thereof manufactured and/or assembled in each such facility.

7. The facts and circumstances relating to any transfer of Conor Stents and/or components thereof to any third party anywhere in the world, including without limitation:

(a) The transfer of any Conor Stents and/or components thereof, the location of the manufacture and/or assembly of each such stent or component thereof and the location from which each such stent or component thereof was transferred;

(b) The recipient(s) of such stent or component, the location of the recipient(s) of such stent or component, the price charged for each such stent or component, the cost of manufacture for each such stent or component and the revenue generated on the transfer of each such stent or component; and

 (c) For each such stent or component, the country(ies) in which it has been sold, the date of first sale in each such country, the monthly units sold in each such country, the sales revenue generated in each such country and the facility that manufactured and/or assembled each such stent or component thereof.

8. The facts and circumstances relating to any clinical trials completed or being conducted involving Conor Stents, including without limitation:

 (a) The location of each such trial;

 (b) The intended purpose(s) of each such trial;

 (c) The identity of the Conor Stents used in each such trial;

 (d) The place of manufacturers and/or assembly of Conor Stents and/or components thereof used in each such trial;

 (e) The price charged for Conor Stents used in each such trial;

 (f) The cost of manufacture for Conor Stents used in each such trial; and

 (g) The intended and actual uses of any information, results or data from each such trial.

9. The facts and circumstances relating to any samples of Conor Stents sent anywhere in the world, including without limitation:

 (a) The identity of Conor Stents sent as each such sample;

 (b) The recipient of each such sample;

A-5

 (c) The geographical location to which each such sample was sent;

 (d) The location of manufacture and/or assembly of each such sample;

 (e) The price charged for each such sample;

 (f) The cost of manufacture of each such sample; and

 (g) The intended and/or actual use of each such sample.

10. The facts and circumstances relating to Conor's destruction of documents from 2004 to the present relating to Conor Stents, including without limitation:

 (a) The identity and content of all documents destroyed, including any logs or indices identifying such documents;

 (b) Any directives or orders requesting or requiring Conor employees to destroy documents relating to Conor Stents;

 (c) The facts and circumstances relating to the "Spring Cleaning" e-mails located at CM011832–40; and

 (d) Conor's anticipation of patent infringement litigation relating to Conor Stents.

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on January 9, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris Nichols Arsht & Tunnell LLP
>1201 North Market Street
>PO Box 1347
>Wilmington, DE 19899-1347

I further certify that on January 9, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL AND U.S. MAIL**

>Matthew D. Powers, Esquire
>Jared Bobrow, Esquire
>Weil, Gotshal & Manges LLP
>201 Redwood Shores Parkway
>Redwood Shores, CA 94065

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>_____
>Adam W. Poff (No. 3990)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19899-0391
>(302) 571-6600
>apoff@ycst.com
>
>Attorneys for Boston Scientific Corporation and Boston Scientific Scimed, Inc.