IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and<br>BOSTON SCIENTIFIC SCIMED, INC., <br><br>Plaintiffs,<br><br>v.<br><br>CONOR MEDSYSTEMS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-768 (SLR)<br>)<br>)<br>)<br>) |

**NOTICE OF SUBPOENA (VIDAS, ARRETT & STEINKRAUS, P.A.)**

PLEASE TAKE NOTICE that Defendant Conor Medsystems, Inc. served the attached subpoena on Vidas, Arrett & Steinkraus, P.A. on January 12, 2007.

                         MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                         */s/ Jack B. Blumenfeld (#1014)*
                         Jack B. Blumenfeld (#1014)
                         Rodger D. Smith II (#3778)
                         1201 N. Market Street
                         P.O. Box 1347
                         Wilmington, DE  19899
                         (302) 658-9200
                         jblumenfeld@mnat.com
                          Attorneys for Defendant

OF COUNSEL:
Matthew D. Powers
Jared Bobrow
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

Courtland Reichman
KING & SPALDING LLP
191 Peachtree Street
Atlanta, GA  30303
(404) 572-4600

January 16, 2007

## Issued by the
## UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____ MINNESOTA

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | **SUBPOENA IN A CIVIL CASE** |
| Plaintiffs, | Civil Action No. 05-768-SLR |
| v. | |
| CONOR MEDSYSTEMS, INC., | District of Delaware |
| Defendant. | |

To: Vidas, Arrett & Steinkraus, P.A.
6109 Blue Circle Drive, Suite 2000,
Minnetonka, MN 55343-9185

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case on the topics specified in Schedule A hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Fredrikson & Byron, P.A.<br>Attn: Cynthia Moyer<br>200 South Sixth Street, Suite 4000<br>Minneapolis, MN 55402-1425 | February 2, 2007 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects specified in Schedule A hereto at the place, date, and time specified below:

| PLACE | DATE AND TIME |
|---|---|
| Fredrikson & Byron, P.A.<br>Attn: Cynthia Moyer<br>200 South Sixth Street, Suite 4000<br>Minneapolis, MN 55402-1425 | January 26, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Tim Bechen /JW<br>Attorneys for Defendant | January 12, 2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Tim DeMasi<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>(212) 310-8000 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

**SCHEDULE A**

**DEFINITIONS**

1. "Conor" means defendant Conor Medsystems, Inc., its predecessors and successors, past and present parents, subsidiaries, and divisions, and all past and present directors, officers, employees, agents, investors, affiliates, and representatives (including consultants and attorneys) of any of the foregoing.

2. "Boston Scientific" means plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc., their predecessors and successors, past and present parents, subsidiaries, and divisions, and all past and present directors, officers, employees, investors, and representatives (including consultants and attorneys) of any of the foregoing.

3. "Scimed" means Boston Scientific Scimed, Inc., its predecessors and successors, past and present parents, subsidiaries, and divisions, and all past and present directors, officers, employees, investors, and representatives (including consultants and attorneys) of any of the foregoing.

4. "'021 Patent" means U.S. Patent No. 5,922,021 and any patents or patent applications related thereto, including foreign patents or patent applications.

5. "Related Patents" means U.S. Patent No. 5,948,016, U.S. Patent No. 6,783,543, U.S. Patent No. 6,113,627, U.S. Patent No. 6,200,334, U.S. Patent No. 6,235,053, U.S. Patent No. 6,123,721, U.S. Patent No. 6,770,088, U.S. Patent No. 6,039,756, U.S. Patent No. 6,409,761, U.S. Patent No. 6,241,760, U.S. Patent No. 6,152,957, U.S. Patent No. 5,954,743, and any patents or patent applications related thereto, including foreign patents or patent applications.

6. "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including without limitation all materials that constitute "writings," "recordings," or "photographs" within the meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "Document" includes without limitation electronic mail, data stored on computer hard drives, diskettes, memories, tapes, compact discs, or any other computer media, and any other information stored magnetically, electronically, or optically. Any Document bearing any marks, including without limitation initials, stamped indicia, comments, highlighting, marginalia, or other notations not a part of the original text or reproduction thereof, is a separate Document that is also included in the request.

7. "Communication" means any form of oral or written interchange or attempted interchange, whether in person, by telephone, by facsimile, by telex, by electronic mail, or by any other medium.

8. "Relates To," "Relating To," "In Relation To," "Related To," and their cognates mean in whole or in part constituting, containing, concerning, regarding, embodying, reflecting, describing, discussing, analyzing, identifying, stating, referring to, dealing with, or in any way pertaining to.

