IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION<br>and BOSTON SCIENTIFIC SCIMED, INC.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CONOR MEDSYSTEMS, INC.,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-768-SLR<br>)<br>)<br>)<br>)<br>) |

**CONOR'S NOTICE OF DEPOSITION OF BOSTON SCIENTIFIC
PURSUANT TO FED. R. CIV. P. 30(B)(6)**

　　　　PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Conor Medsystems, Inc. ("Conor") will take the deposition of Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively "Boston Scientific") upon oral examination, before an officer authorized by law to administer oaths. The deposition will commence on January 26, 2007, at 9:30 a.m. at the offices of Weil, Gotshal & Manges LLP, 201 Redwood Shores Parkway, Redwood Shores, California 94065, or at such time and place as may be agreed to among counsel, and will continue from day to day (excluding Saturdays, Sundays and holidays) until completed or adjourned, consistent with the Federal Rules of Civil Procedure. The deposition will take place before a notary public or other officer authorized to administer oaths in the respective district, and will be recorded on videotape and by real time transcription service as well as by stenographic means.

　　　　PLEASE TAKE FURTHER NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Boston Scientific will designate one or more of its officers,

directors, managing agents, or other persons who are most qualified, knowledgeable and competent to testify on its behalf as to all matters known or reasonably available to Boston Scientific with respect to each of the Deposition Topics set forth below. Boston Scientific is requested to identify each person so designated and to set forth the matters on which that person will testify at least five business days before the deposition. You are invited to attend and examine the witness(es).

Schedule A contains the topics on which the examination is being requested.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

---
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
  Attorneys for Defendant

*Of Counsel*:
Matthew D. Powers
Jared Bobrow
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

Courtland Reichman
KING & SPALDING LLP
191 Peachtree Street
Atlanta, GA  30303
(404) 572-4600

January 18, 2007

678468

**SCHEDULE A**

**DEFINITIONS**

1. "Person" means any natural person or any business, legal or governmental entity or association, including, but not limited to, private and public partnerships, associations, corporations, joint ventures, sole proprietorships, firms and governments.

2. "Conor" means defendant Conor Medsystems, Inc., its predecessors and successors, past and present parents, subsidiaries, and divisions, and all past and present directors, officers, employees, agents, investors, affiliates, and representatives (including consultants and attorneys) of any of the foregoing.

3. "Boston Scientific" means plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc., their predecessors and successors, past and present parents, subsidiaries, and divisions, and all past and present directors, officers, employees, investors, and representatives (including consultants and attorneys) of any of the foregoing.

4. "Scimed" means Boston Scientific Scimed, Inc., its predecessors and successors, past and present parents, subsidiaries, and divisions, and all past and present directors, officers, employees, investors, and representatives (including consultants and attorneys) of any of the foregoing.

5. "'021 Patent" means U.S. Patent No. 5,922,021 and any patents or patent applications related thereto, including foreign patents or patent applications.

6. "Related Patents" means U.S. Patent No. 5,948,016, U.S. Patent No. 6,783,543, U.S. Patent No. 6,113,627, U.S. Patent No. 6,200,334, U.S. Patent No. 6,235,053, U.S. Patent No. 6,123,721, U.S. Patent No. 6,770,088, U.S. Patent No. 6,039,756, U.S. Patent No. 6,409,761, U.S. Patent No. 6,241,760, U.S. Patent No. 6,152,957, U.S. Patent No. 5,954,743,

and any patents or patent applications related thereto, including foreign patents or patent applications.

7. "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including without limitation all materials that constitute "writings," "recordings," or "photographs" within the meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "Document" includes without limitation electronic mail, data stored on computer hard drives, diskettes, memories, tapes, compact discs, or any other computer media, and any other information stored magnetically, electronically, or optically. Any Document bearing any marks, including without limitation initials, stamped indicia, comments, highlighting, marginalia, or other notations not a part of the original text or reproduction thereof, is a separate Document that is also included in the request.

8. "Communication" means any form of oral or written interchange or attempted interchange, whether in person, by telephone, by facsimile, by telex, by electronic mail, or by any other medium.

9. "Relates To," "Relating To," "In Relation To," "Related To," and their cognates mean in whole or in part constituting, containing, concerning, regarding, embodying, reflecting, describing, discussing, analyzing, identifying, stating, referring to, dealing with, or in any way pertaining to.

10. The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request more inclusive.

11. The singular form of a word shall include the plural, and vice versa.

**DEPOSITION TOPICS**

1. All facts and circumstances Relating To Boston Scientific's acquisition of any patent or patent application owned by David Jang, including without limitation the title to, or any interest in, the '021 Patent, Related Patents, or any inventions disclosed or claimed in the '021 Patent, and the chain of title for the '021 Patent or Related Patents.

2. All facts and circumstances Relating To any licensing or assignment of any patent or patent application owned by David Jang, including without limitation the licensing or assignment of the '021 Patent to Schneider Europe GmbH.

3. All facts and circumstances Relating To Boston Scientific's evaluation, analyses, and testing of any David Jang stent or stent design prior to, during, and after the assignment of David Jang's patent portfolio to Boston Scientific, including without limitation knowledge of the following documents and their content: BSC_C 019720 & 049121, BSC_C 0147148, BSC_C 0140734, BSC_C 117445.

