IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CONOR MEDSYSTEMS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-768-SLR |

**CONOR'S MOTION TO EXTEND DISCOVERY DEADLINES**

Defendant Conor Medsystems, Inc. ("Conor") hereby moves the Court to extend several upcoming discovery deadlines by about three weeks, given the current state of discovery in this action. A proposed Amended Scheduling Order is attached hereto as Exhibit A. In support of this motion, Conor states:

1. The current fact discovery cut-off is February 14, 2007 (D.I. 36, ¶ 2(b)).

2. The parties have produced hundreds of thousands of pages of documents, many of which were not produced until December 1, 2006. Additional documents have been produced since then and continue to be produced.

3. With two and one-half weeks left in the period for fact discovery, the parties are just beginning to schedule and take depositions. To date, the parties have taken a single day of one deposition (Dr. Jang).[1] There are 23 deposition notices currently outstanding --

---

[1] Conor is currently seeking a second day with Dr. Jang, which Dr. Jang thus far is resisting. Conor also intends to raise that issue with the Court.

three Rule 30(b)(6) depositions, and 20 individual depositions. There is simply not enough time in the current schedule to complete these depositions.

4. Most of the depositions have not been scheduled yet, and plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "BSC") only yesterday provided dates for most of their deponents, all but one during the February 6-14 period. BSC has offered its deponents at various locations around the country, with three or four depositions set to occur simultaneously on a number of days, seriously prejudicing Conor's ability to prepare for and take these depositions and obtain the discovery it needs to prepare its case for trial.

5. In light of the state of discovery, Conor approached BSC and asked whether they would agree to a short extension -- generally of about three weeks -- of some of the upcoming discovery deadlines. Conor proposed the following dates:

| Event | Current Date | Conor's Proposed Date |
|---|---|---|
| Claim construction issue identification | February 7, 2007 | March 2, 2007 |
| Fact discovery cut-off | February 14, 2007 | March 9, 2007 |
| Opening expert reports | February 23, 2007 | March 19, 2007 |
| Joint claim construction statement | March 13, 2007 | April 5, 2007 |
| Rebuttal expert reports | March 23, 2007 | April 12, 2007 |
| Expert discovery cut-off | April 20, 2007 | April 30, 2007 |
| Summary judgment motions | May 1, 2007 | May 11, 2007 |
| Opening claim construction briefs | May 1, 2007 | May 11, 2007 |
| Answering claim construction briefs | May 22, 2007 | May 31, 2007 |

2

6. Conor is not seeking by this motion to move the June 22, 2007 *Markman* hearing date or the October 15, 2007 trial date.

7. BSC rejected Conor's proposal, responding that at most it might agree to extend some of the dates by one week.

8. It is not reasonable to expect that the parties can complete the outstanding depositions in the time remaining in the current fact discovery period. Conor believes that the Court's Scheduling Order should be amended to reflect the current state of discovery in this case, and to permit the parties to complete fact discovery so as not to prejudice either side's ability to prepare its case and obtain the discovery that it needs.

9. In addition, the parties still have not agreed on the terms of a Protective Order for confidential information, so it is not clear who has access to certain confidential information, thus hampering Conor's ability to prepare for and take depositions.

10. Conor respectfully requests that the Court extend the discovery deadlines in accordance with the dates outlined above, and as reflected in the attached proposed Amended Scheduling Order.

11. Pursuant to D. Del. Local Rule 16.5, I certify that a copy of this request has been sent to Conor.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
  *Attorneys for Defendant*

OF COUNSEL:

Matthew D. Powers
Jared Bobrow
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
(650) 802-3000

Courtland Reichman
KING & SPALDING LLP
191 Peachtree Street
Atlanta, GA  30303
(404) 572-4600

January 26, 2007
705169

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that counsel for defendant has discussed the subject of the foregoing motion with counsel for plaintiffs, and the parties have not been able to reach agreement on the issues raised in the motion.


                                    /s/ Rodger D. Smith II
                                    Rodger D. Smith II (#3778)


January 26, 2007

CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP

I further certify that I caused to be served copies of the foregoing document on January 26, 2007, upon the following in the manner indicated:

**BY EMAIL AND HAND**

> Josy W. Ingersoll
> Young, Conaway, Stargatt & Taylor, LLP
> 1000 West Street, 17th Floor
> Wilmington, DE  19899

**BY EMAIL**

> Peter J. Armenio
> Kirkland & Ellis
> Citigroup Center
> 153 East 53rd Street
> New York, NY  10022

/s/ *Rodger D. Smith II*
Rodger D. Smith II (#3778)
rsmith@mnat.com