# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF **MASSACHUSETTS**

BOSTON SCIENTIFIC CORPORATION and
BOSTON SCIENTIFIC SCIMED, INC.,

        Plaintiffs,

v.

CONOR MEDSYSTEMS, INC.,

        Defendant.

**SUBPOENA IN A CIVIL CASE**

Civil Action No. 05-768-SLR

**District of Delaware**

To: Douglas Godshall
c/o Kirkland & Ellis LLP
153 E. 53rd Street
New York, New York 10022

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges<br>100 Federal Street, Floor 34<br>Boston, MA 02110 | February 6, 2007 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects specified in Schedule A hereto at the place, date, and time specified below:

| PLACE | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges<br>100 Federal Street, Floor 34<br>Boston, MA 02110 | February 5, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Timothy G. Dunlap/jw<br>Attorneys for Defendant | February 2, 2007 |

1

2

---

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Timothy E. DeMasi
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

---

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

**SCHEDULE A**
**DEFINITIONS**

1. "Conor" means defendant Conor Medsystems, Inc., its predecessors and successors, past and present parents, subsidiaries, and divisions, and all past and present directors, officers, employees, agents, investors, affiliates, and representatives (including consultants and attorneys) of any of the foregoing.

2. "Boston Scientific" means plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc., their predecessors and successors, past and present parents, subsidiaries, and divisions, and all past and present directors, officers, employees, investors, and representatives (including consultants and attorneys) of any of the foregoing.

3. "'021 Patent" means U.S. Patent No. 5,922,021 and any patents or patent applications related thereto, including foreign patents or patent applications.

4. "Related Patents" means U.S. Patent No. 5,948,016, U.S. Patent No. 6,783,543, U.S. Patent No. 6,113,627, U.S. Patent No. 6,200,334, U.S. Patent No. 6,235,053, U.S. Patent No. 6,123,721, U.S. Patent No. 6,770,088, U.S. Patent No. 6,039,756, U.S. Patent No. 6,409,761, U.S. Patent No. 6,241,760, U.S. Patent No. 6,152,957, U.S. Patent No. 5,954,743, and any patents or patent applications related thereto, including foreign patents or patent applications.

5. "Document" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether in final or draft, including without limitation all materials that constitute "writings," "recordings," or "photographs" within the meaning of Rule 1001 of the Federal Rules of Evidence and all materials that constitute "documents" within the meaning of Rule 34 of the Federal Rules of Civil Procedure. The word "Document" includes without limitation electronic

mail, data stored on computer hard drives, diskettes, memories, tapes, compact discs, or any other computer media, and any other information stored magnetically, electronically, or optically. Any Document bearing any marks, including without limitation initials, stamped indicia, comments, highlighting, marginalia, or other notations not a part of the original text or reproduction thereof, is a separate Document that is also included in the request.

6. "Communication" means any form of oral or written interchange or attempted interchange, whether in person, by telephone, by facsimile, by telex, by electronic mail, or by any other medium.

7. "Relates To," "Relating To," "In Relation To," "Related To," and their cognates mean in whole or in part constituting, containing, concerning, regarding, embodying, reflecting, describing, discussing, analyzing, identifying, stating, referring to, dealing with, or in any way pertaining to.

8. The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request more inclusive.

9. The singular form of a word shall include the plural, and vice versa.

## REQUESTS FOR DOCUMENTS

1. All Documents Relating To Boston Scientific's acquisition of any patent or patent application or technology owned by David Jang, including without limitation the title to, or any interest in, the '021 Patent, Related Patents, or any inventions disclosed or claimed in the '021 Patent, and the chain of title for the '021 Patent or Related Patents.

2. All Documents Relating To any licensing or assignment of any patent or patent application owned by David Jang, including without limitation the licensing or assignment of the '021 Patent to Schneider Europe GmbH.

3

      3.     All Documents Relating To Boston Scientific's Communications or meetings with Jeff Shanley or Conor.

      4.     All Documents Relating To Boston Scientific's potential acquisition of Conor or any technology owned by Conor.