**2**

⊛AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

___Southern___    DISTRICT OF    ___Florida___

BOSTON SCIENTIFIC CORPORATION and
BOSTON SCIENTIFIC SCIMED, INC.
                    V.
CONOR MEDSYSTEMS, INC.

**SUBPOENA IN A CIVIL CASE**

TO: **Cordis Corporation**
**14201 N.W. 60th Avenue**
**Miami Lakes, FL 33014**

Case Number:[1]
**Civil Action No. 05-768 (SLR)**
**District of Delaware**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Marriott Harbor Beach — 3030 Holiday Drive, Fort Lauderdale, FL 33316.  See Schedule A | February 13, 2007 at 10:00a |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | February 2, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**Timothy K. Gilman, Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022**
**(212) 446-4800**

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| | MANNER OF SERVICE |
|---|---|

SERVED ON (PRINT NAME)

| | TITLE |
|---|---|

SERVED BY (PRINT NAME)

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                      SIGNATURE OF SERVER

                                              _____
                                              ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## TOPICS OF EXAMINATION

**TOPIC NO. 1:**

The design history of the FDA-approved Bx Velocity stent, including all design iterations and prototypes.

**TOPIC NO. 2:**

The performance and attributes of the Bx Velocity stent design iterations and prototypes.

**TOPIC NO. 3:**

The performance and attributes of the FDA-approved Bx Velocity stent and how they compare to the performance and attributes of any Bx Velocity design iteration or prototype.

**TOPIC NO. 4:**

Cordis' decision to seek to commercialize the design of the Bx Velocity stent that was later approved by the FDA, including the reasons for Cordis' decision.

**TOPIC NO. 5:**

The performance and attributes of the BX stent and how they compare to the performance and attributes of the FDA-approved Bx Velocity stent.

**TOPIC NO. 6:**

Cordis' decision not to seek to commercialize the BX stent, including the reason for Cordis' decision.

**<u>TOPIC NO. 7:</u>**

The authenticity of the documents attached hereto as Exhibit A and whether they were kept in the ordinary course of business.

## DEFINITIONS

1.       As used herein, "Cordis" shall mean Cordis Corporation and all of its corporate parents, corporate predecessors and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents and employees.

2.       As used herein, "Bx Velocity stent" shall mean any stent made, used, sold, offered for sale, or imported into the United States by Cordis in which the words "Bx Velocity" constitute all or part of the trademark or name, including any commercial, developmental, working or non-working model, or any prototype of any of the foregoing.

3.       As used herein, "BX stent" shall mean the stent designed by Isostent and described in, for example, Chapter 21 of *The Handbook of Coronary* Stents (2d edition 1998), including any commercial, developmental, working or non-working model, or any prototype of any of the foregoing.

4.       As used herein, "include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest meaning possible.

# EXHIBIT A

THIS DRAWING REFLECTS DIMENSIONS AFTER ELECTROPOLISHING

0.256" circumference
(.72 mm O.D.)

LENGTH=27mm

CONFIDENTIAL

| ZONE | REV | REVISIONS | | |
| | | DESCRIPTION | DATE | APPROVED |

THIS DRAWING AND THE INFORMATION
SET FORTH HEREIN ARE THE PROPERTY
OF CORDIS, AND ARE TO BE
HELD IN TRUST AND CONFIDENCE.
PUBLICATION, DUPLICATION, DISCLOSURE
OR USE FOR ANY PURPOSE NOT
EXPRESSLY AUTHORIZED IN WRITING
BY CORDIS IS PROHIBITED.

UNLESS OTHERWISE SPECIFIED
DIMENSIONS ARE IN INCH
AND TOLERANCES ARE
XX    ±.001
XXX   ±.0005
XXXX
FRACTION  ±1/32
ANGULAR   ±1/2°

MATERIAL
316L VM SS.0074UD/0007144

FINISH: ELECTROPOL SHED

NEXT ASSY

DRAWN BY
DATE  April 23, 1998

CHECKED BY
DATE

APPROVED BY
NAME
DATE, APPROVED

SIZE  A

SCALE  XXX

FILE NAME

C27-13×5_J

PART NUMBER

PN **-**.**

REV  A

SHEET

DATE

HIGHLY CONFIDENTIAL

BSC-C 0168824

REVISIONS

| ZONE | LET | DATE | BY | DESCRIPTION |
|------|-----|------|----|-------------|
|      |     |      |    |             |

