IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION<br>and BOSTON SCIENTIFIC SCIMED, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CONOR MEDSYSTEMS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civ. No. 05-768-SLR<br>)<br>)<br>)<br>) |

**O R D E R**

At Wilmington this 12th day of March, 2007, having conferred with counsel and having reviewed, *in camera*, various Conor documents produced with redactions;

IT IS ORDERED that the following pages shall be produced without redactions: CM 185006-007, 184791-792, 184851-853, 184855-856. The identified documents deal with capital expenditures. Having reviewed the discovery conference transcripts, such information is relevant to the § 271(e)(1) defense asserted by Conor. At the November 27, 2006 conference, counsel for Conor did not contest relevancy, but shared his client's concern over confidentiality. (D.I. 52 at 17-23) At the January 4, 2007 conference, counsel for Conor produced various documents that were offered to "show the capital assets that are relevant to manufacturing and they show when . . . those manufacturing assets were up and running in whatever location they were in." (D.I. 76 at 14) Nevertheless, these were not the documents requested by Boston Scientific and Conor was ordered to look for such again. (D.I. 76 at 16-17) Counsel for

Conor calls the redacted documents "capital asset information beyond what the Court has ordered Conor to produce." (D.I. 84) Clearly, however, the issue of manufacturing capacity is relevant to the § 271(e)(1) defense and the Court's order, if limited, was limited based on Conor's own characterization of what was available. Under these circumstances, these documents shall be produced in unredacted form for outside counsel's eyes only, absent further order of the Court.

_____
United States District Judge