## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-768-SLR |
| CONOR MEDSYSTEMS, INC., | ) ) | |
| Defendant. | ) ) ) | |

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, each of the parties to the above captioned action (the "Action") may seek discovery of documents, information or other materials which may contain or relate to confidential, proprietary or trade secret information of another party or of a third party;

IT IS HEREBY STIPULATED between the parties, and subject to the Court's approval, as follows:

1. "Confidential Information" shall mean and include any document (whether in hard copy or computer-readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production or other information provided in discovery in this Action ("Discovery Material"), which contains non-public, confidential or proprietary information, whether personal or business-related. Certain limited types of "Confidential Information" may be further designated, as defined and detailed below, as "Highly Confidential" or as "Outside Counsel Eyes Only." The "Highly Confidential" designation shall

1358574v1

be reserved for Confidential Information that constitutes, reflects or concerns trade secrets, know-how or proprietary data, business, financial or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations on Discovery Material ("the Designating Party"). The "Outside Counsel Eyes Only" designation shall be reserved for unpublished pending patent applications and their prosecution files, pending filings with United States and foreign regulatory agencies (*e.g.*, pending U.S. FDA filings), unpublished clinical trial results, capital asset information, and confidential business and commercial information of third parties. All such Confidential, Highly Confidential or Outside Counsel Eyes Only designations shall be made in good faith by the Designating Party and made at the time of disclosure, production or tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate Discovery Material after such Discovery Material has been produced, with the effect that such Discovery Material is retroactively subject to the protections of this Protective Order from the time of its production. Designations of Confidential, Highly Confidential and Outside Counsel Eyes Only shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation.

2.     The designation of Discovery Material in the form of documents, responses to admissions and interrogatories or other tangible materials (including, without limitation, CD-ROMs and tapes) other than depositions or other pretrial testimony as Confidential, Highly Confidential or Outside Counsel Eyes Only shall be made by the Designating Party in the following manner:

2

a.    Documents designated "Confidential" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.  Such designated Discovery Material shall, to the extent practical, be identified by production number.  To the extent practical, the Confidential legend shall be placed near the production number.

b.    Documents designated "Highly Confidential" shall be so marked by conspicuously affixing the legend "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Highly Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.  Such designated Discovery Material shall, to the extent practical, be identified by production number.  To the extent practical, the Highly Confidential legend shall be placed near the production number.

c.    Documents designated "Outside Counsel Eyes Only" shall be so marked by conspicuously affixing the legend "OUTSIDE COUNSEL EYES ONLY" or similar designation on each page containing any Outside Counsel Eyes Only Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall, to the extent practical, be identified by production number.  To the extent practical, the Outside Counsel Eyes Only legend shall be placed near the production number.

1358574v1

      d.    If a document has more than one designation, the more restrictive or higher confidentiality designation applies.

      3.    Confidential Information, Highly Confidential Information and Outside Counsel Eyes Only Information shall not include any Discovery Materials which:

      a.    Have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this Action or in other litigation, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party may continue to use such documents in the course of its business subject to those agreements; or

      b.    Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party or any of its authorized representatives or designees under this Protective Order.  Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

      4.    Subject to paragraphs 5, 6, 7 and 8 of this Protective Order, "Qualified Persons" having access to Discovery Material designated "Confidential Information" under this Protective Order in this Action are:

      a.    Young, Conaway, Stargatt & Taylor LLP and Kirkland & Ellis LLP, attorneys of record for plaintiffs Boston Scientific Corporation and Boston Scientific

