# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-768-SLR |
| CONOR MEDSYSTEMS, INC., | ) ) | **REDACTED –** |
| Defendant. | ) ) ) | **PUBLIC VERSION** |

## BSC'S OPENING BRIEF IN SUPPORT OF ITS *DAUBERT* MOTION TO STRIKE THE EXPERT REPORT AND TESTIMONY OF JACOB (KOBI) RICHTER

                                            YOUNG CONAWAY
STARGATT & TAYLOR, LLP
Josy W. Ingersoll (I.D. #1088)
John W. Shaw (I.D. #3362)
Adam W. Poff (I.D. #3990)
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6600
apoff@ycst.com

*Attorneys for
Boston Scientific Corporation
and Boston Scientific Scimed, Inc.*

*Of Counsel*:

John M. Desmarais
Peter J. Armenio
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4611
(212) 446-4800

Dated: May 1, 2007

**TABLE OF CONTENTS**

SUMMARY OF THE ARGUMENT ....................................................................................... 1

NATURE AND STAGE OF THE PROCEEDINGS ................................................................ 2

ARGUMENT ............................................................................................................................. 2

    I.    LEGAL STANDARDS ................................................................................... 2

    II.    THE RICHTER REPORT ............................................................................... 4

    III.    THE BULLER AND SOLAR REPORTS ........................................................ 6

CONCLUSION ......................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Federal Cases**

*Advanced Med. Optics, Inc. v. Alcon, Inc.*,
    No. Civ. A. 03-1095-KAJ, 2005 WL 782809 (D. Del. Apr. 7, 2005) ........................... 4, 5

*Callaway Golf Co. v. Dunlop Slazenger Group Amers., Inc.*,
    No. Civ. A. 01-669-KAJ, 2004 WL 1534786 (D. Del. May 21, 2004) ............................ 4

*Daubert v. Merrell Dow Pharms.*,
    509 U.S. 579 (1993) ................................................................................................ 3, 4

*Elcock v. Kmart Corp.*,
    233 F.3d 734 (3d Cir. 2000) ......................................................................................... 3

*In re Paoli R.R. Yard PCB Litig.*,
    35 F.3d 717 (3d Cir. 1994) ........................................................................................... 3

*King v. Fox Grocery Co.*,
    642 F. Supp. 288 (W.D. Pa. 1986) ................................................................................ 4

*M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*,
    Civil Action No. 97-1568-(JAG), 2007 WL 979854 (D.N.J. Mar. 30, 2007) .................... 4

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
    345 F. Supp. 2d 431 (D. Del. 2004) .............................................................................. 5

**Federal Statutes**

Fed. R. Civ. P. 26(a)(2)(B) ................................................................................................ 3, 5

Fed. R. Civ. P. 37(c)(1) ......................................................................................................... 3

Fed. R. Evid. 702 ............................................................................................................... 3, 5

Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "BSC") respectfully submit this brief in support of their *Daubert* motion to strike the expert report and proposed testimony of Jacob (Kobi) Richter and any references to that report or proposed testimony by Conor experts Nigel Buller and Ronald Solar ("*Daubert* Motion").

## SUMMARY OF THE ARGUMENT

The "expert" report of Dr. Jacob ("Kobi") Richter ("Richter Report") does not even purport to apply scientific principles and methods to facts timely disclosed in this action to arrive at an expert opinion. Instead, the report merely recites alleged facts and attaches as exhibits documents that were not disclosed during the fact discovery period in this action. As such, the Richter Report[1] is a thinly veiled attempt by Conor to use an "expert report" to avoid the already passed deadline for fact discovery set forth in the Court's Amended Scheduling Order. (D.I. 113)

In addition, Conor tries to use the Richter Report to introduce documents and information not previously disclosed during fact discovery in this action so that two of its experts, Drs. Buller and Solar, can rely on that untimely evidence to offer opinions in their own expert reports regarding the validity of the Jang patent (respectively, "Buller Report" and "Solar Report"). Conor's game-playing should not be permitted. The Richter Report and proposed testimony, and any reference to it by Drs. Buller and Solar, should be stricken.

More specifically, the Richter Report and proposed testimony should be stricken and testimony based on that report precluded for at least the following reasons:

*First,* the Richter Report and proposed testimony should be excluded pursuant to the Court's gatekeeping function under Rule 702 of the Federal Rules of Evidence because the report merely recites alleged facts and does not contain any probative scientific, technical, or other

---

[1] "Richter Report" refers to the report and exhibits thereto.

1

specialized knowledge or opinions that will assist the trier of fact to understand the evidence or determine a fact in issue.

