*that was the reason we paid him to date $60 million because it was a clever idea.*

Although the figure counsel referred to is unidentified in the transcript, in fact his description is accurate for all of Jang's embodiments. They all reflect his invention – circumferentially offset expansion strut pairs.



**FIG. 10C**

**'021 Patent, Fig. 10C**

In the passage quoted above, BSC was describing "the invention" – not merely a particular embodiment. BSC's description of "the invention" – as a stent in which the connected "expansion strut pairs" are "offset" from each other – is consistent with Conor's proposed construction and at odds with the claim construction that BSC asks this Court to adopt.

But BSC went further in California. It also admitted explicitly for the first time that claim 1 of the '021 patent is limited to such connected offset strut pairs. It told the court: "[T]he stent claimed in claim 1 of the '021 patent . . . employed *linked expansion pairs that were circumferentially offset from one another*." (Ex. D at 11) (emphasis added). And it proposed a straightforward and correct reading of the wherein clause that precisely captures this meaning: "Boston Scientific proposes that the limitation be interpreted to mean that 'the first expansion strut of the first expansion pair in the first expansion column is circumferentially offset from the first expansion strut of the second expansion strut pair in the second expansion column.'" (Id. at 37-38).

We believe BSC's construction of the wherein clause to require "linked expansion pairs that were circumferentially offset from one another" is entirely correct. The issue now for

this Court is whether the wherein clause should have a different meaning in claim 23 than it has in claim 1.

**2.      Dr. Jang's Admission that He Created 180 Degree
Out-of-Phase Designs With Connected Aligned Pairs,
but Did Not Seek Patent Protection on Them**

**REDACTED**

**REDACTED**

**REDACTED**

Although these admissions by the inventor are not dispositive, they should be given appropriate weight in claim construction. In Cordis Corp. v. Advanced Cardiovascular Systems, Inc., C.A. No. 97-550-SLR (June 18, 1999), this Court relied on "[deposition] testimony given by Dr. Palmaz, one of the co-inventors of the patents-in-suit," as a reason for revising its earlier claim construction. D.I. 464 in C.A. No. 97-550-SLR at 10; see generally id. at 9-13. Similarly, Dr. Jang's deposition testimony warrants a fresh look at the construction adopted in the 03-027 case.

Reliance on inventor testimony is consistent with the controlling authority of Phillips and other Federal Circuit cases. In Phillips, 415 F.3d 1303, the Federal Circuit reaffirmed prior cases "authoriz[ing] district courts to rely on extrinsic evidence," including "'inventor testimony.'" Id. at 1317, quoting Markman v. Westview Instruments, Inc., 52 F.3d 967, 980 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996). See Voice Technologies Group,

Inc. v. VMC Sys., Inc., 164 F.3d 605, 615-16 (Fed. Cir. 1999) (holding that a district court erred in excluding testimony by an inventor on issues of claim construction).

Although "self-serving" testimony by an inventor would deserve "little or no consideration" in claim construction, Bell & Howell Document Mgmt. Products Co. v. Altek Sys., Inc., 132 F.3d 701, 706 (Fed. Cir. 1997), testimony by an inventor that is "against interest" – like the testimony of Dr. Jang – can be "relevant and persuasive." Bristol-Myers Squibb Co. v. Teva Pharm. USA, Inc., 288 F. Supp. 2d 562, 586 (S.D.N.Y. 2003). Indeed, such testimony can be perhaps the "'most persuasive extrinsic evidence'" on claim construction. Evans Med. Ltd. v. American Cyanamid Co., 11 F. Supp. 2d 338, 350 (S.D.N.Y. 1998), aff'd, 215 F.3d 1347 (Fed. Cir. 1999).

