Fig. 9E is a scale drawing of an embodiment of the stent of the present invention;

Fig. 9F is a scale drawing of an embodiment of the stent of the present invention;

Fig. 9G is an enlarged view of a single connecting strut joining two expansion strut pairs in accordance with an embodiment of the present invention;

Fig. 10A is a drawing of an alternate geometry of connecting struts and joining struts in accord with the present invention;

Fig. 10B is a drawing of an alternate geometry of connecting struts and joining struts in accord with the present invention;

Fig. 10C is a drawing of an alternate geometry of connecting struts and joining struts in accord with the present invention;

Fig. 10D is a drawing of an alternate geometry of connecting struts and joining struts in accord with the present invention;

Fig. 10E is a drawing of an alternate geometry of connecting struts and joining struts in accord with the present invention;

Fig. 10F is a drawing of an alternate geometry of connecting struts and joining struts in accord with the present invention; and

Fig. 11 is a delivery balloon catheter, illustrating a method of deliver of a stent in accord with the present invention.

## DETAILED DESCRIPTION

A first embodiment of the present invention is shown in Figures 1A, 1B, 1C, 2A and 2B. Referring to Figure 1A, an elongate hollow tubular stent 10 in an unexpanded state is shown. A proximal end 12 and a distal end 14 define a longitudinal length 16 of stent 10. The longitudinal length 16 of the stent 10 can be as long as 100 mm or longer. A proximal opening 18 and a distal opening 20 connect to an inner lumen 22 of stent 10. Stent 10 can be a single piece, without any seams or welding joints or may include multiple pieces.

JFH  000112

Stent 10 is constructed of two to fifty or more expansion columns or rings 24 connected together by interspersed connecting strut columns 26. The first column on the proximal end 12 and the last column on the distal end 14 of stent 10 are expansion columns 24.

Expansion columns 24 are formed from a series of expansion struts 28, and joining struts 30. Expansion struts 28 are thin elongate members arranged so that they extend at least in part in the direction of the longitudinal axis of stent 10. When an outward external force is applied to stent 10 from the inside by an expansion balloon or other means, expansion struts 28 are reoriented such that they extend in a more circumferential direction, i.e along the surface of cylindrical stent 10 and perpendicular to its longitudinal axis. Reorientation of expansion struts 28 causes stent 10 to have an expanded circumference and diameter. In Figure 1A, expansion struts 28 of unexpanded stent 10 are seen to extend substantially parallel to the longitudinal axis of stent 10.

Expansion struts 28 are joined together by joining struts 30 to form a plurality of expansion strut pairs 32. Expansion strut pairs have a closed end 34 and an open end 36. Additional joining struts 30 join together expansion struts 28 of adjacent expansion strut pairs 32, such that expansion struts 28 are joined alternately at their proximal and distal ends to adjacent expansion struts 28 to form expansion columns 24. Each expansion column 24 contains a plurality, typically eight to twenty, twenty to sixty, or larger of expansion struts 28. Expansion columns are preferably continuous unbroken ring structures extending around the circumference of the stent 10; however, broken structures in which individual struts or pieces of struts are removed from an otherwise continuous expansion column 24 can also be used.

Connecting struts 38 connect adjacent expansion columns 24 forming a series of interspersed connecting strut columns 26 each extending around the circumference of stent 10. Each connecting strut 38 joins a pair of expansion struts 28 in an expansion column 24 to an adjacent pair of expansion struts 28 in an adjacent expansion column 24. For stent 10 of Figure 1A, the ratio of expansion struts 28 in an expansion column 24 to connecting struts 38 in a

H:\PRIVATE\PATNT\JANG\07\APP.FIN

9

JFH 000113

connecting strut column 26 is two to one; however, this ratio in general can be x to 1 where x is greater or less than two. Furthermore, since the stent 10 of Figure 1A begins with an expansion column 24 on the proximal end 12 and ends with an expansion column 24 on the distal end 14, if there are n expansion columns 24 with m expansion struts 28 per column, there will be m-1 connecting strut columns 26, and n(m-1)/2 connecting struts 38.

The reduced number of connecting struts 38 in each connecting strut column 26, as compared to expansion struts 28 in each expansion column 24, allows stent 10 to be longitudinally flexibility. Longitudinal flexibility can be further increased by using a narrow width connecting strut, providing additional flexibility and suppleness to the stent as it is navigated around turns in a natural blood vessel.

At least a portion of the open spaces between struts in stent 10 form asymmetrical cell spaces 40. A cell space or geometric cell is an empty region on the surface of stent 10, completely surrounded by one or a combination of stent struts, including expansion struts 28, connecting struts 38, or joining struts 30. Asymmetrical cell spaces 40 are cell spaces which have no geometrical symmetry i.e. no rotation, reflection, combination rotation and reflection or other symmetry. Asymmetrical cell spaces 40 have an asymmetrical geometric configuration.

Asymmetrical cell spaces 40 in Figure 1A are surrounded by a first expansion strut pair 32 in a first expansion column 24, a first connecting strut 38, a second expansion strut pair 32 in an adjacent expansion column 24, a first joining strut 30, a second connecting strut 38, and a second joining strut 30. Furthermore, expansion strut pairs 32 of asymmetrical cell space 40 may be circumferentially offset i.e. have longitudinal axes that are not collinear and have their open ends 36 facing each other. The space between two expansion struts of an expansion strut pair 32 is known as a loop slot 42.

Figure 1B shows inner lumen 22, radius 44 and stent wall 46 of stent 10. Stent wall 46 consists of stent struts including expansion struts 28, connecting struts 38 and joining struts 30.

H:\PRIVATE\PATENT\ANG\709\APP.FIN                10

JFH  000114

Figure 1C shows, proximal end 12, distal end 14, longitudinal length 16, inner lumen 22, and stent wall 46 of stent 10. Inner lumen 22 is surrounded by stent wall 46 which forms the cylindrical surface of stent 10.

Referring now to Figures 2A and 2B, joining struts 30 of stent 10 are seen to extend at an angle to the expansion struts 28, forming a narrow angle 48 with one expansion strut 28 in an expansion strut pair 32 and a wide angle 50 with the other expansion strut 28 of an expansion strut pair 32. Narrow angle 48 is less than ninety degrees, while wide angle 50 is greater than ninety degrees. Joining struts 30 extend both longitudinally along the longitudinal axis of stent 10 and circumferentially, along the surface of the stent 10 perpendicular to its longitudinal axis.

Expansion strut spacing 52 between adjacent expansion struts 28 in a given expansion column 24 are uniform in stent 10 of Figures 2A and 2B; however, non-uniform spacings can also be used. Expansion strut spacings 52 can be varied, for example, spacings 52 between adjacent expansion struts 28 in an expansion column 24 can alternate between a narrow and a wide spacings. Additionally, spacings 52 in a single expansion column 24 can differ from other spacings 52 in other columns 24.

It is noted that varying expansion strut spacings 52 which form the loop slots 42 results in variable loop slot widths. Furthermore, the longitudinal axis of the loop slots 42 need not be collinear or even parallel with the longitudinal axis of loop slots 42 of an adjacent expansion column 24. Figures 2A and 2B show an arrangement of expansion struts 28 such that collinear, parallel adjacent loop slots 42 are formed, but non-collinear and non-parallel loop slots 42 can also be used.

Additionally the shape of loop slots 42 need not be the same among loop slots of a single or multiple expansion columns 24. The shape of loop slots 42 can be altered by changing the orientation or physical dimensions of the expansion struts 28 and/or joining struts 30 which connect expansion struts 28 of expansion strut pairs 32 defining the boundaries of loop slots 42.

JFH  000115

Connecting struts 38 couple adjacent expansion columns 24, by connecting the distal end of an expansion strut pair in one expansion column 24 to the proximal end of an adjacent expansion strut pair 32 in a second expansion column 24. Connecting struts 38 of Figures 2A and 2B are formed from two linear sections, a first linear section 54 being joined at its distal end to a second linear section 56 at its proximal end to form a first slant angle 58.

The first linear section 54 of a connecting strut 38 is joined to expansion strut 28 at the point where joining strut 30 makes narrow angle 48 with expansion strut 28. First linear section 54 extends substantially collinear to joining strut 30 continuing the line of joining strut 30 into the space between expansion columns 24. The distal end of the first linear section 54 is joined to the proximal end of the second linear section 56 forming slant angle 58. Second linear section 56 extends substantially parallel to expansion struts 28 connecting at its distal end to joining strut 30 in an adjacent expansion column 24. The distal end of second linear section 56 attaches to expansion strut 28 at the point where joining strut 30 makes narrow angle 48 with expansion strut 28. Further, joining strut 30 can have a second slant angle with a width that can be the same or different from the width of the first slant angle.

Figures 2A and 2B show connecting struts 38 and joining struts 30 slanted relative to the longitudinal axis of stent 10, with the circumferential direction of the slanted struts alternating from column to adjacent column. Circumferential direction refers to the handedness with which the slanted struts wind about the surface of the stent 10. The circumferential direction of the slant of connecting strut first linear sections 54 in a connecting strut column 26 is opposite the circumferential direction of the slant of connecting strut first linear sections 54 in an adjacent connecting strut column 26. Similarly, the circumferential direction of the slant of joining struts 30 in an expansion column 24 is opposite the circumferential direction of the slant of joining struts 30 in an adjacent expansion column 24. Alternating circumferential slant directions of connecting struts 38 and joining struts 30 prevents axial warping

H:\PRIVATE\PATENT\ANG\709\APP.FIN                    12

of stent 10 during deliver and expansion. Other non-alternating slant direction patterns can also be used for connecting struts 38 or joining struts 30 or both.

Figure 3A and 3B show a schematic illustration of a stent design according to the present invention in an unexpanded and expanded state respectively. The design is depicted as a flat projection, as if stent 10 were cut lengthwise parallel to its longitudinal axis and flattened out. The connecting struts 38 consist of first and second linear sections 54 and 56 forming slant angle 58 at pivot point 60. An asymmetrical cell space 40 is formed by expansion strut pairs 32, connecting struts 38 and joining struts 30. Multiple interlocking asymmetrical cell spaces 40 make up the design pattern.

As the stent is expanded, see Figure 3B, the expansion strut pairs 32 spread apart at their open ends 36, shortening the length of expansion struts 28 along the longitudinal axis of the cylindrical stent. The longitudinal shortening of expansion struts 28 during expansion is countered by the longitudinal lengthening of connecting struts 38. The widening of slant angle 58 during expansion straightens connecting struts 38 and lengthens the distance between the coupled expansion strut pairs 32. The widening of the slant angle of connecting struts 38 substantially compensates for the longitudinal shortening of expansion struts 28. Thus, the stent has substantially constant unexpanded and expanded longitudinal lengths.

When the stent is expanded, each expansion column 24 becomes circumferentially stretched, enlarging the space between struts. The intertinking of expansion columns 24 by connecting struts 38 that have been straightened through the expansion process gives the stent 10 a high radial support strength. The entire stent 10 when expanded is unitized into a continuous chain mesh of stretched expansion columns 24 and connecting strut columns 26 forming an asymmetrical interlocking cell geometry which resists collapse both axially and radially. When the stent is expanded it has increased rigidity and fatigue tolerance.

In addition, efficient bending and straightening of connecting struts 38 at pivot points 60 allows increased longitudinal flexibility of the stent. For the

14

stent to bend longitudinally, at least some of connecting struts 38 are forced to bend in their tangent plane. The tangent plane of a specific connecting strut 38 refers to the plane substantially tangent to the cylindrical surface of the stent at that connecting strut 38. The width of connecting struts 38 can be twice as wide as a thickness. Preferably, a one-to-one ratio is preferred. However, pivot points 60 in connecting struts 38 provide connecting struts 38 a flexible joint about which to more easily bend increasing longitudinal flexibility of the stent.

Referring to Figures 4A and 4B, a variation of the first embodiment of stent 10 of the present invention is shown. In this variation, stent 10 has a length 16 of 33.25 mm and an uncrimped and unexpanded circumference 88 of 5.26 mm. Fifteen expansion columns 24 are interspersed with connecting strut columns 26. Each expansion column 24 consists of twelve expansion struts 28 joined alternately at their proximal and distal ends by joining struts 30 forming six expansion strut pairs 32. Expansion struts 28 are aligned parallel to the longitudinal axis of cylindrical stent 10. Joining struts 30 form a narrow angle 48 and a wide angle 50 with the respective expansion struts 28 of expansion strut pairs 32. Adjacent expansion columns 24 employ alternating circumferential slant directions of joining struts 30.

In this variation of the first embodiment, expansion strut width 62 is .20 mm, expansion strut length 64 is 1.51 mm, and connecting strut width 66 is .13 mm. Distance 68 from the outer edge of a first expansion strut 28 to the outer edge of a second adjacent expansion strut 28 in the same expansion column 24 is .64 mm, leaving a loop slot width 70 of .24 mm.

In this variation of the first embodiment, connecting struts 38 consist of a slanted first linear section 54 joined to a second linear section 56 at a slant angle 58. First linear section 54 is slightly longer than second linear section 56 and is attached at its proximal end to an expansion strut 28 in an expansion column 24. The attachment of the proximal end of first linear section 54 to expansion strut 28 is at the point where joining strut 30 makes narrow angle 48 with expansion strut 28. First linear section 54 extends substantially collinear to joining strut 30 attaching at its distal end to the proximal end of second

H:\PRIVATE\PATNT\JIANG\709\APP.FIN                    14

linear section 56 to form slant angle 58. Second linear section 56 extends substantially collinear to expansion struts 28, attaching at its distal end to an expansion strut 28 in an adjacent expansion column 24. The attachment occurs at the point where expansion strut 28 forms narrow angle 48 with joining strut 30. Joining struts 30 and connecting strut first linear sections 54 slant in alternating circumferential directions from column to adjacent column.

The joining of connecting struts 38 and expansion struts 28 at the point where narrow angle 48 is formed aids smooth delivery of stent 10 by streamlining the surface of the unexpanded stent and minimizing possible catching points. Bare delivery of stent 10 to the target lesion in a vessel will thus result in minimal snagging or catching as it is navigated through turns and curvatures in the vessel. Stent 10 behaves like a flexible, tubular sled as it is moved forward or backward in the vessel on the delivery catheter, sliding through tortuous vessels and over irregular bumps caused by atherosclerotic plaques inside the vessel lumen.

When fully expanded Stent 10 of Figures 4A and 4B has an internal diameter of up to 5.0 mm, while maintaining an acceptable radial strength and fatigue tolerance. The crimped stent outer diameter can be as small as 1.0 mm or less depending on the condition of the underlying delivery balloon profile. A small crimped outer diameter is especially important if stent delivery is to be attempted without predilation of the target site. When the stent is optimally crimped over the delivery balloon, the surface of the crimped stent is smooth allowing for no snagging of the stent struts during either forward or backward movement through a vessel.

Figure 5 shows a second embodiment of the present invention in which the stent 10 in its expanded form has a gradual taper from proximal end 12 to distal end 14. The shaded segments 72, 74, 76, 78, 80, 82 and 84 of expansion struts 28 represent regions of expansion struts 28 to be removed. Removal of the shaded segments 72, 74, 76, 78, 80, 82 and 84 provides stent 10 with a gradual taper when expanded with distal end 14 having a smaller expanded diameter than proximal end 12. The degree of shortening of the expanded

R:\PRIVATE\PATENT\ANG009\APP.FIN                    15

JFH  000119

diameter of the stent 10 at a given expansion column 24 will be proportional to the length of the removed segment 72, 74, 76, 78, 80, 82, or 84 at that expansion column 24. In the expanded stent 10 the shortened expansion struts 28 will have a shortened component along the circumference of the stent resulting in a shortened circumference and diameter. The tapered diameter portion can be positioned anywhere along the length of stent 10, and the tapering can be made more or less gradual by removing appropriately larger or smaller portions of the expansion struts 28 in a given expansion column 24.

Tapering is especially important in long stents, longer than 12 mm, since tapering of blood vessels is more pronounced over longer lengths. A long stent with a uniform stent diameter can only be matched to the target vessel diameter over a short region. If the proximal vessel size is matched with the stent diameter, the expanded distal end of the stent will be too large for the natural vessel and may cause an intimal dissection of the distal vessel by stent expansion. On the other hand, if the distal vessel size is matched with the stent diameter, the proximal end of the expanded stent will be too small to set inside the vessel lumen. It is therefore desirable to have a stent with a tapered expanded diameter.

Another way achieve a tapered expanded stent is to change the stiffness of the stent struts, expansion struts, connecting struts or joining struts such that the stiffness of the struts varies along the length of the stent. The stiffness of the struts can be changed by altering length, width or thickness, adding additional stiffening material, using a chemical or mechanical means to alter the physical properties of the stent material, or applying one or a series of elastic elements about the stent.

Along with the use of a tapered diameter stent, a matching tapered balloon catheter would ideally be made for delivery and deployment of the tapered diameter stent. The method of using a tapered matching balloon catheter with a tapered diameter stent is within the scope of the present invention.

K:\PRIVATE\PATENT\JANKO\09\APP.FIN                16

JFH  000120

Using a tapered balloon to expand a non-tapered stent will also achieve a tapered expanded stent; however, since no metal is removed from the stent, the stent is tapered as a result of incomplete expansion. The stent will therefore have increased metal fraction at the tapered end resulting in increased risk of acute thrombosis. Metal fraction is the proportion of the surface of the expanded stent covered by the stent strut material. Shortening the expansion struts as shown in Figure 5 allows for a tapered expanded stent with substantially constant metal fraction along its length.

A third embodiment of the present invention shown in Figures 6A and 6B has multiple reenforcement expansion columns 86 placed along the length of the stent 10. The Reenforcement columns 86 are placed along the stent length to provide additional localized radial strength and rigidity to stent 10. Additional strength and rigidity are especially important at the ends of the stent to prevent deformation of the stent both during delivery and after placement. During delivery the stent ends can catch on the vessel wall possibly deforming the unexpanded stent and altering its expansion characteristics. After the stent has been placed it is important that the stent ends are rigid so that they set firmly against the vessel wall; otherwise, during a subsequent catheter procedure, the catheter or guidewire can catch on the stent ends pulling the stent away from the vessel wall and possibly damaging and/or blocking the vessel.

