PRINT OF DRAWINGS
AS ORIGINALLY FILED



Figure 7B

PRINT OF DRAWINGS
AS ORIGINAL FILED



Figure 7C

PRINT OF DRAWINGS
AS ORIGINALLY FILED



Figure 18A





Figure 18B



PRINT OF DRAWINGS
AS ORIGIN.    (LED)





PRINT OF DRAWINGS
AS ORIGINALLY FILED





Figure 9



51776 U.S. PTO
03/25/97

CERTIFICATE OF MAILING BY "EXPRESS MAIL"
"Express Mail" Mailing Label No. __EM391302245US__
Date of Deposit: _____March 25, 1997_____
I hereby certify that this paper or fee is being deposited with sufficient postage with the United States Postal Services
"Express Mail Post Office to Addressee" service under 37 CFR 1.10 on the date indicated above and is addressed to
Box Patent Application, Assistant Commissioner for Patents , Washington, D.C. 20231
                Jeff Rank
(Typed or Printed Name of Person Mailing Paper or Fee)

_____
(Signature of Person Mailing Paper or Fee)

                                              **PATENT**
                              Attorney Docket No. 17928-707

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

### UTILITY PATENT
### APPLICATION TRANSMITTAL LETTER

Asst. Commissioner for Patents
Box Patent Application
Washington, D.C. 20231

Sir:

     Enclosed for filing is an [x]original patent application or,  [ ] a continuation-in-part

patent application by ___G. David Jang_____, for

__INTRAVASCULAR STENT_____

     Also enclosed are:


[X]    __14__ sheet(s) of [ ] formal  [X] informal drawing(s);

[ ]    a claim for foreign priority under 35 U.S.C. §§ 119 and/or 365 in

        [ ] a separate document  [ ] the declaration;

[ ]    a certified copy of the priority document;

[ ]    an Associate Power of Attorney;

[ ]    ___ verified statement(s) claiming small entity status;

[ ]    an Assignment document and form PTO-1595.

The declaration of the inventor(s) [ ] also is enclosed  [X] will follow.

The fee has been calculated as follows:

| CLAIMS | | | | | |
|---|---|---|---|---|---|
| | NO. OF CLAIMS | | EXTRA CLAIMS | RATE | FEE |
| Basic Application Fee | | | | | $770.00 |
| Total Claims | 74 | MINUS 20 = | 54 | $22.00= | 1188.00 |
| Independent Claims | 3 | MINUS 3 = | 0 | $80.00= | 0.00 |
| If multiple dependent claims are presented, add $260.00 | | | | | 0.00 |
| Total Application Fee | | | | | 1958.00 |
| If verified statement claiming small entity status is enclosed, subtract 50% of Total Application Fee | | | | | 0.00 |
| Add Recording Fee of $40.00 if Assignment document is enclosed | | | | | 0.00 |
| **TOTAL APPLICATION FEE DUE** | | | | | 1958.00 |

[ ]     A check in the amount of $____ is enclosed.

[ ]     Charge $_____ to Deposit Account No. 23-2415 (Atty. Docket No. 17928-707).

[X]     Fees will be paid when responding to the Notice to File Missing Parts.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

By     _____

Paul Davis
Registration No. 29,294

650 Page Mill Road
Palo Alto, CA 94304-1050
(415) 493-9300
Date: March 25, 1997

H:\PRIVATE\WPDOCS\PD\MEDSTENT\707.TRN

Application No. 08/824,142
Page 2

## Patent Application Filing Fee

The patent application filing fee (if applicable) is calculated as shown below:

| CLAIMS | NO. OF CLAIMS | | EXTRA CLAIMS | RATE | FEE |
|---|---|---|---|---|---|
| Basic Application Fee | | | | | $ 770.00 |
| Total Claims | 74 | MINUS 20= | 54 | x $22 = | 1,188.00 |
| Independent Claims | 3 | MINUS 3 = | 0 | x $80 = | 0.00 |
| If multiple dependent claims are presented, add $260.00 | | | | | 0.00 |
| Total Application Fee (LARGE ENTITY) | | | | | 1,958.00 |
| If verified statement claiming small entity status is enclosed, subtract 50% of Total App. Fee | | | | | - 979.00 |
| PATENT APPLICATION FILING FEE | | | | | 979.00 |

### Total Fee

The Total Fee associated with this communication has been calculated as shown below:

| | | | |
|---|---|---|---|
| x | Patent application filing fee | | $  979.00 |
| — | Net fee for extension of time | $ _____ | |
| — | Assignment recordation fee | $ _____ | |
| x | Surcharge under 37 C.F.R. §1.16(e) for late filing of oath or declaration | | |
| | ___ Large Entity ($130.00) | $ _____ | |
| | x Small Entity ($65.00) | | $  65.00 |
| | **TOTAL FEE DUE:** | | **$ 1,044.00** |

### Method of Payment of Fees

[ ]   A check in the amount of $ _____

[x]   Charge $1,044.00 to Deposit Account No. 23-2415 (Docket No. 18461-703).

The Commissioner is hereby authorized to charge any fees that may be required by this paper, including petition fees, to Deposit Account No. 23-2415 (Docket No. 18461-702). A duplicate of this paper is enclosed.

Respectfully submitted,
WILSON, SONSINI, GOODRICH & ROSATI

Date: 9/22/97

By _____
Paul Davis, Reg. No. 29,294

650 Page Mill Road
Palo Alto, CA 94304-1050
(415) 493-9300

H:\PRIVATE\WPDOCS\PDJANG\702.MP

# EXHIBIT 2



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 08/824,142 | 03/25/97 | JANG | Đ    17828-707 |

0262/0814

WILSON SONSINI GOODRICH ROSATI                NOT ASSIGNED
650 PAGE MILL ROAD
PALO ALTO CA 94304-1050
                                               3309

DATE MAILED:
                                               08/14/97

### NOTICE TO FILE MISSING PARTS OF APPLICATION
*Filing Date Granted*

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted ALONG WITH THE PAYMENT OF A SURCHARGE for items 1 and 3-6 only of $ _____ for a ☐ large entity ☐ small entity in compliance with 37 CFR 1.27. The surcharge is set forth in 37 CFR 1.16(e). Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

*If all required items on this form are filed within the period set above, the total amount owed by applicant as a*
☐ *large entity* ☐ *small entity (verified statement filed), is $ _____ .*

☐ 1. The statutory basic filing fee is:
    ☐ missing.
    ☐ insufficient.
    Applicant must submit $ _____ to complete the basic filing fee and/or file a verified small entity statement claiming such status (37 CFR 1.27).

☐ 2. Additional claim fees of $ _____ , including any multiple dependent claim fees, are required.
    *Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.*

☑ 3. The oath or declaration:
    ☑ is missing.
    ☐ does not cover the newly submitted items.
    ☐ does not identify the application to which it applies.
    ☐ does not include the city and state or foreign country of applicant's residence.
    *An oath or declaration in compliance with 37 CFR 1. 63, including residence information and identifying the application by the above Application Number and Filing Date is required.*

☐ 4. The signature(s) to the oath or declaration is/are:
    ☐ missing.
    ☐ by a person other than inventor or person qualified under 37 CFR 1.42, 1.43, or 1.47.
    *A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.*

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration: _____
    *An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.*

☐ 6. A $ _____ processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

☐ 7. Your filing receipt was mailed in error because your check was returned without payment.

☐ 8. The application does not comply with the Sequence Rules.
    *See attached "Notice to Comply with Sequence Rules 37 CFR 1.821-1.825."*

☐ 9. OTHER:

Direct the response and any questions about this notice to "Attention: Box Missing Parts."

### *A copy of this notice MUST be returned with the response.*

Customer Service Center
Initial Patent Examination Division (703) 308-1202

FORM PTO-1533 (REV.7-96)                    **PART 3- OFFICE COPY**                    *U.S. GPO: 1996-404-496/4051*

# EXHIBIT 3

Application No. 08/824,142
Page 2

<u>In the Claims:</u>

23. (Amended) The stent of claim 22, further comprising:

a first expansion strut pair including a first expansion strut, a second expansion strut and a joining strut coupling a first expansion strut proximal end to a second expansion strut proximal end; and

a second expansion strut pair including a first expansion strut, a second expansion strut and a joining strut coupling a distal end of the first expansion strut to a distal end of the second expansion strut, the second expansion strut pair being coupled to the first expansion strut pair by the first and second connecting struts, wherein the first expansion strut pair, the second expansion strut pair, a first connecting strut and a second connecting strut [defining] <u>define</u> an asymmetrical cell space.

54. (Amended) The stent of claim 50, wherein each first connecting [first strut] <u>strut first</u> slant angle is directed in a first circumferential direction.

61. (Amended) The stent of claim 60, further comprising:

a [reinforcement] <u>reenforcement</u> expansion column made of a plurality of [reinforcement] <u>reenforcement</u> expansion struts, wherein at least a portion of the [reinforcement] <u>reenforcement</u> expansion struts have a width that is greater than a width of at least a portion of expansion struts in the first or second expansion columns.

62. (Amended) The stent of claim 60, wherein the stent has a proximal end with a first [reinforcement] <u>reenforcement</u> expansion column and a distal end with a second [reinforcement] <u>reenforcement</u> expansion column.

69.    The stent of claim 68, wherein each [third strut slant angle] <u>second connecting strut third slant angle</u> is directed in a second circumferential direction that is in an opposite direction of a first circumferential direction of the first [strut] <u>slant</u> angle of the first connecting strut.

H:\PRIVATE\WPDOCS\PDJ\ANG\PRELIM\AMEND702.WPD

Application No. 08/824,142
Page 3

## REMARKS

The specification and claims 23, 54, 61, 62 and 69 have been amended to put the application in better condition for examination. No new subject matter has been introduced. Additionally, the attorney docket number filed with the original application is in error. The correct attorney docket number for this application is 18461.702.

## CONCLUSION

It is submitted that the present application is in form for allowance, and such action is respectfully requested.