9. The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request more inclusive.

10. The singular form of a word shall include the plural, and vice versa.

**Instructions**

1.  Where Documents and things are requested of you, the requests seek all Documents and things in your possession, custody, or control as well as all Documents in the possession, custody, or control of your agents, representatives, and, unless privileged, attorneys.

2.  If any Document or thing is withheld under a claim of privilege, separately identify each Document or thing for which such a privilege is claimed, and the particular request to which such Document or thing is responsive, together with the following information:

    (a) the date of, or appearing on, the Document or thing;

    (b) the author of the Document or thing;

    (c) the addressees of the Document or thing, if any;

    (d) the identity of each recipient of a copy of the Document or thing;

    (e) a description of the contents of the Document or thing;

    (f) the privilege claimed;

    (g) the basis on which the privilege is claimed; and

    (h) the name and address of each person who presently possesses the original and/or all copies of such Document or thing.

**Requests for Documents and Things**

1.  All Documents Relating To the preparation, filing, prosecution, and/or ongoing maintenance of the patent applications leading to the '021 Patent, including without limitation invention disclosures, drafts of patent applications,

3

correspondence with the Patent Office, notes of examiner interviews, prior art considered but not cited, files received from Paul Davis, Esq., files of Jonathan Grad, and any files of any attorney involved in the prosecution of any patent application Relating to the '021 Patent.

   2. All Documents Relating To the preparation, filing, prosecution, and/or ongoing maintenance of any patent applications claiming priority to the '021 Patent, including without limitation invention disclosures, drafts of patent applications, correspondence with the Patent Office, notes of examiner interviews, prior art considered but not cited, files received from Paul Davis, Esq., files of Jonathan Grad, and any files of any attorney involved in the prosecution of any patent application claiming priority to the '021 Patent.

   3. All Documents Relating To the preparation, filing, prosecution, and/or ongoing maintenance of the patent applications leading to the Related Patents, including without limitation invention disclosures, drafts of patent applications, correspondence with the Patent Office, notes of examiner interviews, prior art considered but not cited, files received from Paul Davis, Esq., files of Jonathan Grad, and any files of any attorney involved in the prosecution of any patent application Relating to the Related Patents.

   4. All Documents Relating To the preparation, filing, prosecution, and/or ongoing maintenance of any patent applications claiming priority to the Related Patents, including without limitation invention disclosures, drafts of patent applications, correspondence with the Patent Office, notes of examiner interviews, prior art considered but not cited, files received from Paul Davis, Esq., files of Jonathan Grad,

and any files of any attorney involved in the prosecution of any patent application claiming priority to the Related Patents.

5. All Documents Relating To the preparation, filing, prosecution, and/or ongoing maintenance of any foreign patent applications corresponding to the '021 Patent or Related Patents, including without limitation invention disclosures, drafts of patent applications, correspondence with the relevant patent office, notes of examiner interviews, prior art considered but not cited, files received from Paul Davis, Esq., files of Jonathan Grad, and any files of any attorney involved in the prosecution of any foreign patent application corresponding to the '021 Patent or Related Patents.

6. All Documents Relating to Communications Relating to the subject matter of the '021 patent or Related Patents, including without limitation Communications with Boston Scientific, David Jang, and Paul Davis, Esq.

7. All Documents Relating To the scope, validity, infringement, enforceability and/or inventorship of the '021 patent, including any opinions of counsel, claim construction briefs or decisions, any infringement, validity or enforceability contentions, claims or allegations, all documents offered to in support of any argument or at any hearing Relating to the construction of the claims of the '021 Patent, and all documents that have been asserted by any person or entity as constituting prior art to any of the claims of the '021 patent.

8. All Documents and things Relating To the conception, reduction to practice, diligence in reducing to practice, and/or design or development of the subject matter disclosed and/or claimed in the '021 Patent, including without limitation notes,

notebooks, drawings, schematics, specifications, memoranda, diagrams, computer files, test results, and prototypes.

9. All Documents authored, co-authored, created, presented, worked on, or contributed to by David Jang, concerning the subject matter of the '021 Patent.

10. All relevant prior art known to David Jang prior to the issuance of the '021 Patent.

### Topics for Deposition

1. The preparation, filing, prosecution, and/or ongoing maintenance of the patent applications leading to the '021 Patent, including without limitation invention disclosures, drafts of patent applications, correspondence with the Patent Office, notes of examiner interviews, prior art considered but not cited, files received from Paul Davis, Esq., files of Jonathan Grad, and any files of any attorney involved in the prosecution of any patent application Relating to the '021 Patent.