4. All facts and circumstances Relating To Boston Scientific's decision not to develop any stent that embodies, falls within the scope of, or practices (or is capable of practicing) any claim of the '021 patent.

5. All facts and circumstances Relating To Boston Scientific's Communications or meetings with Jeff Shanley or Conor.

6. All facts and circumstances Relating To Boston Scientific's decision to assert the '021 Patent or Related Patents in this or any other action.

7. All facts and circumstances Relating To Boston Scientific's potential acquisition of Conor or any technology owned by Conor.

5

8. All facts and circumstances Relating To any comparison, analysis, consideration, study, reverse engineering effort, testing, evaluation, or valuation of any Conor stent or technology, including without limitation the performance of Conor's stents in clinical trials and knowledge of the following documents and their content: BSC_C 75755-96; BSC_C 94152-214; BSC_C 94215-32, BSC_C141020-25; BSC_C 71537–61.

9. All facts and circumstances Relating To the design or development of the Barracuda, Taxus, Express, Liberte, and NIR stents.

10. All facts and circumstances Relating To any comparison, analysis, consideration, study, testing, evaluation, or valuation of any Boston Scientific stent or technology, including without limitation the flexibility of the Barracuda, Taxus, Express, Liberte, and NIR stents, the flexibility of those stents during delivery, the flexibility of those stents compared to other stents, and knowledge of the following documents and their content: BSC_C 158308-35, BSC_C 152821-52, BSC_C 151261-76, BSC_C 152888-905, BSC_C 152906, BSC_C 151102-75, BSC_C 151295-388, BSC_C 160500-72.

11. All facts and circumstances Relating To any Boston Scientific comparison, analysis, consideration, study, reverse engineering effort, testing, evaluation, or valuation of any other company's stent, including without limitation the flexibility of any other company's stent, and knowledge of the following documents and their content: Documents entitled "Monthly Competitive Stent Reviews" (*e.g.*, BSC_C 86534-40; BSC_C 91483-91; BSC_C 91592-99; BSC_C 92961-79; BSC_C 81311-19; BSC_C 91045-52; BSC_C 91234-89; BSC_C 88943-70; BSC_C 81048-75; BSC_C 88634-64); Documents entitled "Competitive Intelligence Summary Reports" (*e.g.*, BSC_C 93143-64; BSC_C 93185-214; BSC_C 93215-42;

6

BSC_C 91418-45; BSC_C 92924-60; BSC_C 92813-32; BSC_C 90952-79; BSC_C 80856-82; BSC_C 90980-95; BSC_C 81320-60; BSC_C 81407-44 ; BSC_C 81008-42; BSC_C 81140-74).

12. All facts and circumstances Relating To Boston Scientific's interaction with, or investment in, Labcoat, Ltd.

13. All facts and circumstances Relating To Boston Scientific's marketing, advertisement, sale, or offer for sale of any of its stents, including without limitation knowledge of the following documents and their content: BSC_C 144718-42, BSC_C 83332-39, BSC_C 83323-31, BSC_C 159494-564, BSC-C 92924-60.

14. All facts and circumstances Relating To the competition for, or market share of, any stent manufactured, marketed, sold, or distributed by Boston Scientific, including without limitation the Barracuda, Taxus, Express, Liberte, and NIR stents.

15. All facts and circumstances Relating To the sales volumes, revenues, costs, and profits associated with the sale of any Boston Scientific stent.

16. All facts and circumstances Relating To the projections of sales volumes, revenues, and profits associated with the sale of any Boston Scientific stent.

17. All facts and circumstances Relating To Boston Scientific's patent licensing policies and practices.

18. All facts and circumstances Relating To the pricing of any Boston Scientific stent.

19. All facts and circumstances Relating To any patent disclosing or claiming the technology used in any Boston Scientific stent.

20. All facts and circumstances Relating To any business lost by Boston Scientific to Conor, including without limitation the impact on Boston Scientific's profits.

7

21. All facts and circumstances Relating To Boston Scientific's numbering of struts in any stent manufactured, marketed, sold, or distributed by Boston Scientific, including without limitation the Barracuda, Taxus, Express, Liberte, and NIR stents.

22. All facts and circumstances Relating To the safety and efficacy of any Boston Scientific stent, including without limitation the Barracuda, Taxus, Express, Liberte, and NIR stents.

23. All facts and circumstances Relating To David Jang's allegation in the *Jang v. Boston Scientific Corporation*, No. ED CV 05-00426 (VAP) (C.D. Cal.) litigation that the June 3, 2002 Assignment Agreement, Employment Agreement, Patent Assignment, Bill of Sale and Assignment, and Non-Qualified Stock Option Agreement be rescinded.

24. All facts and circumstances Relating To competition between Boston Scientific and Conor Relating to stents.

25. All documents concerning any of the forgoing topics, including without limitation all information required to authenticate such documents.

CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2007, I caused to be electronically filed the foregoing CONOR'S NOTICE OF DEPOSITION OF BOSTON SCIENTIFIC PURSUANT TO FED. R. CIV. P. 30(B)(6) with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP

I further certify that I caused to be served copies of the foregoing document on January 18, 2007, upon the following in the manner indicated:

**BY EMAIL AND HAND**

Josy W. Ingersoll
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE  19899

**BY EMAIL**

Peter J. Armenio
Kirkland & Ellis
Citigroup Center
153 East 53rd Street
New York, NY  10022

/s/ *Rodger D. Smith II*
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com