DETAIL 1   Strut and articulation widths

LEFT END

INT

RIGHT END

DETAIL 2   FLAT LAYOUT

*pattern displayed in Detail 2 represents 8mm stent with X=1 IN segments*

*This pattern repeats 7 lines around the circumference of the stent*

Detail 2 Notes
4   Longitudinal pattern spacing
    "L" LEFT END segment
    "X" INT segments
    "1" RIGHT END segment

5   Spaces lines indicate portion which dimensions and/or tolerances range
    the section denoted by that defines the ends of the stent geometry

Notes
6   Dimensions noted are as finished
    DD as finished = .063 In
    Fabricated from .051 D + .00 WT (6)
    Stainless steel tubing (refer to drawing B)
    Critical dimensions have mean constraints

| X | NOMINAL LENGTH | "A" Length |
|---|---------------|-----------|
| 1 | [8] | 0.321 [8.1] |
| 2 | [13] | 0.502 [12.8] |

CONFIDENTIAL   NOT TO BE REPRODUCED OR USED IN ANY WAY WITHOUT WRITTEN CORDIS A JOHNSON & JOHNSON COMPANY APPROVAL.

GENERAL REQUIREMENTS. UNLESS OTHERWISE SPECIFIED
< > DENOTES CRITICAL ELEMENT   / DENOTES FINISH ON SURFACE
[ ] DENOTES INSPECTION FILMSN   REMOVE ALL BURRS & BREAK SHARP EDGES
Γ DENOTES METRIC DIMENSION     Δ INDICATES A REVISION LEVEL.
Γ DENOTES MATING PARTS

DO NOT SCALE DRAWING

TOLERANCES UNLESS OTHERWISE SPECIFIED
XXXX (4 PLACE DEC) ±.0005 IN - (.0013 MM)   THREADS      CLASS 2 FIT
XXX (3 PLACE DEC) ±.005 IN - (.0127 MM)    ANGLE ± .5°
XX (2 PLACE DEC) ±.01 IN - (.025 MM)
FRACTIONAL 1/64 ± (63.4 MM)                THIS DRAWING WAS GENERATED USING AUTOCAD. PLEASE

THIRD ANGLE PROJECTION

| DRAWN BY | | DATE |
|----------|--|------|
| CHECKED BY | | DATE |
| APPROVED BY | | DATE |
| MATERIAL | | |
| FINISH | | |
| SCALE | | |
| | USED ON | REM |

Cordis
a Johnson & Johnson company
40 Technology Drive Warren, NJ 07059

TITLE

DWG NO.

DWG SIZE   B

SHEET   OF

BSC-C 0168825

REV

HIGHLY CONFIDENTIAL

Stent Parameters

5 mil wall thickness

275 mm long

THIS DRAWING REFLECTS DIMENSIONS AFTER ELECTROPOLISHING

mil OD (58 mil OD Tubing)

| | REVISIONS | | | |
|---|---|---|---|---|
| ZONE | REV | DESCRIPTION | DATE | APPROVED |

UNLESS OTHERWISE SPECIFIED
DIMENSIONS ARE IN INCH
AND TOLERANCES ARE
.XX     = ±.01
.XXX    = ±.005
.XXXX   = ±.0005
FRACTION = ±1/32
ANGULAR = ±1/2°

MATERIAL
.046ID x .006 wall 316L VM

FINISH ELECTROPOLISHED

THIS DRAWING AND THE INFORMATION
SET FORTH HEREIN ARE THE PROPERTY
OF CORDIS, AND ARE TO BE
HELD IN TRUST AND CONFIDENCE.
PUBLICATION, DUPLICATION, DISCLOSURE
OR USE FOR ANY PURPOSE NOT
EXPRESSLY AUTHORIZED IN WRITING
BY CORDIS S PROHIBITED.