Scimed, Inc. (collectively "BSC"), and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

        b.     Ashby & Geddes, P.A., Patterson, Belknap, Webb & Tyler LLP, Weil, Gotshal, and Manges LLP, and King & Spalding LLP, attorneys of record for defendant Conor Medsystems, Inc. ("Conor"), and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

        c.     For each side, a total of eight (8) in-house employees, including up to four (4) in-house attorneys if desired, whose names are listed below and who have responsibility for maintaining, defending or evaluating this litigation, as well as their secretaries, paralegals and other support personnel. For purposes of this paragraph and paragraph 5(a), Boston Scientific Corporation and Boston Scientific Scimed, Inc. will be considered to be a single party, and Boston Scientific Corporation may designate in-house employees of Boston Scientific Scimed, Inc.  The approved in-house employees are as follows:

|  | BSC/ BSSI | Conor |
|---|---|---|
| Name<br>Title | Paul Sandman<br>General Counsel | Lena Vinitskaya<br>Associate General Counsel, Litigation |
| Name<br>Title | Peter Gafner<br>VP, Cardiovascular Litigation | Eric I. Harris<br>Assistant General Counsel and Chief<br>Antitrust Counsel, Johnson & Johnson |
| Name<br>Title | Luke Dohmen<br>Chief Patent Counsel | Paul Coletti<br>Patent Counsel, Johnson & Johnson |
| Name<br>Title | Steven McAuley<br>Senior Patent Counsel | Philip S. Johnson<br>Chief Patent Counsel, Johnson & Johnson |
| Name<br>Title | To Be Determined ("TBD") | Jeff Shanley<br>Chief Technology Officer |

1358574v1

| Name Title | TBD | Richard Anderson<br>Worldwide Franchise Chairman, Johnson & Johnson |
|---|---|---|
| Name Title | TBD | TBD |
| Name Title | TBD | TBD |

The parties to this Action may substitute in-house employees by agreement or for good cause shown.

          d.        Retained independent consultants or experts for BSC (as well as their staff, stenographic and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation, or any direct competitor of any party to this litigation;

          e.        Retained independent consultants or experts for Conor (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation, or any direct competitor of any party to this litigation;

          f.        The authors, senders, addressees and intended copy recipients of such Confidential Information and employees of the Producing Party;

          g.        The Court, Court personnel and stenographic and videographic reporters engaged in proceedings incident to this Action; and

          h.        Outside litigation support vendors and consultants, including document copying services (*e.g.*, Ikon, Xerox), document coding or computerization services

6

(*e.g.*, Quorum/Lanier), trial graphics consultants, jury consultants and/or mock jurors. Notwithstanding any other provision of this protective order, access to Confidential, Highly Confidential and Outside Counsel Eyes Only documents shall be permitted to such outside litigation support vendors and consultants without need for the completion of Exhibit A or the execution of Exhibit B.  For purposes of this paragraph 4(h), "document" refers to paper documents, video tapes, CD-ROMs, computer discs and other similar media, but excludes models or similar physical renderings of stents, balloon catheters or other products of the parties. The outside counsel providing Confidential, Highly Confidential or Outside Counsel Eyes Only documents to such outside litigation support vendors and consultants shall be responsible for their compliance with the provisions of this Protective Order.

5.    Any Highly Confidential Information designated under this Protective Order shall be treated the same as Confidential Information with the following exceptions:

a.    There shall be no access by Qualified Persons pursuant to paragraph 4(c) to Highly Confidential Information, except that, for each side, up to four (4) in-house attorneys employed in the patent or legal department of the party whose names are listed below, and who are also listed in paragraph 4(c), may have access to material designated as Highly Confidential:

|  | BSC/BSSI | Conor |
|---|---|---|
| Name<br>Title | Paul Sandman<br>General Counsel | Lena Vinitskaya<br>Associate General Counsel, Litigation |
| Name<br>Title | Luke Dohmen<br>Chief Patent Counsel | Eric I. Harris<br>Assistant General Counsel and Chief<br>Antitrust Counsel, Johnson & Johnson |

| Name<br>Title | Peter Gafner<br>VP, Cardiovascular Litigation | Paul Coletti<br><br>Patent Counsel, Johnson & Johnson |
| --- | --- | --- |
| Name<br>Title | Steven McAuley<br>Senior Patent Counsel | Philip S. Johnson<br>Chief Patent Counsel, Johnson & Johnson |

The parties to this Action may substitute the above in-house attorneys by agreement or for good cause shown.