*Second*, the Richter Report does not provide the substance of any opinions to which Dr. Richter might testify at trial and should accordingly be stricken because it violates Rule 26 of the Federal Rules of Civil Procedure regarding disclosure of expert testimony.

*Third*, the alleged facts recited in the Richter Report and the exhibits attached to that report were not disclosed during the period for fact discovery in this case. This untimely disclosure — in the guise of an expert report — violates the Court's Amended Scheduling Order in this case and the Richter Report and proposed testimony should be stricken under Rule 16(b) of the Federal Rules of Civil Procedure.

The portions of the Buller and Solar Reports that rely on the Richter Report and exhibits thereto should similarly be stricken and Conor's experts should be precluded from testifying at trial in reliance upon the Richter Report or the exhibits attached thereto.

## NATURE AND STAGE OF THE PROCEEDINGS

Fact discovery was initially scheduled to close on February 14, 2007. On January 26, 2007, Conor moved the Court to extend deadlines, including the close of fact discovery. (D.I. 85) Under the Court's Amended Scheduling Order, fact discovery closed on March 9, 2007. (*See* D.I. 113 at ¶ 2(b)) On March 19, 2007, Conor submitted the opening expert reports of Kobi Richter, Nigel Buller, and Ronald Solar.

## ARGUMENT

**I.  LEGAL STANDARDS**

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert . . . may testify

thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. "Rule 702 embodies three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000). Before allowing any expert testimony to be presented to the jury, the Court should act as a "gatekeep[er]" to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (1993). The proponent of expert testimony must establish the admissibility of the expert's opinion by a preponderance of the evidence. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994).

Rule 26(a)(2) of the Federal Rules of Civil Procedure sets forth requirements for disclosing the identity of expert witnesses and the substance of their proposed expert testimony. The disclosure of the expert shall "be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore . . . ." Fed. R. Civ. P. 26(a)(2)(B).

Rule 37 of the Federal Rules of Civil Procedure further provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

Under Rule 16(b) of the Federal Rules of Civil Procedure, deadlines established by a scheduling order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). A "court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Advisory Committee Notes for Rule 16(b) (1983).

## II. THE RICHTER REPORT

The Richter Report is wholly inadequate as an expert report. Not only does the report fail to state the bases and reasons for Dr. Richter's opinions, it fails to set forth any opinions at all. (*See* Ex. A, Richter Rep. at 1 – 11.) In not one of the 23 paragraphs does Dr. Richter actually engage in any analysis or evaluation regarding any issue in the case about which he intends to testify at trial. Instead, Dr. Richter merely makes a series of allegedly factual statements.

Where an expert report does no more than recite alleged facts, the report is not probative as to any issue in the case, does not assist the trier of fact in ***understanding*** the facts under Rule 702 of the Federal Rules of Evidence, and should be stricken. *See Callaway Golf Co. v. Dunlop Slazenger Group Amers., Inc.*, No. Civ. A. 01-669-KAJ, 2004 WL 1534786 at *4 (D. Del. May 21, 2004) (precluding expert opinion where it was "based solely on his personal knowledge and experience rather than any methodology, analysis, or factual support" and holding that "[u]nder *Daubert*, such evidence is not reliable.") (attached as Ex. D); *Advanced Med. Optics, Inc. v. Alcon, Inc.*, No. Civ. A. 03-1095-KAJ, 2005 WL 782809 at *2 (D. Del. Apr. 7, 2005) ("Expert testimony may not be used merely to repeat or summarize what the jury independently has the ability to understand.") (attached as Ex. E); *King v. Fox Grocery Co.*, 642 F. Supp. 288, 291 (W.D. Pa. 1986) ("Plaintiff's proposed expert's report includes a two page recitation of facts, which merely summarizes facts already in the record, in a 17 page report. This report does little to aid the factfinder's understanding of ***facts*** in this case and thus will be stricken."); *see also M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*, Civil Action No. 97-1568-(JAG), 2007 WL 979854 at *12 n.12 (D.N.J. Mar. 30, 2007) ("Without deciding whether Mr. Lindner is qualified as an expert, this Court finds that neither his 2000 report, nor his 2001 affidavit, render an 'opinion' or present any evidence demonstrating that the '914 Patent was obvious. Mr. Lindner's 2000 and 2001 submissions merely reiterate the findings of the PTO examiner,

4

explained in the facts section of this opinion. His 2000 and 2001 submissions, therefore, are not helpful to the trier of fact, and must be excluded from evidence. Fed. R. Evid. 702.") (attached as Ex. F).