**D.    The Proper Construction**

**1.    BSC's Construction is Meaningless, Ignores the Prosecution History and the Specification and Fails to Distinguish Over the Prior Art**

Against this substantial record, the construction advocated by BSC is meaningless and irrelevant. BSC suggests the ambiguous reference to the "first expansion strut" of the second expansion strut pair in the second expansion column in the wherein clause in claim 23 should be construed to mean the "second expansion strut in the second column." The Court accepted that proposed construction in the 03-027 case.

BSC's construction leaves the "wherein" clause serving no purpose, is unrelated to the intrinsic record and fails to distinguish over the prior art. The intrinsic record shows that the "wherein" clause was added to distinguish over Pinchasik and that the "***first expansion strut***" of the second expansion strut pair in "the present invention" – claim 23 and claim 1 – refers to the ***first expansion strut*** in all of the distally joined strut pairs in the second column, and not to the

second strut of the column. The first strut does not mean the second strut; indeed, the second strut in the column is precisely what was not meant.

Set forth below is an example of a stent excluded by the wherein clause, as BSC would read it. We have numbered the struts as BSC's expert does. The designs excluded by the "wherein" clause – as BSC reads it – are designs that contain *connected offset strut pairs*. They are not like Pinchasik and have no relationship to the rejection over Pinchasik that led to the addition of the "wherein" clause. There is simply no rhyme or reason in the prosecution history or the specification to exclude such a design. BSC's reading of the wherein clause makes no sense.



On the other hand, BSC's reading of the "wherein" clause has the perverse result of not excluding Pinchasik. Set forth below are two versions of Pinchasik. In the first, we have identified the "first expansion struts" of the first and second "expansion strut pairs" in the first and second expansion columns, as we believe is correct, using the nomenclature of claim 1. They are all aligned. By requiring them to be "offset" in claims 1 and 23, Jang preserved the point of the novelty of "the present invention" and distinguished over Pinchasik.



Now look at Pinchasik as BSC reads the "wherein" clause in claim 23. As numbered by BSC, the first expansion strut in the first column is offset from what BSC calls the second expansion strut in the second column. But this is a meaningless offset. The relevant struts of Pinchasik – the connected strut pairs – are collinear. That is, as BSC reads the "wherein" clause in claim 23, it does not perform its most fundamental objective of distinguishing over Pinchasik. Claim 23, in BSC's reading, actually covers Pinchasik.



As BSC argued in the California case, courts should take care in claim construction to avoid a construction that would cover the prior art. As BSC argued, "[a]n important purpose behind interpreting the claims in view of the prior art is to ensure that a proposed construction would not render the claims invalid." Ex. D at 18, citing <u>Phillips</u>, 415 F.3d at 1328; <u>see also id.</u> at 19 ("the Federal Circuit has repeatedly emphasized that, where a claim term is susceptible to multiple interpretations, it should be interpreted in such a way as to sustain the claim's validity").

As <u>Phillips</u> makes clear, this doctrine takes on added force where the file history supports "[an] inference that the PTO would have recognized that one claim interpretation would render the claim invalid, and that the PTO would not have issued the patent assuming that to be the proper construction of the claim." <u>Id.</u> at 1328. Here, this inference is particularly strong because the construction of the "wherein" clause that BSC advocates would expand the scope of claim 23 so that it would cover prior art designs, including the "Brun [sic] patent" that Jang criticized in the specification, and the Pinchasik reference that was the basis for the Examiner's anticipation rejection:



The "Brun [sic] patent"
WO 96/03092 (Israel, Pinchasik), Fig. 7

EP 0 709 067 A2 to Pinchasik (Fig. 2B)

### 2.    Conor's Construction Gives the "Wherein" Clause the Same Meaning in Claims 1 and 23

It is a basic axiom of claim construction that terms or phrases that appear in more than one claim "must be defined in a manner that is consistent with [their] appearance in other claims in the same patent." <u>Digital Biometrics</u>, 149 F.3d at 1345. "'The same … phrase should be interpreted consistently where it appears in claims of common ancestry.'" <u>Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l, Inc.</u>, 389 F.3d 1370, 1377 (Fed. Cir. 2004) (citation omitted). BSC's claim construction runs counter to this basic axiom.