The specific variation of the third embodiment of stent 10 depicted in Figures 6A and 6B has a length 16 of 20.70 mm and an uncrimped and unexpanded circumference 88 of 5.26 mm. The stent 10 consists of six expansion columns 24 and three reenforcement expansion columns 86, each consisting respectively of twelve expansion struts 28 or reenforcement expansion struts 90. The reenforcement expansion columns 86 are positioned one at either end, and one along the length of the stent 10.

The expansion strut width 62 is .15 mm, reenforcement expansion strut width 92 is .20 mm, and the connecting strut width 66 is .10 mm. The narrow angle 48 formed by joining strut 30 and expansion strut 28 is 75 degrees, and

H:\PRIVATE\PATNT\JANG\J09APP.FIN                    17

the narrow angle 94 formed by reenforcement joining strut 96 and
reenforcement expansion strut 90 is 60 degrees.

Other arrangements of reenforcement expansion columns 86, such as
providing reenforcement expansion columns 86 only on the ends of the stent,
only on one end, or at multiple locations throughout the length of the stent can
also be used and fall within the scope of the present invention. A taper can also
be programmed into the reenforced stent 10 by shortening expansion struts 28
and reenforcement expansion struts 90 in appropriate expansion columns 24
and 86.

A fourth embodiment of the present invention, shown in the Figures 7A,
7B and 7C, is similar to the third embodiment but has the added feature of
relief notches 98 and 100. A relief notch is a notch where metal has been
removed from a strut, usually at a joint where multiple struts are connected.
Relief notches increase flexibility of a strut or joint by creating a thinned,
narrow region along the strut or joint. Relief notch 98 is formed at the joint
formed between first linear section 54 of connecting strut 38 and expansion
strut 28. Relief notch 100 is formed at the joint between second linear section
56 of connecting strut 38 and expansion strut 28. The positioning of the relief
notches gives added flexibility to the unexpanded stent and prevents warping at
the joints when the stent is expanded. This results in a smooth surface
modulation to the expanded stent frame. Relief notches can be placed at other
joints and can be included in any of the previously mentioned embodiments.

Figures 8A and 8B show a side elevation view of a variation of the fifth
embodiment of the stent of the present invention. In this embodiment a four
piece slanted connecting strut 38 is used to couple the corner of an expansion
strut pair 32 in one expansion column 24 to the joining strut 30 of a
circumferentially offset expansion strut pair 32 in an adjacent expansion
column 24. The expansion struts 28, joining struts 30, expansion columns 24,
reenforcement expansion struts 90, reenforcement joining struts 96, and
reenforcement expansion columns 86 are substantially similar to the fourth
embodiment of Figure 6A. Connecting struts 38 in connecting strut columns

H:\PRIVATE\PATINT\JIANG\JUN\APP.FIN                    18

JFH  000122

26, however, have an altered geometry and connectivity, described in more detail below.

Figure 8A shows only the stent struts on the front half of the stent surface. The stent struts on the rear half of the stent surface are not shown. The stent appears as it would if the stent struts and space there between were opaque. Figure 8B shows all stent struts from both the front and rear halves. The stent appears as it would if the stent struts and the space there between were transparent.

A first variation of a fifth embodiment of the present invention, shown in Figure 8C consists of a stent 10 with twelve expansion columns 24, four reenforcement expansion columns 86, and fifteen connecting strut columns 26. In this variation, the stent 10 has a length 16 of 31.96 mm, and an unexpanded circumference 88 of 5.26 mm.

Connecting struts 38 shown in an enlarged view in Figure 8G are made up of four linear sections, a proximal end section 162, first and second intermediate sections 164 and 166 respectively and a distal end section 168 forming three slant angles 170, 172 and 174. The proximal end of proximal section 162 is attached to a corner 176 of an expansion strut pair 32 of an expansion column 24. Corner 176 is formed where joining strut 30 makes narrow angle 48 with expansion strut 28. A second corner 178 of expansion strut 32 is formed where joining strut 30 makes wide angle 50 with expansion strut 28. Corners 176 and 178 can have an angular shape formed by joining linear expansion struts 28 and joining struts 30, or preferably corners 176 and 178 are rounded to remove sharp edges and provide increased flexibility. Additionally rounded corners provide stent 10 with greater expandability and reduce stress in the stent strut material at the corners in the expanded stent.

Proximal end section 162 of connecting strut 38 extends from corner 176 and is attached at its distal end to first intermediate section 164 forming slant angle 170. First intermediate section 164 extends from proximal end section 162 such that first intermediate section 164 is parallel to expansion

0889459252047

30

JFH  000123

struts 28 and is connected at its distal end to the proximal end of second intermediate section 166 forming slant angle 172.

Second intermediate section 166 extends in a slanted orientation relative to the longitudinal axis of stent 10, extending both longitudinally along and circumferentially about stent 10. Preferably, second intermediate section 166 is parallel to joining strut 30 of the circumferentially offset expansion strut pair 32 in adjacent expansion column 24.

Second intermediate section 166 attaches at its distal end to the proximal end of distal end section 168 forming slant angle 174. Distal end section 168 extends from second intermediate section 166 attaching at its distal end to joining strut 30 of circumferentially offset expansion strut pair 32 of adjacent expansion column 24. The attachment is at a point intermediate corners 176 and 178, where joining strut 30 forms narrow angle 48 and wide angle 50 respectively with expansion struts 28.

The connection point of distal end section 168 to joining strut 30 is closer to corner 176 than corner 178. Preferably the connection point is one to two or more expansion strut widths from corner 176. Offsetting the connection point of distal end section 168 to joining strut 30 from corner 176 to a point intermediate corner 176 and corner 178 reduces warping of the expanded stent 10, resulting in a smooth surface modulation and reduced risk of thrombosis. Additionally, this design provides a longer total straightened length of connecting strut 38, which further reduces foreshortening of stent 10 during expansion.

A second variation of a fifth embodiment of the present invention, shown in an unexpanded form in Figures 8D, 8E and in an expanded form in Figure 8F consists of a stent 10 with six expansion columns 24; two reenforcement expansion columns 86, and seven connecting strut columns 26. In this variation, the stent 10 has a length 16 of 15.04 mm, and an unexpanded circumference 88 of 5.26 mm. The stent design 10 is substantially similar to the design of the first variation of the fifth embodiment of Figure 8C with a

0889456.047926

reduced number of expansion columns, reenforcement expansion columns, and connecting strut columns.

Figure 8F illustrates a portion of the expanded stent 10 of the second variation of the fifth embodiment. After expansion of stent 10 by balloon or other means, the expansion struts 28 are spread apart circumferentially, increasing the separation at the open end 36 of expansion strut pairs 32 resulting in an increase in the circumference of the stent 10. The spreading of the expansion struts 28 causes a longitudinal shortening of the expansion columns 24, which is compensated by a straightening of the connecting struts 38. During the expansion process, the slant angles 170, 172 and 174 widen straightening the connection struts 38, and causing an increase in the separation distance between adjacent expansion columns 24. The asymmetrical interlocking cell geometry of the expanded stent is illustrated in Figure 8F.

Figures 9A, 9B, 9C, 9D, 9E, 9F and 9G illustrate a sixth embodiment of the stent of the present invention. In this embodiment a three piece slanted connecting strut 38 is used to couple the joining strut 30 of an expansion strut pair 32 in one expansion column 24 to the joining strut 30 of a circumferentially offset expansion strut pair 32 in an adjacent expansion column 24. The joints between segments of connecting strut 38 are curved forming a smooth rounded shape. The expansion struts 28, joining struts 30, expansion columns 24, reenforcement expansion struts 90, reenforcement joining struts 96, and reenforcement expansion columns 86 are substantially similar to the fourth embodiment of Figure 8A. Connecting struts 38 in connecting strut columns 26, however, have an altered geometry and connectivity, described in more detail below.

A first variation of a sixth embodiment of the present invention, shown in Figure 9A, 9B and 9C consists of a stent 10 with eight expansion columns 24, three reenforcement expansion columns 86, and ten connecting strut columns 26. In this variation, the stent 10 has a length 16 of 20.32 mm.

Relief notches 204 are utilized at the joints between reenforcement expansion struts 90 and reenforcement joining struts 96 in the reenforcement

H:\PRIVATE\PATNT\JANG7\09\APP.FIN                    21

JFH  000125

expansion columns 86 at the stent proximal end 12 and distal end 14. Relief notches 204 reduce the width of the joints between reenforcement expansion struts 90 and reenforcement joining struts 96, which reduces stress in the metal at the joints during and after expansion of the stent. Relief notches 204 are particularly important at the stent ends since the stent ends are especially susceptible to warping during and after expansion. Preferably relief notches 204 reduce the joint widths, such that the joint widths are substantially the same as the thickness of stent wall 46 (see Figures 1B and 1C).

Connecting struts 38 shown in an enlarged view in Figure 9D are made up of three linear sections, a proximal end section 194, an intermediate section 196 and a distal end section 198 forming two slant angles 200, 202. The connecting struts 38 have wide radii of curvature at the joints between connecting strut sections 194, 196 and 198. The shape of connecting strut 38 is thus curved or wavy rather than jagged and angular. The slant angles 200 and 202 are defined by linearly extrapolating proximal end section 194, intermediate section 196 and distal end section 198, as shown by the dotted lines in Figure 9D.

Figure 9E shows a variation of the connecting strut design of the sixth embodiment of the present invention. The connecting strut 38 of Figure 9E has smaller radii of curvature at the joints between proximal end section 194, intermediate section 196 and distal end section 198. Connecting strut 38 of Figure 9E is thus more jagged and angular than that of Figure 9D.

Referring to the connecting struts 38 of Figure 9D and 9E, the proximal end of proximal section 194 is attached to joining strut 30 of expansion strut pair 32 intermediate corners 176 and 178. Proximal end section 194 of connecting strut 38 extends from joining strut 30 and is attached at its distal end to intermediate section 196 forming slant angle 200. Intermediate section 196 extends from proximal end section 194 in a slanted orientation relative to the longitudinal axis of stent 10, extending both longitudinally along and circumferentially about stent 10. Intermediate section 196 is preferably parallel to joining struts 30 of coupled expansion strut pairs 32.

H:\PRIVATE\PATNT\UANG\U09\APP.FIN                    22

JFH  000126

Intermediate section 196 is connected at its distal end to the proximal end of distal end section 198 forming slant angle 202. Distal end section 198 extends from second intermediate section 196 attaching at its distal end to joining strut 30 of circumferentially offset expansion strut pair 32 of adjacent expansion column 24. The attachment is at a point intermediate corners 176 and 178, where joining strut 30 forms narrow angle 48 and wide angle 50 respectively with expansion struts 28.

The connection point of proximal end section 194 and distal end section 198 to joining struts 30 is closer to corner 176 than corner 178. Preferably the connection point is one to two or more expansion strut widths from corner 176. Offsetting the connection point of distal end section 198 to joining strut 30 from corner 176 to a point intermediate corner 176 and corner 178 reduces warping of the expanded stent 10, resulting in a smooth surface modulation and reduced risk of thrombosis. Additionally, this design provides a longer total straightened length of connecting strut 38, which further reduces foreshortening of stent 10 during expansion.

The connecting strut 38 of the sixth embodiment has one hundred and eighty degree rotational symmetry about its center. The symmetry of the connecting strut 38 does not, however, result in a symmetrical cell space as the width of loop slots 42 connected in each cell space are different. Adjacent loop slots 42 in each expansion column have alternating narrow and wide widths, preserving the asymmetry of the cell spaces. Introduction of one or many symmetrical cell spaces can be achieved in this design e.g. by providing uniform loop slot width to loop slots in adjacent expansion columns 24 contained in the same cell space. Additionally completely non-uniform cell space patterns utilizing symmetric or asymmetric cell spaces can be achieved e.g. by providing non-uniform variations in the widths of loop slots 42.

A second variation of a sixth embodiment of the present invention, shown in an unexpanded form in Figures 9F consists of a stent 10 with six expansion columns 24, three reenforcement expansion columns 86, and eight connecting strut columns 26. In this variation, the stent 10 has a length 16 of

JFH  000127

16.00 mm, and an unexpanded circumference 88 of 5.26 mm. The stent design 10 is substantially similar to the design of the first variation of the sixth embodiment of Figures 9A, 9B and 9C with a reduced number of expansion columns 24 and connecting strut columns 26.

A third variation of a sixth embodiment of the present invention, shown in an unexpanded form in Figures 9F consists of a stent 10 with twelve expansion columns 24, four reenforcement expansion columns 86, and fifteen connecting strut columns 26. In this variation, the stent 10 has a length 16 of 30.01 mm, and an unexpanded circumference 88 of 5.26 mm. The stent design 10 is substantially similar to the design of the first variation of the sixth embodiment of Figures 9A, 9B and 9C with an increased number of expansion columns 24 reenforcement expansion columns 86 and connecting strut columns 26.

Figures 10A, 10B, 10C, 10D, 10E and 10F illustrate some examples of alternate connecting strut designs which can be used in any of the previously discussed embodiments. Figure 10A shows a rounded loop connecting strut 38 which joins two circumferentially offset expansion strut pairs 32 in adjacent expansion columns. Expansion struts 28 in each expansion strut pair 32 are joined by a joining strut 30. Joining struts 30 are slanted such as to form a narrow angle 48 and a wide angle 50 with the expansion struts 28 they connect. The rounded loop connecting strut 38 connects expansion struts 28 at the point where narrow angle 48 is formed between expansion struts 28 and joining struts 30. The slopes of the rounded connecting strut 38 at its proximal end 102 and distal end 104 substantially match the slopes of the joining struts 30 connecting the pairs of expansion struts 28. The rounded loop connecting strut 38 thus blends smoothly into the joining struts 30. Additionally the rounded loop connecting strut 38 has a first radius of curvature 106 and a second radius of curvature 108.

In the design of Figure 10B a rounded loop connecting strut 38 joins two circumferentially offset expansion strut pairs 32 in adjacent expansion columns. Expansion struts 28 in each expansion strut pair 32 are joined by a

0884457 044297

joining strut 30. Joining struts 30 are at right angles to the expansion struts 28 they connect. The rounded loop connecting strut 38 connects to expansion struts 28 at the same point as joining struts 30. The rounded connecting strut 38 has a first radius of curvature 106 and a second radius of curvature 108 such that it connects circumferentially offset expansion strut pairs 32.

In the design of Figure 10C connecting strut 38 joins two circumferentially offset expansion strut pairs 32 in adjacent expansion columns. Expansion struts 28 in each expansion strut pair 32 are joined by a joining strut 30. Joining struts 30 are slanted such as to form a narrow angle 48 and a wide angle 50 with the expansion struts 28 they connect. The connecting strut 38 connects expansion struts 28 at the point where narrow angle 48 is formed between expansion strut 28 and joining strut 30.

The connecting strut 38 is made up of three linear sections 110, 112, and 114 forming two slant angles 116 and 118. The proximal end of section 110 is attached to expansion strut 28 at the point where joining strut 30 forms narrow angle 48 with expansion strut 28. Section 110 extends substantially collinear to joining strut 30 and is attached at its distal end to intermediate section 112 forming slant angle 116. Intermediate section 112 extends at an angle to section 110 such that intermediate section 112 is substantially parallel to expansion struts 28 and is connected at its distal end to the proximal end of distal section 114 forming slant angle 118. Distal section 114 extends at an angle such that it is substantially collinear to joining strut 30 of the adjacent expansion strut pair 32. Distal section 114 attaches at its distal end to expansion strut 28 of the adjacent expansion strut pair 32, at the point where joining strut 30 forms narrow angle 48 with expansion strut 28.

In the design of Figures 10D and 10E a connecting strut 38 joins two circumferentially offset expansion strut pairs 32 in adjacent expansion columns. Expansion struts 28 in each expansion strut pair 32 are joined by a joining strut 30. Joining struts 30 are at right angles to the expansion struts 28 they connect. The connecting strut 38 connects to expansion struts 28 at the same point as joining struts 30.

H:\PRIVATE\PATNT\IANG\703\APP.FIN                    25

The connecting struts 38 of Figures 10D and 10E are made up of multiple connecting strut sections connected end to end to form a jagged connecting strut 38 with multiple slant angles, coupling expansion strut pair 32 to adjacent expansion strut pair 32. The connecting strut of Figure 10D is made up of three connecting strut sections, a proximal section 120, an intermediate section 122 and a distal section 124 defining two slant angles 126 and 128, while the connecting strut of Figure 10E consists of four connecting strut sections, a proximal section 130, intermediate sections 132 and 134, and a distal section 136 defining three slant angles 138, 140 and 142. In addition, connecting strut section 134 can be modified by replacing connecting strut section 136 by the dotted connecting strut section 144 to give another possible geometry of connecting struts 38.

In the design of Figures 10F connecting strut 38 joins two circumferentially offset expansion strut pairs 32 in adjacent expansion columns. Expansion struts 28 in each expansion strut pair 32 are joined by a joining strut 30. Joining struts 30 are slanted such as to form a narrow angle 48 and a wide angle 50 with the expansion struts 28 they connect.

Connecting strut 38 is made up of four linear sections, a proximal end section 180, first and second intermediate sections 182 and 184 respectively and a distal end section 186 forming three slant angles 188, 190 and 192. The proximal end of section 180 is attached to corner 176 at the point where joining strut 30 forms narrow angle 48 with expansion strut 28. Proximal end section 180 extends at an angle to joining strut 30 and is attached at its distal end to first intermediate section 182 forming slant angle 188. First intermediate section 182 extends at an angle to proximal end section 180 such that first intermediate section 182 is substantially parallel to expansion struts 28 and is connected at its distal end to the proximal end of second intermediate section 184 forming slant angle 190. Second intermediate section 184 is substantially longer than the first intermediate section 182. Second intermediate section 184 extends at an angle such that it is substantially collinear to joining strut 30 of the adjacent expansion strut pair 32. Second intermediate section 184 attaches

JFH  000130

at its distal end to the proximal end of distal end section 186 forming slant angle 192. Distal end section 186 extends in a slightly sloping orientation relative to expansion struts 28, attaching to corner 176 of expansion strut pair 32 where joining strut 30 forms narrow angle 48 with expansion strut 28. Relief notches 206 are formed at the joint between distal end segment 186 of connecting strut 38 and corner 176 of expansion strut pair 32 to increase flexibility of the unexpanded stent and prevent warping when the stent is expanded.