The Commissioner is authorized to charge any additional fees which may be required, including petition fees, to Deposit Account No. 23-2415 (18461.702). A duplicate copy of this paper is enclosed.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

Date: 9/22/97

By: _____
Paul Davis, Reg. No. 29,294

650 Page Mill Road
Palo Alto, California 94304
(415) 493-9300

H:\PRIVATE\WPDOCS\PD\JANG\PRELIM\AMEND702.WPD

Attorney Docket No. 18461-702

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application                    )        PATENT APPLICATION

Inventor:   G. David Jang            )        Examiner: Unknown

Application No.: 08/824,142          )        Group Art Unit: Unknown

                                     )

Filed:   March 25, 1997              )

                                     )

Title:   INTRAVASCULAR STENT         )

                                     )

**VERIFIED STATEMENT CLAIMING SMALL ENTITY STATUS**
**37 C.F.R. § 1.9(f) AND 1.27(b) - INDEPENDENT INVENTOR**

As a below named inventor, I hereby declare that I qualify as an independent Inventor as defined in 37 C.F.R. §1.9(c) for purposes of paying reduced fees under Section 41(a) and (b) of Title 35, United States Code, to the Patent and Trademark Office with regard to the invention entitled:

INTRAVASCULAR STENT

described in

_____   the specification filed herewith

__X__   application no. __08/824,142__, filed __March 25, 1997__

_____   patent no. _____, issued _____

I have not assigned, granted, conveyed or licensed and am under no obligation under contract or law to assign, grant, convey or license, any rights in the invention to any person who could not be classified as an independent inventor under 37 C.F.R. §1.9(c) if that person had made the invention, or to any concern which would not qualify as a small business concern under 37 C.F.R. §1.9(d) or a nonprofit organization under 37 C.F.R. §1.9(e).

Each person, concern or organization to which I have assigned, granted, conveyed, or licensed or am under an obligation under contract or law to assign, grant, convey, or license any rights in the invention is listed below:

1 of 2

H:\PRIVATE\WPDOCS\PD\JANG\702.SE

___x___  no such person, concern, or organization

_____  persons, concerns or organizations listed below


NAME:          _____

ADDRESS     _____

ADDRESS:

[ ] Individual  [ ] Small Business Concern  [ ] Nonprofit Organization

NAME: _____

ADDRESS: _____

[ ] Individual  [ ] Small Business Concern  [ ] Nonprofit Organization

    I acknowledge the duty to file, in this application or patent, notification of any change in status resulting in loss of entitlement to small entity status prior to paying, or at the time of paying, the earliest of the issue fee or any maintenance fee due after the date on which status as a small business entity is no longer appropriate.  (37 C.F.R. § 1.28(b)).

    I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code, and that such willful false statements may jeopardize the validity of the application, any patent issuing thereon, or any patent to which this verified statement is directed.

Name of Person Signing:  ___G. David Jang_____

Title of Person Signing: _____

Address of Person Signing:  ___30725 Eastburn Lane, Redlands, CA 92374_____

Signature: _____

Date: ____Aug. 25, 97_____


    * Note:  Separate verified statements are required from each named person, concern or organization having rights to the invention averring to their status as small entities.  (37 C.F.R. § 1.27).

*3*

PATENT
Attorney Docket No. 18461-702

COMBINED CIP DECLARATION AND POWER OF ATTORNEY
FOR UTILITY PATENT APPLICATION

(stamp: C I P E / 70572 / SEP 2 9 1997 / PATENT & TRADEMARK OFFICE)

As a below named inventor, I hereby declare that:

... residence, post office address and citizenship are as stated below next to my name;

I believe I am the original, first and sole inventor (if only one name is listed below) or an original, first and joint inventor (if plural names are listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled:

**INTRAVASCULAR STENT**

the specification of which

___ is attached hereto.

__X__ was filed on __March 25, 1997__ as Application No. __08/824,142__

I hereby state that I have reviewed and understand the contents of the above-identified specification, including the claims, as amended by any amendment referred to above.

I acknowledge the duty to disclose all information which is material to patentability as defined in Title 37, Code of Federal Regulations, §1.56(a) which states in relevant part: "Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section....The duty to disclose all information known to be material to patentability is deemed to be satisfied if all information known to be material to patentability of any claim issued in a patent was cited by the Office or submitted to the Office in the manner prescribed by §§ 1.97(b)-(d) and 1.98."

I hereby claim foreign priority benefits under Title 35, United States Code, §119 of any foreign application(s) for patent or inventor's certificate as indicated below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

Prior Foreign Application(s):                    Priority Claimed

_____  _____  _____   Yes   No
(Number)   (Country)  (Day/Month/Year Filed)

_____  _____  _____   Yes   No
(Number)   (Country)  (Day/Month/Year Filed)

I hereby claim the benefit under Title 35, United States Code, §120 of any United States application(s) listed below and, insofar as this is a continuation-in-part application filed under the conditions set forth in 35 United States Code, §120, which discloses and claims subject matter in addition to the prior copending application(s) listed below, I acknowledge the duty to disclose to the United States Patent Office all information known to be material to patentability as defined in Title

Attorney Docket No. 18461-702

37, Code of Federal Regulations, §1.56 which became available between the filing date of the prior application and the national or PCT international filing date of this application:

| 08/824.866 | March 26, 1997 | Pending |
|---|---|---|
| (Application Serial No.) | (Filing Date) | (Patented, Pending, Abandoned) |

| 08/824.865 | March 25, 1997 | Pending |
|---|---|---|
| (Application Serial No.) | (Filing Date) | (Patented, Pending, Abandoned) |

| 60/017.484 | April 26, 1996 | Pending |
|---|---|---|
| (Application Serial No.) | (Filing Date) | (Patented, Pending, Abandoned) |

I hereby appoint the following attorney(s) and/or agent(s) to prosecute this application and transact all business in the Patent and Trademark Office connected therewith, and to file, prosecute and to transact all business in connection with international applications directed to said invention:

| | |
|---|---|
| Paul Davis | 29,294 |
| Mark A. Haynes | 30,846 |
| Charles C. Cary | 36,764 |
| Michael J. Panepucci | 37,203 |
| Michael J. Murphy | 37,404 |
| David J. Weitz | 38,362 |
| Kent R. Richardson | 39,443 |
| George A. Willman | 41,378 |
| U.P. Peter Eng | 39,666 |
| John J. Bruckner | 35,816 |

Address all correspondence to:

**Paul Davis**
**Wilson, Sonsini, Goodrich & Rosati**
**650 Page Mill Road**
**Palo Alto, CA 94304**

Direct all telephone calls to Paul Davis at (415) 493-9300.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Title 18, United States Code, §1001 and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

Full name of sole or
first inventor:                G. David Jang

Inventor's signature:

Date:                          9-18-97

Citizenship:                   US

Residence:                     30725 Eastburn Lane, Redlands, CA 02374

Post Office Address:           Same as above

0300
0202

CERTIFICATE OF MAILING UNDER 37 C.F.R. § 1.8
- FIRST CLASS MAIL.
I hereby certify that this document is being deposited, postage prepaid,
with the United States Postal Service as "First Class Mail" in an envelope
addressed to the Assistant Commissioner for Patents,
Washington, D.C. 20231 on    July 23, 1997
Signed:   Drew Herndon   DR Herndo

JUL 2 8 1997

Attorney Docket No. 18461-702

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of          )
                                     )
G. David Jang                        )
                                     )
Application No.:   08/824,142        )
                                     )
Filed:   March 25, 1997              )
                                     )
Title: INTRAVASCULAR STENT           )
                                     )
_____)

### STATUS INQUIRY

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

Please provide the current status on the above-identified patent application.  The application was filed on **March 25, 1997** and the last action our records reflect is a **return postcard** acknowledging receipt of the application which was mailed from the U.S. Patent and Trademark Office and received on **April 30, 1997**.

The Commissioner is hereby authorized to charge any additional fees which may be required by this paper to Deposit Account No. 23-2415.  This paper is submitted in duplicate.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

Date:  7/23/97                           By:  Paul

Paul Davis, Reg. No. 29,294

650 Page Mill Road
Palo Alto, California  94304
Telephone: (415) 493-9300

H:\PRIVATE\WPDOCS\PDJJANG\702\STATUS.INQ

CERTIFICATE OF MAILING UNDER 37 C.F.R. § 1.8
- FIRST CLASS MAIL
I hereby certify that this document is being deposited, postage prepaid,
with the United States Postal Service as "First Class Mail" in an envelope
addressed to the Assistant Commissioner for Patents,
Washington, D.C. 20231 on    July 23, 1997

Signed:    Drew Herndon    DR Herndon

OIPE
70631
JUL 2 8 1997
PATENT & TRADEMARK OFFICE

Attorney Docket No. 18461-702

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of )
 )
G. David Jang )
 )
Application No.:  08/824,142 )
 )
Filed:  March 25, 1997 )
 )
Title: INTRAVASCULAR STENT )
 )
 )
 )

## STATUS INQUIRY

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

   Please provide the current status on the above-identified patent application.  The application was filed on **March 25, 1997** and the last action our records reflect is a **return postcard** acknowledging receipt of the application which was mailed from the U.S. Patent and Trademark Office and received on **April 30, 1997.**

   The Commissioner is hereby authorized to charge any additional fees which may be required by this paper to Deposit Account No. 23-2415.  This paper is submitted in duplicate.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

Date:  7/23/97                    By:  Paul

                                        Paul Davis, Reg. No. 29,294

650 Page Mill Road
Palo Alto, California  94304
Telephone: (415) 493-9300

Transmittal of Application Pursuant To 37 CFR 1.62      Docket No. 50942USA6B
(cont.)

9.  ☒ An assignment is    ☐ enclosed or    ☒ of record in prior application.

10. ☒ A power of attorney is    ☐ enclosed or    ☒ of record in prior application.