2. The preparation, filing, prosecution, and/or ongoing maintenance of any patent applications claiming priority to the '021 Patent, including without limitation invention disclosures, drafts of patent applications, correspondence with the Patent Office, notes of examiner interviews, prior art considered but not cited, files received from Paul Davis, Esq., files of Jonathan Grad, and any files of any attorney involved in the prosecution of any patent application claiming priority to the '021 Patent.

3. The preparation, filing, prosecution, and/or ongoing maintenance of the patent applications leading to the Related Patents, including without limitation invention disclosures, drafts of patent applications, correspondence with the Patent Office, notes of examiner interviews, prior art considered but not cited, files received

from Paul Davis, Esq., files of Jonathan Grad, and any files of any attorney involved in the prosecution of any patent application Relating to the Related Patents.

   4.  The preparation, filing, prosecution, and/or ongoing maintenance of any patent applications claiming priority to the Related Patents, including without limitation invention disclosures, drafts of patent applications, correspondence with the Patent Office, notes of examiner interviews, prior art considered but not cited, files received from Paul Davis, Esq., files of Jonathan Grad, and any files of any attorney involved in the prosecution of any patent application claiming priority to the Related Patents.

   5.  The preparation, filing, prosecution, and/or ongoing maintenance of any foreign patent applications corresponding to the '021 Patent or Related Patents, including without limitation invention disclosures, drafts of patent applications, correspondence with the relevant patent office, notes of examiner interviews, prior art considered but not cited, files received from Paul Davis, Esq., files of Jonathan Grad, and any files of any attorney involved in the prosecution of any foreign patent application corresponding to the '021 Patent or Related Patents.

   6.  Communications Relating to the subject matter of the '021 patent or Related Patents, including without limitation Communications with Boston Scientific, David Jang, and Paul Davis, Esq.

   7.  The scope, validity, infringement, enforceability and/or inventorship of the '021 patent, including any opinions of counsel, claim construction briefs or decisions, any infringement, validity or enforceability contentions, claims or allegations, all documents offered to in support of any argument or at any hearing Relating to the

7

construction of the claims of the '021 Patent, and all documents that have been asserted by any person or entity as constituting prior art to any of the claims of the '021 patent.

   8.  The conception, reduction to practice, diligence in reducing to practice, and/or design or development of the subject matter disclosed and/or claimed in the '021 Patent, including without limitation notes, notebooks, drawings, schematics, specifications, memoranda, diagrams, computer files, test results, and prototypes.

   9.  All Documents authored, co-authored, created, presented, worked on, or contributed to by David Jang, concerning the subject matter of the '021 Patent.

   10.  All relevant prior art known to David Jang prior to the issuance of the '021 Patent.

   11.  The authenticity and subject matter of all Documents produced in response to this subpoena.

STATE OF MINNESOTA

COUNTY OF HENNEPIN

AFFIDAVIT OF SERVICE

**METRO LEGAL SERVICES**

Bob Yates, being duly sworn, on oath says: that on the 12th day of January, 2007, at 3:30pm (s)he served the attached Subpoena and Schedule A upon Vidas Arrett & Stein Krays therein named, personally at 6109 Blue Circle Drive, #2000, Minnetonka, County of Hennepin, State of Minnesota, by handing to and leaving with Richard Arrett, Treasurer, after furnishing proper fees, a true and correct copy thereof.

Subscribed and sworn to before me,
January 12, 2007.

_____
Notary Public

_____

Re: Conner Med Systems

DAVE HOLPER
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2007 I caused to be electronically filed the foregoing Notice of Subpoena (Vidas, Arrett & Steinkraus, P.A.) with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP

I further certify that I caused to be served copies of the foregoing document on January 16, 2007 upon the following in the manner indicated:

**BY EMAIL AND HAND**

>Josy W. Ingersoll
>Young, Conaway, Stargatt & Taylor, LLP
>1000 West Street, 17th Floor
>Wilmington, DE 19899

**BY EMAIL**

>Peter J. Armenio
>Kirkland & Ellis
>Citigroup Center
>153 East 53rd Street
>New York, NY 10022

>*/s/ Jack B. Blumenfeld (#1014)*
>Morris, Nichols, Arsht & Tunnell LLP
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>jblumenfeld@mnat.com