CONFIDENTIAL

DRAWN BY:
B G Fagenell
DATE 7/15/98

CHECKED BY:
DATE

APPROVED BY
NAME
DATE APPROVED

NEXT ASSY

SIZE A    FILE NAME    OMNI6_27_A    PART NUMBER

SCALE XXX    DATE XXX

7. River Owr Drive
Far over, NJ 07734
Tel 7, 758 9124

PN xxxxxxxxx    SHEET    REV A

HIGHLY CONFIDENTIAL    BSC-C 0168826

BSC-C 0168827

HIGHLY
CONFIDENTIAL



Stent Parameters

5 mil wall thickness

57 mil OD (58 mil OD Tubing)

8.4 mm long

13 mm long

17.6 mm long

221 mm long

26.7 mm long

THIS DRAWING REFLECTS DIMENSIONS AFTER ELECTROPOLISHING

BXMINI_J FAMILY OF STENTS

CONFIDENTIAL

BSC-C 0168828

HIGHLY
CONFIDENTIAL



THIS DRAWING REFLECTS DIMENSIONS AFTER ELECTROPOLISHING

57 mil OD (58 mil OD Tubing)

Stent Parameters

5 mil wall thickness

8.6 mm long

13.5 mm long

17.9 mm long

22.6 mm long

27.2 mm long

BSC-C 0168829

HIGHLY
CONFIDENTIAL



BSC-C 0168830

HIGHLY
CONFIDENTIAL



CURRENT BX

BX ULTRAFLEX5

BX ULTRAFLEX4

BSC-C 0168831

HIGHLY CONFIDENTIAL

PRE - DEPLOYED BX STENT
(15 mm Long)

H - STRUT

H - CELL

CURVED SECTIONS

S - CELL

VERTICAL STRUTS

S - STRUT

DIAGONAL STRUTS

BSC-C 0168832

HIGHLY CONFIDENTIAL

BX-MB25

BX OMNI_C

BX OMNI_B

BX OMNI_A

BSC-C 016883

HIGHLY CONFIDENTIAL



CONFIDENTIAL

HIGHLY CONFIDENTIAL

BSC-C 0168834

0.204"

1.031"

0.142"

REVISIONS

ZONE | REV | DESCRIPTION | DATE | APPROVED

THIS DRAWING AND THE INFORMATION SET FORTH HEREIN ARE THE PROPERTY OF FISCHELL INC. AND ARE TO BE HELD IN TRUST AND CONFIDENCE. PUBLICATION, DUPLICATION, DISCLOSURE OR USE FOR ANY PURPOSE NOT EXPRESSLY AUTHORIZED IN WRITING BY FISCHELL BIOMEDICAL LLC IS PROHIBITED

DRAWN BY    D. R. Fischell
DATE    March 16, 1998

CHECKED BY
DATE

APPROVED BY    NAME
DATE    DATE APPROVED

UNLESS OTHERWISE SPECIFIED DIMENSIONS ARE IN INCH AND TOLERANCES ARE
XX    = ± .01
XXX    = ± .001
XXXX    = ± .0005
FRACTION    = ±1/32
ANGULAR    ±1/2°

MATERIAL
316L VM SS, 0.0655"OD/0.006 tw

FINISH    ELECTROPOLISHED

NEXT ASSY

71 Riverlawn Drive
Fair Haven, NJ 07704
TEL (732) 758-9574

C25-12X5_B

PART NUMBER
PN xxxxxx-x    REV    A    SHEET

SIZE    A    FILE NAME    bxonni_b.skd
SCALE    xxx

DATE    March 16, 1998



Stent Parameters

LENGTH=27mm

THIS DRAWING REFLECTS DIMENSIONS AFTER ELECTROPOLISHING

0.226" Circumference
(72 mil OD)

REVISIONS

| ZONE | REV | DESCRIPTION | DATE | APPROVED |
|---|---|---|---|---|

UNLESS OTHERWISE SPECIFIED
DIMENSIONS ARE IN INCH
AND TOLERANCES ARE
XX      ±.01
XXX     ±.001
XXXX    ±.0005
FRACTION ±1/32
ANGULAR  ±1/2°

MATERIAL
316L VM SS, .024"OD/.007"w

FINISH: ELECTROPOLISHED

NEXT ASSY

DRAWN BY
DATE  April 23, 1998

CHECKED BY

APPROVED BY          NAME

DATE
DATE APPROVED

SIZE  A
FILE NAME  C27-13×5_J

SCALE  XXX   DATE  XXX

PART NUMBER
PN  ********   SHEET

REV  A

CONFIDENTIAL

THIS DRAWING AND THE INFORMATION
SET FORTH HEREIN ARE THE PROPERTY
OF CURTIS AND ARE TO BE
HELD IN TRUST AND CONFIDENCE
PUBLICATION, DUPLICATION, DISCLOSURE
OR USE FOR ANY PURPOSE, NOT
EXPRESSLY AUTHORIZED IN WRITING
BY CURTIS IS PROHIBITED

HIGHLY
CONFIDENTIAL

BSC-C-0168835



THIS DRAWING REFLECTS DIMENSIONS AFTER ELECTROPOLISHING

Length = 271mm

0.226" Circumference
(72 mil O.D.)