      6.     Any Outside Counsel Eyes Only Information designated under this Protective Order shall be treated the same as Highly Confidential Information, except there shall be no access by any Qualified Persons pursuant to paragraph 4(c) to Outside Counsel Eyes Only Information, except that, for each side, one (1) in-house attorney employed in the patent or legal department of the party whose names are listed below, and who are also listed in paragraph 4(c), may have access to material designated as Outside Counsel Eyes Only:

| | BSC/BSSI | Conor |
| --- | --- | --- |
| Name<br>Title | Peter Gafner<br>VP, Cardiovascular Litigation | Eric I. Harris<br>Assistant General Counsel and Chief<br>Antitrust Counsel, Johnson & Johnson |

The parties to this Action may substitute the above in-house attorneys by agreement or for good cause shown.

      7.     Qualified Persons defined in paragraphs 4(c), 4(d) and 4(e) shall be allowed access to Confidential Information, and Qualified Persons defined in paragraphs 4(d) and 4(e) shall be allowed access to Highly Confidential Information and Outside Counsel Eyes

1358574v1

Only Information, as limited by paragraphs 5, 6 and 8 of this Protective Order, only after complying with the following procedure:

a.    Each party shall prepare a written list, in a form similar to that attached hereto as Exhibit A, setting forth the name, occupation and business address for each person described in paragraphs 4(c), 4(d) and 4(e) who reviews or is given access to Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information. The parties to this Action shall be allowed to disclose Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information to such persons unless, within five (5) business days after the identity of the person (and, for paragraphs 4(d) and 4(e), a curriculum vitae of the retained person) has been provided to the Designating Party, the Designating Party objects in good faith to the disclosure of Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information to the particular person. Unless otherwise agreed to by counsel in writing, no Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information shall be disclosed to such persons until the expiration of the five (5) business day period. If objection to disclosure is made within the five (5) business days, the objecting party shall, no later than five (5) business days after objection, petition the Court for an order prohibiting the disclosure at issue. The objecting party shall have the burden of persuasion that disclosure should not be made. If an objection is made, no Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information shall be made available to the person objected to unless the Court rules that disclosure can be made, so long as the objection is followed by a timely petition.

b.    Before receiving any Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information, the person shall be

9

1358574v1

furnished with a copy of this Protective Order and shall acknowledge, by executing the

acknowledgment form attached hereto as Exhibit B, that he or she has read this Protective Order,

understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this

Court in connection with any proceeding or hearing relating to the enforcement of this Protective

Order.  In-house attorneys authorized to receive Confidential Information or Highly Confidential

Information shall not be required to execute the acknowledgment form, but shall otherwise be

bound by its terms.

          c.       Outside counsel for each Receiving Party shall retain a copy of

each such written list (Exhibit A) and acknowledgment form (Exhibit B), and shall serve

opposing counsel with a copy of such upon execution and thereafter upon revision of such

documents.

          8.       Confidential Information, Highly Confidential Information and Outside

Counsel Eyes Only Information and the substance or content thereof, including any notes,

memoranda or other similar documents relating thereto, shall be used by a Receiving Party and

its authorized representatives or designees under this Protective Order solely for the purpose of

this Action and any appeals therefrom, and shall not be made available, or disclosed, or

summarized to any persons, including the parties, other than as permitted by paragraphs 4-7 of

this Protective Order.  By way of example, Confidential Information, Highly Confidential

Information or Outside Counsel Eyes Only Information shall not be used in the procurement of

any United States or foreign patents, nor shall such information be used in connection with any

other litigation, foreign or domestic, absent written agreement by counsel for the parties.

Confidential Information, Highly Confidential Information and Outside Counsel Eyes Only

1358574v1

Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.

9.    Any person in possession of Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information in order to ensure that the confidential or highly confidential nature of the same is maintained.

10.    If Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information and make every reasonable effort to retrieve such Confidential, Highly Confidential or Outside Counsel Eyes Only Information and to prevent further disclosure.

11.    When Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons permitted by paragraphs 4-7 of this Protective Order to have access to such information are present.  The use of any such Confidential, Highly Confidential or Outside Counsel Eyes Only Information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

1358574v1

12.     During the course of preparing for a deposition or testimony, a fact deponent/witness may be shown Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received in the normal course of business by the deponent/witness.  Use of Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information during a deposition shall be subject to compliance with this Order.