In addition, because the Richter Report fails to set forth any expert opinions about which Dr. Richter might testify at trial, it violates the Rule 26(a)(2)(B) disclosure rule. Fed. R. Civ. P. 26(a)(2)(B) ("The [expert's] report **shall contain a complete statement of all opinions** to be expressed and the basis and reasons therefore . . . .") (emphasis added). For this independent reason the Richter Report and proposed testimony should also be stricken. *See Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 436–37 (D. Del. 2004) (striking expert report and precluding testimony at trial under Rules 702 and 26(a)(2)(B) because the expert failed to disclose a clear opinion on invalidity and his opinion would therefore not assist the trier of fact under Rule 702, and also because he failed to state the basis and reasons for his opinion under Rule 26(a)(2)(B)); *Advanced Medical Optics*, 2005 WL 782809 at *5 (granting *Daubert* motion, holding that the proffered expert "did not disclose an opinion on infringement of either patent in his expert report, and as such he may not offer one at trial. See Fed. R. Civ. P. 26(a)(2)(B).") (attached as Ex. E).

The Richter Report should be seen for what it is: a back door attempt by Conor to add new evidence to the record after the close of fact discovery. The facts alleged and the exhibits attached to the Richter Report were not disclosed in fact discovery in this action. As such, the disclosures are untimely under Rule 16(b) of the Federal Rules of Civil Procedure. Moreover, Conor has not even attempted to make the required showing of good cause as to why it could not have disclosed the materials during the course of fact discovery. An expert report ought not to

be used as a vehicle for making an end-run around the fact discovery deadline. The Richter Report and proposed testimony should accordingly be stricken.

### III.    THE BULLER AND SOLAR REPORTS

Two of Conor's experts, Drs. Buller and Solar, cite the Richter Report and the exhibits thereto as part of their analyses of the validity of the Jang patent. Just as the Richter Report should be stricken because it violates Rule 702 of the Federal Rules of Evidence and Rules 16 and 26 of the Federal Rules of Civil Procedure, the portions of the Buller and Solar Reports that rely on the Richter Report and exhibits should also be stricken. Attached as Exhibits B and C, respectively, are excerpts of the Buller and Solar Reports, highlighted to show the portions of the reports that BSC respectfully submits should be stricken. (*See* Ex. B, Buller Rep. at 17, 31, 38–39, 50, and Ex. F to the Buller Rep.; Ex. C, Solar Rep. at 9, 17, and 19.) In addition, if either Dr. Buller or Dr. Solar testifies at trial, he should be precluded from presenting testimony based on the Ricther Report or any exhibits attached thereto.

### CONCLUSION

BSC respectfully requests that the Richter Report and proposed testimony be stricken because the report does not contain any expert opinion that will assist the trier of fact, and instead consists of an untimely disclosure of alleged facts. BSC further respectfully requests that portions of the Buller and Solar Reports citing the Richter Report also be stricken and that no testimony be allowed based on the Richter Report or any exhibits attached thereto.

Dated: May 1, 2007                                    Respectfully submitted,

                                            /s/ *Adam W. Poff*
Josy W. Ingersoll (I.D. #1088)
John W. Shaw (I.D. #3362)
Adam W. Poff (I.D. #3990)
YOUNG CONAWAY
STARGATT & TAYLOR, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6600
apoff@ycst.com

*Attorneys for*
*Boston Scientific Corporation*
*and Boston Scientific Scimed, Inc.*

*Of Counsel*:

John M. Desmarais
Peter J. Armenio
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4611
(212) 446-4800

7

**CERTIFICATE OF SERVICE**

I, Adam W. Poff, Esquire, hereby certify that on May 8, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esquire
>John G. Day, Esquire
>Lauren E. Maguire, Esquire
>Ashby & Geddes
>500 Delaware Avenue, 8th Floor
>Wilmington, DE 19899

I further certify that on May 9, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on May 8, 2007 on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**

>Gregory L. Diskant, Esquire
>Eugene M. Gelernter, Esquire
>Kathleen M. Crotty, Esquire
>Scott W. Parker, Esquire
>Ravi V. Sitwala, Esquire
>Diana Breaux, Esquire
>Patterson, Belknap, Webb & Tyler, LLP
>1133 Avenue of the Americas
>New York, NY  10036

>Courtland L. Reichman, Esquire
>King & Spalding
>1180 Peachtree Street, NE
>Atlanta, GA  30309

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Adam W. Poff*
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
*apoff@ycst.com*

Attorneys for Boston Scientific Corporation and Boston Scientific Scimed, Inc.