In the California case, BSC acknowledged that "the stent claimed in claim 1 of the '021 patent … employed linked expansion pairs that were circumferentially offset from one another." Ex. D at 11. This requirement is the consequence of the "wherein" clause that Jang added during prosecution. The "wherein" clause does not match with the language of claim 23, although it was added to claim 23 at the same time it was added to claim. In claim 23, there is no "first expansion strut" of the second expansion column to be offset from the "first expansion strut" of the first expansion column. The ambiguity introduced by the mismatch must be construed by the Court. In our view, there is only one correct way to resolve the ambiguity. The same clause must have the same meaning in claim 1 as in claim 23.

In the context of claim 1, as BSC has now admitted, the "wherein" clause clearly distinguishes Pinchasik's 180 degree out-of-phase design, consistent with Jang's representation that Pinchasik does not "teach or suggest" his invention as amended. Because phrases that appear in more than one claim "must be defined in a manner that is consistent with [their] appearance in other claims in the same patent," Digital Biometrics, 149 F.3d at 1345, the "wherein" clause should have the same meaning in claim 23.

Conor's proposed construction does not suffer from any of the flaws associated with BSC's construction.

Unlike BSC's proposed construction, Conor's construction is faithful to Jang's own description of "the present invention" as deriving its flexibility from "split level" connections. JFH 13; see also JFH 22-23. Conor's construction – unlike BSC's – would give the "wherein" clause the same meaning in both of Jang's independent claims and would allow it to serve its intended function of distinguishing Pinchasik for both independent claims. Conor's

construction – unlike BSC's – also is consistent with the Examiner's understanding of the independent claims, as reflected in the file history.

In addition, Conor's proposed construction – unlike BSC's – would not broaden the scope of the patent to embrace the prior art. It would not cover the 180 degree out-of-phase "Brun" reference that Jang criticized in the specification. Nor would it cover the Pinchasik design that Jang disclaimed during prosecution.

Moreover, Conor's construction – unlike BSC's – is consistent with the relevant extrinsic evidence that has come to light since this Court issued its construction in the 03-027 case. In particular, it is consistent with Dr. Jang's admission in his deposition that he disliked his 180 degree out-of-phase designs and did not intend to seek patent protection on them. Finally, Conor's construction – unlike BSC's – is consistent with BSC's admission in the California case that "the invention" of the '021 patent is a stent with "offset" rather than aligned expansion strut pairs. "That's the invention." Ex. H at Tr. 72:17-73:5.

The construction advocated by Conor is mandated by all of the intrinsic evidence and all of the relevant extrinsic evidence. It should be adopted by this Court.

**CONCLUSION**

For the reasons set forth above, this Court should adopt the claim construction proposed by Conor.

ASHBY & GEDDES

/s/ *Lauren E. Maguire*

_____

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Lauren E. Maguire (I.D. #4261)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
(302) 654-1888

*Attorneys for Defendant*
*Conor Medsystems, Inc.*

*Of Counsel*:

Gregory L. Diskant
Eugene M. Gelernter
Kathleen M. Crotty
Laura Storto
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

Dated:  May 11, 2007
180500.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2007, the attached **REDACTED PUBLIC VERSION OF CONOR MEDSYSTEMS' OPENING *MARKMAN* BRIEF ON CONSTRUCTION OF TERMS IN THE JANG '021 PATENT** was served upon the below-named counsel of record at the address and in the manner indicated:


Josy W. Ingersoll, Esquire                                          HAND DELIVERY
The Brandywine Building
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, DE  19801

Peter J. Armenio, Esquire                                    VIA FEDERAL EXPRESS
Kirkland & Ellis
Citigroup Center
153 East 53rd Street
New York, NY  10022


                                                        */s/ Lauren E. Maguire*
                                                        _____
                                                        Lauren E. Maguire