One skilled in the art will recognize that there are many possible arrangements of connecting struts and joining struts consistent with the present invention; the above examples are not intended to be an exhaustive list. In particular, it is noted that (a) connecting strut sections need not be linear but may contain one or many radii of curvature, (b) connecting strut sections may each have a different longitudinal axis, (c) the joint between connecting strut sections need not be jagged or sharp, but rather can be smooth containing one or multiple radii of curvature, and (d) relief notches may be present at any of the strut joints.

The stent of the present invention is ideally suited for application in coronary vessels although versatility in the stent design allows for applications in non-coronary vessels, the aorta, and nonvascular tubular body organs.

Typical coronary vascular stents have expanded diameters that range from 2.5 to 5.0 mm. However, a stent with high radial strength and fatigue tolerance that expands to a 5.0 mm diameter may have unacceptably high stent metal fraction when used in smaller diameter vessels. If the stent metal fraction is high, the chances of acute thrombosis and restenosis potential will increase. Even with the same metal fraction a smaller caliber vessel is more likely than a larger one to have a high rate of thrombosis. It is, therefore, preferred to have at least two different categories of stents for coronary application, for example, small vessels stents for use in vessels with diameters from 2.5 mm to 3.0 mm, and large vessel stents for use in vessels with diameters from 3.0 mm to 5.0

JFH  000131

mm. Thus, both small vessels and large vessels when treated with the appropriate sized stent will contain stents of similar idealized metal fraction.

The stent of the present invention can be made using a CAM-driven laser cutting system to cut the stent pattern from a stainless steel tube. The rough-cut stent is preferably electro-polished to remove surface imperfections and sharp edges. Other methods of fabricating the stent can also be used such as EDM, photo-electric etching technology, or other methods. Any suitable material can be used for the stent including other metals and polymers so long as they provide the essential structural strength, flexibility, biocompatibility and expandability.

The stent is typically at least partially plated with a radiopaque metal, such as gold, platinum, tantalum or other suitable metal. It is preferred to plate only both ends of the stent by localized plating; however, the entire stent or other regions can also be plated. When plating both ends, one to three or more expansion columns on each end of the stent are plated to mark the ends of the stent so they can be identified under fluoroscopy during the stenting procedure. By plating the stent only at the ends, interference of the radiopaque plating material with performance characteristics or surface modulation of the stent frame is minimized. Additionally the amount of plating material required is reduced, lowering the material cost of the stent.

After plating, the stent is cleaned, typically with detergent, saline and ultrasonic means that are well-known in the art. The stents are then inspected for quality control, assembled with the delivery balloon catheter, and properly packaged, labeled, and sterilized.

Stent 10 can be marketed as stand alone or as a pre-mounted delivery balloon catheter assembly as shown in Figure 11. Referring to Figure 11, the stent 10 is crimped over a folded balloon 146 at the distal end 148 of a delivery balloon catheter assembly 150. The assembly 150 includes a proximal end adapter 152, a catheter shaft 154, a balloon channel 156, a guidewire channel 158, a balloon 146, and a guidewire 160. Balloon 146 can be tapered, curved, or both tapered and curved from a proximal end to a distal end in the expanded

JFH  000132

state. Additionally stent 10 can be non-tapered or tapered in the expanded state.

Typically the guidewire 160 is inserted into the vein or artery and advanced to the target site. The catheter shaft 154 is then forwarded over the guidewire 160 to position the stent 10 and balloon 146 into position at the target site. Once in position the balloon 146 is inflated through the balloon channel 156 to expand the stent 10 from a crimped to an expanded state. In the expanded state, the stent 10 provides the desired scaffolding support to the vessel. Once the stent 10 has been expanded, the balloon 146 is deflated and the catheter shaft 154, balloon 146, and guidewire 160 are withdrawn from the patient.

The stent of the present invention can be made as short as less than 10 mm in length or as long as 100 mm or more. If long stents are to be used, however, matching length or preferably slightly longer delivery catheter balloons will typically be needed to expand the stents into their deployed positions. Long stents, depending on the target vessel, may require curved long balloons, tapered long balloons or curved and tapered long balloons for deployment. Curved and/or tapered balloons which match the natural curve and taper of a blood vessel reduce stress on the blood vessel during and after stent deployment. This is especially important in many coronary applications which involve stenting in curved and tapered coronary vessels. The use of such curved and/or tapered balloons is within the scope of the present invention.

The foregoing description of a preferred embodiment of the invention has been presented for purposes of illustration and description. It is not intended to be exhaustive or to limit the invention to the precise forms disclosed. Obviously, many modifications and variations will be apparent to practitioners skilled in this art. It is intended that the scope of the invention be defined by the following claims and their equivalents.

What is claimed is:

JFH 000133

# CLAIMS

1.     A stent in a non-expanded state, comprising:

a first expansion strut pair including a first expansion strut positioned adjacent to a second expansion strut and a joining strut of the first expansion strut pair that couples the first and second expansion struts at a distal end of the first expansion strut pair, a plurality of the first expansion strut pair forming a first expansion column;

a second expansion strut pair including a first expansion strut positioned adjacent to a second expansion strut and a joining strut of the second expansion strut pair that couples the first and second expansion struts of the second expansion strut pair at a proximal end of the second expansion strut pair, a plurality of the second expansion strut pair forming a second expansion column;

a first connecting strut including a first connecting strut proximal section, a first connecting strut distal section and a first connecting strut intermediate section, the first connecting strut proximal section being coupled to the distal end of the first expansion strut pair in the first expansion column and the first connecting strut distal section being coupled to the proximal end of the second expansion strut pair of the second expansion column, a plurality of the first connecting strut forming a first connecting strut column that couples the first expansion column to the second expansion column, wherein a length of the first connecting strut proximal section is equal to a length of the first connecting strut distal section, and a length of the first connecting strut intermediate section is greater than the length of the first connecting strut proximal and distal sections.

2.     The stent of claim 1, wherein the first expansion strut of the first expansion strut pair in the first expansion column has a longitudinal axis offset from a longitudinal axis of the first expansion strut of the second expansion strut pair in the second expansion column.

3. The stent of claim 1, wherein a spacing distance between the first expansion column strut pair and an adjacent first expansion column strut pair in the first expansion column are the same.

4. The stent of claim 1, wherein a spacing distance between the second column expansion strut pair and an adjacent second column expansion strut pair in the second expansion column are different.

5. The stent of claim 1, wherein a spacing distance between the first expansion column strut pair and an adjacent first expansion column strut pair in the first expansion column, and a spacing distance between the second column expansion strut pair and an adjacent second column expansion strut pair in the second expansion column are the same.

6. The stent of claim 1, wherein a spacing distance between the first expansion column strut pair and an adjacent first expansion column strut pair in the first expansion column, and a spacing distance between the second column expansion strut pair and an adjacent second column expansion strut pair in the second expansion column are different.

6 7. The stent of claim 1, wherein a first radius of curvature is formed where the first connecting strut proximal section is coupled to the first connecting strut intermediate section.

7 8. The stent of claim 1, wherein a second radius of curvature is formed where the first connecting strut distal section is coupled to the first connecting strut intermediate section.

8 9. The stent of claim 1, wherein a first radius of curvature is formed where the first connecting strut proximal section is coupled to the first connecting strut intermediate section and a second radius of curvature is formed

08845597 .042597

4    where the first connecting strut distal section is coupled to the first connecting

5    strut intermediate section.

1    10.    The stent of claim 1, wherein a first slant angle is formed where

2    the first connecting strut proximal section is coupled to the first connecting

3    strut intermediate section.

1    11.    The stent of claim 1, wherein a second slant angle is formed

2    where the first connecting strut distal section is coupled to the first connecting

3    strut intermediate section.

1    12.    The stent of claim 1, wherein a first slant angle is formed where

2    the first connecting strut proximal section is coupled to the first connecting

3    strut intermediate section and a second slant angle is formed where the first

4    connecting strut distal section is coupled to the first connecting strut

5    intermediate section.

1    13.    The stent of claim 1, wherein the stent further includes a

2    radiopaque marker.

1    14.    The stent of claim 1, wherein the stent includes an electroplated

2    material for radiopaque observation under fluoroscopy.

1    15.    The stent of claim 1, wherein a proximal end and a distal end of

2    the stent are at least partially radiopaque electroplated.

1    16.    The stent of claim 1, wherein a ratio of a number of expansion

2    struts in an expansion strut column to a number of connecting struts in a

3    connecting strut column is 2 to 1.

1     17.    The stent of claim 1, wherein the stent includes m first and
2    second expansion columns, n expansion struts per column and n (m-1)/2
3    connecting struts.

1     18.    The stent of claim 1, wherein the first and second expansion
2    columns are each unbroken, continuous structures.

1     19.    The stent of claim 1, further comprising:
2    a reenforcement expansion column made of a plurality of reenforcement
3    expansion struts, wherein each reenforcement expansion strut has a width that
4    is greater than a width of an expansion strut in the first or second expansion
5    columns.

1     20.    The stent of claim 19, wherein the reenforcement expansion
2    column includes a plurality of relief notches.

1     21.    The stent of claim 1, wherein the stent has a proximal end with a
2    first reenforcement expansion column and a distal end with a second
3    reenforcement expansion column.

1     22.    The stent of claim 21, wherein the first and second
2    reenforcement expansion columns each include a plurality of relief notches.

1     23.    The stent of claim 21, further comprising:
2    a third reenforcement expansion column intermediate the stent proximal
3    end and the stent distal end.

1     24.    A stent in a non-expanded state, comprising:
2    a first expansion column formed of a plurality of first expansion column
3    strut pairs, a first expansion strut pair including a first expansion strut adjacent
4    to a second expansion strut and a first joining strut that couples the first and

K:\PRIVATE\PATENT\AMG\709\APP.FIN           33

JFH  000137

5   second expansion struts at a proximal end of the first expansion strut pair, a

6   second expansion strut pair including a third expansion strut adjacent to the

7   second expansion strut and a second joining strut that couples the second and

8   third expansion struts at a distal end of the second expansion strut pair, a third

9   expansion strut pair including a fourth expansion strut adjacent to the third

10  expansion strut and a third joining strut that couples the third and fourth

11  expansion struts at a proximal end of the third expansion strut pair, a fourth

12  expansion strut pair including a fifth expansion strut adjacent to the fourth

13  expansion strut and a fourth joining strut that couples the fourth and fifth

14  expansion struts at a distal end of the fourth expansion strut pair, a first

15  expansion strut pair first corner formed where the first joining strut is coupled

16  to the first expansion strut, and a first expansion strut pair second corner

17  formed where the first joining strut is coupled to the second expansion strut,

18  and a second expansion strut pair first corner formed where the second joining

19  strut is coupled to the second expansion strut, and a second expansion strut pair

20  second corner formed where the second joining strut is coupled to the third

21  expansion strut, and a third expansion strut pair first corner formed where the

22  third joining strut is coupled to the third expansion strut, and a third expansion

23  strut pair second corner formed where the third joining strut is coupled to the

24  fourth expansion strut, and a fourth expansion strut pair first corner formed

25  where the fourth joining strut is coupled to the fourth expansion strut, and a

26  fourth expansion strut pair second corner formed where the fourth joining strut

27  is coupled to the fifth expansion strut;

28      a second expansion column formed of a plurality of second expansion

29  column strut pairs, a first expansion strut pair including a first expansion strut

30  adjacent to a second expansion strut and a first joining strut that couples the

31  first and second expansion struts at a proximal end of the first expansion strut

32  pair, a second expansion strut pair including a third expansion strut adjacent to

33  the second expansion strut and a second joining strut that couples the second

34  and third expansion struts at a distal end of the second expansion strut pair, a

35  third expansion strut pair including a fourth expansion strut adjacent to the

JFH  000138

36  third expansion strut and a third joining strut that couples the third and fourth

37  expansion struts at a proximal end of the third expansion strut pair, a fourth

38  expansion strut pair including a fifth expansion strut adjacent to the fourth

39  expansion strut and a fourth joining strut that couples the fourth and fifth

40  expansion struts at a distal end of the fourth expansion strut pair, a first

41  expansion strut pair first corner formed where the first joining strut is coupled

42  to the first expansion strut, and a first expansion strut pair second corner

43  formed where the first joining strut is coupled to the second expansion strut,

44  and a second expansion strut pair first corner formed where the second joining

45  strut is coupled to the second expansion strut, and a second expansion strut pair

46  second corner formed where the second joining strut is coupled to the third

47  expansion strut, and a third expansion strut pair first corner formed where the

48  third joining strut is coupled to the third expansion strut, and a third expansion

49  strut pair second corner formed where the third joining strut is coupled to the

50  fourth expansion strut, and a fourth expansion strut pair first corner formed

51  where the fourth joining strut is coupled to the fourth expansion strut, and a

52  fourth expansion strut pair second corner formed where the fourth joining strut

53  is coupled to the fifth expansion strut; and

54      a first connecting strut column formed of a plurality of first connecting

55  struts, each connecting strut of the first connecting strut column including a

56  connecting strut proximal section, a connecting strut distal section and a

57  connecting strut intermediate section, a first connecting strut proximal section

58  is coupled to the joining strut of the second expansion strut pair of the first

59  expansion strut column, and a first connecting strut distal section is coupled to

60  the joining strut of the first expansion strut pair of the second expansion strut

61  column, and a second connecting strut proximal section is coupled to the

62  joining strut of the fourth expansion strut pair of the first expansion strut

63  column, and a second connecting strut distal section is coupled to the joining

64  strut of the third expansion strut pair of the second expansion strut column,

65  wherein a length of the connecting strut proximal section is the same as a

66  length of the connecting strut distal section and the connecting strut

H:\PRIVATE\PATNT\JANG\109\APP.FIN                    35

JFH  000139

67    intermediate section has a length that is greater than the lengths of the

68    connecting strut distal and proximal sections.

1    25.    The stent of claim 24, wherein the stent includes a proximal

2    expansion column, a distal expansion column, a plurality of connecting struts

3    positioned between the proximal and distal expansion columns, and a plurality

4    of expansion columns positioned between the proximal and distal expansion

5    columns, each expansion column being made of a plurality of juxtapositioned

6    proximal and distal looped slots.

1    26.    The stent of claim 24, wherein the first expansion column, the

2    second expansion column, and the first connecting strut column form a

3    plurality of geometric cells.

1    27.    The stent of claim 26, wherein at least a portion of the plurality

2    are asymmetrical geometric cells.

1    28.    The stent of claim 24, wherein the first expansion column, the

2    second expansion column, and the first connecting strut column form a

3    plurality of cells and at least a portion of the plurality of cells form non-uniform

4    cell space patterns.

1    29.    The stent of claim 24, wherein the first expansion strut column,

2    the second expansion strut column and the first connecting strut column form a

3    plurality of geometric configurations and at least a portion of the plurality form

4    asymmetrical geometric configurations.

1    30.    The stent of claim 24, wherein the first expansion strut column,

2    the second expansion strut column and the first connecting strut column form a

3    plurality of geometric configurations and at least a portion of the plurality form

4    symmetrical geometric configurations.

1    31.    The stent of claim 24, wherein the first connecting strut

2    proximal section is coupled to the joining strut of the second expansion strut

3    pair of the first expansion strut column, and the first connecting strut distal

4    section is coupled to the first corner of the first expansion strut pair of the

5    second expansion strut column, and the second connecting strut proximal

6    section is coupled to the joining strut of the fourth expansion strut pair of the

7    first expansion strut column, and the second connecting strut distal section is

8    coupled to the first corner of the third expansion strut pair of the second

9    expansion strut column.

1    32.    The stent of claim 24, wherein the first connecting strut

2    proximal section is coupled to the joining strut of the second expansion strut

3    pair of the first expansion strut column, and the first connecting strut distal

4    section is coupled to the second corner of the first expansion strut pair of the

5    second expansion strut column, and the second connecting strut proximal

6    section is coupled to the joining strut of the fourth expansion strut pair of the

7    first expansion strut column, and the second connecting strut distal section is

8    coupled to the second corner of the third expansion strut pair of the second

9    expansion strut column.

1    33.    The stent of claim 24, wherein the first connecting strut

2    proximal section is coupled to the first corner of the second expansion strut pair

3    of the first expansion strut column, and the first connecting strut distal section

4    is coupled to the joining strut of the first expansion strut pair of the second

5    expansion strut column, and the second connecting strut proximal section is

6    coupled to the first corner of the fourth expansion strut pair of the first

7    expansion strut column, and the second connecting strut distal section is

8    coupled to the joining strut of the third expansion strut pair of the second

9    expansion strut column.

H:\PRIVATE\PATENT\VANGUS9\APP.FIN                    37

34. The stent of claim 24, wherein the first connecting strut proximal section is coupled to the second corner of the second expansion strut pair of the first expansion strut column, and the first connecting strut distal section is coupled to the joining strut of the first expansion strut pair of the second expansion strut column, and the second connecting strut proximal section is coupled to the second corner of the fourth expansion strut pair of the first expansion strut column, and the second connecting strut distal section is coupled to the joining strut of the third expansion strut pair of the second expansion strut column.

35. The stent of claim 24, wherein the first connecting strut proximal section is coupled to the first corner of the second expansion strut pair of the first expansion strut column, and the first connecting strut distal section is coupled to the first corner of the first expansion strut pair of the second expansion strut column, and the second connecting strut proximal section is coupled to the first corner of the fourth expansion strut pair of the first expansion strut column, and the second connecting strut distal section is coupled to the first corner of the third expansion strut pair of the second expansion strut column.

36. The stent of claim 24, wherein the first connecting strut proximal section is coupled to the first corner of the second expansion strut pair of the first expansion strut column, and the first connecting strut distal section is coupled to the second corner of the first expansion strut pair of the second expansion strut column, and the second connecting strut proximal section is coupled to the first corner of the fourth expansion strut pair of the first expansion strut column, and the second connecting strut distal section is coupled to the second corner of the third expansion strut pair of the second expansion strut column.

H:\PRIVATE\PATNT\JIANG\039\APP.FIN                    38

JFH  000142

1  36 37.  The stent of claim 23 24, wherein the first connecting strut

2  proximal section is coupled to the second corner of the second expansion strut

3  pair of the first expansion strut column, and the first connecting strut distal

4  section is coupled to the first corner of the first expansion strut pair of the

5  second expansion strut column, and the second connecting strut proximal

6  section is coupled to the second corner of the fourth expansion strut pair of the

7  first expansion strut column, and the second connecting strut distal section is

8  coupled to the first corner of the third expansion strut pair of the second

9  expansion strut column.