11. ☐ Other

| Registration Number | Telephone Number | Respectfully submitted, |
|---|---|---|
| 32,900 | 612-736-7776 | Signature |
| Date | | |
| February 10, 1997 | | Print Name |
| | | Karl G. Hanson |

| Certificate of Express Mailing | |
|---|---|
| ☒ Pursuant to 37 CFR 1.10 I certify that this application is being deposited on the date indicated below with the United States Postal Service "Express Mail Post Office to Addressee" service addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231. | |
| Express Mail Mailing Label No. | Signature of Person Mailing Application |
| TB 372 327 494 US | |
| Date of Deposit | Printed Name of Person Mailing Application |
| February 10, 1997 | Susan M. Dacko |

Form Trns162.doc Rev. 9/27/96

4-3-98    .00 2-17-88    4730    22-70    0400/$
                                       6210    0206-9097    0    2C0
OIPE 70572    0260    03C0    22-291
SEP 29 1997    CERTIFICATE OF MAILING    CP
I hereby certify that this correspondence is being deposited with the U.S. Postal Service with
sufficient postage as first class mail in an envelope addressed to: Assistant Commissioner for
Patents, Washington, D.C. 20231, on _____ September 25, 1997    3309
Sidney Mambusan

**PATENT**
**Attorney Docket No. 18461-702**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of | ) |
| | ) |
| G. David Jang | ) Group Art Unit: Unassigned |
| | ) |
| Application No.: 08/824,142 | ) Examiner: Unassigned |
| | ) |
| Filed: March 25, 1997 | ) |
| | ) |
| For: INTRAVASCULAR STENT | ) |

### TRANSMITTAL LETTER FOR MISSING PARTS OF APPLICATION

Assistant Commissioner for Patents
Attn:    Application Processing Division
        Special Processing and Correspondence Branch
Washington, D.C. 20231

**RECEIVED**
**DEC 1 1 1997**
**GROUP 3300**

Sir:

In complete response to the Notice to File Missing Parts of Application mailed August 14, 1997,

enclosed please find:

**RECEIVED**
**DEC 1 2 1997**
**GROUP 330**

|   |   |   |
|---|---|---|
| | [x] | Form PTO-1533 (copy of Notice to be returned with response); |
| | [ ] | a Petition for Extension of Time; |
| | [ ] | a Declaration for Patent Application |
| or | [x] | a Combined Declaration and Power of Attorney |
| | | signed by the inventor(s) and the surcharge of |
| | | [x] $65.00 [ ] $130.00 as set forth in 37 CFR § 1.16(e); |
| | [x] | a Declaration Claiming Small Entity Status; |
| | [ ] | an Assignment document, Form PTO-1595, and the $40.00 Assignment Recordation Fee; |
| | [x] | a Preliminary Amendment. |

H:\PRIVATE\WPDOCS\PJ\JANG\702.LMP

*70401-702*
*G. DAVID JANG*



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 08/825,142 | 03/25/97 | JANG | D 17928-707 |

O I P E
70572

SEP 29 1997

PATENT & TRADEMARK

0262/0814

WILSON SONSINI GOODRICH ROSATI
650 PAGE MILL ROAD
PALO ALTO CA 94304-1050

NOT ASSIGNED

3309

DATE MAILED: 08/14/97

## NOTICE TO FILE MISSING PARTS OF APPLICATION
### *Filing Date Granted*

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted ALONG WITH THE PAYMENT OF A SURCHARGE for items 1 and 3-6 only of $ ___130___ for a ☑ large entity ☐ small entity in compliance with 37 CFR 1.27. The surcharge is set forth in 37 CFR 1.16(e). Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

*If all required items on this form are filed within the period set above, the total amount owed by applicant as a ☑ large entity ☐ small entity (verified statement filed), is $ ___130___*

☐ 1. The statutory basic filing fee is:
  ☐ missing.
  ☐ insufficient.
  Applicant must submit $ _____ to complete the basic filing fee and/or file a verified small entity statement claiming such status (37 CFR 1.27).

**RECEIVED**
DEC 1 2 1997

☐ 2. Additional claim fee of $ _____ , including any multiple dependent claim fees, are required.
  Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.

GROUP 1830

☑ 3. The oath or declaration:
  ☑ is missing.
  ☐ does not cover the newly submitted items.
  ☐ does not identify the application to which it applies.
  ☐ does not include the city and state or foreign country of applicant's residence.
  An oath or declaration in compliance with 37 CFR 1.63, including residence information and identifying the application by the above Application Number and Filing Date is required.

8/20/97 Rg
US MISSING PART
10/14/97 Dure
2/14/98 Final
18461-702

☐ 4. The signature(s) to the oath or declaration is/are:
  ☐ missing.
  ☐ by a person other than inventor or person qualified under 37 CFR 1.42, 1.43, or 1.47.
  A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:
  _____
  An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.

☐ 6. A $ _____ processing fee is required since your check was returned without payment (37 CFR 1.21(m)).
☐ 7. Your filing receipt was mailed in error because your check was returned without payment.
☐ 8. The application does not comply with the Sequence Rules.
  See attached "Notice to Comply with Sequence Rules 37 CFR 1.821-1.825."
☐ 9. OTHER:

Direct the response and any questions about this notice to "Attention: Box Missing Parts."

### *A copy of this notice MUST be returned with the response.*

Customer Service Center
Initial Patent Examination Division (703) 308-1202

FORM PTO-1533 (REV.7-96)              PART 2-COPY TO BE RETURNED WITH RESPONSE              *U.S. GPO: 1996-404-406/40615



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING/RECEIPT DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO./TITLE |
|---|---|---|---|
| 08/877,429 | 06/17/97 | THEIS | M     95.535CIP |

0292/1106

LARRY W MCKENZIE
WALKER MCKENZIE & WALKER
636 POPLAR
SUITE 434
MEMPHIS TN 38119-4896

NOT ASSIGNED

RECEIVED
DEC 1 2 1997

DATE MAILED: 11/06/97

## NOTICE TO FILE MISSING PARTS OF APPLICATION
### Filing Date Granted

GROUP 830

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted ALONG WITH THE PAYMENT OF A SURCHARGE for items 1 and 3-6 only of $_____ for a ☐ large entity ☐ small entity in compliance with 37 CFR 1.27. The surcharge is set forth in 37 CFR 1.16(e). Applicant is given TWO MONTHS FROM THE DATE OF THIS NOTICE within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

*If all required items on this form are filed within the period set above, the total amount owed by applicant as a* ☐ *large entity* ☐ *small entity (verified statement filed), is $_____.*

☐ 1. The statutory basic filing fee is:
   ☐ missing.
   ☐ insufficient.
   Applicant must submit $_____ to complete the basic filing fee and/or file a verified small entity statement claiming such status (37 CFR 1.27).

☐ 2. Additional claim fees of $_____, including any multiple dependent claim fees, are required.
   Applicant must either submit the additional claim fees or cancel additional claims for which fees are due.

☐ 3. The oath or declaration:
   ☐ is missing.
   ☐ does not cover the newly submitted items.
   ☐ does not identify the application to which it applies.
   ☐ does not include the city and state or foreign country of applicant's residence.
   An oath or declaration in compliance with 37 CFR 1.63, including residence information and identifying the application by the above Application Number and Filing Date is required.

☐ 4. The signature(s) to the oath or declaration is/are:
   ☐ missing.
   ☐ by a person other than inventor or person qualified under 37 CFR 1.42, 1.43, or 1.47.
   A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.

☐ 5. The signature of the following joint inventor(s) is missing from the oath or declaration:
   _____
   An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.

☐ 6. A $_____ processing fee is required since your check was returned without payment (37 CFR 1.21(m)).

☐ 7. Your filing receipt was mailed in error because your check was returned without payment.

☐ 8. The application does not comply with the Sequence Rules.
   See attached "Notice to Comply with Sequence Rules 37 CFR 1.821-1.825."

☐ 9. OTHER:

Direct the response and any questions about this notice to "Attention: Box Missing Parts."

*A copy of this notice **MUST** be returned with the response.*

Customer Service Center.
Initial Patent Examination Division (703) 308-1202

FORM PTO-1533 (REV.7-96)              PART 1-ATTORNEY/APPLICANT COPY              *U.S. GPO: 1996-404-480/40515.

# EXHIBIT 4

GAM 3309

Drop from
8938 #4 IDS
Jina C.
6-8-98

CERTIFICATE OF MAILING
I hereby certify that this correspondence is being deposited with the U.S. Postal Service with sufficient postage as first class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on _October 27, 1997_
    Drew R. Herndon
(Typed or Printed Name of Person Mailing Paper or Fee)
    Drew R. Herndon
(Signature of Person Mailing Paper or Fee)

PATENT
Attorney Docket No. 18461-702

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application | ) PATENT APPLICATION |
| | ) |
| Inventor(s):   G. David Jang | ) |
| | ) |
| Application No.: 08/824,142 | ) Art Unit:  Unknown |
| | ) |
| Filed:   March 26, 1997 | ) Examiner:  Unknown |
| | ) |
| Title:   INTRAVASCULAR STENT | ) |
| | ) |

RECEIVED
NOV  5 1997

## INFORMATION DISCLOSURE STATEMENT UNDER 37 C.F.R. GROUP 3300

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Listed below or on an attached Form PTO-1449 is information known to applicant(s).  A copy of each listed publication and U.S. and foreign patent, except for pending U.S. applications, is being submitted herewith, along with a concise explanation of information in a foreign language, if any, pursuant to 37 C.F.R. §1.97-1.98.

Applicants respectfully request that the listed information be considered by the Examiner and be made of record in the above-identified application.  If form PTO-1449 is enclosed, the Examiner is requested to initial and return it in accordance with MPEP §609.

This statement is not intended to represent that a search has been made or that the information cited in the statement is, or is considered to be, material to patentability as defined in §1.56.

Each of the references listed on the attached PTO 1449 was cited in a foreign search report in one or more copending foreign applications not more than three months prior to the filing of this paper. A copy of each search report is included with the references cited.

- 1 -

::ODMA\PCDOCS\SQL1\181465\1
Attorney Docket No.: 18461-702

__X__    This statement qualifies under *37 C.F.R. §1.97, <u>subsection (b)</u>* because (check all that apply):

     __  __    (1)    It is being filed within 3 months of the application filing date
                       -- OR --

     __  __    (2)    It is being filed within 3 months of entry of a national stage
                       -- OR --

     __X__    (3)    It is being filed before the mail date of the first Office Action on the merits.

No certification or fee is necessary with this submission.

__  __    *37 C.F.R. §1.97(c).*  If this statement is being filed after the latest of: (1) three months beyond the filing date of a national application; (2) three months beyond the date of entry of the national stage as set forth in §1.491 in an international application; or (3) the mailing date of a first Office action on the merits, but before the mailing date of the earlier of a final office action under §1.113 or a notice of allowance under §1.311, then:

     __  __    a certification as specified in §1.97(e) is provided below; **or**

     __  __    a fee of $240.00 as set forth in §1.17(p) is authorized below, enclosed, or included with the payment of other papers filed together with this statement.

__  __    *37 C.F.R. §1.97(d).*  If this statement is being filed after the mailing date of the earlier of a final office action under §1.113 or a notice of allowance under §1.311, but before payment of the issue fee, then:

A.    a certification as specified in §1.97(e) is completed below; **and**

B.    a petition under 37 C.F.R. §1.97(d) requesting consideration of this statement is submitted herewith; **and**

C.    a fee of $130.00 as set forth in §1.17(i)(1) is authorized below, enclosed, or included with the payment of other papers filed together with this statement.