CONFIDENTIAL

HIGHLY
CONFIDENTIAL

BSC-C-0168836

REVISIONS

| ZONE | REV | DESCRIPTION | DATE | APPROVED |
|------|-----|-------------|------|----------|

UNLESS OTHERWISE SPECIFIED
DIMENSIONS ARE IN INCH
AND TOLERANCES ARE
.XX    = ±.01
.XX    = ±.001
.XXXX  = ±.0005
FRACTION = 1/32
ANGULAR = ±1/2°

MATERIAL
316L VM SS. 0.074"(0.D.)x0.007"t.

FINISH: ELECTROPOLISHED

NEXT ASSY

THIS DRAWING AND THE INFORMATION
SET FORTH HEREIN ARE THE PROPERTY
OF CURDIS AND ARE TO BE
HELD IN TRUST AND CONFIDENCE.
DUPLICATION, DUPLICATION, DISCLOSURE
OR USE FOR ANY PURPOSE NOT
EXPRESSLY AUTHORIZED IN WRITING
BY CURDIS IS PROHIBITED

DRAWN BY

DATE  April 23, 1998

CHECKED BY

DATE

APPROVED BY

NAME

DATE
DATE APPROVED

FILE NAME    C27-12x5_I

SIZE  A    PART NUMBER
             PN xxxxxxxxx

SCALE  XXX    DATE    SHEET

REV  A

THIS DRAWING REFLECTS DIMENSIONS AFTER ELECTROPOLISHING

Length = 271mm

0.226" Circumference
(72 ml 0.D.)

CONFIDENTIAL

| | | | REVISIONS | | |
|---|---|---|---|---|---|
| ZONE | REV | | DESCRIPTION | DATE | APPROVED |

THIS DRAWING AND THE INFORMATION
SET FORTH HEREIN ARE THE PROPERTY
OF CORDIS AND ARE TO BE
HELD IN TRUST AND CONFIDENCE.
PUBLICATION, DUPLICATION, DISCLOSURE
OR USE FOR ANY PURPOSE NOT
EXPRESSLY AUTHORIZED IN WRITING
BY CORDIS IS PROHIBITED.

DRAWN BY    D. K. Fischell
DATE    April 22 , 1998

CHECKED BY

APPROVED BY          NAME
DATE          DATE APPROVED

UNLESS OTHERWISE SPECIFIED
DIMENSIONS ARE IN INCH
AND TOLERANCES ARE
.XX        ± .01
.XXX       ± .005
.XXXX      ± .0005
FRACTION = ±1/32
ANGULAR = ±1/2°

MATERIAL    304L VM SS .0074"/0.008"±.0006"±1%

FINISH    ELECTROPOLISHED

NEXT ASSY

FISCHELL
BIOMEDICAL
71 Brewster Drive
Fair Haven NJ 07704
TEL (732) 758-9574

C27-12x5_H

SIZE    FILE NAME
A

SCALE    XXX

PART NUMBER
PN x-xxxxxxxx

DATE    XXX

REV
A

SHEET

HIGHLY
CONFIDENTIAL

BSC-C 0168837

Stent Parameters

THIS DRAWING REFLECTS DIMENSIONS AFTER ELECTROPOLISHING

Length = 271mm

0226" Circumference
(72 mil OD)

CONFIDENTIAL

THIS DRAWING AND THE INFORMATION
SET FORTH HEREON ARE THE PROPERTY
OF CORDIS, AND ARE TO BE
HELD IN TRUST AND CONFIDENCE.
PUBLICATION, DUPLICATION, DISCLOSURE
OR USE FOR ANY PURPOSE NOT
EXPRESSLY AUTHORIZED IN WRITING
BY CORDIS IS PROHIBITED.