13.     Any deposition transcript containing Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information shall be marked on the cover as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or "OUTSIDE COUNSEL EYES ONLY PURSUANT TO PROTECTIVE ORDER," as appropriate, and shall indicate as appropriate within the transcript what information has been so designated.  Whenever possible, the stenographic reporter shall be requested prior to the deposition (where the attorneys have reason to believe the testimony will contain Confidential, Highly Confidential or Outside Counsel Eyes Only Information) or when the Confidential Information, Highly Confidential or Outside Counsel Eyes Only Information is disclosed (when not previously anticipated) to separate those portions of the transcript containing confidential information and separately bind it from the non-confidential portions.  However, a party may designate any portion or all (if appropriate) of the transcript as containing Confidential, Highly Confidential or Outside Counsel Eyes Only Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall accordingly indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising any other parties in

12

writing, and with page and line designations, within thirty (30) business days after receipt of the transcript. Until thirty (30) business days have passed after the receipt of any transcript, that entire transcript shall be deemed to be Highly Confidential unless a prior confidentiality designation has been made. In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated as "Highly Confidential," "Confidential" or "Outside Counsel Eyes Only," whichever protection is being sought, until this Court rules otherwise. If no designation is made at the deposition or within thirty (30) business days after receipt of the transcript, the transcript shall be considered to contain no "Confidential," "Highly Confidential" or "Outside Counsel Eyes Only" information.

14.    Any pleading, paper or other document filed in this action which contains or discloses Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information shall be filed under seal and shall be maintained under seal according to the terms of this Protective Order or as otherwise determined by the Court. When filing pleadings that contain Confidential, Highly Confidential or Outside Counsel Eyes Only Information, the party so filing shall designate the following on the first page of filed documents: "UNDER SEAL - SUBJECT TO PROTECTIVE ORDER - CONTAINS CONFIDENTIAL MATERIAL" and shall otherwise comply with the Court's order on the subject.

15.    Entering into, agreeing to, producing or receiving Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information and/or otherwise complying with the terms of this Protective Order shall not:

a.    Operate as an admission by any party that any Discovery Material designated as Confidential Information, Highly Confidential Information or Outside Counsel

13

Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b.    Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery;

c.    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

d.    Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information should be subject to the terms of this Protective Order;

e.    Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information;

f.    Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

g.    Prevent any Designating Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material

designated as Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information by that party.

16.    The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information, to challenge or object to the Confidential, Highly Confidential or Outside Counsel Eyes Only Information designations shall not be deemed a waiver of its right to challenge or object to those designations at any later time. Any party may at any time challenge the designation of any Discovery Materials as Confidential, Highly Confidential or Outside Counsel Eyes Only Information and may request permission to use or disclose information with Confidential, Highly Confidential or Outside Counsel Eyes Only designations other than as permitted by this Protective Order by serving (by facsimile transmission) a written request upon counsel for the Designating Party at least ten (10) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the facsimile is transmitted. Such request shall specifically identify the Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information, including production numbers, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made. The Designating Party shall thereafter respond to the request in writing within ten (10) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

15

17.     Notwithstanding any default provisions of this Protective Order providing for confidential treatment, in the event of disagreement, the party asserting confidentiality shall have the burden of proving that the information at issue is entitled to the protection of this Protective Order.

18.     All provisions of this Protective Order restricting the use information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order after the conclusion of this action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing.  Any and all originals and copies of Discovery Materials designated Confidential, Highly Confidential or Outside Counsel Eyes Only, shall, at the request of the producing party, be returned to the party within sixty (60) days after a final judgment herein, the mandate has issued in the case of an appeal, or settlement of this Action or, at the option of the producing party, destroyed in that time frame, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition and documents constituting work product which were internally generated based upon or which include Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information.  In the event that outside counsel maintains such documents, it shall not disclose material containing any type of Confidential Information, Highly Confidential Information or Outside Counsel Eyes Only Information to another party absent subpoena or court order.  Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests.  In the event that documents are returned to or destroyed