1  37 38.  The stent of claim 23 24, wherein the first connecting strut

2  proximal section is coupled to the second corner of the second expansion strut

3  pair of the first expansion strut column, and the first connecting strut distal

4  section is coupled to the second corner of the first expansion strut pair of the

5  second expansion strut column, and the second connecting strut proximal

6  section is coupled to the second corner of the fourth expansion strut pair of the

7  first expansion strut column, and the second connecting strut distal section is

8  coupled to the second corner of the third expansion strut pair of the second

9  expansion strut column.

1  38 39.  The stent of claim 23 24, wherein the first column expansion strut

2  pairs define first column loop slots, and the second column expansion strut

3  pairs define second column loop slots.

1  39 40.  The stent of claim 38 39, wherein the first column loop slots are

2  parallel to the second column loop slots.

1  40 41.  The stent of claim 38 39, wherein the first column loop slots are not

2  parallel to the second column loop slots.

H:\PRIVATE\PATENT\JUANG\7036APP.PEN                    39

37

JFH  000143

1   41  42.    The stent of claim 38, wherein the first column loop slots are
2   longitudinally offset from the second column loop slots.

1   42  43.    The stent of claim 38, wherein the first column loop slots are
2   non-collinear to the second column loop slots.

1   43  44.    The stent of claim 38, wherein the first column loop slots are
2   collinear with the second column loop slots.

1   44  45.    The stent of claim 38, wherein a width of first column loop slots
2   is the same as a width of second column loop slots.

1   45  46.    The stent of claim 38, wherein a width of the first column loop
2   slots is different than a width of the second column loop slots.

1   46  47.    The stent of claim 38, wherein a shape of the first column loop
2   slots is different than a shape of the second column loop slots.

1   47  48.    The stent of claim 38, wherein a shape of the first column loop
2   slots is the same as a shape of the second column loop slots.

1   48  49.    The stent of claim 38, wherein a shape of a first column loop
2   slot of the first expansion column is different from a shape of an adjacent first
3   column loop slot of the first expansion column.

1   49  50.    The stent of claim 38, wherein a shape of a first column loop
2   slot of the first expansion column is the same as a shape of an adjacent first
3   column loop slot of the first expansion column.

38

JFH  000144

1    51.    The stent of claim 39, wherein a width of a first column loop
2    slot of the first expansion column is different from a width of an adjacent first
3    column loop slot of the first expansion column.

1    52.    The stent of claim 39, wherein a width of a first column loop
2    slot of the first expansion column is the same as a width of an adjacent first
3    column loop slot of the first expansion column.

1    53.    The stent of claim 24, wherein each connecting strut proximal
2    section has a substantially linear geometry.

1    54.    The stent of claim 52, wherein each connecting strut distal
2    section has a substantially linear geometry.

1    55.    The stent of claim 24, wherein each connecting strut
2    intermediate section has a substantially linear geometry.

1    56.    The stent of claim 24, wherein a ratio of a number of expansion
2    struts in an expansion strut column to a number of connecting struts in a
3    connecting strut column is 2 to 1.

1    57.    The stent of claim 24, wherein the stent includes m first and
2    second expansion columns, n connecting struts per column and n (m-1)/2
3    connecting struts.

1    58.    The stent of claim 24, wherein the first and second expansion
2    columns are each unbroken, continuous column structures.

1    59.    The stent of claim 24, wherein one of the first or second
2    expansion column is a broken column structure.

K:\PRIVATE\PATENT\VANGUARD\APP.FIN                41

60. The stent of claim 24, further comprising:

a plurality of first expansion columns;

a plurality of second expansion columns; and

a plurality of first connecting strut columns, each first connecting strut

column coupling a first expansion column to a second expansion column.

61. The stent of claim 60, wherein a plurality of first expansion

columns, second expansion columns and first connecting strut columns form a

continuous a chain mesh strut frame pattern.

62. The stent of claim 60, wherein the plurality of first expansion

columns, the plurality of second expansion columns and the plurality of first

connecting strut columns form an elongated structure.

63. The stent of claim 24, further comprising:

a reenforcement expansion column made of a plurality of reenforcement

expansion struts, wherein each reenforcement expansion strut has a width that

is greater than a width of an expansion strut in the first or second expansion

columns.

64. The stent of claim 24, wherein the stent has a proximal end with

a first reenforcement expansion column and a distal end with a second

reenforcement expansion column.

65. The stent of claim 24, wherein the stent has a reenforcement

expansion column between a proximal end and a distal end of the stent.

66. The stent of claim 24, further comprising:

a third expansion column formed of a plurality of third expansion

column strut pairs, a first expansion strut pair including a first expansion strut

adjacent to a second expansion strut and a first joining strut that couples the

H:\PRIVATE\PATNT\JANG709\APP.FIN                42

5    first and second expansion struts at a proximal end of the first expansion strut

6    pair, a second expansion strut pair including a third expansion strut adjacent to

7    the second expansion strut and a second joining strut that couples the second

8    and third expansion struts at a distal end of the second expansion strut pair, a

9    third expansion strut pair including a fourth expansion strut adjacent to the

10   third expansion strut and a third joining strut that couples the third and fourth

11   expansion struts at a proximal end of the third expansion strut pair, a fourth

12   expansion strut pair including a fifth expansion strut adjacent to the fourth

13   expansion strut and a fourth joining strut that couples the fourth and fifth

14   expansion struts at a distal end of the fourth expansion strut pair, a first

15   expansion strut pair first corner formed where the first joining strut is coupled

16   to the first expansion strut, and a first expansion strut pair second corner

17   formed where the first joining strut is coupled to the second expansion strut,

18   and a second expansion strut pair first corner formed where the second joining

19   strut is coupled to the second expansion strut, and a second expansion strut pair

20   second corner formed where the second joining strut is coupled to the third

21   expansion strut, and a third expansion strut pair first corner formed where the

22   third joining strut is coupled to the third expansion strut, and a third expansion

23   strut pair second corner formed where the third joining strut is coupled to the

24   fourth expansion strut, and a fourth expansion strut pair first corner formed

25   where the fourth joining strut is coupled to the fourth expansion strut, and a

26   fourth expansion strut pair second corner formed where the fourth joining strut

27   is coupled to the fifth expansion strut; and

28       a second connecting strut column formed of a plurality of second

29   connecting struts, each connecting strut of the second connecting strut column

30   including a connecting strut proximal section, a connecting strut distal section

31   and a connecting strut intermediate section, a first connecting strut proximal

32   section is coupled to the joining strut of the second expansion strut pair of the

33   second expansion strut column, and a first connecting strut distal section is

34   coupled to the joining strut of the first expansion strut pair of the third

35   expansion strut column, and a second connecting strut proximal section is

41

JFH  000147

36  coupled to the joining strut of the fourth expansion strut pair of the second
37  expansion strut column, and a second connecting strut distal section is coupled
38  to the joining strut of the third expansion strut pair of the third expansion strut
39  column.

1   67.     The stent of claim 66, wherein the first expansion strut of the
2   first expansion strut pair in the second expansion column has a longitudinal
3   axis offset from a longitudinal axis of the first expansion strut of the second
4   expansion strut pair in the third expansion column.

1   68.     The stent of claim 66, wherein the first expansion column, the
2   second expansion column, and the first connecting strut column form a first
3   plurality of geometric cells, and the second expansion column, the third
4   expansion column and the second connecting strut column form a second
5   plurality of geometric cells.

1   69.     The stent of claim 68, wherein at least a portion of the first
2   plurality of geometric cells and at least a portion of the second plurality of
3   geometric cells form asymmetric cells.

1   70.     The stent of claim 68, wherein at least a portion of the first
2   plurality of geometric cells and at least a portion of the second plurality of
3   geometric cells are symmetric cells.

1   71.     The stent of claim 68, wherein each geometric cell of the first
2   plurality includes a proximal looped slot and a distal looped slot, and each
3   geometric cell of the second plurality includes a proximal looped slot and a
4   distal looped slot.

JFH  000148

1    72.    The stent of claim 71, wherein each distal looped slot of a cell of
2    the first plurality  is juxtapositioned to a corresponding proximal looped slot of
3    a cell of the second plurality.

1    73.    The stent of claim 66, wherein the stent includes a proximal
2    expansion column, a distal expansion column, a plurality of  connecting struts
3    positioned between the proximal and distal expansion columns, and a plurality
4    of expansion columns positioned between the proximal and distal expansion
5    columns, each expansion column being made of a plurality of juxtapositioned
6    proximal and distal looped slots.

1    74.    The stent of claim 24, wherein a width of the first connecting
2    strut is equal to or less than a width of the first expansion strut of the first or
3    second expansion columns.

1    75.    The stent of claim 24, wherein a width of a connecting strut of
2    the first connecting strut column is larger than a width of a first expansion strut
3    of the first or second expansion columns.

1    76.    The stent of claim 24, wherein a width of the second expansion
2    strut of the first or second expansion columns is substantially the same as the
3    width of the first expansion strut of the first or second expansion columns.

1    77.    The stent of claim 24, wherein the stent has a tapered diameter
2    in an expanded state.

1    78.    The stent of claim 24, wherein the stent has a tapered geometry
2    extending from a proximal end to a distal end in an expanded state.

1    79.    The stent of claim 24, wherein the stent is configured to be
2    positioned at an exterior of an expandable balloon.

H:\PRIVATE\PATENT\JIANG\TOP5APP.FIN                45

JFH  000149

1    80.    The stent assembly of claim 79, wherein the balloon is curved
2    extending from a proximal end and a distal end in an expanded state.

1    81.    The stent assembly of claim 80, wherein the balloon is tapered
2    in an expanded state and the stent has a non-tapered geometry in an expanded
3    state.

1    82.    The stent assembly of claim 80, wherein the balloon and the
2    stent are both tapered in an expanded state.

1    83.    The stent assembly of claim 80, wherein the stent is non-tapered
2    in an expanded state.

1    84.    The stent assembly of claim 80, wherein the stent is tapered in
2    an expanded state.

1    85.    The stent of claim 80, wherein the stent in an expanded state is
2    non-tapered and the balloon is tapered and curved in an expanded state.

1    86.    The stent of claim 80, wherein the stent is tapered in an
2    expanded state, and the balloon is tapered and curved in an expanded state.

JFH  000150

PRINT OF DRAWINGS
AS ORIGINALLY FILED







Figure 2A

PRINT OF DRAWINGS
AS ORIGINALLY FILED





PRINT OF DRAWINGS
AS ORIGINALLY FILED



Figure 4A

Figure 4B

AS ORIGINALLY FILED



Figure 5

0885457.042597





Figure 6B

JFH  000158



FIGURE 7A

AS ORIGINALLY FILE



Figure 7B



PRINT OF DRAWINGS
AS ORIGINALLY FILED





Figure 7C



JFH  000162

AS ORIGINALLY FILED



Figure 8C

08845657.042597.

Figure 8D

JFH  000164



Figure 8E

JFH  000165



PRINT OF DRAWINGS
AS ORIGINALLY FILED



Figure 8F

JFH 000166



Figure 86

JFH 000167



Figure 9A

D8845G57 .D42567

AS ORIGINALLY FILED



Figure 9B



Figure 9C

JFH  000170

AS ORIGINALLY FILED



Figure 9D

AS ORIGINALLY FILED



Figure 9E



Figure 9F

JFH  000173

AS ORIGINALLY FILED



Figure 96

PRINT OF DRAWINGS
AS ORIGINALLY FILED



Figure 10A



Figure 10B

1st radius of curvature

2nd radius of curvature

08845657.042957

PRINT OF DRAWINGS
AS ORIGINALLY FILED





Figure 10F

D8B4B657.Q42597

PRINT OF DRAWINGS
AS ORIGINALLY FILED



Figure 11



UNITE   ATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 08/845,657 | 04/25/97 | JANG | 6      18461.709 |

0292/0904
WILSON SONSINI GOODRICH AND ROSATI                    NOT ASSIGNED
650 PAGE MILL ROAD
PALO ALTO CA 94304-1050

DATE MAILED:                    3308

09/04/97

## NOTICE TO FILE MISSING PARTS OF APPLICATION
### *Filing Date Granted*

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted ALONG WITH THE PAYMENT OF A SURCHARGE for items 1 and 3-6 only of $ _____ 12 _____ for a □ large entity □ small entity in compliance with 37 CFR 1.27. The surcharge is set forth in 37 CFR 1.16(e). Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

*If all required items on this form are filed within the period set above, the total amount owed by applicant as a* □ *large entity* □ *small entity (verified statement filed), is $ _____ 2,352. _____*

☒ 1. The statutory basic filing fee is:
   ☒ missing.
   □ insufficient.
   Applicant must submit $ _____ 770 _____ to complete the basic filing fee and/or file a verified small entity statement claiming such status (37 CFR 1.27).

☒ 2. Additional claim fees of $ _____ 1412 _____ , including any multiple dependent claim fees, are required.
   Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.

☒/3. The oath or declaration:
   ☒ is missing.
   □ does not cover the newly submitted items.
   □ does not identify the application to which it applies.
   □ does not include the city and state or foreign country of applicant's residence.
   *An oath or declaration in compliance with 37 CFR 1.63, including residence information and identifying the application by the above Application Number and Filing Date is required.*

□ 4. The signature(s) to the oath or declaration is/are:
   □ missing.
   □ by a person other than inventor or person qualified under 37 CFR 1.42, 1.43, or 1.47.
   *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*

□ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:
   _____
   *An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.*

□ 6. A $ _____ processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

□ 7. Your filing receipt was mailed in error because your check was returned without payment.

□ 8. The application does not comply with the Sequence Rules.
   *See attached "Notice to Comply with Sequence Rules 37 CFR 1.821-1.825."*

□ 9. OTHER:

Direct the response and any questions about this notice to "Attention: Box Missing Parts."

### *A copy of this notice MUST be returned with the response.*

Customer Service Center
Initial Patent Examination Division (703) 308-1202

FORM PTO-1533 (REV. 7/95)                    PART 1 - OFFICE COPY                    *U.S. GPO: 1996-404-468/40029

JFH  000179

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 08/845,657 | 04/25/97 | JANG | G | 19461.709 |

0292/0904

WILSON SONSINI GOODRICH AND ROSATI
650 PAGE MILL ROAD
PALO ALTO CA 94304-1050

NOT ASSIGNED

DATE MAILED:    3308

09/04/97

## NOTICE TO FILE MISSING PARTS OF APPLICATION

### Filing Date Granted

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted ALONG WITH THE PAYMENT OF A SURCHARGE for items 1 and 3-6 only of $ _____ for a □ large entity □ small entity in compliance with 37 CFR 1.27. The surcharge is set forth in 37 CFR 1.16(e). Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

If all required items on this form are filed within the period set above, the total amount owed by applicant as a □ large entity □ small entity (verified statement filed), is $ _____

☑ 1. The statutory basic filing fee is:
  ☑ missing.
  □ insufficient.
  Applicant must submit $ _____ to complete the basic filing fee and/or file a verified small entity statement claiming such status (37 CFR 1.27).

☑ 2. Additional claim fees of $ _____ including any multiple dependent claim fees, are required.
  Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.

☑ 3. The oath or declaration:
  ☑ is missing.
  □ does not cover the newly submitted items.
  □ does not identify the application to which it applies.
  □ does not include the city and state or foreign country of applicant's residence.
  An oath or declaration in compliance with 37 CFR 1.63, including residence information and identifying the application by the above Application Number and Filing Date is required.

□ 4. The signature(s) to the oath or declaration is/are:
  □ missing.
  □ by a person other than inventor or person qualified under 37 CFR 1.42, 1.43, or 1.47.
  A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.

□ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:

  An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.

□ 6. A $ _____ processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

□ 7. Your filing receipt was mailed in error because your check was returned without payment.

□ 8. The application does not comply with the Sequence Rules.
  See attached "Notice to Comply with Sequence Rules 37 CFR 1.821-1.825."

□ 9. OTHER:

Direct the response and any questions about this notice to: Attention: Box Missing Parts.

## A copy of this notice MUST be returned with the response.

Customer Service Center
Initial Patent Examination Division (703) 308-1202

FORM PTO-1533 (REV.7-96)          PART 2-COPY TO BE RETURNED WITH RESPONSE

Scetor $

CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the U.S. Postal Service with sufficient postage as first class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on _October 8, 1997_

Sidney Manikan

PATENT
Attorney Docket No. 18461-709

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

|  |  |  |  |
|---|---|---|---|
| In re Application of | ) | | |
| | ) | | |
| G. David Jang | ) | Group Art Unit: Unassigned | |
| | ) | | |
| Application No.: 08/845,657 | ) | Examiner: Unassigned | |
| | ) | | |
| Filed:  April 25, 1997 | ) | | |
| | ) | | |
| For:  INTRAVASCULAR STENT | ) | | |

### TRANSMITTAL LETTER FOR MISSING PARTS OF APPLICATION

Assistant Commissioner for Patents
Attn:    Application Processing Division
          Special Processing and Correspondence Branch
Washington, D.C. 20231

Sir:

In complete response to the Notice to File Missing Parts of Application mailed _September 4, 1997._

enclosed please find:

[x]    Form PTO-1533 (copy of Notice to be returned with response);

[  ]    a Petition for Extension of Time;

[  ]    a Declaration for Patent Application
or    [x]    a Combined Declaration and Power of Attorney
               signed by the inventor(s) and the surcharge of
               [x] $65.00 [  ] $130.00 as set forth in 37 CFR § 1.16(e);

[x]    a Declaration Claiming Small Entity Status;

[  ]    an Assignment document, Form PTO-1595, and the $40.00 Assignment Recordation Fee;

[  ]    a Preliminary Amendment.