__X__    *Fee Authorization.*  The Commissioner is hereby authorized to charge the above-referenced fees of $ __0__  and charge any additional fees or credit any overpayment associated with this communication to Deposit Account No. <u>23-2415 (Docket No. 18461-702)</u>.

                                      Respectfully submitted,

                                      WILSON SONSINI GOODRICH & ROSATI

Date: 0/27/97                       By: _____

                                        Paul Davis
                                        Reg. No. 29,294

650 Page Mill Road
Palo Alto, CA 94304-1050
(650) 493-9300

SHEET 1 OF 1

| RMATION DISCLOSURE CITATION | ATTY. DOCKET NO. 18461-702 | | SERIAL NO. 08/824,142 | |
|---|---|---|---|---|
| | APPLICANT G. David Jang | | | |
| | FILING DATE March 26, 1997 | | GROUP Unknown 37 38 | |

## U.S. PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|
| ✓ | 5,449,373 | 9-12-95 | Pinchasik et al. | 606 | 198 | 3-17-94 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

## FOREIGN PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|
| ✓ | DE4303181 A1 | 11/08/94 | Germany | A61M | 29/00 | | X |
| | 0 587 197 A1 | 16/03/94 | Europe | A61F | 2/04 | | X |
| | 0 709 067 A2 | 01/05/96 | Europe | A61F | 2/06 | | |
| | WO 96/26689 | 06/09/96 | PCT | A61F | 2/06 | | |
| | 29608037 U1 | 22/08/96 | Germany | A61M | 29/00 | | X |
| | 0 679 372 A2 | 02/11/95 | Europe | A61B | 19/00 | | |
| ✓ | WO 96/03092 | 08/02/96 | PCT | A61F | 2/02 | | |

## OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| | |
|---|---|
| | |
| | |
| | |
| | |

| EXAMINER S. NGUYEN | DATE CONSIDERED 12/28/94 |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

# EXHIBIT 5



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, DC 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/824,142 | 03/25/97 | JANG                    D | 17828-707 |

| EXAMINER |
|---|
| NGUYEN, D #5 |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3738 | |

QM31/0928

WILSON SONSINI GOODRICH ROSATI
650 PAGE MILL ROAD
PALO ALTO CA 94304-1050

DATE MAILED:
09/28/98

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

| *Office Action Summary* | Application No. 08/824,142 | Applicant(s) Jang |
|---|---|---|
| | Examiner Dinh Nguyen | Group Art Unit 3738 |

☐ Responsive to communication(s) filed on _____

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters,   **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire _____ _1__ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claim**

☒ Claim(s) *1-74* _____ is/are pending in the applicat

    Of the above, claim(s) _____ is/are withdrawn from consideration

☐ Claim(s) _____ is/are allowed.

☐ Claim(s) _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☒ Claims *1-74* _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____ .

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

☒ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

Application/Control Number: 08/824,142                                    Page 2

Art Unit: 3738

    This application contains claims directed to the following patentably distinct species of the

claimed invention:

       I.       Figures 2A-2B: curvi-linear connecting struts; claims 31 and 50-55

       II..      Figures 3A-3B: two-pieces-linear connecting struts; claims 16, 21-30, and 32-36;

       III.     Figure 5: different lengths expansion columns with tapered diameter; claims 57-

58, 73 and 74;

       IV.     Figures 6A-6B: reenforcement expansion columns; claims 37-39, 61 and 62;

       V.     Figures 7A-7C: relief notch struts; no claims presently;

       VI.     Figures 8A-8B: rounded loop connecting struts; claims 14, 15, and 56;

       VII.    Figure 8C: three-pieces-linear connecting struts; claims 17, 64 and 67-69;

       VIII.   Figure 8D: four-pieces-linear connecting struts with type 1 angle configuration;

claims 18 and 40-48; and

       IX.     Figure 8E: four-pieces-linear connecting struts with type 2 angle configuration;

claims 18, 44, 70, 71, 73 and 74.

    Applicant is required under 35 U.S.C. 121 to elect a single disclosed species for

prosecution on the merits to which the claims shall be restricted if no generic claim is finally held

to be allowable. Currently, claims 1-13, 19, 20, 22, 49, 60, 63, 65, 66 and 72 are generic.

    Applicant is advised that a reply to this requirement must include an identification of the

species that is elected consonant with this requirement, and a listing of all claims readable thereon,

Application/Control Number: 08/824,142                                    Page 3

Art Unit: 3738

including any claims subsequently added.  An argument that a claim is allowable or that all claims

are generic is considered nonresponsive unless accompanied by an election.

     Upon the allowance of a generic claim, applicant will be entitled to consideration of claims

to additional species which are written in dependent form or otherwise include all the limitations

of an allowed generic claim as provided by 37 CFR 1.141.  If claims are added after the election,

applicant must indicate which are readable upon the elected species.  MPEP § 809.02(a).

     Should applicant traverse on the ground that the species are not patentably distinct,

applicant should submit evidence or identify such evidence now of record showing the species to

be obvious variants or clearly admit on the record that this is the case.  In either instance, if the

examiner finds one of the inventions unpatentable over the prior art, the evidence or admission

may be used in a rejection under 35 U.S.C. 103(a) of the other invention.

     Applicant is required to select one of the figures for the species election.  Due to the

convolution of the claims, as well as indefiniteness and unclarity of certain claim language, the

restriction above may be further refined.  Accordingly, the election via choosing one of the figures

above is best to define different species.  Examples of 112 problems pertaining to the claims

which make the grouping of the claims difficult, such that further refinement of the restriction are

warranted, are as follows:

     In claim 40, the first third slant angle is claimed.  However, no second angle has been

defined.

Application/Control Number: 08/824,142                    Page 4

Art Unit: 3738

In claim 45, it is not clear what "circumferentially offset" means.  In claim 40, the second

expansion column is compared to the third expansion column with respect to "circumferentially

offset".  However, in claim 54 and elsewhere, "circumferentially offset" is used to compare one

connecting strut to another, instead of the expansion struts.  It appears that in claim 45,

"circumferentially offset" is used to relate to offsetting in a colinear or coaxial fashion, but not so

in claim 54.  Note that claim 45 appears to be a duplicate of claim 43.  Note that

"circumferentially offset" is used in claims 49 and 63 as well.

In claims 64 and 67, a third slant angle was included in the claim language but no where

has either the first nor the second slant angle been defined.

Applicant should note that there are many angles formed by linear parts to certain

connecting struts shown in the figures, and unless Applicant clearly define exactly which angle is

which in the claim language, the claim language will be rejected based on indefiniteness and

making it very difficult for the election process as well.

In electing a species through the figures, amendment to claim dependency will be required

for certain claims.  Currently there are 74 claims with a myriad of features.  In electing a figure for

a species, Applicant might choose to cancel the present claims and write new claims.  Note that

due to the convolution of claims and indefiniteness, further restrictions may be required.

Due to the complexity of the restriction made above, this restriction is being mailed to

Applicant.

Application/Control Number: 08/824,142                                    Page 5

Art Unit: 3738

    Applicant is advised that the reply to this requirement to be complete must include an

election of the invention to be examined even though the requirement be traversed (37

CFR 1.143).

    Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Dinh Nguyen whose telephone number is (703) 305-3522.

David H. Willse
Primary Examiner

Dinh Nguyen

September 15, 1998

# EXHIBIT 6

GP. 3738
IDS #6
C9-30
10-21-98

**CERTIFICATE OF MAILING**
I hereby certify that this correspondence is being deposited with the U.S. Postal Service with
sufficient postage as first class mail in an envelope addressed to: Assistant Commissioner for
Patents, Washington, D.C. 20231, on ___9/9/97___

_Michelle E. Grassia_
Michelle E. Grassia

PATENT
Attorney Docket No. 18461.702

<u>IN THE UNITED STATES PATENT AND TRADEMARK OFFICE</u>

In re Application                                     ) <u>PATENT APPLICATION</u>
                                                      )
Inventor(s):      G. David Jang                       )
                                                      )
Application No.:  08/824,142                          ) Art Unit:    Not Yet Assigned
                                                      )
Filed:            March 26, 1997                      ) Examiner:    Not Yet Assigned
                                                      )
Title:            INTRAVASCULAR STENT                 )
                                                      )
                                                      )

<u>INFORMATION DISCLOSURE STATEMENT UNDER 37 C.F.R. §1.97</u>

RECEIVED
JAN 1 4 1998
Group 3700

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

     Listed below or on an attached Form PTO-1449 is information known to applicant(s). Due to the
large number of references and since these same references are being cited on many applications, only one
copy of each listed publication and U.S. and foreign patent, except for pending U.S. applications, is being
submitted along with a concise explanation of information in a foreign language, if any, pursuant to 37
C.F.R. §1.97-1.98. The references are being submitted concurrent with this information disclosure
statement in application serial number 08/642,053, which is a prior application to this application. An
additional copy of these references will be supplied upon request.

     Applicants respectfully request that the listed information be considered by the Examiner and be
made of record in the above-identified application. If form PTO-1449 is enclosed, the Examiner is
requested to initial and return it in accordance with MPEP §609.

     This statement is not intended to represent that a search has been made or that the information
cited in the statement is, or is considered to be, material to patentability as defined in §1.56.

- 1 -

::ODMA\PCDOCS\SQL2\62136\1\1

__X__    This statement qualifies under *37 C.F.R. §1.97, subsection (b)* because (check all that apply):

        __  __   (1)   It is being filed within 3 months of the application filing date
                              -- OR --

        __  __   (2)   It is being filed within 3 months of entry of a national stage
                              -- OR --

        __X__   (3)   It is being filed before the mail date of the first Office Action on the merits.

__  __    *37 C.F.R. §1.97(c)*. If this statement is being filed after the latest of: (1) three months beyond the filing date of a national application; (2) three months beyond the date of entry of the national stage as set forth in §1.491 in an international application; or (3) the mailing date of a first Office action on the merits, but before the mailing date of the earlier of a final office action under §1.113 or a notice of allowance under §1.311, then:

      __  __    a certification as specified in §1.97(e) is provided below; **or**

      __  __    a fee of $240.00 as set forth in §1.17(p) is authorized below, enclosed, or included with the payment of other papers filed together with this statement.