DRAWN BY     CHECKED BY     APPROVED BY
D R                          NAME

DATE                DATE     DATE APPROVED
April 22, 1998

UNLESS OTHERWISE SPECIFIED
DIMENSIONS ARE IN INCH
AND TOLERANCES ARE
XX     ± .01
.XX    ± .001
.XXX   ± .0005
FRACTION = ±1/32
ANGULAR = ±1/2°

MATERIAL

FINISH: ELECTROPOLISHED

NEXT ASSY

REVISIONS

| ZONE | REV | DESCRIPTION | DATE | APPROVED |
|------|-----|-------------|------|----------|

SIZE      FILE NAME
A

SCALE:   XXX

PART NUMBER
C27-13x5_G

PN xxxxxxx-xx      SHEET     REV
                             A

DATE:

HIGHLY CONFIDENTIAL

BSC-C-0168838

Stent Parameters

(0063" OD)
0198"Circumference

Length = 271mm

THIS DRAWING REFLECTS DIMENSIONS AFTER ELECTROPOLISHING

THIS DRAWING AND THE INFORMATION
SET FORTH HEREIN ARE THE PROPERTY
OF CORDIS, AND ARE TO BE
HELD IN TRUST AND CONFIDENCE
PUBLICATION, DUPLICATION, DISCLOSURE
FOR USE FOR ANY PURPOSE NOT
EXPRESSLY AUTHORIZED IN WRITING
BY CORDIS IS PROHIBITED

UNLESS OTHERWISE SPECIFIED
DIMENSIONS ARE IN INCH
AND TOLERANCES ARE
XX      ± .01
XXX     ± .005
XXXX    ± .0005
FRACTION ± 1/32
ANGULAR ± 1/2°

MATERIAL    316L VM SS 024"OD/.0007"W

FINISH    ELECTROPOLISHED

NEXT ASSY

REVISIONS

| ZONE | REV | DESCRIPTION | DATE | APPROVED |
|------|-----|-------------|------|----------|

DRAWN BY
DATE    April 29, 1998

CHECKED BY
DATE

APPROVED BY
NAME
DATE APPROVED

SIZE    FILE NAME
A

SCALE    XXX

C27-13×5_G_63

PART NUMBER

PN xxxxxxxxxx

REV
A

SHEET

**HIGHLY CONFIDENTIAL**

CONFIDENTIAL

BSC-E-0168839

THIS DRAWING REFLECTS DIMENSIONS AFTER ELECTROPOLISHING

Length = 2/1mm

0.226" Circumference

(.572 MILL O.D.)

UNLESS OTHERWISE SPECIFIED
DIMENSIONS ARE IN INCH
AND TOLERANCES ARE

| | |
|---|---|
| .XX | ± .01 |
| .XXX | ± .001 |
| .XXXX | ± .0005 |
| FRACTION | ± ±1/32 |
| ANGULAR | ± 1/2° |

MATERIAL
316L VM SS. 0.074"0.D/0.007"WALL

FINISH: ELECTROPOLISHED

NEXT ASSY

THIS DRAWING AND THE INFORMATION
SET FORTH HEREIN, ARE THE PROPERTY
OF CORDIS, AND ARE TO BE
HELD IN TRUST AND CONFIDENCE
PUBLICATION, DUPLICATION, DISCLOSURE
OR USE OF ANY PURPOSE NOT
EXPRESSLY AUTHORIZED IN WRITING
BY CORDIS, IS PROHIBITED

CONFIDENTIAL

DRAWN BY
DATE    April 20, 1998

CHECKED BY                DATE

APPROVED BY        NAME
DATE    DATE APPROVED

REVISIONS

| ZONE | REV | DESCRIPTION | DATE | APPROVED |
|------|-----|-------------|------|----------|

SIZE  FILE NAME
A    C25f.dxf

SCALE  XXX

C25-13x5_F

PART NUMBER
PN XXX-XXXXXX

SHEET

DATE

REV
A

HIGHLY
CONFIDENTIAL    BSC-C 0168840

BSC-C 0168841
HIGHLY
CONFIDENTIAL



BX MB25

BX OMNI_C

BX OMNI_D

BX OMNI_B

BX OMNI_A

0.126"

0.128"

0.985"

0.135"

0.141"

0.160"

Stent Parameters

0.226" Circumference
(72 mil OD)

Length = 271mm

THIS DRAWING REFLECTS DIMENSIONS AFTER ELECTROPOLISHING



CONFIDENTIAL

THIS DRAWING AND THE INFORMATION
SET FORTH HEREIN ARE THE PROPERTY
OF CORDIS, AND ARE TO BE
HELD IN TRUST AND CONFIDENCE.
PUBLICATION, DUPLICATION, DISCLOSURE
OR USE FOR ANY PURPOSE NOT
EXPRESSLY AUTHORIZED IN WRITING
BY CORDIS IS PROHIBITED.