16

at the request of the producing party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

19.    The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, so long as the Producing Party promptly notifies the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, all copies thereof and all analyses, memoranda or notes reflecting such information shall promptly be destroyed or returned to counsel for the Producing Party, which shall maintain such information while the parties discuss its further disposition. If the parties disagree about the disposition of such material after conferring in good faith, then either side may move the Court for a resolution of the dispute. Upon receiving written notice from the Producing Party that third-party confidential information has been inadvertently produced without any contractually required permission from that third-party, all such information, all copies thereof and all analyses, memoranda or notes reflecting such information shall promptly be destroyed or returned to counsel for the Producing Party, which shall maintain such information while the parties discuss its further disposition. If the parties disagree about the disposition of such material after conferring in good faith, then either side may move the Court for a resolution of the dispute.

20.     Drafts of expert reports shall not be requested or produced in discovery in this Action, nor shall the contents of such drafts be the subject of any deposition or trial examination or cross-examination.

21.     Any violation of the terms of this Protective Order shall be punishable by such relief as deemed appropriate by the Court.

22.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

23.     Third parties who produce information in this Action may avail themselves of the provisions of this Protective Order and Discovery Material produced by third parties shall be treated by the parties in conformance with this Protective Order.

24.     The references to "Plaintiffs" and "Defendant" in this Protective Order are for convenience and are of no significance for other purposes, including, for example, determining trial presentation order.

25.     The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

1358574v1

AGREED:


YOUNG, CONAWAY, STARGATT                    ASHBY & GEDDES, P.A.
& TAYLOR, LLP


/s/ Josy W. Ingersoll                       /s/ John G. Day
_____                        _____
Josy W. Ingersoll (I.D. #1088)              Steven J. Balick (I.D. #2114)
John W. Shaw (I.D. #3362)                    John G. Day (I.D. # 2403)
1000 West Street, 17th Floor                 Lauren E. Maguire (I.D. #4261)
P.O. Box 391                                 500 Delaware Ave., 8th Floor
Wilmington, Delaware 19801                   P.O. Box 1150
(302) 571-6600                               Wilmington, Delaware 19899
                                             (302) 654-1888

*Attorneys for Plaintiffs Boston
Scientific Corporation and Boston            Attorneys for Defendant
Scientific Scimed, Inc.*                     Conor Medsystems, Inc.


Of Counsel:                                  Of Counsel:
John M. Desmarais                            Gregory L. Diskant
Peter J. Armenio                             Eugene M. Gelernter
KIRKLAND & ELLIS LLP                         PATTERSON BELKNAP
153 East 53rd Street                         WEBB & TYLER LLP
New York, New York 10022                     1133 Avenue of the Americas
(212) 446-4800                               New York, New York 10036
                                             (212) 336-2000

                                             Matthew D. Powers
                                             Jared B. Bobrow
                                             WEIL, GOTSHAL, AND MANGES LLP
                                             201 Redwood Shores Parkway
                                             Redwood Shores, CA 94065

                                             Courtland L. Reichman
                                             KING & SPALDING
                                             1180 Peachtree St. NE
                                             Atlanta, GA 30309
                                             (404) 572-4600


Dated:  April 9 , 2007

**SO ORDERED** this _____ day of _____, 2007:


_____
Honorable Sue L. Robinson, Chief Judge

EXHIBIT A

LIST OF QUALIFIED PERSONS, paragraphs 4(c), 4(d), and 4(e)

| NAME | BUSINESS ADDRESS | OCCUPATION/ TITLE | GOVERNING PARAGRAPH | DATE IDENTIFIED |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

21

## EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-768-SLR |
| CONOR MEDSYSTEMS, INC., | ) ) | |
| Defendant. | ) ) ) | |

I hereby certify: (i) my understanding that Discovery Material and/or Confidential, Highly Confidential and/or Outside Counsel Eyes Only Information are being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the District of Delaware (the "District Court") in this Action; and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the District Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____

Signature: _____

Name: _____

Address: _____

_____

22

1358574v1