H:\PRIVATE\W7\DOCS\PDJ\JANG\709.MP

Application No. 08/824,657
Page 2

### Patent Application Filing Fee

The patent application filing fee (if applicable) is calculated as shown below:

| | NO. OF CLAIMS | | EXTRA CLAIMS | RATE | FEE |
|---|---|---|---|---|---|
| Basic Application Fee | | | | | $ 790.00 |
| Total Claims | 86 | MINUS 20= | 66 | x $22 = | 1,452.00 |
| Independent Claims | 3 | MINUS 3 = | 0 | x $82 = | 0.00 |
| If multiple dependent claims are presented, add $270.00 | | | | | 0.00 |
| Total Application Fee (LARGE ENTITY) | | | | | 2,242.00 |
| If verified statement claiming small entity status is enclosed, subtract 50% of Total App. Fee | | | | | -1,121.00 |
| PATENT APPLICATION FILING FEE | | | | | 1,121.00 |

### Total Fee

The Total Fee associated with this communication has been calculated as shown below:

| | | | | |
|---|---|---|---|---|
| x | Patent application filing fee | | | $ 1,121.00 |
| — | Net fee for extension of time | | $ _____ | |
| — | Assignment recordation fee | | $ _____ | |
| x | Surcharge under 37 C.F.R. §1.16(c) for late filing of oath or declaration | | | |
| | ___ Large Entity ($130.00) | | $ _____ | |
| | _x_ Small Entity ($65.00) | | | $ 65.00 |
| | TOTAL FEE DUE: | | | $ 1,186.00 |

### Method of Payment of Fees

[ ]  A check in the amount of $_____

[x]  Charge $1,186.00 to Deposit Account No. 23-2415 (Docket No. 18461-709).

The Commissioner is hereby authorized to charge any fees that may be required by this paper, including petition

fees, to Deposit Account No. 23-2415 (Docket No. 18461-709). A duplicate of this paper is enclosed.

Respectfully submitted,
WILSON, SONSINI, GOODRICH & ROSATI

Date: 10/8/97

By _____
Paul Davis, Reg. No. 29,294

650 Page Mill Road
Palo Alto, CA 94304-1050
(415) 493-9300

H:\PRIVATE\W7\DOCS\PDUANGU\99.MF



PATENT
Attorney Docket No. 18461-709

## COMBINED CIP DECLARATION AND POWER OF ATTORNEY
## FOR UTILITY PATENT APPLICATION

As a below-named inventor, I hereby declare that:

My residence, post office address and citizenship are as stated below next to my name:

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled:

### INTRAVASCULAR STENT

the specification of which

___ is attached hereto.

X    was filed on  __April 21, 1997__ as Application No.  __08/845,657__

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose all information which is material to patentability as defined in Title 37, Code of Federal Regulations, §1.56(a) which states in relevant part: "Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section....The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98."

I hereby claim foreign priority benefits under Title 35, United States Code, §119 of any foreign application(s) for patent or inventor's certificate as indicated below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

Prior Foreign Application(s):                                  Priority Claimed

| (Number) | (Country) | (Day/Month/Year Filed) | Yes | No |
|----------|-----------|------------------------|-----|-----|

| (Number) | (Country) | (Day/Month/Year Filed) | Yes | No |
|----------|-----------|------------------------|-----|-----|

I hereby claim the benefit under Title 35, United States Code, §120 of any United States application(s) listed below and, insofar as this is a continuation-in-part application filed under the conditions set forth in 35 United States Code, §120, which discloses and claims subject matter in addition to the prior copending application(s) listed below, I acknowledge the duty to disclose to the

H:\PATENT\18461\DOC\POA\POA18461.DOC

09/22/97  15:08    WILSON SONSINI → 9097941938                NO.271  P004

Attorney Docket No. 18461-709

United States Patent Office all information known to be material to patentability as defined in Title 37, Code of Federal Regulations, §1.56 which became available between the filing date of the prior application and the national or PCT international filing date of this application:

| | | |
|---|---|---|
| 08/845,734 | April 25, 1997 | Pending |
| (Application Serial No.) | (Filing Date) | (Patented, Pending, Abandoned) |
| 08/824,142 | March 25, 1997 | Pending |
| (Application Serial No.) | (Filing Date) | (Patented, Pending, Abandoned) |
| 08/824,866 | March 26, 1997 | Pending |
| (Application Serial No.) | (Filing Date) | (Patented, Pending, Abandoned) |
| 08/824,865 | March 25, 1997 | Pending |
| (Application Serial No.) | (Filing Date) | (Patented, Pending, Abandoned) |
| 60/017,484 | April 26, 1996 | Pending |
| (Application Serial No.) | (Filing Date) | (Patented, Pending, Abandoned) |

I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith, and to file, prosecute and to transact all business in connection with international applications directed to said invention:

| | |
|---|---|
| Paul Davis | 29,294 |
| Mark A. Haynes | 30,846 |
| David J. Weitz | 38,362 |
| Kent R. Richardson | 39,443 |
| Charles C. Cary | 36,764 |

Address all correspondence to:

Paul Davis
Wilson, Sonsini, Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304

Direct all telephone calls to Paul Davis at (415) 493-9300.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Title 18, United States Code, §1001 and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

H\PRIVATE\WPDOCS\MAH\2916.DOC                    -2-

09/22/97  15:89    WILSON-SONSINI + 9097941930                    NO.271  P005

Attorney Docket No. 18461-709

| | |
|---|---|
| Full name of sole or first inventor: | G. David Jang |
| Inventor's signature: | |
| Date: | 9-20-'97 |
| Citizenship: | US |
| Residence: | 30725 Eastborn Lane, Redlands, CA 92374 |
| Post Office Address: | Same as above |

-2-

JFH  000185

09/22/97  15:89    WILSON·SONSINI + 9897941938                    NO.271  P886

Au...y Docket No. 10461-709



### VERIFIED STATEMENT CLAIMING SMALL ENTITY STATUS
### 37 C.F.R. § 1.9(f) AND 1.27(b) – INDEPENDENT INVENTOR

As a below named inventor, I hereby declare that I qualify as an independent inventor as defined in 37 C.F.R. §1.9(c) for purposes of paying reduced fees under Section 41(a) and (b) of Title 35, United States Code, to the Patent and Trademark Office with regard to the invention entitled:

### INTRAVASCULAR STENT

described in

____ the specification filed herewith;

__x__ application no. __08/845,457__ filed __April 25, 1997__

____ patent no. _____ issued _____

I have not assigned, granted, conveyed or licensed and am under no obligation under contract or law to assign, grant, convey or license, any rights in the invention to any person who could not be classified as an independent inventor under 37 C.F.R. §1.9(c) if that person had made the invention, or to any concern which would not qualify as a small business concern under 37 C.F.R. §1.9(d) or a nonprofit organization under 37 C.F.R. §1.9(e).

Each person, concern or organization to which I have assigned, granted, conveyed, or licensed or am under an obligation under contract or law to assign, grant, convey, or license any rights in the invention is listed below:

__x__ no such person, concern, or organization

____ persons, concerns or organizations listed below

NAME: _____

ADDRESS: _____

[ ] Individual    [ ] Small Business Concern    [ ] Nonprofit Organization

I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small business entity is no longer appropriate. (37 C.F.R. §1.28(b)).

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

Name of Person Signing:    __G. David Jang__

Title of Person Signing:    _____

Address of Person Signing:    __30725 Eastburn Lane, Redlands, CA 92374__

Signature:    _____

Date:    __9-20-97__

* Note: Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities. (37 C.F.R. § 1.27).

H:\PRIVATE\WP\DOCS\JDVANG\009.2S3

JFH  000186

9220

#41 Prior Art

CERTIFICATE OF MAILING
I hereby certify that this correspondence is being deposited with the U.S. Postal Service with sufficient postage as first class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on _November 3, 1997_
Drew R. Herndon
(Typed or Printed Name of Person Mailing Paper or Fee)

(Signature of Person Mailing Paper or Fee)

PATENT

Attorney Docket No. 18461-709

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application | ) PATENT APPLICATION |
| | ) |
| Inventor(s):  G. David Jang | ) |
| | ) Art Unit:  Unknown |
| Application No.:  08/845,657 | ) |
| | ) Examiner:  Unknown |
| Filed:  April 25, 1997 | ) |
| | ) |
| Title:  INTRAVASCULAR STENT | ) |

RECEIVED
DEC 3 1997
GROUP 330

### INFORMATION DISCLOSURE STATEMENT UNDER 37 C.F.R. §1.97

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Listed below or on an attached Form PTO-1449 is information known to applicant(s).  A copy of each listed publication and U.S. and foreign patent, except for pending U.S. applications, is being submitted herewith, along with a concise explanation of information in a foreign language, if any, pursuant to 37 C.F.R. §1.97-1.98.

Applicants respectfully request that the listed information be considered by the Examiner and be made of record in the above-identified application.  If form PTO-1449 is enclosed, the Examiner is requested to initial and return it in accordance with MPEP §609.

This statement is not intended to represent that a search has been made or that the information cited in the statement is, or is considered to be, material to patentability as defined in §1.56.

- 1 -

::ODMA\PCDOCS\SQL1\183390\1
Attorney Docket No.: 18461-709

**X**    This statement qualifies under *37 C.F.R. §1.97, subsection (b)* because (check all that apply):

___    (1)    It is being filed within 3 months of the application filing date
— OR —

___    (2)    It is being filed within 3 months of entry of a national stage
— OR —

**X**    (3)    It is being filed before the mail date of the first Office Action on the merits.

___    *37 C.F.R. §1.97(c)*. If this statement is being filed after the latest of: (1) three months beyond the filing date of a national application; (2) three months beyond the date of entry of the national stage as set forth in §1.491 in an international application; or (3) the mailing date of a first Office action on the merits, but before the mailing date of the earlier of a final office action under §1.113 or a notice of allowance under §1.311, then:

___    a certification as specified in §1.97(e) is provided below; or

___    a fee of $240.00 as set forth in §1.17(p) is authorized below, enclosed, or included with the payment of other papers filed together with this statement.

___    *37 C.F.R. §1.97(d)*. If this statement is being filed after the mailing date of the earlier of a final office action under §1.113 or a notice of allowance under §1.311, but before payment of the issue fee, then:

A.    a certification as specified in §1.97(e) is completed below; and

B.    a petition under 37 C.F.R. §1.97(d) requesting consideration of this statement is submitted herewith; and

C.    a fee of $130.00 as set forth in §1.17(i)(1) is authorized below, enclosed, or included with the payment of other papers filed together with this statement.

**X**    *Fee Authorization.* The Commissioner is hereby authorized to charge the above-referenced fees of $ __0__ and charge any additional fees or credit any overpayment associated with this communication to Deposit Account No. 23-2415 (Docket No. 18461-709).

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

Date: 11/3/97

By: _____
Paul Davis
Reg. No. 29,294

650 Page Mill Road
Palo Alto, CA 94304-1050
(650) 493-9300

- 2 -

::ODMA\PCDOCS\SQL1\143390\1
Attorney Docket No.: 18461-709

JFH  000187

SHEET 1 OF 1

| INFORMATION DISCLOSURE CITATION | ATTY. DOCKET NO. 18461-709 | SERIAL NO. 08/845,657 |
|---|---|---|
| PTO-1449 | APPLICANT G. David Jang | |
| | FILING DATE April 25, 1997 | GROUP ~~Unknown~~ 3306 |

OIPE JG24 MN 07 1997

**U.S. PATENT DOCUMENTS**

| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|
| TBM | 5,449,373 | 9-12-95 | Pinchasik et al. | 606 | 198 | 3-17-94 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| EXAMINER'S INITIALS | PATENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|
| Ten | 0 709 067 A2 | 01/05/96 | Europe | A61F | 2/06 | | |
| | 0 679 372 A2 | 02/11/95 | Europe | A61B | 19/00 | | |
| | 0 587 197 A1 | 16/03/94 | Europe | A61F | 2/04 | | |
| | WO96/03029 | 08/02/96 | PCT | A61F | 2/02 | | |
| | WO96/26689 | 06/09/96 | PCT | A61F | 2/06 | | |
| | 29608037 U1 | 22/08/96 | Germany | A61M | 29/00 | | |
| Ten | 4303181 A1 | 11/08/94 | Germany | A61M | 29/00 | | |

**OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)**

| | |
|---|---|
| | |
| | |
| | |
| | |
| | |

| EXAMINER  TRAN NGUYEN | DATE CONSIDERED  11/29/97 |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

H:\PRIVATE\WPDOCS\PDN\ANG\IDS1449.309



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/845,667 | 04/25/97 | JANG | G | 16461.709 |

```
      ┌                              ┐   33M1/0127
        PAUL DAVIS
        WILSON SONSINI GOODRICH & ROSATI
        650 PAGE MILL ROAD
        PALO ALTO CA 94304-1050
      └                              ┘
```

| EXAMINER |  |
|---|---|
| NGUYEN, T |  |
| ART UNIT | PAPER NUMBER |
| 3308 |  |

DATE MAILED:          01/27/98

Please find below a communication from the EXAMINER in charge of this application.

Commissioner of Patents

PTOL-90 (Rev. 6-94)

1 - PATENT APPLICATION FILE COPY

JFH  000189

| *Office Action Summary* | Application No. 09/845,657 | Applicant(s) JANG |
|---|---|---|
| | Examiner Tran Nguyen | Group Art Unit 3308 |

☒ Responsive to communication(s) filed on **Apr 25, 1997**

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___**3**___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-86* _____ is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-3, 5, 7-18, 21, 24-30, 39-45, 48-50, 52-58, 60-62, 64, 66-73, 76, and are rejected.*
                                                                    74

☒ Claim(s) *4, 6, 19, 20, 22, 23, 31-38, 46, 47, 51, 53, 63, 65, 74, 75, 77, 78, and are objected to.*
                                                                                 79-86

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

       ☐ received.

       ☐ received in Application No. (Series Code/Serial Number) _____

       ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). ___**4**___

☐ Interview Summary, PTO-413

☒ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

— *SEE OFFICE ACTION ON THE FOLLOWING PAGES* —

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)                    Office Action Summary                    Part of Paper No. ___**5**___

JFH  000190

Serial Number: 08/845,657                                                          Page 2
Art Unit: 3308

### Drawings

1.      This application has been filed with informal drawings which are acceptable for

examination purposes only.  Formal drawings will be required when the application is allowed.

### Specification

2.      The disclosure is objected to because of the following informalities:

(a)     On page 1, lines 5-16 contain blank spaces which need to be filled in with the appropriate

information.  In line 27, replace "alterative" with -- alternative --.

(b)     On page 4, line 10, replace "axio-lateral" with -- axio-laterally --.

(c)     On page 16, line 19, after "way" insert -- to --.

(d)     On page 17, line 11, replace "Reenforcement" with -- reenforcement --.

        Appropriate correction is required.

### Claim Objections

3.      Claims 3-6 are objected to because of the following informalities:

(a)     Regarding claims 3-6, applicant should delete the "column" from "first expansion column

strut pair" and "second column expansion strut pair", to keep claim terminology consistent with

claim 1 upon which these claims depend.  Appropriate correction is required.

Serial Number: 08/845,657                                                                                    Page 3
Art Unit: 3308

### *Claim Rejections – 35 USC § 102*

4.    The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless —
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

5.    Claims 1-3, 5, 7-18, 21, 24-30, 39-45, 48-50, 52-58, 60-62, 64, 66-73, 76 and 79 are

rejected under 35 U.S.C. 102(b) as being anticipated by Pinchasik et al. (EP 079 067 A2), for the

following reasons:

(a)    With respect to claims 1, 5, 16, 18, 24-29, 39, 40, 44, 45, 48, 50, 52-56, 58, 66, 71, 72,

and 76, see refer to the modified Figure 2 attached to this office action, wherein:

   20A represents the first expansion column;

   20B represents the second expansion column;

   20C represents the third expansion column;

   30A represents the first connecting strut column; and

   30B represents the second connecting strut column.

(b)    With respect to claims 7-12, in so far as applicant has not recited any particular radius of

curvature or slant angle, please refer to the modified Figure 2 attached to this office action.

(c)    With respect to claims 17 and 57, please refer to the modified Figure 2 attached to this

office action, wherein m = 2.

JFH  000192

Serial Number: 08/845,657                                                    Page 4
Art Unit: 3308

(d)    With respect to claims 21 and 64, please refer to the modified Figure 2 attached to this

office action, wherein the far left edge defines the first reenforcement column, and the far right

edge defines the second reenforcement column.

(e)    With respect to claims 30 and 70, please refer to the modified Figure 2 attached to this

office action, wherein at least a portion within the configurations are symmetrical.

(f)    With respect to claims 2, 41-43, 49, 60-62, 67-69, and 73, please refer to Figure 2A of

Pinchasik et al.

(g)    With respect to claim 79, in so far as this stent formed from etched sheet metal which

expands when pressure is internally applied (col. 1, lines 5-8 and col. 2, lines 25-33), it is inherent

that the stent is configured to be positioned at an exterior of an expandable balloon.


### *Claim Rejections - 35 USC § 103*

6.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

7.    Claims 13-15 are rejected under 35 U.S.C. 103(a) as being unpatentable over Pinchasik et

al. '067 in view of Lam et al. (EP 0 679 372 A2), for the following reasons:

With respect to claims 13-15, Pinchasik et al. discloses the invention substantially as

claimed (please refer to the modified Figure 2 attached to this office action). However, Pinchasik

et al. fails to disclose that at least the ends of the stent include an electroplated material for use as

JFH  000193

Serial Number: 08/845,657                                                    Page 5
Art Unit: 3308

a radiopaque marker. Lam et al. teaches plating the ends of an expandable stent with gold for use

as a radiopaque marker (col. 2, lines 13-58 and col. 3, lines 1-15) so that the location, length, and

diameter of the stent can be determined under fluoroscopy. It would have been obvious to one of

ordinary skill in the art at the time of the invention to have goldplated the ends of the expandable

stent of Pinchasik et al., as taught by Lam et al., so that the location, length, and diameter of the

stent can be determined under fluoroscopy.

### Allowable Subject Matter

8.      Claims 4, 6, 19, 20, 22, 23, 31-38, 46, 47, 51, 59, 63, 65, 74, 75, 77, 78, and 80-86 are

objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in

independent form including all of the limitations of the base claim and any intervening claims.

### Conclusion

9.      The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure. Fischell et al. (U.S. Patent No. 5,697,971), Fischell et al. (U.S. Patent No.

5,695,516), Klein (U.S. Patent No. 5,593,442), Orth et al. (U.S. Patent No. 5,591,197), and

Miksza (EP 606 165 A1) all show various features of the claimed invention.