__  __    *37 C.F.R. §1.97(d)*. If this statement is being filed after the mailing date of the earlier of a final office action under §1.113 or a notice of allowance under §1.311, but before payment of the issue fee, then:

A.    a certification as specified in §1.97(e) is completed below; **and**

B.    a petition under 37 C.F.R. §1.97(d) requesting consideration of this statement is submitted herewith; **and**

C.    a fee of $130.00 as set forth in §1.17(i)(1) is authorized below, enclosed, or included with the payment of other papers filed together with this statement.

__X__    *Fee Authorization.*  The Commissioner is hereby authorized to charge underpayment of any additional fees or credit any overpayment associated with this communication to Deposit Account No. 23-2415 (Docket No. 18461.702). A duplicate copy of this authorization is enclosed.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

Date: __9/4/98__                        By: _____
                                        Paul Davis
                                        Reg. No. 4704

650 Page Mill Road
Palo Alto, CA 94304-1050
(650) 493-9300

::ODMA\PCDOCS\SQL2\621361\1



SHEET 1 OF 1

| INFORMATION DISCLOSURE CITATION | ATTY. DOCKET NO. 18461.702 | APPLICATION NO. 08/824,142 |
|---|---|---|
| | TITLE INTRAVASCULAR STENT | |
| PTO-1449 | APPLICANT G. David Jang | |
| | FILING DATE March 26, 1997 | GROUP 3738 Not Yet Assigned |

### U.S. PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | NAME | CLASS | SUBCLASS | FILING DATE |
|---|---|---|---|---|---|---|
| ✓ | 5,776,183 | 7/7/98 | Kanesake,et al. | | | |
| | 5,776,161 | 7/7/98 | Globerman | | | |
| | 5,697,971 | 12/16/97 | Fischell,et al. | | | |
| | 5,695,516 | 12/9/97 | Fischell,et al. | | | |
| | 5,593,442 | 1/14/97 | Klein | | | |
| | 5,591,197 | 1/7/97 | Orth,et al. | | | |
| | 5,545,210 | 8/13/96 | Hess, etal. | | | |
| ✓ | 5,102,417 | 4/7/92 | Palmaz | | | |

### FOREIGN PATENT DOCUMENTS

| EXAMINER'S INITIALS | PATENT NO. | DATE | COUNTRY | CLASS | SUBCLASS | Translation Yes | Translation No |
|---|---|---|---|---|---|---|---|
| ✓ | WO 97/40781 | 11/6/97 | PCT | | | | |
| ✓ | WO 97/40780 | 11/6/97 | PCT | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

### OTHER DOCUMENTS (Including Author, Title, Date, Pertinent Pages, Etc.)

| EXAMINER J. NGUYEN | DATE CONSIDERED 12/28/98 |
|---|---|

EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609; draw line through citation if not in conformance **and** not considered. Include copy of this form with next communication to applicant.

# EXHIBIT 7

Attorney Docket No. 18461-702    #7 Amdt B

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Inventor:   Jang                                    ) Group Art Unit: 3738
                                                     )
Application No.: 08/824,142                          ) Examiner: Nguyen, D.
                                                     )
Filed:   March 25, 1997                              )
                                                     )
For:   INTRAVASCULAR STENT                           )

### RESPONSE TO RESTRICTION REQUIREMENT

Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

This is in response to the Office Action mailed September 28, 1998, and is submitted on or before the current due date of October 28, 1998.

*Election of Species:*

Applicant elects to prosecute Species VII, shown in Figure 8C.

*Identification of Species:*

Applicant identifies the elected Species VII as three-pieces-linear connecting struts.

*Claims readable upon Elected Species:*

Applicant identifies the following claims as readable upon the elected species:  claims 1-13, 17, 19-22, 49, 60, 63-69 and 72.

*Cancellation of Non-Elected Claims:*

Applicant cancels claims 14-16, 18, 23-48, 50-59, 61-62, 70-71 and 73-74 with traverse, for further prosecution in a divisional application to be filed at a later date.

### CONCLUSION

Applicant believes that the application is now in condition for examination.

Respectfully submitted,

Date: 10/26/98                    By:

                                      Paul Davis, Reg. No. 29,294

650 Page Mill Road
Palo Alto, California  94304
(415) 493-9300

H:\PRIVATE\WPDOCS\PD\JANG\702.RES

⊕ 3738

Please type a plus sign (+) inside this box → [ + ]

PTO/SB/21 (12-97)
Approved for use through 9/30/00. OMB 0651-0031
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| | |
|---|---|
| Application Number | 08/824,142 |
| Filing Date | March 25, 1997 |
| First Named Inventor | G. David Jang |
| Group Art Unit | 3738 |
| Examiner Name | Nguyen, D. |
| Total Number of Pages in This Submission: 2 | Attorney Docket Number | 18461-702 |

## ENCLOSURES   *(check all that apply)*

| | | |
|---|---|---|
| ☐ Fee Transmittal Form | ☐ Assignment Papers *(for an Application)* | ☐ After Allowance Communication to Group |
|    ☐ Fee Attached | ☐ Drawing(s) | ☐ Appeal Communication to Board of Appeals and Interferences |
| ☒ Amendment / Response | ☐ Licensing-related Papers | ☐ Appeal Communication to Group *(Appeal Notice, Brief, Reply Brief)* |
|    ☐ After Final | ☐ Petition Routing Slip (PTO/SB/69) and Accompanying Petition | ☐ Proprietary Information |
|    ☐ Affidavits/declaration(s) | ☐ To Convert a Provisional Application | ☐ Status Letter |
| ☐ Extension of Time Request | ☐ Power of Attorney, Revocation Change of Correspondence Address | ☐ Additional Enclosure(s) *(please identify below):* |
| ☐ Express Abandonment Request | ☐ Terminal Disclaimer | |
| ☐ Information Disclosure Statement | ☐ Small Entity Statement | RECEIVED |
| ☐ Certified Copy of Priority Document(s) | ☐ Request for Refund | NOV - 4 1998 |
| ☐ Response to Missing Parts/ Incomplete Application | Remarks | Group 3700 |
|    ☐ Response to Missing Parts under 37 CFR 1.52 or 1.53 | The Commissioner is authorized to charge Deposit Account 23-2415 (18461-702) for any fees, including petition fees, due in connection with this paper. | |

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm or Individual Name | Paul Davis, Reg. No. 29,294 |
|---|---|
| Signature | *[signature]* |
| Date | 10/26/98 |

## CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on this date: 10/26/98

| Typed or printed name | Sidney Manousan |
|---|---|
| Signature | *[signature]* | Date | 10/26/98 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

# EXHIBIT 8



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | 03/25/97 | YANG | D 17828-7 |

WILSON SONSINI GOODRICH ROSATI
650 PAGE MILL ROAD
PALO ALTO CA 94304-1050

QM31/1231

| EXAMINER |
|---|
| NGUYEN, D #8 |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3736 | |

DATE MAILED:        12/31/98

**Please find below a communication from the EXAMINER in charge of this application.**

Commissioner of Patents

| *Office Action Summary* | Application No. 08/824,142 | Applicant(s) Jang |
|---|---|---|
| | Examiner Dinh Nguyen | Group Art Unit 3738 |

☒ Responsive to communication(s) filed on *Nov 2, 1998*

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___ *3* ___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-13, 17, 19-22, 49, 60, 63-69, and 72* ___ is/are pending in the application.

Of the above, claim(s) *4, 6, 8, and 9* ___ is/are withdrawn from consideration.

☐ Claim(s) ___ is/are allowed.

☒ Claim(s) *1-3, 5, 7, 10-13, 17, 19-22, 49, 60, 63-69, and 72* ___ is/are rejected.

☐ Claim(s) ___ is/are objected to.

☐ Claims ___ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on ___ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on ___ is ☐ approved. ☐ disapproved.

☒ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) ___.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: ___.

☒ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). *4, 6*

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

Application/Control Number: 08/824,142                                   Page 2

Art Unit: 3738

## DETAILED ACTION

### *Election/Restriction*

Applicant's election of Species VII in Paper No. 7 is acknowledged. Because applicant

did not distinctly and specifically point out the supposed errors in the restriction requirement, the

election has been treated as an election without traverse (MPEP § 818.03(a)).

The cancellation of the non-elected claims is acknowledged.

As indicated in the restriction, due to numerous species and the complexity of the

restriction, a refinement of the restriction may be necessary. A review of the elected claims reveal

that claims 4, 6, 8 and 9 do not read on the elected Species VII (Figure 8C). Claim 4 requires the

first column loop slot not to be parallel to the second column loop slot while claim 6 requires the

first column loop slot to be collinear with the second column loop slot. Figure 8C clearly shows

the first column loop slot to be parallel and non-collinear to the second column loop slot.

Therefore, these claims are treated as non-elected. Applicant is advised to cancel these claims as

Applicant has canceled the other non-elected claims.

### *Specification*

The disclosure is objected to because of the following informalities:

At page 1, the blank spaces as to the serial numbers of the related U.S. patent applications

must be filled-in. Examiner has checked the database for U.S. patent applications with the

attorney docket numbers as cited and has found no U.S. patent applications to have the cited

attorney docket numbers. Please check these numbers again.

Application/Control Number: 08/824,142                                        Page 3

Art Unit: 3738

    The copyright symbol inadvertently used by Applicant at line 13 of page 2, and elsewhere in the application has been corrected by Examiner to be --(C)--.

    As to the brief descriptions for figures 8A to 9, "accord" has been changed to --accordance-- for grammatical clarity.

    Appropriate correction is required.

### Claim Rejections - 35 USC § 112

    Claims 1, 10-12, 21, 64 and 67-69 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

    With respect to claim 1, at line 6, a comma is missing after "a first serial connecting strut."

    With respect to claim 10, the claim language makes it unclear which spacing is being compared to which. Examiner recommends inserting after "and" at line 2, --the spacing distance between--. However, it is also unclear from the claim language as to which spacing in relation to the strut pairs are being compared, i.e., the horizontal spacing or the vertical spacing. Applicant is required to add claim language more clearly define the spaces. Applicant should caution in doing this such that horizontal and vertical spacing is clearly defined as well, i.e., which direction is considered horizontal and which is vertical. It is recommended that any directions of spacings and angles as described should be used in relation to a longitudinal axis of the stent.

    Claim 11 suffers from the same indefiniteness as indicated for claim 10.