DRAWN BY
D. R. Frischer
DATE
April 22, 1998

CHECKED BY                    DATE

APPROVED BY                   NAME
DATE
DATE APPROVED

UNLESS OTHERWISE SPECIFIED
DIMENSIONS ARE IN INCH
AND TOLERANCES ARE
XX        ±.01
XXX       ±.001
XXXX      ±.0005
FRACTION  ±1/32
ANGULAR   ±1/2°

MATERIAL
3MIL VM SS 0.07×OD/0.007'in

FINISH= ELECTROPOLISHED

NEXT ASSY

FISCHER
BIOMEDICAL

C27-13×5_G

SIZE    FILE NAME
A
SCALE   XXX        DATE

Verican Drive
Fair Haven, NJ 07704
TEL (732) 758-9574

REV
A

PART NUMBER:
PN ××××-××-×××
SHEET

REVISIONS

ZONE   REV   DESCRIPTION   DATE   APPROVED

**HIGHLY
CONFIDENTIAL**

BSC-C-0168842



DEPLOYED BX STENT
(15 mm Long)

S - CELL

H - STRUT

DIAGONAL STRUTS

H - CELL

VERTICAL STRUTS

CURVED SECTIONS

S - STRUT

BSC-C 0168843

HIGHLY CONFIDENTIAL



Stent Parameters

5 mil wall thickness

181 mm long

THIS DRAWING REFLECTS DIMENSIONS AFTER ELECTROPOLISHING

.047 in. ID (58 mil ID Tubing)

CONFIDENTIAL

THIS DRAWING AND THE INFORMATION
SET FORTH HEREIN ARE THE PROPERTY
OF CORDIS, AND ARE TO BE
HELD IN TRUST AND CONFIDENCE.
PUBLICATION, DUPLICATION, DISCLOSURE
OR USE FOR ANY PURPOSE NOT
EXPRESSLY AUTHORIZED IN WRITING
BY CORDIS IS PROHIBITED

DRAWN BY
R. Fischell

DATE 7/15/98

CHECKED BY

DATE

APPROVED BY

DATE
DATE APPROVED

NAME

UNLESS OTHERWISE SPECIFIED
DIMENSIONS ARE IN INCH
AND TOLERANCES ARE
XX        = ±.01
XXX       = ±.005
XXXX      = ±.0005
FRACTION = ±1/32
ANGULAR  = ±1/2°

MATERIAL
.046ID x .006 wall 316L VM

FINISH- ELECTROPOLISHED

NEXT ASSY

NAME

A

SIZE

FILE NAME
MIDI27/5 skos

SCALE    xxx

DATE

PART NUMBER
MIDI_118

PN xxxxxxxxx

Raven Wire Drive
Maven, N.J. 07704
(732) 755-9.74

REV
A

SHEET

HIGHLY
CONFIDENTIAL

BSC-C 0168844

**3**

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, et al., | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| CONOR MEDSYSTEMS, INC. | Case Number:[1] 05-768-SLR |
| | United States District Court for the District of Delaware |

TO:    Brian G. Firth, M.D., Ph.D.
       Cordis Corporation
       7 Powderhorn Drive
       Warren, NJ 07059

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 | February 13, 2007 - 9:30 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)      Attorney for Plaintiff | DATE 02/06/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jeanne M. Heffernan, Esq.
Kirkland & Ellis, 153 East 53rd Street, New York, NY 10022 / (212) 446-4800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                                DATE                                                          SIGNATURE OF SERVER

                                                                        _____
                                                                        ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**4**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

BOSTON SCIENTIFIC CORPORATION
And BOSTON SCIENTIFIC SCIMED, INC.

## SUBPOENA IN A CIVIL CASE

### V.

CASE NUMBER: [1]  05-768-SLR
United States District Court
for the District of Delaware

CONOR MEDSYSTEMS, INC.

TO:  **David Christopher Majercak
519 Madison Drive
Stewartsville, NJ  08886-2632**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| **Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY  10022** | February 14, 2007 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure.  30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Attorney for Plaintiffs | DATE February 2, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Adam W. Poff, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-0391

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|
| SERVED | | | | |

| | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| | |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

ATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.