JFH  000194

Serial Number: 08/845,657                                              Page 6
Art Unit: 3308

      Any inquiry concerning this communication or earlier communications regarding this

application should be directed to Tram Nguyen at (703) 308-0804/(703)305-3590 (FAX). If you

are unable to reach me, please contact my supervisor, John Weiss, at (703) 308-2702. In a case

requiring immediate assistance, please call (703) 308-0858 to reach the main operator.

*Tan*
TAN
January 20, 1998

MICHAEL J. MILANO
PRIMARY EXAMINER
ART UNIT 3308

JFH  000195

JFH  000196

| | | Application No. 08/945,857 | | Applicant(s) JANG | | | |
|---|---|---|---|---|---|---|---|
| **Notice of References Cited** | | Examiner Tram Nguyen | | Group Art Unit 3308 | | Page 1 of 1 | |

**U.S. PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| A | 5,697,971 | 12/1997 | Fischell et al. | | 623 | 1 |
| B | 5,695,516 | 12/1997 | Fischell et al. | | 606 | 194 |
| C | 5,593,442 | 1/1997 | Klein | | 623 | 1 |
| D | 5,591,197 | 1/1997 | Orth et al. | | 606 | 194 |
| E | | | | | | |
| F | | | | | | |
| G | | | | | | |
| H | | | | | | |
| I | | | | | | |
| J | | | | | | |
| K | | | | | | |
| L | | | | | | |
| M | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | 606 165 A1 | 7/1994 | EP | Mikaza | 623 | 1 |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

**NON-PATENT DOCUMENTS**

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

U. S. Patent and Trademark Office
PTO-892 (Rev. 9-95)                    Notice of References Cited                    Part of Paper No. 5

EP 006696165 A1
JUL 1994

★ ETHI        P22              94-319805/27        ★ EP 606165-A1
**Stent for blood vessel or bile duct - comprises open-ended tube with slots which are rounded, and includes intermediate articulatable section (Eng)**
    ETHICON INC 93.01.06 93US-000897
    (94.07.13)  A61F 2/06
94.01.06 94EP-300084 R(BE DE DK ES FR GB IE IT LU NL PT)
    The stent (54) comprises a hollow tube open at both stent ends and having a series of slots, with the stent ends and the slots being rounded. The stent provides smooth surfaces, obviating the abrading of the body passageway. The stent is provided with an articulatable section at an intermediate position along the longitudinal length of the stent.
    The articulatable section comprises bendable struts. The stent is mounted on an inflatable balloon capable of providing an expanding force for the radial expansion of the stent.
    ADVANTAGE - Is radially expanded within a body passageway from a first to a second diameter by the inelastic deformation of the material of which the stent is comprised. (11pp Dwg.No.4/5)
    CT: EP274846 EP336341 US5103417 US5158545
N94-173745





© 1994 DERWENT PUBLICATIONS LTD.
Derwent House, 14 Great Queen Street, London WC2B 5DF England, UK
US Office: Derwent Inc., 1313 Dolley Madison Blvd., Suite 401, McLean VA 22101, USA
Unauthorised copying of this abstract not permitted

DERWENT
Scientific and Patent Information

JFH  000198

Attachment    _5_

The drawings submitted with this application were declared informal by the applicant. Accordingly they have not been reviewed by a draftsperson at this time. When formal drawings are submitted, the draftsperson will perform a review.

Direct any inquires concerning drawing review to the Drawing Review Branch (703) 305-8404.



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/845,657 | 04/25/97 | JAN G | 18461.789 |

EXAMINER
T. NGUYEN

| ART UNIT | PAPER NUMBER |
|---|---|
| 3738 | |

DATE MAILED:

## INTERVIEW SUMMARY

All participants (applicant, applicant's representative, PTO personnel):

(1) Paul Davis                    (3) David Willse

(2) Tram Nguyen                   (4)

Date of Interview: 05 June 1998

Type: ☐ Telephonic  ☑ Personal (copy is given to ☐ applicant ☑ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☑ No   If yes, brief description: _____

Agreement ☑ was reached. ☐ was not reached.

Claim(s) discussed: Claims 1 and 24

Identification of prior art discussed: Pinchasik et al. '373

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:

Proposed claim language was discussed which language appears
to distinguish applicant's invention over the art of record. Applicant
is encouraged to submit the proposed language to claims 1 and 24
in a formal amendment.

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable, must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

1. ☑ It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐ Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action. Applicant is not relieved from providing a separate record of the substance of the interview unless box 1 above is also checked.

Examiner Note: You must sign this form unless it is an attachment to another form.

FORM PTOL-413 (REV.1-98)

Manual of Patent Examining Procedure, Section 713.04 Substance of Interview must Be Made of Record

A complete written statement as to the substance of any face-to-face or telephonic interview with regard to an application must be made of record in the application, whether or not an agreement with the examiner was reached at the interview.

§1.133 Interviews

(b) In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for response to Office action as specified in §§ 1.111, 1.135. (35 U.S.C.132)

§ 1.2. Business is to be transacted in writing. All business with the Patent and Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete a two-sheet carbon interlded Interview Summary Form for each interview held after January 1, 1976 where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks in next handwritten item using a ball point pen. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the file, are excluded from the interview recordation procedures below.

The Interview Summary Form shall be given an appropriate paper number, placed in the right hand portion of the file, and listed on the "Contents" list on the file wrapper. The docket and serial register cards need not be updated to reflect interviews. In personal interview, the duplicate copy of the Form is removed and given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephonic interview, the copy is mailed to the applicant's correspondence address after which and prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the telephonic interview rather than with the next official communication.

The Form provides for recordation of the following information:

– Serial Number of the application
– Name of applicant
– Name of examiner
– Date of interview
– Type of interview (personal or telephonic)
– Name of participant(s) (applicant, attorney or agent, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the claims discussed
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). (Agreements as to allowability are tentative and do not restrict further action by the examiner to the contrary.)
– The signature of the examiner who conducted the interview
– Names of other Patent and Trademark Office personnel present.

The Form also contains a statement reminding the applicant of his responsibility to record the substance of the interview.

It is desirable that the examiner orally remind the applicant of his obligation to record the substance of the interview in each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check a box at the bottom of the Form informing the applicant that he need not supplement the Form by submitting a separate record of the substance of the interview.

It should be noted, however, that the interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:

1) A brief description of the nature of any exhibit shown or any demonstration conducted.
2) an identification of the claims discussed,
3) an identification of specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner. The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he feels were or might be persuasive to the examiner.
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of an interview. If the record is not complete or accurate, the examiner will give the applicant one month from the date of the notifying letter or the remainder of any period for response, whichever is longer, to complete the response and thereby avoid abandonment of the application [37 CFR 1.135(c) ].

Examiner to Check for Accuracy

Applicant's summary of what took place at the interview should be carefully checked to determine the accuracy of any argument or statement attributed to the examiner during the interview. If there is an inaccuracy and it bears directly on the question of patentability, it should be pointed out in the next Office letter. If the claims are allowable for other reasons of record, the examiner should send a letter setting forth his or her version of the statement attributed to him. If the record is complete and accurate, the examiner should place the indication "interview record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

JFH  000201

Application No. 08/845,657
Page 2

replace "alterative" with --alternative--.

Page 4, line 10

replace "axio-lateral" with --axio-laterally--.

Page 16, line 19

after "way" insert --to--.

Page 17, line 11

replace "Reenforcement" with --reenforcement--.

In the Claims

Please cancel claims 2,

Please amend the claims as follows:

1. (Amended) A stent in a non-expanded state, comprising:

a first expansion strut pair including a first expansion strut positioned adjacent to a second expansion strut and a joining strut of the first expansion strut pair that couples the first and second expansion struts at a distal end of the first expansion strut pair, a plurality of the first expansion strut pair forming a first expansion column;

a second expansion strut pair including a first expansion strut positioned adjacent to a second expansion strut and a joining strut of the second expansion strut pair that couples the first and second expansion struts of the second expansion strut pair at a proximal end of the second expansion strut pair, a plurality of the second expansion strut pair forming a second expansion column;

a first connecting strut including a first connecting strut proximal section, a first connecting strut distal section and a first connecting strut intermediate section, the first connecting strut proximal section being coupled to the distal end of the first expansion strut pair in the first expansion column and the first connecting strut distal section being coupled to the proximal end of the second expansion strut pair of the second expansion column, a plurality of the first connecting strut forming a first connecting strut column that couples the first expansion column to the second expansion column, [wherein a length of the first connecting strut proximal section [is] being equal to a length of the first connecting strut distal section and a length of the first connecting strut intermediate section [is] being greater than the length of the first connecting strut proximal and distal sections, wherein the first expansion strut of the first expansion strut pair in the first expansion column has a longitudinal axis offset from a longitudinal axis of the first expansion strut of the second expansion strut pair in the second expansion column.

H:\PRIVATE\WPDOCS\POLIANO\0069.AMD

JFH  000202





Attorney Docket No. 18461-709

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of:                )
                                     )
    Jang                             )      Group Art Unit: 3308
                                     )
Application No. 08/845,657           )      Examiner: Nguyen, T.
                                     )
Filed:  April 25, 1997               )
                                     )
For:   INTRAVASCULAR STENT           )
                                     )

                    AMENDMENT

Assistant Commissioner for Patents
Washington, D.C. 20231

RECEIVED
JUL    1998

GROUP 3200

Sir:

    This is in response to the Office Action mailed January 27, 1998,
submitted on or before the current due date of June 27, 1998.

    Applicant petitions the Commissioner for an extension of time of two
months, from April 27, 1998 to June 27, 1998. The Commissioner is authorized to
charge Deposit Account No. 23-2415 (18461-709) the amount of $200.00 for a
two month extension of time for a small entity.

    Applicant's attorney thanks Examiners Nguyen and Willse for the many
courtesies extended during the interview conducted on June 5, 1998.

In the Specification

    Please amend the specification as follows:

    Page 1, line 8

        , replace "_____, (Attorney Docket No. 17828.707)" with --
08/824,142--.

H:\PRIVATE\WPDOCS\FD\JANG\709.AMD
06/23/1998 DBIMINA 00000010 232415   08845657
01 FC:216      200.00 CH

Application No. 08/845,657
Page 2

Page 1, line 10

replace "_____, (Attorney Docket No. 17828.708)" with --
08/824,866--.

Page 1, lines 12-13

replace "_____, (Attorney Docket No. 17828.709)" with --
08/824,865--.

Page 1, lines 14-15

replace "_____, (Attorney Docket No. 17828.708)" with --
08/845,734--.

Page 1, line 27

replace "alterative" with --alternative--.

Page 4, line 10

replace "axio-lateral" with --axio-laterally--.

Page 16, line 19

after "way" insert --to--.

Page 17, line 11

replace "Reenforcement" with --reenforcement--.

**In the Claims**

Please cancel claim 2.

Please amend the claims as follows:

1. (Amended)  A stent in a non-expanded state, comprising:

a first expansion strut pair including a first expansion strut positioned
adjacent to a second expansion strut and a joining strut of the first expansion strut
pair that couples the first and second expansion struts at a distal end of the first
expansion strut pair, a plurality of the first expansion strut pair forming a first
expansion column;

H:\PRIVATE\WP\DOCS\PD\ANG\07.AMD

45

Application No. 08/845,657
Page 3

a second expansion strut pair including a first expansion strut positioned adjacent to a second expansion strut and a joining strut of the second expansion strut pair that couples the first and second expansion struts of the second expansion strut pair at a proximal end of the second expansion strut pair, a plurality of the second expansion strut pair forming a second expansion column;

a first connecting strut including a first connecting strut proximal section, a first connecting strut distal section and a first connecting strut intermediate section, the first connecting strut proximal section being coupled to the distal end of the first expansion strut pair in the first expansion column and the first connecting strut distal section being coupled to the proximal end of the second expansion strut pair of the second expansion column, a plurality of the first connecting strut forming a first connecting strut column that couples the first expansion column to the second expansion column, [wherein a length of the first connecting strut proximal section is equal to a length of the first connecting strut distal section, and a length of] the first connecting strut intermediate section [is] being non-parallel to [greater than the length of] the first connecting strut proximal and distal sections, wherein the first expansion strut of the first expansion strut pair in the first expansion column has a longitudinal axis offset from a longitudinal axis of the first expansion strut of the second expansion strut pair in the second expansion column.

2. /5.    (Amended)  The stent of claim 1, wherein a spacing distance between the first expansion [column] strut pair and an adjacent first expansion [column] strut pair in the first expansion column are the same.

3. /     (Amended)  The stent of claim 1, wherein a spacing distance between the second [column]  expansion strut pair and an adjacent second [column] expansion strut pair in the second  expansion column are different.

H:\PRIVATE\WPDOCS\PDNAN0308.AMD

Application No. 08/845,657
Page 4

5. (Amended) The stent of claim 1, wherein a spacing distance between the first expansion [column] strut pair and an adjacent first expansion [column] strut pair in the first expansion column, and a spacing distance between the second [column] expansion strut pair and an adjacent second [column] expansion strut pair in the second expansion column are the same.

6. (Amended) The stent of claim 1, wherein a spacing distance between the first expansion [column] strut pair and an adjacent first expansion [column] strut pair in the first expansion column, and a spacing distance between the second [column] expansion strut pair and an adjacent second [column] expansion strut pair in the second expansion column are different.

24. (Amended) A stent in a non-expanded state, comprising: a first expansion column formed of a plurality of first expansion column strut pairs, a first expansion strut pair including a first expansion strut adjacent to a second expansion strut and a first joining strut that couples the first and second expansion struts at a proximal end of the first expansion strut pair, a second expansion strut pair including a third expansion strut adjacent to the second expansion strut and a second joining strut that couples the second and third expansion struts at a distal end of the second expansion strut pair, a third expansion strut pair including a fourth expansion strut adjacent to the third expansion strut and a third joining strut that couples the third and fourth expansion struts at a proximal end of the third expansion strut pair, a fourth expansion strut pair including a fifth expansion strut adjacent to the fourth expansion strut and a fourth joining strut that couples the fourth and fifth expansion struts at a distal end of the fourth expansion strut pair, a first expansion strut pair first corner formed where the first joining strut is coupled to the first expansion strut, and a first expansion strut pair second corner formed where the first joining strut is coupled

K:\PRIVATE\WPDOCS\PDVANCX09.AM3

Application No. 08/845,657
Page 5

to the second expansion strut, and a second expansion strut pair first corner
formed where the second joining strut is coupled to the second expansion strut,
and a second expansion strut pair second corner formed where the second joining
strut is coupled to the third expansion strut, and a third expansion strut pair first
corner formed where the third joining strut is coupled to the third expansion strut,
and a third expansion strut pair second corner formed where the third joining strut
is coupled to the fourth expansion strut, and a fourth expansion strut pair first
corner formed where the fourth joining strut is coupled to the fourth expansion
strut, and a fourth expansion strut pair second corner formed where the fourth
joining strut is coupled to the fifth expansion strut;

a second expansion column formed of a plurality of second expansion
column strut pairs, a first expansion strut pair including a first expansion strut
adjacent to a second expansion strut and a first joining strut that couples the first
and second expansion struts at a proximal end of the first expansion strut pair, a
second expansion strut pair including a third expansion strut adjacent to the
second expansion strut and a second joining strut that couples the second and third
expansion struts at a distal end of the second expansion strut pair, a third
expansion strut pair including a fourth expansion strut adjacent to the third
expansion strut and a third joining strut that couples the third and fourth expansion
struts at a proximal end of the third expansion strut pair, a fourth expansion strut
pair including a fifth expansion strut adjacent to the fourth expansion strut and a
fourth joining strut that couples the fourth and fifth expansion struts at a distal end
of the fourth expansion strut pair, a first expansion strut pair first corner formed
where the first joining strut is coupled to the first expansion strut, and a first
expansion strut pair second corner formed where the first joining strut is coupled
to the second expansion strut, and a second expansion strut pair first corner
formed where the second joining strut is coupled to the second expansion strut,
and a second expansion strut pair second corner formed where the second joining

H:\PRIVATE\WPDOCS\PD\AMC\0709.AMD

Application No. 08/845,657
Page 6

strut is coupled to the third expansion strut, and a third expansion strut pair first corner formed where the third joining strut is coupled to the third expansion strut, and a third expansion strut pair second corner formed where the third joining strut is coupled to the fourth expansion strut, and a fourth expansion strut pair first corner formed where the fourth joining strut is coupled to the fourth expansion strut, and a fourth expansion strut pair second corner formed where the fourth joining strut is coupled to the fifth expansion strut; and

a first connecting strut column formed of a plurality of first connecting struts, each connecting strut of the first connecting strut column including a connecting strut proximal section, a connecting strut distal section and a connecting strut intermediate section, a first connecting strut proximal section is coupled to the joining strut of the second expansion strut pair of the first expansion strut column, and a first connecting strut distal section is coupled to the joining strut of the first expansion strut pair of the second expansion strut column, and a second connecting strut proximal section is coupled to the joining strut of the fourth expansion strut pair of the first expansion strut column, and a second connecting strut distal section is coupled to the joining strut of the third expansion strut pair of the second expansion strut column, [wherein a length of the connecting strut proximal section is the same as a length of the connecting strut distal section and the connecting strut intermediate section has a length that is greater than the lengths of the connecting strut distal and proximal sections], the first connecting strut intermediate section being non-parallel to the first connecting strut proximal and distal sections, wherein the first expansion strut of the first expansion strut pair in the first expansion column has a longitudinal axis offset from a longitudinal axis of the first expansion strut of the second expansion strut pair in the second expansion column.

H:\PRIVATE\WPDOCS\PDN\ANQ\09.AMD

Application No. 08/845,657
Page 7

## REMARKS

The Examiner has objected to the disclosure because of informalities and typographical errors, and requires correction. The Examiner has also objected to dependent claims 3-6 because of informalities and requires correction. Applicant has amended the specification and claims 3-6 to overcome these grounds of objection.

Applicant thanks the Examiner for his indication that claims 4, 6, 19, 20, 22, 23, 31-38, 46-47, 51, 59, 63, 65, 74-75, 77-78 and 80-86 would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

Claims 1-3, 5, 7-18, 21, 24-30, 39-45, 48-50, 52-58, 60-62, 64, 66-73, 76 and 79 have been rejected under 35 U.S.C. § 102(b) as anticipated by EP 079067A2 ("Pinchasik, et al.). Claims 13-15 stand rejected under 35 U.S.C. § 103 as being obvious over Pinchasik, et al. in view of EP 0679372A2 ("Lam, et al."). These grounds of rejection are respectively traversed.