Application/Control Number: 08/824,142                              Page 4

Art Unit: 3738

Claim 12 also suffers from the same indefiniteness. Note that claim 12 is better defined as to which two spacings are being compared, i.e., the spacing from the first column strut pair versus the spacing from the second column strut pair. However, as with the other claims, it is unclear as to whether the "horizontal" spacing or the "vertical" spacing is being compared.

In claim 21, second to the last line, a comma is missing after "a distal section".

As to claim 64, a third slant angle was claimed in the last line of the claim but the first and second angle have not been defined yet.

Claims 67-69 refer to a third angle and therefore is indefinite similarly as for claim 64. In claim 69, at line 3, "the first slant angle" lacks antecedent support.

### Claim Rejections - 35 USC § 102

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless --

(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371© of this title before the invention thereof by the applicant for patent

Claims 1-3, 7, 12, 17, 21, 22 and 35 are rejected under 35 U.S.C. 102(e) as being anticipated by Pinchasik et al., USPN 5,449,373 as submitted in Applicant's IDS. Pinchasik discloses a stent having all of the claimed features. See figures 2A, 2B and 2C. The stent as disclosed have different columns of expansion struts and connecting struts as claimed. In these figures, the cells immediately underneath the expansion struts 112 are asymmetrical in shape as

Application/Control Number: 08/824,142                                              Page 5

Art Unit: 3738

claimed for claim 1. As to claim 21, the claim merely requires two sets of column struts and a

column of expansion struts having a linear section and an angel. Figures 2A-2C clearly show a

stent meeting all of these broadly claimed features. The independent claims as cited above merely

require the struts to have generic geometry which are clearly found in the stent of Pinchasik.

Claims 1-3, 5, 10-13, 22, 49, 60 and 63 are rejected under 35 U.S.C. 102(e) as being

anticipated by Orth et al., USPN 5,591,197 as submitted in Applicant's IDS. Orth discloses a

stent having all of the broadly claimed features. See figure 1C for example. As discussed in

relation to Pinchasik above, the Orth stent also have the different columns of expansion struts and

connecting struts as claimed for claim 1 and its dependent claims. Note that although the cells as

defined from the struts in this Orth stent have repetitive features, at least some of the cells are

asymmetrical in shape in at least one direction.

As seen in figure 1C, the lowermost cells when folded in half such that a top half and a

bottom half does not match each other, would indicate that the cells are not completely

symmetric. The use of this language without further details are broadly interpreted by Examiner

as such.

As to claim 49 and its dependent claims, examining the middle column of expansion struts

in figure 1 of Orth, this column is "circumferentially offset" from the some of the other columns

thus meeting the broad claim language.

Claims 1-3, 7, 10-13, 17, 21, 22 and 35 are rejected under 35 U.S.C. 102(e) as being

anticipated by Israel et al., USPN 5,733,303. Israel discloses a stent meeting all of the broadly

Application/Control Number: 08/824,142                                      Page 6

Art Unit: 3738

claimed features, i.e. a series of expansion struts and connecting struts and asymmetric cells as

broadly interpreted in a similar fashion as discussed for Orth and Pinchasik above.

### Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

Claims 19, 20, 65, 66 and 72 are rejected under 35 U.S.C. 103(a) as being unpatentable

over Pinchasik, Orth or Israel as applied above in view of Fischell et al., USPN 5,607,442. With

respect to these claims, the primary references as applied do not disclose the use of radiopaque

material and electroplating. However, Fischell teaches using radiopaque material for fluoroscopic

examination and electroplating for stent material. See abstract and column 3, lines 39-49. It

would have been obvious to one of ordinary skill in the art to have combined the teaching of using

radiopaque material and electroplating, as taught by Fischell, to the stents of Pinchasik, Orth or

Israel, in order to provide fluoroscopic examination.

As to claims 65 and 66, any variation of column and struts are considered design choice

because they are directly related to how far a doctor wants the stent to expand which depends on

the nature of the defect that is being repaired.

Note that as indicated in the 112 rejection, different angles as formed in the struts must be

clearly claimed and have been treated in the best manner as interpreted from the claim language

Application/Control Number: 08/824,142                                    Page 7

Art Unit: 3738

due to indefiniteness.  Any related applications as mislabeled in the specification must be

corrected.  Due to the numerous claims and applications applied by Applicant, any claims similar

in substance may be subject to a double patenting rejection.

### *Pertinent Art*

The following patents are considered pertinent such that they are considered to meet some

of Applicant's broad claims: Kanesaka (as submitted in Applicant's IDS), Richter, Jayaraman (see

'949 at figures 10 and 11 for example; but this patent's priority date does not meet Applicant's

priority date), Al-Saadon, and Lee et al.


Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Dinh X. Nguyen whose telephone number is (703) 305-3522.


Dinh X. Nguyen

December 29, 1998

| | | Application No. 08/824,142 | Applicant(s) Jang | | | |
|---|---|---|---|---|---|---|
| ***Notice of References Cited*** | | Examiner Dinh Nguyen | Group Art Unit 3738 | | | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| | | DOCUMENT NO. | DATE | NAME | | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|---|
| | A | 5,733,303 | 3/1998 | Israel et al. | | 606 | 198 |
| | B | 5,807,... | 9/1998 | Richter | | 623 | 1 |
| | C | 5,713,949 | 2/1998 | Jayaraman | | 623 | 1 |
| | D | 5,755,776 | 5/1998 | Al-Saadon | | 623 | 1 |
| | E | 5,755,781 | 5/1998 | Jayaraman | | 623 | 1 |
| | F | 5,776,181 | 7/1998 | Lee et al. | | 623 | 1 |
| | G | | | | | | |
| | H | | | | | | |
| | I | | | | | | |
| | J | | | | | | |
| | K | | | | | | |
| | L | | | | | | |
| | M | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|---|
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |
| | R | | | | | | |
| | S | | | | | | |
| | T | | | | | | |

**NON-PATENT DOCUMENTS**

| | | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|---|
| | U | | |
| | V | | |
| | W | | |
| | X | | |

U. S. Patent and Trademark Office
PTO-892 (Rev. 9-95)                    Notice of References Cited                    Part of Paper No. ___8___

# EXHIBIT 9

PATENT
Attorney Docket No. 18461-702

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of )

G. David Jang )                  Group Art Unit: 3738

Application No.: 08/824,142 )

Filed: March 25, 1997 )                  Examiner: Nguyen, D.

For:   INTRAVASCULAR STENT )

AMENDMENT

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

        This is in response to the Office Action mailed December 31, 1998. Please consider the
following amendments and remarks.

### IN THE SPECIFICATION:

        Please amend the specification as follows:

        Please delete the entire paragraph entitled "Cross Reference to Related Applications" and
replace with the following:

        Cross-reference to Related Applications

        This application claims the benefit of Provisional Patent Application No. 60/017,484, filed
April 26, 1996, the disclosure of which is incorporated by reference.  This application is related to
U.S. Patent Application Serial No. 08/824,866, filed March 26, 1997, entitled "Intravascular Stent"
and U.S. Patent Application Serial No. 08/824,865, filed March 25, 1997, entitled "Intravascular
Stent", both having same named inventor G. David Jang and incorporated by reference.

### IN THE CLAIMS:

        Kindly amend the claims as follows:

        1. (Amended)  A stent in a non-expanded state, comprising:

        a first column expansion strut pair formed of a first expansion strut and a parallel second
expansion strut, the first and second expansion struts being coupled by a substantially linear joining
strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a
plurality of the first column expansion strut pair forming a first expansion column;

H:\PRIVATE\WPDOCS\PDJANG\702.004



a first connecting strut column formed of a plurality of first connecting struts, wherein the first connecting strut column couples the first expansion column to the second expansion column and at least a portion of the first connecting struts include a proximal section, a distal section, a first linear section and a first slant angle.

49. (Amended) A stent in a non-expanded state, comprising:

a first expansion column formed of a plurality of [first expansion struts] pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a second expansion column formed of a plurality of [second expansion struts] pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a first connecting strut column formed of a plurality of first connecting struts, wherein the first connecting strut column couples the first expansion column to the second expansion column and a first expansion strut in the first expansion column is circumferentially offset from a corresponding second expansion strut of the second expansion column.

65. (Amended) The stent of claim [49] 75, further comprising:

a third expansion column formed of a plurality of third expansion struts; and

a second connecting strut column formed of a plurality of second connecting struts coupling the second expansion column to the third expansion column, wherein at least a portion of the second expansion struts in the second column are circumferentially offset from a corresponding portion of the third expansion struts of the third expansion column.

Please add the following new claims:

--75. The stent of claim 1, wherein the substantially linear joining struts of the first and second columns each has a curved proximal end.

76. The stent of claim 1, wherein the substantially linear joining struts of the first and second columns each has a curved distal end.

77. The stent of claim 1, wherein the substantially linear joining struts of the first and second columns each has a curved proximal end and a curved distal end.

78. The stent of claim 21, wherein the substantially linear joining struts of the first and second columns each has a curved proximal end.

a second column expansion strut pair <u>formed of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle</u>, a plurality of the second column expansion strut pair forming a second expansion column; and

a first serial connecting strut, a plurality of first serial connecting struts forming a first connecting strut column, the plurality of first serial connecting struts coupling the first expansion column to the second expansion column; and

wherein the first expansion column, the second expansion column, and the first connecting strut column forming a plurality of geometric cells and at least a portion of the plurality are asymmetrical geometric cells.

10. (Amended) The stent of claim 1, wherein a spacing distance between the first expansion column strut pair and <u>the spacing distance between</u> an adjacent first expansion column strut pair in the first expansion column are different.

11. (Amended) The stent of claim 1, wherein a spacing distance between the second column expansion strut pair and <u>the spacing distance between</u> an adjacent second column expansion strut pair in the second expansion column are different.

12. (Amended) The stent of claim 2, wherein a spacing distance between the first expansion column strut pair and <u>the spacing distance between</u> an adjacent first expansion column strut pair in the first expansion column, and a spacing distance between the second column expansion strut pair and <u>the spacing distance between</u> an adjacent second column expansion strut pair in the second expansion column are the same.

13. (Amended) The stent of claim 2, wherein a spacing distance between the first expansion column strut pair and <u>the spacing distance between</u> an adjacent first expansion column strut pair in the first expansion column, and a spacing distance between the second column expansion strut pair and <u>the spacing distance between</u> an adjacent second column expansion strut pair in the second expansion column are different.