The present invention is a stent with a first connecting strut with proximal, distal and intermediate sections. The intermediate section is non-parallel to the proximal and distal sections. Additionally, the stent has a first expansion strut of a first expansion strut pair in a first expansion column that has a longitudinal axis which is offset from a longitudinal axis of a first expansion strut of the second expansion strut pair in a second expansion column.

Pinchasik et al., fails to teach or suggest such a structure. Pinchasik et al., in combination with Lam et al., also fails to tach or suggest such a structure. Additionally, there is no suggestion or motivation to combine the teachings of Pinchasik et al., with Lam et al. to obtain the stent of the present invention.

H:\PRIVATE\WPDOCS\NPU\ANGIO09.AMD

JFH  000209

Application No. 08/845,657
Page 8

## CONCLUSION

Applicant believes that the application is now in condition for allowance and respectfully requests issuance of a notice of allowance.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

Date: 6/17/98    By: _____

Paul Davis, Reg. No. 29,294

650 Page Mill Road
Palo Alto, California 94304
(415) 493-9300

14\PRIVATE\WPDOCS\PDAVIS\701.AMD

JFH  000210

Please type a plus sign (+) inside this box [ + ]

PTO/SB/21 (12-97)
Approved for use thru... Skkt. OMB 0651-0031
Patent and Trademark Office, U.S.    ...ARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

(to be used for all correspondence after initial filing)

| | |
|---|---|
| Application Number | 08/845,657 |
| Filing Date | 04/25/97 |
| First Named Inventor | Jang |
| Group Art Unit | 3308 |
| Examiner Name | Nguyen, T. |

Total Number of Pages in This Submission

Attorney Docket Number    18461-709

## ENCLOSURES

| | |
|---|---|
| [X] Fee Transmittal Form | [ ] Assignment Papers (for an Application) |
|     [X] Authorization to Charge Deposit Account Attached | [ ] Drawing(s) |
| [X] Amendment/Response | [ ] Revocation and Power of Attorney by Assignee |
|     [ ] After Final | [ ] Petition Routing Slip (PTO/SB/69) and Accompanying Petition |
|     [ ] Affidavit/declarations | [ ] To Convert a Provisional Application |
| | [ ] Declaration of Inventor(s) |
| [X] Extension of Time Request | [ ] Terminal Disclaimer |
| | [ ] Small Entity Statement |
| [ ] Express Abandonment Request | [ ] Request for Corrected Filing Receipt |
| | [ ] After Allowance Communication to Group |
| [ ] Information Disclosure Statement | [ ] Appeal Communication to Board of Appeals and Interferences |
| | [ ] Appeal Communication to Group (Appeal Notice, Brief, Reply Brief) |
| | [ ] Proprietary Information |
| [ ] Certified Copy of Priority Document(s) | [ ] Status Letter |
| | [ ] Additional Enclosure(s) (please identify below) |
| [ ] Response to Missing Parts under 37 CFR 1.52 or 1.53 | Remarks |

RECEIVED
JUL 1 1998
GROUP 3200

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

Firm or Individual Name    PAUL-SWISS, REG. NO. 29,234, WILSON SONSINI GOODRICH & ROSATI

Signature _____    Date 6/17/98

## CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the U.S. Postal Service with sufficient postage as first class mail to: Assistant Commissioner for Patents, Washington, D.C. 20231, on    Date 6/17/98

Typed or printed name    Jeffery R. Howard

Signature _____    Date 6/17/98

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

JFH  000211

PTO/SB/17 (12-97)
Approved for use through 9/30/00, OMB 0651-0032
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# FEE TRANSMITTAL

*Note: Effective October 1, 1997.*
*Patent fees are subject to annual revision.*

**TOTAL AMOUNT OF PAYMENT** ($) 200

| Complete If Known | |
|---|---|
| Application Number | 09/645,257 |
| Filing Date | 04/25/97 |
| First Named Inventor | Jang |
| Group Art Unit | 3306 |
| Examiner Name | Nguyen, T. |
| Attorney Docket Number | 16461-709 |

## METHOD OF PAYMENT (check one)

**1.** [x] The Commissioner is hereby authorized to charge indicated fees and credit any over payments to:

Deposit Account Number: 23-2415 (16461-709)

Deposit Account Name: Wilson Sonsini Goodrich & Rosati

[x] Charge Any Additional Fee Required Under 37 CFR 1.16 and 1.17

RECEIVED
GROUP 3200

**2.** [x] Payment Enclosed:
[ ] Check   [ ] Money Order   [x] Other

## FEE CALCULATION

### 1. FILING FEE

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 101 | 790 | 201 | 395 | Utility filing fee | |
| 106 | 330 | 206 | 165 | Design filing fee | |
| 107 | 540 | 207 | 270 | Plant filing fee | |
| 108 | 790 | 208 | 395 | Reissue filing fee | |
| 114 | 150 | 214 | 75 | Provisional filing fee | |

**SUBTOTAL (1)** ($)

### 2. CLAIMS

| | | Extra | | Fee from below | Fee Paid |
|---|---|---|---|---|---|
| Total Claims | - 20 = | | X | 22 | = |
| Independent Claims | - 3 = | | X | 82 | = |
| Multiple Dependent Claims | | | X | 270 | = |

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description |
|---|---|---|---|---|
| 103 | 22 | 203 | 11 | Claims in excess of 20 |
| 102 | 82 | 202 | 41 | Independent claims in excess of 3 |
| 104 | 270 | 204 | 135 | Multiple dependent claim |
| 109 | 82 | 209 | 41 | Reissue independent claims over original patent |
| 110 | 22 | 210 | 11 | Reissue claims in excess of 20 and over original patent |

**SUBTOTAL (2)** ($)

## FEE CALCULATION (continued)

### 3. ADDITIONAL FEES

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 105 | 130 | 205 | 65 | Surcharge - late filing fee or oath | |
| 127 | 50 | 227 | 25 | Surcharge - late provisional filing fee or cover sheet | |
| 139 | 130 | 139 | 130 | Non-English specification | |
| 147 | 2,520 | 147 | 2,520 | For filing a request for reexamination | |
| 112 | 920* | 112 | 920* | Requesting publication of SIR prior to Examiner action | |
| 113 | 1,840* | 113 | 1,840* | Requesting publication of SIR after Examiner action | |
| 115 | 110 | 215 | 55 | Extension for reply within first month | |
| 116 | 400 | 216 | 200 | Extension for reply within second month | 200 |
| 117 | 950 | 217 | 475 | Extension for reply within third month | |
| 118 | 1,510 | 218 | 735 | Extension for reply within fourth month | |
| 128 | 2,060 | 228 | 1,030 | Extension for reply within fifth month | |
| 119 | 310 | 219 | 155 | Notice of Appeal | |
| 120 | 310 | 220 | 155 | Filing a brief in support of an appeal | |
| 121 | 270 | 221 | 135 | Request for oral hearing | |
| 138 | 1,510 | 138 | 1,510 | Petition to institute a public use proceeding | |
| 140 | 110 | 240 | 55 | Petition to revive - unavoidable | |
| 141 | 1,320 | 241 | 660 | Petition to revive - unintentional | |
| 142 | 1,320 | 242 | 660 | Utility issue fee (or reissue) | |
| 143 | 450 | 243 | 225 | Design issue fee | |
| 144 | 670 | 244 | 335 | Plant issue fee | |
| 122 | 130 | 122 | 130 | Petitions to the Commissioner | |
| 123 | 50 | 123 | 50 | Petitions related to provisional applications | |
| 126 | 240 | 126 | 240 | Submission of Information Disclosure Stmt | |
| 581 | 40 | 581 | 40 | Recording each patent assignment per property (times number of properties) | |
| 146 | 790 | 246 | 395 | Filing a submission after final rejection (37 CFR 1.129(a)) | |
| 149 | 790 | 249 | 395 | For each additional invention to be examined (37 CFR 1.129(b)) | |

Other fee (specify)   25   Request for Corrected Filing Receipt

Other fee (specify)

* Reduced by Basic Filing Fee Paid

**SUBTOTAL (3)** ($)   200

## SUBMITTED BY

| Typed or Printed Name | Paul Davis | Complete (if applicable) | |
|---|---|---|---|
| Signature | | Reg. Number | 28,294 |
| | Date | Deposit Account User ID | 23-2415 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

DRHH:\PRIVATE\WPDOCS\PDJANG\709.FEE



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, DC 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/845,057 | 04/28/97 | JARG | G | 18461.709 |

QM31/0915

PAUL DAVIS
WILSON SONSINI GOODRICH & ROSATI
650 PAGE MILL ROAD
PALO ALTO CA 94304-1050

| EXAMINER |
|---|
| NGUYEN, T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3738 | |

DATE MAILED:     09/15/98

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (REV. 2/95)

☆U.S. GOVERNMENT PRINTING OFFICE 1995-349-826

1-File Copy

JFH  000213

| *Office Action Summary* | Application No. 08/845,657 | Applicant(s) JANG |
|---|---|---|
| | Examiner Tham Nguyen | Group Art Unit 3738 |

☒ Responsive to communication(s) filed on *Jun 22, 1998*

☒ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ____**3**____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-86* _____ is/are pending in the application.

  Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) *1-86* _____ is/are allowed.

☒ Claim(s) *1-86* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

  ☐ All ☐ Some* ☐ None  of the CERTIFIED copies of the priority documents have been

    ☐ received.

    ☐ received in Application No. (Series Code/Serial Number) _____

    ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

  *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

— *SEE OFFICE ACTION ON THE FOLLOWING PAGES* —

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)                    Office Action Summary                    Part of Paper No. __8__

Application/Control Number: 08/845,657                                    Page 2
Art Unit: 3738

## Specification

1.      In response to applicant's amendment of June 22, 1998, the examiner has withdrawn all

prior objections to the specification.

## Claim Objections

2.      In response to applicant's amendment of June 22, 1998, the examiner has withdrawn all

prior objections to the claims.

## Double Patenting

3.      Claims 1 and 24 of this application conflict with claims 1, 2, 4, 5, and 49 of Application

No. 08/824,142. 37 CFR 1.78(b) provides that when two or more applications filed by the same

applicant contain conflicting claims, elimination of such claims from all but one application may be

required in the absence of good and sufficient reason for their retention during pendency in more

than one application. Applicant is required to either cancel the conflicting claims from all but one

application or maintain a clear line of demarcation between the applications. See MPEP § 822.

4.      The nonstatutory double patenting rejection is based on a judicially created doctrine

grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or

improper timewise extension of the "right to exclude" granted by a patent and to prevent possible

harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed.

Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686

JFH  000215

Application/Control Number: 08/845,657                                Page 3
Art Unit: 3738

F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA

1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to

overcome an actual or provisional rejection based on a nonstatutory double patenting ground

provided the conflicting application or patent is shown to be commonly owned with this

application. See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal

disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

5.     Claims 1 and 24 are provisionally rejected under the judicially created doctrine of double

patenting over claims 1, 2, 4, 5, and 49 of copending Application No. 08/824,142. This is a

provisional double patenting rejection since the conflicting claims have not yet been patented.

The subject matter claimed in the instant application is fully disclosed in the referenced

copending application and would be covered by any patent granted on that copending application

since the referenced copending application and the instant application are claiming common

subject matter, as follows:

This application claims a first expansion column comprising a plurality of expansion strut

pairs, a second expansion column comprising a plurality of second column expansion strut pairs, a

first connecting strut column comprising struts which connect the first column expansion strut

pairs to the second column expansion strut pairs, and a second connecting strut column

comprising connecting struts which connect the second column expansion strut pairs to a third

JFH  000216

Application/Control Number: 08/845,657                                    Page 4
Art Unit: 3738

expansion column, wherein the expansion strut pairs of the first expansion column are longitudinally offset from the expansion strut pairs of the second expansion column.

Application No. 08/824,142 claims a first expansion column comprising a plurality of expansion strut pairs, each first expansion strut pair defining a first column loop slot, a second expansion column comprising a plurality of second column expansion strut pairs, each second expansion strut pair defining a second column loop slot, a first connecting strut column comprising struts which connect the first column expansion strut pairs to the second column expansion strut pairs, and a second connecting strut column comprising connecting struts which connect the second column expansion strut pairs to a third expansion column, wherein the first column loop slots are non-parallel or non-collinear to the second column loop slots. The application also claims that the first expansion strut in the first expansion column is circumferentially offset from a corresponding second expansion strut of the second expansion column.

Furthermore, there is no apparent reason why applicant would be prevented from presenting claims corresponding to those of the instant application in the other copending application. See *In re Schneller*, 397 F.2d 350, 158 USPQ 210 (CCPA 1968). See also MPEP § 804.

*Response to Arguments*

6.    Applicant's arguments with respect to claims 1-86 have been considered but are moot in view of the new ground(s) of rejection.

JFH  000217

Application/Control Number: 08/845,657                                    Page 5
Art Unit: 3738

## Conclusion

7.     **THIS ACTION IS MADE FINAL.**  Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

       A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the mailing date

of this final action.

JFH  000218

Application/Control Number: 08/845,657                                           Page 6
Art Unit: 3738

    Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Tram Nguyen whose telephone number is (703) 308-0804. The examiner

can normally be reached on Monday - Friday from 9:00 AM - 5:00 PM.

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Mickey Yu, can be reached at (703) 308-2672. The fax phone number for this group

is (703) 305-3590.

    Any inquiry of a general nature or relating to the status of this application or proceedings

should be directed to the group receptionist whose telephone number is (703) 308-0858.

TAN
September 13, 1998

MICHAEL J. MILANO
PRIMARY EXAMINER
ART UNIT 3738

CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the U.S. Postal Service with sufficient postage as first class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on ___9/4/98___

Michelle E. Crassin

PATENT

Attorney Docket No. 18461.709

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application | ) **PATENT APPLICATION** |
| Inventor(s):    G. David Jang | ) |
| Application No.:    08/845,657 | ) Art Unit:    3308 |
| Filed:    April 25, 1997 | ) Examiner:    Nguyen, T. |
| Title:    INTRAVASCULAR STENT | ) |

## INFORMATION DISCLOSURE STATEMENT UNDER 37 C.F.R. §1.97

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

    Listed below or on an attached Form PTO-1449 is information known to applicant(s). Due to the large number of references and since these same references are being cited on many applications, only one copy of each listed publication and U.S. and foreign patent, except for pending U.S. applications, is being submitted along with a concise explanation of information in a foreign language, if any, pursuant to 37 C.F.R. §1.97-1.98. The references are being submitted concurrent with this information disclosure statement in application serial number 08/642,053, which is a prior application to this application. An additional copy of these references will be supplied upon request.

    Applicants respectfully request that the listed information be considered by the Examiner and be made of record in the above-identified application. If form PTO-1449 is enclosed, the Examiner is requested to initial and return it in accordance with MPEP §609.

    This statement is not intended to represent that a search has been made or that the information cited in the statement is, or is considered to be, material to patentability as defined in §1.56.

::ODMA\PCDOCS\SQL2\62133\1

- 1 -

JFH 000220

—    This statement qualifies under *37 C.F.R. §1.97*, subsection (b) because (check all that apply):

     —   **(1)**   It is being filed within 3 months of the application filing date
                    — OR —
     —   **(2)**   It is being filed within 3 months of entry of a national stage
                    — OR —
     —   **(3)**   It is being filed before the mail date of the first Office Action on the merits.

**X**    *37 C.F.R. §1.97(c).* If this statement is being filed after the latest of: (1) three months beyond the filing date of a national application; (2) three months beyond the date of entry of the national stage as set forth in §1.491 in an international application; or (3) the mailing date of a first Office action on the merits, but before the mailing date of the earlier of a final office action under §1.113 or a notice of allowance under §1.311, then:

     —   a certification as specified in §1.97(e) is provided below; or

     **X**   a fee of $240.00 as set forth in §1.17(p) is authorized below, enclosed, or included with the payment of other papers filed together with this statement.

—    *37 C.F.R. §1.97(d).* If this statement is being filed after the mailing date of the earlier of a final office action under §1.113 or a notice of allowance under §1.311, but before payment of the issue fee, then:

     **A.**   a certification as specified in §1.97(e) is completed below; and

     **B.**   a petition under 37 C.F.R. §1.97(d) requesting consideration of this statement is submitted herewith; and

     **C.**   a fee of $130.00 as set forth in §1.17(i)(1) is authorized below, enclosed, or included with the payment of other papers filed together with this statement.

**X**    *Fee Authorization.* The Commissioner is hereby authorized to charge underpayment of any additional fees or credit any overpayment associated with this communication to Deposit Account No. 23-2415 (Docket No. 18461.709). A duplicate copy of this authorization is enclosed.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

Date: 9/4/98

By: _____
Paul Davis
Reg. No. 4704

650 Page Mill Road
Palo Alto, CA 94304-1050
(650) 493-9300

::ODMA\PCDOCS\SQL2\62138\1

- 2 -

JFH  000221

SHEET 1 OF 1

| INFORMATION DISCLOSURE CITATION PTO-1449 | | | ATTY. DOCKET NO. 18461.709 | APPLICATION NO. 08/845,657 |
| --- | --- | --- | --- | --- |
| | | | TITLE INTRAVASCULAR STENT | |
| | | | APPLICANT G. David Jang | |
| | | | FILING DATE April 25, 1997 | GROUP 3806  3738 |

**U.S. PATENTS**

| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
| --- | --- | --- | --- | --- | --- | --- |
| TRN | 5,776,183 | 7/7/98 | Kanesaka, et al. | | | |
| TRN | 5,776,161 | 7/7/98 | Globerman | | | |
| TRN | 5,102,417 | 4/2/92 | Palmaz | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

RECEIVED
SEP 18 1998
Technology Center 3700

**FOREIGN PATENT DOCUMENTS**

| EXAMINER'S INITIALS | PATENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | Translation Yes | No |
| --- | --- | --- | --- | --- | --- | --- | --- |
| TRN | WO 97/40781 | 11/8/97 | PCT | | | | |
| TRN | WO 97/40780 | 11/8/97 | PCT | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, etc.)**

| EXAMINER | Tram Nguyen | DATE CONSIDERED | 2/1/99 |
| --- | --- | --- | --- |

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

JFH  000222



AF/ GAU 3738

bt
1-21-48
#10

Practitioner's Docket No. 18461-709

*PATENT*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Jang, G. David
Serial No.: 08/845,657
Filed: 04/25/1997
For: Intravascular Stent

Group No.: 3738
Examiner: Nguyen,

RECEIVED

OCT 19 1998

Group 3700

Assistant Commissioner for Patents
Washington, D.C. 20231

### RESPONSE TRANSMITTAL

1.  Transmitted herewith is a Terminal Disclaimer in response to the Office Action mailed 09/15/98.

### STATUS

2.  Applicant is a small entity. A small entity statement was previously submitted.

### EXTENSION OF TERM

3.  The proceedings herein are for a patent application and the provisions of 37 C.F.R. 1.136 apply. Applicant believes that no extension of term is required. However, this conditional petition is being made to provide for the possibility that applicant has inadvertently overlooked the need for a petition for extension of time.