21. (Amended) A stent in a non-expanded state, comprising:

a first expansion column formed of a plurality of [first expansion struts] <u>pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle</u>;

a second expansion column formed of a plurality of [second expansion struts] <u>pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle</u>;

79.    The stent of claim 21, wherein the substantially linear joining struts of the first and second columns each has a curved distal end.

80.    The stent of claim 21, wherein the substantially linear joining struts of the first and second columns each has a curved proximal end and a curved distal end.

81.    The stent of claim 49, wherein the substantially linear joining struts of the first and second columns each has a curved proximal end.

82.    The stent of claim 49, wherein the substantially linear joining struts of the first and second columns each has a curved distal end.

83.    The stent of claim 49, wherein the substantially linear joining struts of the first and second columns each has a curved proximal end and a curved distal end.--

## REMARKS

The Examiner has required further restriction of the elected claims, and states that claims 4, 6, 8 and 9 do not read on the elected Species VII, Figure 8C, has treated the claims as non-elected, and advises applicants to cancel the claims.

The Examiner has objected to the specification due to informalities, and has required applicant to supply information related to priority applications.

Applicant has deleted the section "Cross-Reference to Related Applications" in its entirety, and has supplied a new section identifying the priority applications by the correct serial numbers.

Claims 1, 10-12, 21, 64, and 67-69 stand rejected under 35 U.S.C. §112, second paragraph, as being indefinite. The claims have been amended to overcome this ground of rejection.

Claims 1-3, 7, 12, 17, 22-22 and 35 stand rejected under 35 U.S.C. §102(a) as anticipated by Pinchasik, et al. (U.S. 5,449,373). Claims 1-3, 5, 10-13, 22, 49, 60 and 63 stand rejected under 35 U.S.C. §102(e) as anticipated by Orth, et al. (U.S. 5,591,197). Claims 1-3, 7, 10-13, 17, 21-22 and 35 stand rejected under 35 U.S.C. §102(e) as anticipated by Israel, et al. (U.S. 5,733,303). Claims 19-20, 65-66 and 72 stand rejected under 35 U.S.C.§103(a) as being obvious over Pinchasik, Orth or Israel in view of Fischell, et al. (U.S. 5,607,442).

These grounds of rejection are respectively traversed.

One embodiment of the present invention, as set forth in claim 1, is a stent in a non-expanded state. A first column expansion pair is defined by a first expansion strut and a parallel second expansion strut. The first and second expansion struts are coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle. A plurality first column expansion strut pairs form a first expansion column. A second column expansion strut pair is defined by a first expansion strut and a parallel second expansion strut. The first and second expansion struts are coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle. A plurality of the second column

expansion strut pair form a second expansion column. A first serial connecting strut column includes a plurality of serial connecting struts that couple the first expansion column to the second expansion column. The first expansion column, second expansion column, and first connecting strut column form a plurality of geometric cells. At least a portion of the geometric cells are asymmetrical.

The un-expanded stent of Penchasik, et al., is most readily seen in Figures 2(a) and 2(b). In Penchasik et al., connectors 110 are links 212 that connect a front end 104 to a tail end 106 of adjacent segments 102. The connectors 110 have cylindrical configurations. The stent of Penchasik et al., fails to provide strut pairs that are coupled by a linear joining strut where the joining strut is coupled to the individual struts of the pair at a non-perpendicular angle.

Orth, et al., and Israel also fail to provide linear joining struts that are coupled to individual struts in strut pair at a non-perpendicular angle. See for example Figure 1(c).

There is no suggestion or teaching that the un-expanded stents of Penchasik, et al., Orth, et al., Israel or Fischell, either alone or in combination, can or should be modified to the linear joining strut as set forth in claim 1 of the present invention.

## CONCLUSION

Applicant believes that the application is now in condition for allowance and respectfully requests issuance of a notice of allowance.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

Date: 3/24/99          By: _____

Paul Davis, Reg. No. 29,294

650 Page Mill Road
Palo Alto, California 94304
(415) 493-9300

Please type a plus sign (+) inside this box. ⊞

GP 3738

Approved for use through ⬤/30/00. OMB 0651-0031
PTO/SB/21 (⬤)
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# TRANSMITTAL
# FORM

(to be used for all correspondence after initial filing)

| | |
|---|---|
| Application Number | 08/824,142 |
| Filing Date | 03/25/1997 |
| First Named Inventor | Jang |
| Group Art Unit | 3738 |
| Examiner Name | Nguyen, D. |

| Total Number of Pages in This Submission | 6 | Attorney Docket Number | 18461-702 |
|---|---|---|---|

## ENCLOSURES

| | | | |
|---|---|---|---|
| ☐ | Fee Transmittal Form | | Assignment Papers (for an Application) |
| | | | Drawing(s) |
| ☒ | Authorization to Charge Deposit Account Below | | Revocation and Power of Attorney by Assignee |
| ☒ | Amendment/Response | | Petition Routing Slip (PTO/SB/69) and Accompanying Petition |
| | ☐ After Final | | To Convert a Provisional Application |
| | ☐ Affidavits/declaration(s) | | Declaration of Inventor(s) |
| | | | Terminal Disclaimer |
| ☐ | Extension of Time Request | | Small Entity Statement |
| | | | Request for Corrected Filing Receipt |
| ☐ | Express Abandonment Request | | After Allowance Communication to Group |
| | | | Appeal Communication to Board of Appeals and Interferences |
| ☐ | Information Disclosure Statement | | Appeal Communication to Group (Appeal Notice, Brief, Reply Brief) |
| | | | Proprietary Information |
| ☐ | Certified Copy of Priority Document(s) | | Status Letter |
| | | | Additional Enclosure(s) (please identify below): |
| ☐ | Response to Missing Parts under 37 CFR 1.52 or 1.53 | Remarks | THE COMMISSIONER IS AUTHORIZED TO CHARGE DEPOSIT ACCOUNT 23-2415 FOR ANY FEES IN CONNECTION WITH THIS CORRESPONDENCE |

*(stamp: C I P E JC9T  MAR 30 1999  PATENT & TRADEMARK)*

RECEIVED
APR 02 1999
TECHNOLOGY CENTER 3700

## SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm or Individual Name | Paul Davis, Reg. No. 29,294, WILSON SONSINI GOODRICH & ROSATI |
|---|---|
| Signature | *(signature)* | Date | 3/24/99 |

## CERTIFICATE OF MAILING

| I hereby certify that this correspondence is being deposited with the U.S. Postal Service with sufficient postage as first class mail to: Assistant Commissioner for Patents, Washington, D.C. 20231, on | Date | 3/26/99 |
|---|---|---|
| Typed or printed name | Sidney Ninburgn | | |
| Signature | *(signature)* | Date | 3/26/99 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

# EXHIBIT 10



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | /25/?? | | |

```
                              GM31/0622
     WILSON GONSINI GOODRICH ROSATI
     650 PAGE MILL ROAD
     PALO ALTO CA 94304-1050
```

| EXAMINER |
|---|
| NGUYEN,T |
| #/0 |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3738 | |

DATE MAILED:    06/22/??


Please find below a communication from the EXAMINER in charge of this application.

Commissioner of Patents

| *Office Action Summary* | Application No.<br>08/824,142 | Applicant(s)<br>Jang |
|---|---|---|
| | Examiner<br>Dinh Nguyen | Group Art Unit<br>3738 |

☒ Responsive to communication(s) filed on *Mar 30, 1999* .

☒ This action is **FINAL.**

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___ *3* ___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

  ☒ Claim(s) *1-13, 17, 19-22, 49, 60, 63-69, 72, and 75-83* _____ is/are pending in the application.

    Of the above, claim(s) *4, 6, 8, and 75-83* _____ is/are withdrawn from consideration.

  ☐ Claim(s) _____ is/are allowed.

  ☒ Claim(s) *1-3, 5, 7, 9-13, 17, 19-22, 49, 60, 63-69, and 72* _____ is/are rejected.

  ☐ Claim(s) _____ is/are objected to.

  ☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

  ☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

  ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

  ☐ The proposed drawing correction, filed on _____ is ☐approved ☐disapproved.

  ☐ The specification is objected to by the Examiner.

  ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

  ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐None  of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____ .

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

  ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

  ☐ Notice of References Cited, PTO-892

  ☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

  ☐ Interview Summary, PTO-413

  ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

  ☐ Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

Application/Control Number: 08/824,142                                    Page 2

Art Unit: 3738

## DETAILED ACTION

### *Election/Restriction*

In the previous office action, it was stated:

"As indicated in the restriction, due to numerous species and the complexity of the restriction, a refinement of the restriction may be necessary. A review of the elected claims reveal that claims 4, 6, 8 and 9 do not read on the elected Species VII (Figure 8C). Claim 4 requires the first column loop slot not to be parallel to the second column loop slot while claim 6 requires the first column loop slot to be collinear with the second column loop slot. Figure 8C clearly shows the first column loop slot to be parallel and non-collinear to the second column loop slot. Therefore, these claims are treated as non-elected. Applicant is advised to cancel these claims as Applicant has canceled the other non-elected claims."

Applicant's response did not either argue against the restriction of claims 4, 6, 8, and 9, or cancel these claims. The restriction stands with respect to these claims.

Applicant has added claims 75-83. These new claims require the joining struts to be curved. They clearly do not read on the elected species (figure 8C) which calls for linear joining struts. Additionally, they are in conflict with Applicant's amendment to the independent claims, requiring the joining struts to be substantially linear.

Application/Control Number: 08/824,142                                        Page 3

Art Unit: 3738

### *Claim Rejections - 35 USC § 112*

Claims 10-12, 64 and 67-69 are rejected under 35 U.S.C. 112, second paragraph, as being

indefinite for failing to particularly point out and distinctly claim the subject matter which

applicant regards as the invention.

As indicated in the previous office action, it is unclear from the claim language as to which

spacing in relation to the strut pairs are being compared, i.e., the horizontal spacing or the vertical

spacing. Applicant is required to add claim language more clearly define the spaces. Applicant

should caution in doing this such that horizontal and vertical spacing is clearly defined as well, i.e.,

which direction is considered horizontal and which is vertical. It is recommended that any

directions of spacings and angles as described should be used in relation to a longitudinal axis of

the stent. Applicant's amendment has not remedied this indefiniteness.

Claim 11 suffers from the same indefiniteness as indicated for claim 10.