### FEE FOR STATUTORY DISCLAIMER

4.  The Commissioner is authorized to charge Account No. 23-2415 (18461-709) the amount of $45.00 for the fee for submission of a terminal disclaimer by a small entity.

### FEE DEFICIENCY

5.  If any additional extension and/or fee is required, charge Account No. 23-2415 (18461-709).

PAUL DAVIS, REG. NO. 29,294

650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Practitioner's Docket No. 18461-709                                    *PATENT*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Jang, G. David
Serial No.: 08/845,657
Filed:        04/25/1997
For:   Intravascular Stent

Group No.: 3738
Examiner: Nguyen, T.

Box AF
Assistant Commissioner for Patents
Washington, D.C. 20231

### AMENDMENT OR RESPONSE AFTER FINAL REJECTION

Sir:

        In response to the Final Office Action mailed 09/15/1998, applicant submits a Terminal Disclaimer to Obviate a Provisional Double Patenting Rejection over pending application Serial No. 08/824,142. It is submitted that the attached terminal disclaimer overcomes the provisional rejection based on a nonstatutory double patenting ground, as the applications involved are commonly owned by applicant.

                                        Respectfully submitted,

                                        WILSON SONSINI GOODRICH & ROSATI

Date:  10·6·98

                                        Paul Davis, Reg. No. 29,294

650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

---

### CERTIFICATION UNDER 37 C.F.R. 1.8(a) and 1.10*
*(When using Express Mail, the Express Mail label number is mandatory;
Express Mail certification is optional.)*

I hereby certify that, on the date shown below, this correspondence is being:

                                        MAILING

☐      deposited with the United States Postal Service in an envelope addressed to the Assistant Commissioner for
        Patents, Washington, D.C. 20231.

        ☒   37 C.F.R. 1.8(a)
             with sufficient postage as first class mail.

☐   37 C.F.R. 1.10*
     as "Express Mail Post Office to Address"
     Mailing Label No. _____ (mandatory)

                                        TRANSMISSION
☐      transmitted by facsimile to the Patent and Trademark Office.

Date:  December 6, 1998

                                        Sidney MacMasters

*WARNING:   Each paper or fee filed by "Express Mail" must have the number of the "Express Mail" mailing label
            placed thereon prior to mailing. 37 C.F.R. 1.10(b).
            "Since the filing of correspondence under § 1.10 without the Express Mail mailing label thereon is an
            oversight that can be avoided by the exercise of reasonable care, requests for waiver of this requirement
            will not be granted on petition." Notice of Oct. 24, 1996, 60 Fed. Reg. 56,439, at 56,442.

                                        (Amendment or Response after Final Rejection—Page 1)

JFH  000224

PATENT
Attorney Docket No. 1846-709

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Inventor(s): | G. David Jang | ) |
| Serial No.: | 08/845,657 | ) |
| Filed: | 4/25/97 | ) |
| Title: | Intravascular Stent | ) |

PATENT APPLICATION

Group: 3738

Examiner: Nguyen, T.

TERMINAL DISCLAIMER TO OBVIATE A PROVISIONAL DOUBLE PATENTING REJECTION OVER A PENDING SECOND APPLICATION

Assistant Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

G. David Jang , the owner of 100% interest in the instant application hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application, which would extend beyond the expiration date of the full statutory term as defined in 35 U.S.C. 154 to 156 and 173, as presently shortened by any terminal disclaimer filed prior to the grant of any patent granted on commonly owned pending second Application No. 08/824,142, filed on 03/26/97. The owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and any patent granted on the second application are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

In making the above disclaimer, the owner does not disclaim the terminal part of any patent granted on the instant application that would extend to the expiration date of the full statutory term as defined in 35 U.S.C. 154 to 156 and 173 of any patent granted on the second application, as shortened by any terminal disclaimer filed prior to the patent grant, in the event that any such granted patent:  expires for failure to pay a maintenance fee, is held unenforceable, is found invalid by a court of competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under 37 C.F.R. 1.321, has all claims canceled by a reexamination certificate, is reissued, or is in any manner terminated prior to the expiration of its full statutory term as presently shortened by any terminal disclaimer filed prior to its grant.

Check either box 1 or 2 below, if appropriate.

1. ☐     For submission on behalf of any organization (e.g., corporation, partnership, university, government agent, etc.), the undersigned is empowered to act on behalf of the organization.

I hereby declare that all statements made herein of my own knowledge are true, and that all statements made on information and belief are believed to be true; and further, that these statements are made with the knowledge that willful false statements and the like so made, are punishable by fine or imprisonment, or both, under Section 1001, Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

2. ☒     The undersigned is an attorney of record.

Respectfully submitted,
WILSON SONSINI GOODRICH & ROSATI

Date: _____

Paul Davis, Reg. No. 29,254

650 Page Mill Road
Palo Alto, California 94304
(415) 493-9300

☒     Charge Deposit Account 23-2415 the sum of $ 45.00 for a small entity for the terminal disclaimer fee and for any fee deficiency.

☒     PTO suggested wording for terminal disclaimer was:

☐ unchanged     ☒ changed (if changed, an explanation should be supplied.     Explanation: Changed wording of fee payment to indicate Amount, Deposit Account and Status of Owner.
Added the language "commonly owned" at line 4.

>*Certification under 37 CFR 3.73(b) is required if terminal disclaimer is signed by the assignee.<

FTO/SB/26

| *Notice of Allowability* | Application No. 08/845,667 | Applicant(s) JANG |
|---|---|---|
| | Examiner Tran Nguyen | Group Art Unit 3738 |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☒ This communication is responsive to *applicant's terminal disclaimer filed Oct. 13, 1998*

☒ The allowed claim(s) is/are *1 and 3-86*

☐ The drawings filed on _____ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None    of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☒ Applicant MUST submit NEW FORMAL DRAWINGS

    ☒ because the originally filed drawings were declared by applicant to be informal.

    ☒ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. _5_.

    ☐ including changes required by the proposed drawing correction filed on _____, which has been approved by the examiner.

    ☐ including changes required by the attached Examiner's Amendment/Comment.

    Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

    ☒ Notice of References Cited, PTO-892

    ☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). _9_

    ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

    ☐ Notice of Informal Patent Application, PTO-152

    ☐ Interview Summary, PTO-413

    ☐ Examiner's Amendment/Comment

    ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

    ☒ Examiner's Statement of Reasons for Allowance

U. S. Patent and Trademark Office
PTO-37 (Rev. 9-95)                    Notice of Allowability                    Part of Paper No. _12_

JFH  000226

Application/Control Number: 08/845,657                                    Page 2
Art Unit: 3738

*Allowable Subject Matter*

1.      Claims 1 and 3-86 are allowed.

2.      The application having been allowed, formal drawings are required in response to this
Office action.

3.      The following is an examiner's statement of reasons for allowance:

        Applicant's terminal disclaimer, filed on October 13, 1998, satisfies the examiner's
provisional double patenting rejection.  Accordingly, all pending claims are deemed allowable
over the prior art.

        Any comments considered necessary by applicant must be submitted no later than the
payment of the issue fee and, to avoid processing delays, should preferably accompany the issue
fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for
Allowance."

David H. Wilse
Primary Examiner

Tan
TAN
February 10, 1999

JFH  000227

| | | Application No.<br>08/846,657 | | Applicant(s)<br>JANG | | |
|---|---|---|---|---|---|---|
| *Notice of References Cited* | | Examiner<br>Tram Nguyen | | Group Art Unit<br>3738 | | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| X | A | 5,810,872 | 9/1998 | KANESAKA et al. | 623 | 1 |
| X | B | 5,824,058 | 10/1998 | WIJAY | 623 | 1 |
| X | C | 5,836,964 | 11/1996 | RICHTER et al. | 623 | 1 |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|---|
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |
| | R | | | | | | |
| | S | | | | | | |
| | T | | | | | | |

**NON-PATENT DOCUMENTS**

| * | | DOCUMENT (including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|---|
| | U | | |
| | V | | |
| | W | | |
| | X | | |

\* A copy of this reference is not being furnished with this Office action.<br>(See Manual of Patent Examining Procedure, Section 707.05(a).)

U.S. Patent and Trademark Office<br>PTO-892 (Rev. 9-95)

**Notice of References Cited**

Part of Paper No.    12

JFH  000228



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

QN31/0218

PAUL DAVIS
WILSON SONSINI GOODRICH & ROSATI
650 PAGE MILL ROAD
PALO ALTO CA 94304-1050

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/845,657 | 04/25/97 | 085 | NGUYEN, T | 3738 | 02/18/ |

| First Named Applicant | JANG, | | 35 USC 154(b) term ext. = | 0 Days. |
|---|---|---|---|---|

| TITLE OF INVENTION | INTRAVASCULAR STENT |
|---|---|

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3 18461-769 | 623-001.000 | P32 | UTILITY | NO | $1210.00 | 05/18/ |

*THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.*

*THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.*

### HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or
B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

A. Pay FEE DUE shown above, or

B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B-Issue Fee Transmittal should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

*IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.*

PATENT AND TRADEMARK OFFICE COPY

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)

JFH  000229

*ma*                    7560
                         94        2-25-99  #13 D

Practitioner's Docket No. 18461-709                          PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

application of: Jang, G. David                Group No. 3738
Serial No.: 08/845,657                        Examiner: Nguyen, T.
Filed: 04/25/1997                             Batch No. P32
For: Intravascular Stent

Assistant Commissioner for Patents
Washington, D.C. 20231

TRANSMITTAL OF FORMAL DRAWINGS

In response to the NOTICE OF ALLOWABILITY mailed on 2/18/1999, attached please find:

(a) the formal drawing(s) for this application.

Number of Sheets: 27

Respectfully submitted,

Paul Davis, Reg. No. 29,294

Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

RECEIVED
APR 1 6 1999
Publishing Division
Corres/Allowed Files (07)

CERTIFICATE OF MAILING (37 C.F.R. 1.8(a))

I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being deposited with the
United States Postal Service on the date shown below with sufficient postage as first class mail in an envelope addressed to
the Assistant Commissioner for Patents, Washington, D.C. 20231.

Date: 4-9-99

Sidney Ninabrosan

(Transmittal of Formal Drawings—page 1 of 1)

JFH  000230



5922021

1/27



FIG. 1A

FIG. 1B

FIG. 1C

JFH  000231

2/27



FIG. 2A

JFH  000232

3/27



FIG. 2B

JFH  000233

4/27



FIG. 3A

FIG. 3B

JFH  000234

5/27



FIG. 4A

FIG. 4B

JFH 000235

6/27



FIG. 5

JFH  000236

7/27



FIG. 6A

JFH  000237

8/27



FIG. 6B

JFH  000238

9/27



FIG. 7A

JFH  000239



FIG. 7B

JFH  000240

11/27



FIG. 7C

JFH  000241

12/27



JFH  000242

13/27



FIG. 8C

JFH  000243

14/27



FIG. 8D

JFH 000244

15/27



FIG. 8E

JFH  000245

16/27



FIG. 8F

JFH  000246

17/27



FIG. 86

JFH   000247

18/27



FIG. 9A

FIG. 9B

JFH  000248



FIG. 9C

JFH  000249

20/27



FIG. 9D

21/27



FIG. 9E.

JFH  000251



FIG. 9F

JFH  000252

23/27



FIG. 96

JFH  000253

24/27









*FIG. 10A*

*FIG. 10B*

25/27



FIG. 10D

FIG. 10C

FIG. 10E

26/27



FIG. 10F

JFH  000256

27/27



FIG. 11

JFH  000257

PART B—ISSUE FEE TRANSMITTAL

Complete and mail this form, together with applicable fees, to:   Box ISSUE FEE
Assistant Commissioner for Patents
Washington, D.C. 20231

1560
2/25/RB $

**MAILING INSTRUCTIONS:** This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

Note: The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

QH31/0218

PAUL DAVIS
WILSON SONSINI GOODRICH & ROSATI
650 PAGE MILL ROAD
PALO ALTO CA 94304-1050

**Certificate of Mailing**

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

SIDNEY MANIVIRAN (Depositor's name)

(Signature)

4-9-99 (Date)

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/845,657 | 04/25/97 | 085 | NGUYEN, T | 3738 | 02/18/ |

First Named Applicant    JANG,         35 USC 154(b) term ext. = 0 Days.

TITLE OF INVENTION    INTRAVASCULAR STENT

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3  18461.709 | 623-001.000 | P32 | UTILITY | YES ~~NO~~ | 605.00 ~~$1210.00~~ | 05/18/ |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" indication form PTO/SB/47) attached.

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  Wilson Sonsini
   Goodrich & Rosati
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

(B) RESIDENCE (CITY & STATE OR COUNTRY)

Please check the appropriate assignee category indicated below (will not be printed on the patent)
☑ individual   ☐ corporation or other private group entity   ☐ government

4a. The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☐ Issue Fee
☐ Advance Order - # of Copies

4b. The following fees or deficiency in these fees should be charged to:
DEPOSIT ACCOUNT NUMBER 23-2415 (18461-709)
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☑ Issue Fee
☑ Advance Order - # of Copies    10

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above.

(Authorized Signature)                        4/8/99

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**RECEIVED**
APR 1 6 1999

Publishing Division
Corres/Allowed Files (07)

TRANSMIT THIS FORM WITH FEE
PTOL-85B (REV.10-96) Approved for use through 06/30/99. OMB 0651-0033    Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

JFH  000258



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 08/845,657 | 04/25/1997 | G. DAVID JANG | 18461.709 | 8599 |

21971    7590    12/20/2001

WILSON SONSINI GOODRICH & ROSATI
650 PAGE MILL ROAD
PALO ALTO, CA  943041050

| EXAMINER |
|---|
| NGUYEN, TRAM A |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3738 | |

DATE MAILED: 12/20/2001

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

JFH  000259



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
**ASSISTANT COMMISSIONER FOR PATENTS**
Washington, D.C. 20231

Paul Davis
Wilson, Sonsini, Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050

You are hereby notified under 37 CFR 1.607(d) that an applicant is seeking to provoke an interference with your U.S. Patent No. 5,922,021.

The identity of the applicant will not be disclosed unless an interference is declared.

If a final decision is made not to declare an interference, a notice to that effect will be placed in the patent file and will be sent to the patentee.

If an interference is declared, notice thereof will be made under 37 CFR 1.611.

Paul Preblic
Paul Preblic
Primary Examiner
Art Unit 3738
(703) 308-2905

JFH  000260

Attachment for PTO-948 (Rev. 03/01, or earlier)
6/18/01

## The below text replaces the pre-printed text under the heading, "Information on How to Effect Drawing Changes," on the back of the PTO-948 (Rev. 03/01, or earlier) form.

### INFORMATION ON HOW TO EFFECT DRAWING CHANGES

#### 1. Correction of Informalities -- 37 CFR 1.85

New corrected drawings must be filed with the changes incorporated therein identifying indicia, if provided, should include the title of the invention inventor's name, and application number, or docket number (if any) if an application number has not been assigned to the application. If this information is provided, it must be placed on the front of each sheet and centered within the top margin. If corrected drawings are required in a Notice of Allowability (PTOL-37), the new drawings MUST be filed within the THREE MONTH shortened statutory period set for reply in the Notice of Allowability. Extensions of time may NOT be obtained under the provisions of 37 CFR 1.136(a) or (b) for filing the corrected drawings after the mailing of a Notice of Allowability. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

#### 2. Corrections other than Informalities Noted by Draftsperson on form PTO-948.

All changes to the drawings, other than informalities noted by the Draftsperson, MUST be made in the same manner as above except that, normally, a highlighted (preferably red ink) sketch of the changes to be incorporated into the new drawings MUST be approved by the examiner before the application will be allowed. No changes will be permitted to be made other than correction of informalities, unless the examiner has approved the proposed changes

#### Timing of Corrections

Applicant is required to submit the drawing corrections <u>within the time period set in the attached Office communication</u>. See 37 CFR 1.85(a)

Failure to take corrective action within the set period will result in **ABANDONMENT** of the application.

**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective October 1, 1997

| Application or Docket Number |
| --- |
| |

### CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY TYPE ☐ RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
| --- | --- | --- | --- | --- | --- | --- | --- |
| BASIC FEE | | | | 395.00 | OR | | 790.00 |
| TOTAL CLAIMS | 86 minus 20 = | 66 | x$11= | 726 | OR | x$22= | |
| INDEPENDENT CLAIMS | 2 minus 3 = | | x41= | | OR | x82= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +135= | | OR | +270= | |
| | | | TOTAL | 1,121 | OR | TOTAL | |

* If the difference in column 1 is less than zero, enter "0" in column 2.

### CLAIMS AS AMENDED - PART II

1/10

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| **AMENDMENT A** | Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| | Independent | * | Minus | *** | = | x41= | | OR | x82= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |
| **AMENDMENT B** | Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| | Independent | * | Minus | *** | = | x41= | | OR | x82= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |
| **AMENDMENT C** | Total | * | Minus | ** | = | x$11= | | OR | x$22= | |
| | Independent | * | Minus | *** | = | x41= | | OR | x82= | |
| | FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +135= | | OR | +270= | |
| | | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875 (Rev. 8/97)     *U.S. Government Printing Office: 1997 - 430-571/48334     Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

JFH 000262



JFH  000263