Claim 12 also suffers from the same indefiniteness. Note that claim 12 is better defined as

to which two spacings are being compared, i.e., the spacing from the first column strut pair versus

the spacing from the second column strut pair. However, as with the other claims, it is unclear as

to whether the "horizontal" spacing or the "vertical" spacing is being compared.

As to claim 64, a third slant angle was claimed in the last line of the claim but the first and

second angle have not been defined yet.

Claims 67-69 refer to a third angle and therefore is indefinite similarly as for claim 64. In

claim 69, at line 3, "the first slant angle" lacks antecedent support.

Application/Control Number: 08/824,142                                         Page 4

Art Unit: 3738

    Note that these indefiniteness regarding the slant angles were indicated in the previous

office action.

<h3 align="center">*Claim Rejections - 35 USC § 102*</h3>

    The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the United
> States before the invention thereof by the applicant for patent, or on an international application by another who
> has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371© of this title before the invention
> thereof by the applicant for patent.

    Claims 1-3, 7, 12, 17, 21, 22 and 35 are rejected under 35 U.S.C. 102(e) as being

anticipated by Pinchasik et al., USPN 5,449,373 as submitted in Applicant's IDS and applied in

the previous office action.  The rejection is reiterated herein for convenience:

    "Pinchasik discloses a stent having all of the claimed features.  See figures 2A, 2B and 2C.

The stent as disclosed have different columns of expansion struts and connecting struts as

claimed.  In these figures, the cells immediately underneath the expansion struts 112 are

asymmetrical in shape as claimed for claim 1.  As to claim 21, the claim merely requires two sets

of column struts and a column of expansion struts having a linear section and an angel.  Figures

2A-2C clearly show a stent meeting all of these broadly claimed features.  The independent claims

as cited above merely require the struts to have generic geometry which are clearly found in the

stent of Pinchasik."

Application/Control Number: 08/824,142                                    Page 5

Art Unit: 3738

Claims 1-3, 5, 10-13, 22, 49, 60 and 63 are rejected under 35 U.S.C. 102(e) as being

anticipated by Orth et al., USPN 5,591,197 as submitted in Applicant's IDS and applied in the

previous office action. Orth discloses a stent having all of the broadly claimed features. See

figure 1C for example. As discussed in relation to Pinchasik above, the Orth stent also have the

different columns of expansion struts and connecting struts as claimed for claim 1 and its

dependent claims. Note that although the cells as defined from the struts in this Orth stent have

repetitive features, at least some of the cells are asymmetrical in shape in at least one direction.

As seen in figure 1C, the lowermost cells when folded in half such that a top half and a

bottom half does not match each other, would indicate that the cells are not completely

symmetric. The use of this language without further details are broadly interpreted by Examiner

as such.

As to claim 49 and its dependent claims, examining the middle column of expansion struts

in figure 1 of Orth, this column is "circumferentially offset" from the some of the other columns

thus meeting the broad claim language.


### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
such that the subject matter as a whole would have been obvious at the time the invention was made to a person

Application/Control Number: 08/824,142                                          Page 6

Art Unit 3738

having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claims 19, 20, 65, 66 and 72 are rejected under 35 U.S.C. 103(a) as being unpatentable over Pinchasik, Orth or Israel as applied above in view of Fischell et al., USPN 5,607,442. With respect to these claims, the primary references as applied do not disclose the use of radiopaque material and electroplating. However, Fischell teaches using radiopaque material for fluoroscopic examination and electroplating for stent material. See abstract and column 3, lines 39-49. It would have been obvious to one of ordinary skill in the art to have combined the teaching of using radiopaque material and electroplating, as taught by Fischell, to the stents of Pinchasik, Orth or Israel, in order to provide fluoroscopic examination.

As to claims 65 and 66, any variation of column and struts are considered design choice because they are directly related to how far a doctor wants the stent to expand which depends on the nature of the defect that is being repaired.

Note that as indicated in the 112 rejection, different angles as formed in the struts must be clearly claimed and have been treated in the best manner as interpreted from the claim language due to indefiniteness. Any related applications as mislabeled in the specification must be corrected. Due to the numerous claims and applications applied by Applicant, any claims similar in substance may be subject to a double patenting rejection.

### Pertinent Art

The following patents are considered pertinent such that they are considered to meet some of Applicant's broad claims: Kanesaka (as submitted in Applicant's IDS), Richter, Jayaraman (see

Application/Control Number: 08/824,142                                    Page 7

Art Unit: 3738

'949 at figures 10 and 11 for example; but this patent's priority date does not meet Applicant's

priority date), Al-Saadon, and Lee et al.  These references were all cited in the previous office

action.

### *Response to Applicant's Arguments*

Applicant has did not argue against the rejection made in the previous office action.  New

claim language were added to the independent claims, but merely requiring the struts in the

expansion column to be parallel, and joining strut to be "substantially linear" and non-

perpendicular to the the parallel struts of the expansion column.  Applicant then merely stated that

the prior art is deficient of these newly added features.

With respect to the Pinchasik stent, see figures 2A and 2B.  The expansion struts 102 is

clearly parallel.  The joining struts, although slightly cylindrical as argued by Applicant, is still

considered to be "substantially linear" from the figures.  However, figure 3A and 3B clearly has

parts to the joining struts 124 that are "substantially linear" and non-perpendicular to the parallel

struts.  Applicant's elected species of figure 8C has its joining struts to have parts that are linear

but not completely linear, in the same fashion as seen in figure 3A and 3B of Pinchasik.

With respect to the Orth stent, see figure 1.  The struts 17 forming an expansion column is

clearly parallel in part.  The joining strut 16 is clearly substantially linear.  Since strut 16 ends in

both directions toward parts of the expansion column that is curvilinear, it is considered non-

perpendicular somewhat with respect to the expansion column.

Application/Control Number: 08/824,142                                      Page 8

Art Unit: 3738

    Applicant's amendment necessitated the new ground(s) of rejection presented in this Office

action.  Accordingly, **THIS ACTION IS MADE FINAL.**  See MPEP § 706.07(a).  Applicant is

reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

    A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event,

however, will the statutory period for reply expire later than SIX MONTHS from the date of this

final action.

    Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Dinh X. Nguyen whose telephone number is (703) 305-3522.

Dinh X. Nguyen

June 3, 1999

Mickey Yu
Supervisory Patent Examiner
Group 3700

# EXHIBIT 11

AF/GP3738
EC
9-20 99
11/0
(M&)

CERTIFICATE OF MAILING
I hereby certify that this correspondence is being deposited
with the U.S. Postal Service with sufficient postage as first
class mail in an envelope addressed to: Assistant Commissioner for
Patents, Washington, D.C. 20231, on September 21, 1999.

Donna L. Hengst
Donna L. Hengst

OIPE JO57
SEP 2 4 1999
PATENT & TRADEMARK OFFICE

PATENT
Attorney Docket No. 18461-702

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of                )
                                    )
        G. David Jang               )    Group Art Unit: 3738
                                    )
Application No.: 08/824,142         )    Examiner: Nguyen, D.
                                    )
Filed:  March 25, 1997             )
                                    )
For:   INTRAVASCULAR STENT          )

RECEIVED
SEP 23 1999
TECHNOLOGY CENTER 3700

AMENDMENT AFTER FINAL UNDER C.F.R. 1.116

Assistant Commissioner for Patents
Washington, D.C. 20231
Box AF

Sir:

        In response to the Examiner's Final Office Action mailed June 22, 1999, Applicant
respectfully requests reconsideration of the above-referenced application in view of the following
amendments and remarks.


RESTRICTION/ELECTION REQUIREMENT:

        Applicant withdraws claims 4, 6, 8, 9, and 75-83.  Applicant requests reinstatement of these
claims if claim 1 is allowed.


IN THE CLAIMS:

        Please amend the claims as follows:


Attorney Docket No. 18461.702
1078392                                    1

1. (Twice Amended)  A stent in a non-expanded state, comprising:

a first column expansion strut pair formed of a first expansion strut and a [parallel] second expansion strut that is parallel to the first expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the first column expansion strut pair forming a first expansion column;

a second column expansion strut pair formed of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second struts at a non-perpendicular angle, a plurality of the second column expansion strut pair forming a second expansion column; and

[a first serial connecting strut,] a plurality of first serial connecting struts forming a first connecting strut column, the plurality of first serial connecting struts coupling the first expansion column to the second expansion column, a first connecting strut in the first connecting strut column including multiple linear sections; and

wherein the first expansion column, the second expansion column, and the first connecting strut column forming a plurality of geometric cells and at least a portion of the plurality are asymmetrical geometric cells.

10. (Twice Amended)  The stent of claim 1, wherein a [spacing] first distance between the first expansion strut and the second expansion strut of the first expansion column strut pair [and the spacing] is different than a second distance between a first expansion strut and a second expansion strut of an adjacent first expansion column strut pair in the first expansion column are different.

11. (Twice Amended)  The stent of claim [1] 10, wherein a [spacing] first distance between the first expansion strut and the second expansion strut of the second column expansion strut pair [and the spacing] is different than a second distance between a first expansion strut and a second expansion strut of an adjacent second column expansion strut pair in the second expansion column are different.

12. (Twice Amended)  The stent of claim [2] 11, wherein [a spacing distance between] the first and second distance in the first expansion column [strut pair and the spacing distance

between an adjacent first expansion column strut pair in the first expansion column, and a spacing distance between the second column expansion strut pair and the spacing distance between an adjacent second column expansion strut pair in the second expansion column] are the same, and wherein the first and second distance in the second expansion column are the same.

21. (Twice Amended) A stent in a non-expanded state, comprising:

a first expansion column formed of a plurality of pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a second expansion column formed of a plurality of pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a first connecting strut column formed of a plurality of first connecting struts, a first connecting strut in the first connecting strut column including multiple linear sections, wherein the first connecting strut column couples the first expansion column to the second expansion column and [at least a portion of the first connecting struts include a proximal section, a distal section, a first linear section and] includes a first slant angle formed between two of the multiple linear sections.

40. (Amended) The stent of claim 21, further comprising:

a third expansion strut column formed of a plurality of the third expansion struts; and

a second connecting strut column formed of a plurality of second connecting struts, a first connecting strut in the third connecting strut column including a linear section, wherein the second connecting strut column couples the second expansion column to the third expansion column and [at least a portion of the second connecting struts include a proximal section, a distal section, a first linear section and] includes a third slant angle formed between two of the multiple linear sections.