49. (Twice Amended) A stent in a non-expanded state, comprising:

a first expansion column formed of a plurality of pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a second expansion column formed of a plurality of pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a first connecting strut column formed of a plurality of first connecting struts, the first connecting struts including multiple linear sections, wherein the first connecting strut column couples the first expansion column to the second expansion column and a first expansion strut in the first expansion column is circumferentially offset from a corresponding second expansion strut of the second expansion column.

64. (Amended) The stent of claim 63, wherein at least a portion of the second connecting struts include a proximal section coupled to a distal section of a second expansion strut, a distal section coupled to a proximal section of a corresponding third expansion strut, a first linear section between the proximal and distal sections and a [third] strut angle.

67. (Amended) The stent of claim 63, wherein the portion of the second connecting struts including a [third] slant angle have a second linear section coupled to the first linear section and the third slant angle is formed between the first and second linear sections.

68. (Amended) The stent of claim 64, wherein the portion of the second connecting struts including the [third] slant angle have a second linear section coupled to the first linear section of the second connecting strut and the [third] slant angle is formed between the first and second linear sections.

69. (Amended) The stent of claim 68, wherein each [third strut] slant angle of the second connecting struts is directed in a second circumferential direction that is in an opposite direction of a first circumferential direction of [the first strut] a slant angle of the first connecting [strut] struts.

**Please cancel without prejudice claims 75-83.**

## REMARKS

Applicant thanks the Examiner for thoroughly reviewing the application. Amendments and remarks enclosed herein are intended to place all claims in the application in condition for allowance. Therefore, Applicant requests the Examiner's discretion in considering this response.

1.    **Election/Restriction Requirement**

In the Office Action, the Examiner requested that the Applicant withdraw claims 4, 6, 8, 9. Applicant has withdrawn these claims, but requests reinstatement of the claims if the Examiner indicates claim 1 is in condition for allowance. Claim 1 is a genus that reads on a structure such as shown by FIG. 8C, and claims 4, 6, 8, 9 are species under claim 1.

While Applicant disagrees with the Examiner's assertions regarding claims 75-83, Applicant has cancelled these claims without prejudice to expedite prosecution of this application.

2.    **Rejection Under 35 U.S.C. §112, Second Paragraph**

In the Office Action the Examiner rejected claims 10-12, 64, 67-69 under 35 U.S.C. §112, second paragraph as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. Applicant has amended these claims to specifically deal with the language that the Examiner found objectionable. Applicant respectfully requests reconsideration of these claims in light of these amendments.

3.    **Rejection Under 35 U.S.C. §102(e)**

In the Office Action, the Examiner rejected claims 1-3, 7, 12, 17, 22-22 and 35 under 35 U.S.C. §102(e) as being anticipated by Pinchasik, et al. (U.S. Pat. No. 5,449,373). While Applicant disagrees with the applicability of Pinchasik, Applicant has amended each of the independent claims 1, 21, and 49 to recite at least one connecting strut in the connecting strut column to include multiple linear sections. Applicant submits that Pinchasik does not disclose linear connecting struts.

Further, Applicant requests reconsideration of claims 1, 21, and 49 because Pinchasik does not disclose a substantially linear joining strut connecting the expansion struts. In the Office Action, the Examiner stated that FIG. 3 of Pinchasik has "has *parts* to the joining struts 124 that are 'substantially linear' and non-perpendicular to the parallel struts." This characterization is not equivalent to "substantially linear joining strut", as recited in the

independent claims. Applicant notes that the Examiner's characterization is applicable to curved struts and straight struts alike.

Therefore, Applicant submits that claims 1-3, 7, 12, 17, 21, 22, and 35 are patentably distinct from Pinchasik.

The features mentioned above regarding the connecting struts and the joining struts of amended claims 1, 21, and 49 are repeated with respect to Orth. Therefore, Applicant submits that claims 1-3, 5, 10-13, 21, 22, 49, 60, and 63 are patentably distinct from Orth.

4.    **Rejection Under 35 U.S.C. §103(a)**

Claims 19, 20, 65, 66 and 72 were rejected under 35 U.S.C. 103(a) as being unpatentable over Pinchasik, Orth or Israel, as applied above in view of Fischell et al., (U.S. 5,607,442). However, in light of the amendments made to claims 1, 21 and 49, Applicant submits that this rejection is now moot.

## CONCLUSION

Applicant believes that the application is now in condition for allowance and respectfully requests issuance of a notice of allowance. However, if any issues remain, Applicant urges the Examiner to telephone Applicant's Attorney so that the application can be allowed in an expedited manner.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

By: _____

Van Mahamedi
Reg. No. 42,828

650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300
Date:    September 21, 1999

Please type a sign (+) insi is box: [+]

PTO/SB/21 (12-97)
Approved t s through 9/30/00. OMB 0651-0031
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| TRANSMITTAL FORM (to be used for all correspondence after initial filing) | Application Number | 08/824,142 |
|---|---|---|
| | Filing Date | 03/25/199 |
| | First Named Inventor | Jang |
| | Group Art Unit | 3738 |
| | Examiner Name | Nguyen, |
| Total Number of Pages In This Submission    7 | Attorney Docket Number | 18461-702 |

### ENCLOSURES

| | |
|---|---|
| [ ] Fee Transmittal Form | Assignment Papers (for an Application) |
|   [x] Authorization to Charge Deposit Account Below | Drawing(s) |
| [x] Amendment/Response | Revocation and Power of Attorney by Assignee |
|   [x] After Final | Petition Routing Slip (PTO/SB/69) and Accompanying Petition |
|   [ ] Affidavits/declarations | To Convert a Provisional Application |
| | Declaration of Inventor(s) |
| | Terminal Disclaimer |
| [ ] Extension of Time Request | Small Entity Statement |
| | Request for Corrected Filing Receipt |
| [ ] Express Abandonment Request | After Allowance Communication to Group |
| | Appeal Communication to Board of Appeals and Interferences |
| [ ] Information Disclosure Statement | Appeal Communication to Group (Appeal Notice, Brief, Reply Brief) |
| | Proprietary Information |
| [ ] Certified Copy of Priority Document(s) | Status Letter |
| | Additional Enclosure(s) (please identify below) |
| [ ] Response to Missing Parts under 37 CFR 1.52 or 1.53 | Remarks: THE COMMISSIONER IS AUTHORIZED TO CHARGE DEPOSIT ACCOUNT 23-2415 FOR ANY FEES IN CONNECTION WITH THIS CORRESPONDENCE |

### SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm or Individual Name | Ven Mahamedi, Reg. No. 42,826, WILSON SONSINI GOODRICH & ROSATI | | |
|---|---|---|---|
| Signature | *Va Mel i* | Date | September 21, 1999 |

### CERTIFICATE OF MAILING

| I hereby certify that this correspondence is being deposited with the U.S. Postal Service with sufficient postage as first class mail to: Assistant Commissioner for Patents, Washington, D.C. 20231, on | Date | September 21, 1999 |
|---|---|---|
| Typed or printed name | Donna L. Hengst | |
| Signature | *Donna L. Hengst* | Date | September 21, 1999 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

# EXHIBIT 12



**UNITED STAT!**  **DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
            Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/824,142 | 03/25/97 | JANG | D    17/828-707 |

```
                                    QM12/1013
   WILSON SONSINI GOODRICH ROSATI
   650 PAGE MILL ROAD
   PALO ALTO CA 94304-1050
```

| EXAMINER |
|---|
| NGUYEN, D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3738 | |

DATE MAILED:

10/19/99

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

| _Advisory Action_ | Application No.  08/824,142 | Applicant(s)  Jang | |
|---|---|---|---|
| | Examiner  Dinh Nguyen | Group Art Unit  3738 | |

THE PERIOD FOR RESPONSE: [check only a) or b)]

   a) ☒ expires _____3_____ months from the mailing date of the final rejection.

   b) ☐ expires either three months from the mailing date of the final rejection, or on the mailing date of this Advisory Action, whichever is later. In no event, however, will the statutory period for the response expire later than six months from the date of the final rejection.

Any extension of time must be obtained by filing a petition under 37 CFR 1.136(a), the proposed response and the appropriate fee. The date on which the response, the petition, and the fee have been filed is the date of the response and also the date for the purposes of determining the period of extension and the corresponding amount of the fee. Any extension fee pursuant to 37 CFR 1.17 will be calculated from the date of the originally set shortened statutory period for response or as set forth in b) above.

☐ Appellant's Brief is due two months from the date of the Notice of Appeal filed on _____ (or within any period for response set forth above, whichever is later). See 37 CFR 1.191(d) and 37 CFR 1.192(a).

Applicant's response to the final rejection, filed on ___Sep 24, 1999___ has been considered with the following effect, but is NOT deemed to place the application in condition for allowance:

☒ The proposed amendment(s):

   ☐ will be entered upon filing of a Notice of Appeal and an Appeal Brief.

   ☒ will not be entered because:

      ☒ they raise new issues that would require further consideration and/or search. (See note below).

      ☐ they raise the issue of new matter. (See note below).

      ☐ they are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal.

      ☐ they present additional claims without cancelling a corresponding number of finally rejected claims.

   NOTE: _The linear sections as added in the proposed amendment requires further considerations and/or search._ _____

☐ Applicant's response has overcome the following rejection(s): _____

☐ Newly proposed or amended claims _____ would be allowable if submitted in a separate, timely filed amendment cancelling the non-allowable claims.

☐ The affidavit, exhibit or request for reconsideration has been considered but does NOT place the application in condition for allowance because: _____

☐ The affidavit or exhibit will NOT be considered because it is not directed SOLELY to issues which were newly raised by the Examiner in the final rejection.

☒ For purposes of Appeal, the status of the claims is as follows (see attached written explanation, if any):

   Claims allowed: _____

   Claims objected to: _____

   Claims rejected: _1-3, 5, 7, 9-13, 17, 19-22, 49, 60, 63-69, and 72_____

☐ The proposed drawing correction filed on _____ ☐has ☐has not been approved by the Examiner.

☐ Note the attached Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Other

Mickey Yu
Supervisory Patent Examiner
Group 3700

# EXHIBIT 13



**UNITED STATES DE. .RTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:    COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/824,142 | 03/25/97 | JANG | | D    17828-707 |

QM12/0207

WILSON SONSINI GOODRICH ROSATI
650 PAGE MILL ROAD
PALO ALTO CA 94304-1050

| EXAMINER |
|---|
| NGUYEN, D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3738 | 13 |

DATE MAILED:

02/07/00

Please find below and/or attached an Office communication concerning this application or
proceeding.

Commissioner of Patents and Trademarks

| *Notice of Abandonment* | Application No. 08/824,142 | Applicant(s) Jang |
|---|---|---|
| | Examiner Dinh Nguyen | Group Art Unit 3738 |

This application is abandoned in view of:

☒ applicant's failure to timely file a proper response to the Office letter mailed on ___*Jun 22, 1999*___ .

    ☐ A response (with a Certificate of Mailing or Transmission of _____) was received on _____ , which is after the expiration of the period for response (including a total extension of time of ___ month(s)) which expired on _____ .

    ☒ A proposed response was received on ___*Sep 24, 1999*___ , but it does not constitute a proper response to the final rejection.

    (A proper response to a final rejection consists only of: a timely filed amendment which places the application in condition for allowance; a Notice of Appeal; or the filing of a continuing application under 37 CFR 1.62 (FWC)).

    ☐ No response has been received.

☐ applicant's failure to timely pay the required issue fee within the statutory period of three months from the mailing date of the Notice of Allowance.

    ☐ The issue fee (with a Certificate of Mailing or Transmission of _____) was received on _____ .

    ☐ The submitted issue fee of $_____ is insufficient. The issue fee required by 37 CFR 1.18 is $_____ .

    ☐ The issue fee has not been received.

☐ applicant's failure to timely file new formal drawings as required in the Notice of Allowability.

    ☐ Proposed new formal drawings (with a Certificate of Mailing or Transmission of _____) were received on _____ .

    ☐ The proposed new formal drawings filed _____ are not acceptable.

    ☐ No proposed new formal drawings have been received.

☐ the express abandonment under 37 CFR 1.62(g) in favor of the FWC application filed on _____ .

☐ the letter of express abandonment which is signed by the attorney or agent of record, the assignee of the entire interest, or all of the applicants.

☐ the letter of express abandonment which is signed by an attorney or agent (acting in a representative capacity under 37 CFR 1.34(a)) upon the filing of a continuing application.

☐ the decision by the Board of Patent Appeals and Interferences rendered on _____ and because the period for seeking court review of the decision has expired and there are no allowed claims.

☐ the reason(s) below:

1/3/00

# EXHIBIT 14

Practitioner's Docket No. 18461-702

*PATENT*

#14

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of:
Inventors:        G. David Jang
Application No.:  08/824,142
Filing Date:      March 25, 1997
Title:            Intravasular Stent

Group No.:   3738
Examiner:    D. Nguyen

Assistant Commissioner for Patents
Washington, D.C. 20231
Office of the Assistant Commissioner for Patents

### PETITION FOR WITHDRAWAL OF ABANDONMENT

#### PETITION

·1.   Applicant petitions that the abandonment set forth in the notice mailed by the Office on February 7, 2000 be withdrawn.

#### SUBMISSION

2.   Submitted herewith is:
☒ A copy of the complete response previously filed
☐ A copy of the postcard identifying the papers filed and showing the USPTO receipt stamp
☒ A copy of the first page of the response showing an executed Certificate of Mailing
☒ A copy of the Express Mail Certificate No. showing the US Post Office receipt stamp
☒ A copy of the Deposit Account Statement, in which items corresponding to the above is checked

3.   Please proceed with further examination of this application on the basis of:
☐ The original papers filed, which have now reached the appropriate area.
☒ The attached copies of the originally filed papers.

#### PETITION FEE

4.   The petition fee (37 C.F.R. section 1.17(h)) is paid as follows:
Charge Account No. 23-2415 (Docket No. 18461-702) the sum of $130.

#### REQUEST FOR REFUND OF PETITION FEE

5.   As no defect exists in applicant's previous submission, a refund of the petition fee submitted herewith is respectfully requested.

#### REQUEST FOR WITHDRAWAL OF ABANDONMENT

6.   Acknowledgment of the active status of this application is respectfully requested.

---

### CERTIFICATE OF MAILING/TRANSMISSION (37 C.F.R. section 1.8(a))

I hereby certify that, on the date shown below, this correspondence is being:

**MAILING**

☐    deposited with the United States Postal Service with sufficient postage as first class mail in an envelope , addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231.

**FACSIMILE**

☒    transmitted by facsimile to the Patent and Trademark Office.

Donna Hengst

Signature

Date: _____

(Petition for Withdrawal of Abandonment--page 1 of 2)

**W S R**

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

| | | | |
|---|---|---|---|
| To: Donna Monroe | Fax: (703) 308-2706 | | ☒ Use this fax number only |
| Firm: U.S. Patent Office | Phone: | | ☐ Notify recipient before sending |
| To: | Fax: | | ☐ Use this fax number only |
| Firm: | Phone: | | ☐ Notify recipient before sending |

From: Van Mahamedi     Phone: (650) 493-9300     Return Fax: (650) 493-6811     Date: February 15, 2000

Original:   ☐ To follow via mail     ☐ To follow via courier     ☐ To follow via email     ☒ Original will not follow

Fax Contains: 15 pages *(including this sheet)*. If incomplete, call (650-493-6811.

Message:   PLEASE DELIVER TO Donna Monroe ART UNIT 3738

Ref: 18461-702                    Return Original to: Donna Hengst                    Location: FH1-2

APPLICATION No.: 08/824,142
FILED: March 25, 1997
TITLE: Intravascular Stent

FAX COPY RECEIVED

ₑFEB 1 6 2000

GROUP 3200

650 Page Mill Road, Palo Alto, CA 94304-1050 • 650.493.9300 Tel • 650.493.6811 Fax • www.wsgr.com

This fax may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender and destroy all copies.

Entire Transmission Copyright © 1999 Wilson Sonsini Goodrich & Rosati. All Rights Reserved.

USPTO (576)

Respecfully submitted,
WILSON SONSINI GOODRICH & ROSATI

Van Mahamedi, Reg. No. 42,828

Date: February 16, 2000

650 Page Mill Road
Palo Alto, CA 94304
Customer No. 21971

(Petition for Withdrawal of Abandonment--page 2 of 2)



UNITED STATE   EPARTMENT OF COMMERCE
Patent and Trad...ark Office
ASSISTANT SECRETARY AND COMMISSIONER OF
PATENTS AND TRADEMARKS
Washington, D.C. 20231

130

Paper No. 14

Alan A. Csontos
INTELLECTUAL PROPERTY DEPARTMENT
P.O. Box 2026
Greenville, SC 29602

COPY MAILED

SEP 1 0 1997

OFFICE OF PETITIONS
A/C PATENTS

RECEIVED
GROUP 340
SEP 30 AM 11:43

In re Application of                :
Jean-Claude Arnaud, et al.          :
Application No. 08/323,211          :         ON PETITION
Filed: October 14, 1994             :

This is a decision on the renewed petition under 37 CFR 1.137(b),
filed July 11, 1997 to revive the above-identified application.

The petition is granted.

This application became abandoned for failure to timely respond
to the final Office action mailed April 15, 1996, which set a
three month shortened statutory period for filing a response.  No
extensions of time having been obtained pursuant to the
provisions of 37 CFR 1.136(a), the date of abandonment of this
application is July 16, 1996.  Therefore, since this petition was
filed within one year of the date of abandonment, the petition
complies with the one year filing period requirement in 37 CFR
1.137(b).

Since this application is being revived for purposes of
continuity only and since continuity has been established by this
decision reviving the application, the application is again
abandoned in favor of the continuing application.

Applicant should file a written notice in the continuing
application within ONE MONTH from the mail date of this decision
indicating that the present application has been revived for
purposes of continuity and, accordingly, that the continuing
application complies with the copendency requirements of the
rules.  The failure to file such a notice may result in the
continuing application being inadvertently returned to applicant.

Serial No. 323,211                                        -2-


The file is being forwarded to Group 1300.

Telephone inquiries concerning this matter may be directed to the
undersigned at (703) 305-8859.


*Karen Creasy*
Karen Creasy
Legal Instruments Examiner
Office of Petitions
Office of the Deputy Assistant Commissioner
   for Patent Policy and Projects

# EXHIBIT 15

Please type a plus sign (+) inside this box → [ + ]

#15

(084)

PTO/SB/29 (12/97)
Approved for use through 9/30/00. OMB 0651-0023
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

## CONTINUED PROSECUTION APPLICATION (CPA)
## REQUEST TRANSMITTAL
*Submit an original, and a duplicate for fee processing.*
*(Only for Continuation or Divisional applications under 37 CFR 1.53(d))*

CHECK BOX, if applicable:
☒ DUPLICATE

| Address to: | | |
|---|---|---|
| **Assistant Commissioner for Patents**<br>**Box CPA**<br>**Washington, DC 20231** | Attorney Docket No. | 18461.702 |
| | First Named Inventor | C. David Jang |
| | Express Mail Label No | EL322090213US |
| | Total Pages | 10 |

This is a request for a ☒ continuation or ☐ divisional application under 37 CFR 1.53(d),
(continued prosecution application (CPA) of prior application number <u>08/824,142,</u>
filed on <u>March 25, 1997</u>, entitled <u>INTRAVASCULAR STENT</u>

### NOTES

*FILING QUALIFICATIONS: The prior application identified above must be a nonprovisional application that is either: (1) complete as defined by 37 CFR 1.51(b) and filed on or after June 8, 1995, or (2) the national stage of an international application in compliance with 35 U.S.C. 371 and filed on or after June 8, 1995.*

*C-I-P NOT PERMITTED: A continuation-in-part application cannot be filed as a CPA under 37 CFR 1.53(d), but must be filed under 37 CFR 1.53(b).*

*EXPRESS ABANDONMENT OF PRIOR APPLICATION: The filing of this CPA is a request to expressly abandon the prior application as of the filing date of the request for a CPA. 37 CFR 1.53(b) must be used to file a continuation, divisional, or continuation-in-part of an application that is not to be abandoned.*

*ACCESS TO PRIOR APPLICATION: The filing of this CPA will be construed to include a waiver of confidentiality by the applicant under 35 U.S.C. 122 to the extent that any member of the public who is entitled under the provisions of 37 CFR 1.14 to access to, copies of, or information concerning the prior application may be given similar access to, copies of, or similar information concerning, the other application or applications in the file jacket.*

*35 U.S.C. 120 STATEMENT: In a CPA, no reference to the prior application is needed in the first sentence of the specification and none should be submitted. If a sentence referencing the prior application is submitted, it will not be entered. A request for a CPA in the specific reference required by 35 U.S.C. 120 and in every application assigned the application number identified in such request. 37 CFR 1.78(a).*

1. ☐ Enter the unentered amendment previously filed on _____
   under 37 CFR 1.116 in the prior nonprovisional application.

2. ☒ A preliminary amendment is enclosed.

3. This application is filed by fewer than all the inventors named in the prior application. 37 CFR 1.53(d)(4).
   a. ☐ *DELETE* the following inventor(s) named in the prior nonprovisional application:
   ..........................................................................................................
   ..........................................................................................................
   b. ☐ The inventor(s) to be deleted are set forth on a separate sheet attached hereto.

4. ☐ A new power of attorney or authorization of agent (PTO/SB/81) is enclosed.

5. Information Disclosure Statement (IDS) is enclosed.
   a. ☐ PTO-1449
   b. ☐ Copies of IDS Citations

[Page 1 of 2]

Burden Hour Statement: This form is estimated to take 0.4 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Box CPA, Washington, DC 20231.

C:\NRPORTBL\PALib\DCH\1107721.1

| CLAIMS | (1) FOR | (2) NUMBER FILED | (3) NUMBER EXTRA | (4) RATE | (5) CALCULATIONS |
|---|---|---|---|---|---|
| | TOTAL CLAIMS (37 CFR 1.16(c)) | 72 -20 = | 52 | × $18 = | $ 936.00 |
| | INDEPENDENT CLAIMS (37 CFR 1.16(b)) | 5 -3 = | 2 | × $78 = | 156.00 |
| | MULTIPLE DEPENDENT CLAIMS (if applicable) (37 CFR 1.16(d)) | | | × $ = | |
| | | | | BASIC FEE (37 CFR 1.16(a)) | 760.00 |
| | | | | *Total above calculations* = | 1,852.00 |
| | Reduction by 50% for filing by small entity (Note 37 CFR 1.9, 1.27, 1.28). | | | | |
| | | | | TOTAL = | $1,852.00 |

6.    Small entity status:

a.  ☐  A small entity statement is enclosed.

b.  ☐  A small entity statement was filed in the prior nonprovisional application
and such status is still proper and desired.

c.  ☐  is no longer claimed.

7.    The Commissioner is hereby authorized to credit overpayments or charge the following fees to
Deposit Account No. 21 - 2415 :

a.  ☒  Fees required under 37 CFR 1.16.

b.  ☒  Fees required under 37 CFR 1.17.

c.  ☐  Fees required under 37 CFR 1.18.

8.  ☐  A check in the amount of $_____ is enclosed.

9.  ☒  Other: 2 Month Extension of Time for a fee of $380.00

---

**NOTE:**    *The prior application's correspondence address will carry over to this CPA*
*UNLESS a new correspondence address is provided below.*

| 10. NEW CORRESPONDENCE ADDRESS | | |
|---|---|---|
| ☐ Customer Number or Bar Code Label | 021971 (Insert Customer No. or Attach bar code label here) | or ☐ New correspondence address below |
| NAME | | |
| ADDRESS | | |
| CITY | STATE | ZIP CODE |
| COUNTRY | TELEPHONE | FAX |

| 11. SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED | |
|---|---|
| NAME | Van Mahamedi, Reg. No. 42,828 |
| SIGNATURE | |
| DATE | November 22, 1999 |

[Page 2 of 2]

CERTIFICATE OF MAILING BY "EXPRESS MAIL"
"Express Mail" Mailing Label No. EL222090213US
Date of Deposit November 22, 1999. I hereby certify that
this paper or fee is being deposited with the United States Postal
Services "Express Mail Post Office to Addressee" service under
37 CFR 1.10 on the date indicated above and is addressed to: Box CPA
Assistant Commissioner for Patents, Washington, D.C. 20231

*Donna L. Hengst*

Donna L. Hengst

Attorney Docket No.: 18461.702

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of | ) |
| G. David Jang | ) Group Art Unit: 3738 |
| | ) |
| Application No.: 08/824,142 | ) Examiner: Nguyen, D. |
| | ) |
| Filed: March 25, 1997 | ) |
| | ) |
| For:  INTRAVASCULAR STENT | ) |

## PRELIMINARY AMENDMENT

Box CPA
Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

Applicant submits this amendment concurrently with a Continuation Prosecution
Application (CPA), in response to the Office Action mailed June 22, 1999, and the Advisory
Action mailed October 13, 1999. Reconsideration is respectfully requested in view of the
following amendments and remarks.

## RESTRICTION/ELECTION REQUIREMENT:

Applicant withdraws claims 4, 6, 8, 9, and 75-83. Applicant requests reinstatement of
these claims if claim 1 is allowed.

C:\NRPORTBL\PAL\lbl\dh1\1093342.1                          1

**In the Claims:**

Please amend the claims as follows:

1. (Twice Amended)  A stent in a non-expanded state, comprising:

a first column expansion strut pair formed of a first expansion strut and a [parallel] second expansion strut <u>that is parallel to the first expansion strut</u>, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the first column expansion strut pair forming a first expansion column;

a second column expansion strut pair formed of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the second column expansion strut pair forming a second expansion column; and

[a first serial connecting strut,] a plurality of first serial connecting struts forming a first connecting strut column, the plurality of first serial connecting struts coupling the first expansion column to the second expansion column, <u>a first connecting strut in the first connecting strut column including multiple linear sections</u>; and

wherein the first expansion column, the second expansion column, and the first connecting strut column forming a plurality of geometric cells and at least a portion of the plurality are asymmetrical geometric cells.


10. (Twice Amended)  The stent of claim 1, wherein a [spacing] <u>first</u> distance between <u>the first expansion strut and the second expansion strut of</u> the first expansion column strut pair [and the spacing] <u>is different than a second</u> distance between <u>a first expansion strut and a second expansion strut of</u> an adjacent first expansion column strut pair in the first expansion column are different.


11. (Twice Amended)  The stent of claim [1] <u>10</u>, wherein a [spacing] <u>first</u> distance between <u>the first expansion strut and the second expansion strut of</u> the second column  expansion strut pair [and the spacing] <u>is different than a second</u> distance between <u>a first expansion strut and</u>

a second expansion strut of an adjacent second column expansion strut pair in the second
expansion column are different.

12. (Twice Amended) The stent of claim [2] 11, wherein [a spacing distance between]
the first and second distance in the first expansion column [strut pair and the spacing distance
between an adjacent first expansion column strut pair in the first expansion column, and
a spacing distance between the second column expansion strut pair and the spacing
distance between an adjacent second column expansion strut pair in the second expansion
column] are the same, and wherein the first and second distance in the second expansion column
are the same.

21. (Twice Amended) A stent in a non-expanded state, comprising:
a first expansion column formed of a plurality of pairs of a first expansion strut and a
parallel second expansion strut, the first and second expansion struts being coupled by a
substantially linear joining strut that is joined to each of the first and second expansion struts at a
non-perpendicular angle;
a second expansion column formed of a plurality of pairs of a first expansion strut and a
parallel second expansion strut, the first and second expansion struts being coupled by a
substantially linear joining strut that is joined to each of the first and second expansion struts at a
non-perpendicular angle;
a first connecting strut column formed of a plurality of first connecting struts, a first
connecting strut in the first connecting strut column including multiple linear sections, wherein
the first connecting strut column couples the first expansion column to the second expansion
column and [at least a portion of the first connecting struts include a proximal section, a
distal section, a first linear section and] includes a first slant angle formed between two of the
multiple linear sections.

40. (Amended) The stent of claim 21, further comprising:
a third expansion strut column formed of a plurality of the third expansion struts; and
a second connecting strut column formed of a plurality of second connecting struts, a first
connecting strut in the third connecting strut column including a linear section, wherein the

P.B

second connecting strut column couples the second expansion column to the third expansion column and [at least a portion of the second connecting struts include a proximal section, a distal section, a first linear section and] includes a third slant angle formed between two of the multiple linear sections.

49. (Twice Amended)  A stent in a non-expanded state, comprising:

a first expansion column formed of a plurality of pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a second expansion column formed of a plurality of pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a first connecting strut column formed of a plurality of first connecting struts, the first connecting struts including multiple linear sections, wherein the first connecting strut column couples the first expansion column to the second expansion column and a first expansion strut in the first expansion column is circumferentially offset from a corresponding second expansion strut of the second expansion column.

64. (Amended)  The stent of claim 63, wherein at least a portion of the second connecting struts include a proximal section coupled to a distal section of a second expansion strut, a distal section coupled to a proximal section of a corresponding third expansion strut, a first linear section between the proximal and distal sections and a [third] strut angle.

67. (Amended)  The stent of claim 63, wherein the portion of the second connecting struts including a [third] slant angle have a second linear section coupled to the first linear section and the third slant angle is formed between the first and second linear sections.

68. (Amended)  The stent of claim 64, wherein the portion of the second connecting struts including the [third] slant angle have a second linear section coupled to the first linear section of

the second connecting strut and the [third] slant angle is formed between the first and second linear sections.

69. (Amended) The stent of claim 68, wherein each [third strut] slant angle <u>of the second connecting struts</u> is directed in a second circumferential direction that is in an opposite direction of a first circumferential direction of [the first strut] <u>a slant angle</u> of the first connecting [strut] <u>struts</u>.

**Please add the following new claims.**

84.(New) A stent in a non-expanded state, comprising:

a first column expansion strut pair formed of a first expansion strut and a second expansion strut that is parallel to the first expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the first column expansion strut pair forming a first expansion column;

a second column expansion strut pair formed of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the second column expansion strut pair forming a second expansion column; and

a plurality of first serial connecting struts forming a first connecting strut column, the plurality of first serial connecting struts coupling the first expansion column to the second expansion column, a first connecting strut in the first connecting strut column being either vertical or including at least a first section having a slope in with a first vertical component, and a second section having a slope with a second vertical component; and

wherein the first expansion column, the second expansion column, and the first connecting strut column forming a plurality of geometric cells and at least a portion of the plurality are asymmetrical geometric cells.

85. (New) A stent in a non-expanded state, comprising:

a first expansion column formed of a plurality of pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a second expansion column formed of a plurality of pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle; ·

a first connecting strut column formed of a plurality of first connecting struts, a first connecting strut in the first connecting strut column including at least a first section that is either vertical or has a slope with a first vertical component, and a second section that has a slope with a second vertical component, wherein the first connecting strut column couples the first expansion column to the second expansion column and a first expansion strut in the first expansion column is circumferentially offset from a corresponding second expansion strut of the second expansion column.

## REMARKS

Applicant thanks the Examiner for thoroughly reviewing the application. Amendments and remarks enclosed herein are intended to place all claims in the application in condition for allowance. Therefore, Applicant requests the Examiner's discretion in considering this response.

1.    **Election/Restriction Requirement**

In the Office Action, the Examiner requested that the Applicant withdraw claims 4, 6, 8, 9. Applicant has withdrawn these claims, but requests reinstatement of the claims if the Examiner indicates claim 1 is in condition for allowance. Claim 1 is a genus that reads on a structure such as shown by FIG. 8C, and claims 4, 6, 8, 9 are species under claim 1.

While Applicant disagrees with the Examiner's assertions regarding claims 75-83, Applicant has cancelled these claims without prejudice to expedite prosecution of this application.

2.    **Rejection Under 35 U.S.C. §112, Second Paragraph**

In the Office Action the Examiner rejected claims 10-12, 64, 67-69 under 35 U.S.C. § 112, second paragraph as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. Applicant has amended these claims to specifically deal with the language that the Examiner found objectionable. Applicant respectfully requests reconsideration of these claims in light of these amendments.

3.    **Rejection Under 35 U.S.C. § 102(e)**

In the Office Action, the Examiner rejected claims 1-3, 7, 12, 17, 22-22 and 35 under 35 U.S.C. § 102(e) as being anticipated by Pinchasik, et al. (U.S. Pat. No. 5,449,373). While Applicant disagrees with the applicability of Pinchasik, Applicant has amended each of the independent claims 1, 21, and 49 to recite at least one connecting strut in the connecting strut column to include multiple linear sections. Applicant submits that Pinchasik does not disclose linear connecting struts.

Further, Applicant requests reconsideration of claims 1, 21, and 49 because Pinchasik does not disclose a substantially linear joining strut connecting the expansion struts. In the Office Action, the Examiner stated that FIG. 3 of Pinchasik has "has *parts* to the joining struts 124 that are 'substantially linear' and non-perpendicular to the parallel struts." This characterization is not equivalent to "substantially linear joining strut", as recited in the independent claims. Applicant notes that the Examiner's characterization is applicable to curved struts and straight struts alike.

Therefore, Applicant submits that claims 1-3, 7, 12, 17, 21, 22, and 35 are patentably distinct from Pinchasik.

The features mentioned above regarding the connecting struts and the joining struts of amended claims 1, 21, and 49 are repeated with respect to Orth. Therefore, Applicant submits that claims 1-3, 5, 10-13, 21, 22, 49, 60, and 63 are patentably distinct from Orth.

4.    **Rejection Under 35 U.S.C. § 103(a)**

Claims 19, 20, 65, 66 and 72 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Pinchasik, Orth or Israel, as applied above in view of Fischell et al., (U.S. 5,607,442). However, in light of the amendments made to claims 1, 21 and 49, Applicant submits that this rejection is now moot.

## CONCLUSION

It is submitted that the present application is in form for allowance, and such action is respectfully requested. If any outstanding issues remain, Applicant urges the Patent Office to telephone Applicants attorneys so that these issues may be resolved in an expeditious manner.

The Commissioner is hereby authorized to charge any fees that may be required by this paper, and to credit any overpayment, to Deposit Account No. 23-2415 (Docket No. 18461.702).

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

By     _(signature)_

Van Mahamedi
Registration No. 42,828

650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 320-4591
Date: November 22, 1999

C:\NRPORTBL\PAL\b1\dh1\1093342.1        8

# EXHIBIT 16

**MAILED**

MAR 15 2000

Director's Office
Group 3700

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

#16

In re Application of:                          :       DECISION ON
David G. Jang                                  :       PETITION
Serial No.: 08/824,142                         :
Filed: March 25, 1997                          :
For: INTRAVASCULAR STENT                       :

This a decision on applicants' request filed February 16, 2000, to review the
holding of abandonment, mailed February 7, 2000, for failure to respond to the
Office Action of June 22, 1999.

A review of the file indicates that a response was timely filed on November 22, 1999.

The response was in the form of a request for the filing of a continuing prosecution
application (CPA) which includes an express abandonment of the prior application
which is hereby acknowledged. The prior application, therefor, remains abandoned
as of November 22, 1999. The request for a CPA will be processed in due course.

Summary:  Holding of Abandonment Withdrawn and Express Abandonment
          Acknowledged.

John J. Love, Director, Groups 3730/3760
Mechanical Engineering, Manufacturing
and Products (703) 308-0873

JJL:nlw

Wilson Sonsini Goodrich Rosati
650 Page Mill Road
Palo Alto, CA  94304-1050

# EXHIBIT 17



**UNITED STATE  EPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/824,142 | 03/25/97 | JANG | D      17828-707 |

|  |  |
|---|---|
| | EXAMINER |
| QM12/0515 | NGUYEN, D |
| WILSON SONSINI GOODRICH ROSATI | ART UNIT | PAPER NUMBER |
| 650 PAGE MILL ROAD | 3708 | 17 |
| PALO ALTO CA 94304-1050 | DATE MAILED: |
| | 05/15/00 |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

| *Office Action Summary* | Application No. 08/824,142 | Applicant(s) Jang |
|---|---|---|
| | Examiner Dinh Nguyen | Group Art Unit 3738 |

☐ Responsive to communication(s) filed on _____

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ____3____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-13, 17, 19-22, 49, 60, 63-69, 72, and 75-85* _____ is/are pending in the application.

Of the above, claim(s) *4, 6, 8, and 75-83* _____ is/are withdrawn from consideration.

☒ Claim(s) *49, 60, 63-69, and 72* _____ is/are allowed.

☒ Claim(s) *1-3, 7, 12, 17, 19-22, 84, and 85* _____ is/are rejected.

☒ Claim(s) *5, 9-11, and 13* _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐approved ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐None   of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) _____

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

Application/Control Number: 08/824,142                                    Page 2

Art Unit: 3738

## DETAILED ACTION

### *Claim Rejections - 35 USC § 112*

Claims 10-12 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for

failing to particularly point out and distinctly claim the subject matter which applicant regards as

the invention.

In claims 10 and 11, Applicant's amendment has stated that the distance between the first

set of expansion struts is different from the second set, but at the end of the claim, the words "are

different"at the last line of the claim still exist in the claim making it redundant and confusing.  It

would appear that these words were supposed to be deleted when additional language were added

to the claim language.

In claim 12, a similar problem exists similar to above for claims 10 and 11.  It appears that

line 6, "are the same" should be deleted.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless --

(e) the invention was described in a patent granted on an application for patent by another filed in the United
States before the invention thereof by the applicant for patent, or on an international application by another who
has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371© of this title before the invention
thereof by the applicant for patent.

Application/Control Number: 08/824,142                                   Page 3

Art Unit: 3738

     Claims 1-3, 7, 12, 17, 21, 22, 84 and 85 are rejected under 35 U.S.C. 102(e) as being

anticipated by Pinchasik et al., USPN 5,449,373 as submitted in Applicant's IDS and applied in

the previous office action. The rejection is reiterated herein for convenience:

     "Pinchasik discloses a stent having all of the claimed features. See figures 2A, 2B and 2C.

The stent as disclosed have different columns of expansion struts and connecting struts as

claimed. In these figures, the cells immediately underneath the expansion struts 112 are

asymmetrical in shape as claimed for claim 1. As to claim 21, the claim merely requires two sets

of column struts and a column of expansion struts having a linear section and an angel. Figures

2A-2C clearly show a stent meeting all of these broadly claimed features. The independent claims

as cited above merely require the struts to have generic geometry which are clearly found in the

stent of Pinchasik."

### Claim Rejections - 35 USC § 103

     The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

     (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
such that the subject matter as a whole would have been obvious at the time the invention was made to a person
having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
manner in which the invention was made.

     Claims 19 and 20 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Pinchasik as applied above in view of Fischell et al., USPN 5,607,442. With respect to these

claims, the primary references as applied do not disclose the use of radiopaque material and

Application/Control Number: 08/824,142                                    Page 4

Art Unit: 3738

electroplating.  However, Fischell teaches using radiopaque material for fluoroscopic examination

and electroplating for stent material.  See abstract and column 3, lines 39-49.  It would have been

obvious to one of ordinary skill in the art to have combined the teaching of using radiopaque

material and electroplating, as taught by Fischell, to the stents of Pinchasik, in order to provide

fluoroscopic examination.


### *Response to Applicant's Arguments*

Applicant has argued that Applicant's claim language regarding "substantially linear

joining struts" is not met by the prior art as applied.  Examiner disagrees with this line of

argument.  The figure as cited clearly show the struts to be slightly curved, they are considered to

meet the broad language of "substantially linear."


### *Allowable Subject Matter*

Claims 49, 60, 63-69 and 72 are allowed.

Claims 5, 9-11 and 13 are objected to as being dependent upon a rejected base claim, but

would be allowable if rewritten in independent form including all of the limitations of the base

claim and any intervening claims.

Application/Control Number: 08/824,142                                    Page 5

Art Unit: 3738


Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Dinh X. Nguyen whose telephone number is (703) 305-3522.


Dinh X. Nguyen

May 12, 2000

# EXHIBIT 18

GAU373 8557

Please type a plus sign (+) inside th... box → [+]

PTO/SB/29 (12/97)
Approved for use through 9/30/00. OMB 0651-0032
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number

## CONTINUED PROSECUTION APPLICATION (CPA)
### REQUEST TRANSMITTAL

*Submit an original, and a duplicate for fee processing.*
*(Only for Continuation or Divisional applications under 37 CFR 1.53(d).)*

2 of 2

CHECK BOX, if applicable:
☒ DUPLICATE

*Address to:*

**Assistant Commissioner for Patents**
**Box CPA**
**Washington, DC 20231**

| | |
|---|---|
| Attorney Docket No. | 18461.702 |
| First Named Inventor | C. David Jang |
| Express Mail Label No. | EL322090213US |
| Total Pages | 10 |

This is a request for a ☒ continuation or ☐ divisional application under 37 CFR 1.53(d),
(continued prosecution application (CPA)) of prior application number 08/824,142,
filed on March 25, 1997, entitled INTRAVASCULAR STENT.

### NOTES

*FILING QUALIFICATIONS: The prior application identified above must be a nonprovisional application that is either: (1) complete as defined by 37 CFR 1.51(b) and filed on or after June 8, 1995, or (2) the national stage of an international application in compliance with 35 U.S.C. 371 and filed on or after June 8, 1995.*

*C-I-P NOT PERMITTED: A continuation-in-part application cannot be filed as a CPA under 37 CFR 1.53(d), but must be filed under 37 CFR 1.53(b).*

*EXPRESS ABANDONMENT OF PRIOR APPLICATION: The filing of this CPA is a request to expressly abandon the prior application as of the filing date of the request for a CPA. 37 CFR 1.53(b) must be used to file a continuation, divisional, or continuation-in-part of an application that is not to be abandoned.*

*ACCESS TO PRIOR APPLICATION: The filing of this CPA will be construed to include a waiver of confidentiality by the applicant under 35 U.S.C. 122 to the extent that any member of the public who is entitled under the provisions of 37 CFR 1.14 to access to, copies of, or information concerning, the prior application may be given similar access to, copies of, or similar information concerning the other application or applications in the file jacket.*

*35 U.S.C. 120 STATEMENT: In a CPA, no reference to the prior application is needed in the first sentence of the specification and none should be submitted. If a sentence referencing the prior application is submitted, it will not be entered. A request for a CPA is the specific reference required by 35 U.S.C. 120 and to every application assigned the application number identified in such request, 37 CFR 1.78(a).*

1. ☐ Enter the unentered amendment previously filed on _____
   under 37 CFR 1.116 in the prior nonprovisional application.

2. ☒ A preliminary amendment is enclosed.

3. This application is filed by fewer than all the inventors named in the prior application, 37 CFR 1.53(d)(4).

   a. ☐ **DELETE** the following inventor(s) named in the prior nonprovisional application:

   ........................................................................
   ........................................................................

   b. ☐ The inventor(s) to be deleted are set forth on a separate sheet attached hereto.

4. ☐ A new power of attorney or authorization of agent (PTO/SB/81) is enclosed.

5. Information Disclosure Statement (IDS) is enclosed.   11/26/1999 DVUON6   00000042 232415   08824142

   a. ☐ PTO-1449
   b. ☐ Copies of IDS Citations

   | | | |
   |---|---|---|
   | 01 FC:131 | 760.00 | CH |
   | 02 FC:102 | 156.00 | CH |
   | 03 FC:103 | 936.00 | CH |
   | 04 FC:116 | 380.00 | CH |

[Page 1 of 2]

Burden Hour Statement: This form is estimated to take 0.4 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Box CPA, Washington, DC 20231.

C:\NRPORTBL\PALib1\dh1\1107721.1

| CLAIMS | (1) FOR | (2) NUMBER FILED | (3) NUMBER EXTRA | (4) RATE | (5) CALCULATIONS |
|---|---|---|---|---|---|
| | TOTAL CLAIMS (37 CFR 1.16(c)) | 72 -20 = | 52 | × $18 = | $ 936.00 |
| | INDEPENDENT CLAIMS (37 CFR 1.16(b)) | 5-3 = | 2 | × $78 = | 156.00 |
| | MULTIPLE DEPENDENT CLAIMS (if applicable) (37 CFR 1.16(d)) | | | × $ = | |
| | | | | BASIC FEE (37 CFR 1.16(a)) | 760.00 |
| | | | | | 1,852.00 |
| | Reduction by 50% for filing by small entity (Note 37 CFR 1.9, 1.27, 1.28). | | | | |
| | | | | TOTAL = | $1,852.00 |

6.   Small entity status:

   a.   ☐   A small entity statement is enclosed.

   b.   ☐   A small entity statement was filed in the prior nonprovisional applications
        and such status is still proper and desired.

   c.   ☐   Is no longer claimed.

7.   The Commissioner is hereby authorized to credit overpayments or charge the following fees to
     Deposit Account No. 23 - 2415 :

   a.   ☒   Fees required under 37 CFR 1.16.

   b.   ☒   Fees required under 37 CFR 1.17.

   c.   ☐   Fees required under 37 CFR 1.18.

8.   ☐ A check in the amount of $_____ is enclosed.

9.   ☒ Other: 2 Month Extension of Time for a fee of $380.00

*RECEIVED*
*NOV 29 1999*
*TC 3700 MAIL ROOM*

---

**NOTE:**   *The prior application's correspondence address will carry over to this CPA*
*UNLESS a new correspondence address is provided below.*

---

| 10. NEW CORRESPONDENCE ADDRESS | | |
|---|---|---|
| ☐ Customer Number or Bar Code Label | 021971 (Insert Customer No. or Attach bar code label here) | or ☐ New correspondence address below |
| NAME | | |
| ADDRESS | | |
| CITY | STATE | ZIP CODE |
| COUNTRY | TELEPHONE | FAX |

| 11. SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT REQUIRED | |
|---|---|
| NAME | Van Mahamedi, Reg. No. 42,828 |
| SIGNATURE | *[signature]* |
| DATE | November 22, 1999 |

[Page 2 of 2]

# EXHIBIT 19

**CERTIFICATE OF MAILING BY "EXPRESS MAIL."**
"Express Mail" Mailing Label No. EL322090213US
Date of Deposit November 22, 1999. I hereby certify that
this paper or fee is being deposited with the United States Postal
Services "Express Mail Post Office to Addressee" service under
37 CFR 1.10 on the date indicated above and is addressed to: Box CPA
Assistant Commissioner for Patents, Washington, D.C. 20231

*Donna L. Hengst*
Donna L. Hengst

**Attorney Docket No.: 18461.702**

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of ) | |
| ) | |
| G. David Jang ) | Group Art Unit: 3738 |
| ) | |
| Application No.: 08/824,142 ) | Examiner: Nguyen, D. |
| ) | |
| Filed:  March 25, 1997 ) | |
| ) | |
| For:   INTRAVASCULAR STENT ) | |

#### PRELIMINARY AMENDMENT

Box CPA
Assistant Commissioner for Patents
Washington, D.C.  20231

Sir:

      Applicant submits this amendment concurrently with a Continuation Prosecution
Application (CPA), in response to the Office Action mailed **June 22, 1999**, and the Advisory
Action mailed **October 13, 1999**.  Reconsideration is respectfully requested in view of the
following amendments and remarks.

#### RESTRICTION/ELECTION REQUIREMENT:

      Applicant withdraws claims 4, 6, 8, 9, and 75-83.  Applicant requests reinstatement of
these claims if claim 1 is allowed.

C:\NRPORTBL\PALib1\dh1\1093342.1                     1

**In the Claims:**

Please amend the claims as follows:

1. (Twice Amended)  A stent in a non-expanded state, comprising:

a first column expansion strut pair formed of a first expansion strut and a [parallel] second expansion strut that is parallel to the first expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the first column expansion strut pair forming a first expansion column;

a second column expansion strut pair formed of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the second column expansion strut pair forming a second expansion column; and

[a first serial connecting strut,] a plurality of first serial connecting struts forming a first connecting strut column, the plurality of first serial connecting struts coupling the first expansion column to the second expansion column, a first connecting strut in the first connecting strut column including multiple linear sections; and

wherein the first expansion column, the second expansion column, and the first connecting strut column forming a plurality of geometric cells and at least a portion of the plurality are asymmetrical geometric cells.

10. (Twice Amended)  The stent of claim 1, wherein a [spacing] first distance between the first expansion strut and the second expansion strut of the first expansion column strut pair [and the spacing] is different than a second distance between a first expansion strut and a second expansion strut of an adjacent first expansion column strut pair in the first expansion column are different.

11. (Twice Amended)  The stent of claim [1] 10, wherein a [spacing] first distance between the first expansion strut and the second expansion strut of the second column expansion strut pair [and the spacing] is different than a second distance between a first expansion strut and

a second expansion strut of an adjacent second column  expansion strut pair in the second

expansion column are different.

12. (Twice Amended)  The stent of claim [2] 11, wherein [a spacing distance between]
the first and second distance in the first expansion column [strut pair and the spacing distance
between an adjacent first  expansion column strut pair in the first  expansion column, and
a spacing distance between the second column expansion strut pair and the spacing
distance between an adjacent second column  expansion strut pair in the second  expansion
column] are the same, and wherein the first and second distance in the second expansion column
are the same.

21. (Twice Amended)  A stent in a non-expanded state, comprising:

a first expansion column formed of a plurality of pairs of a first expansion strut and a
parallel second expansion strut, the first and second expansion struts being coupled by a
substantially linear joining strut that is joined to each of the first and second expansion struts at a
non-perpendicular angle;

a second expansion column formed of a plurality of pairs of a first expansion strut and a
parallel second expansion strut, the first and second expansion struts being coupled by a
substantially linear joining strut that is joined to each of the first and second expansion struts at a
non-perpendicular angle;

a first connecting strut column formed of a plurality of first connecting struts, a first
connecting strut in the first connecting strut column including multiple linear sections, wherein
the first connecting strut column couples the first expansion column to the second expansion
column and [at least a portion of the first connecting struts include a proximal section, a
distal section, a first linear section and] includes a first slant angle formed between two of the
multiple linear sections.

40. (Amended)  The stent of claim 21, further comprising:

a third expansion strut column formed of a plurality of the third expansion struts; and

a second connecting strut column formed of a plurality of second connecting struts, a first
connecting strut in the third connecting strut column including a linear section, wherein the

second connecting strut column couples the second expansion column to the third expansion column and [at least a portion of the second connecting struts include a proximal section, a distal section, a first linear section and] includes a third slant angle formed between two of the multiple linear sections.

49. (Twice Amended) A stent in a non-expanded state, comprising:

a first expansion column formed of a plurality of pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a second expansion column formed of a plurality of pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a first connecting strut column formed of a plurality of first connecting struts, the first connecting struts including multiple linear sections, wherein the first connecting strut column couples the first expansion column to the second expansion column and a first expansion strut in the first expansion column is circumferentially offset from a corresponding second expansion strut of the second expansion column.

64. (Amended) The stent of claim 63, wherein at least a portion of the second connecting struts include a proximal section coupled to a distal section of a second expansion strut, a distal section coupled to a proximal section of a corresponding third expansion strut, a first linear section between the proximal and distal sections and a [third] strut angle.

67. (Amended) The stent of claim 63, wherein the portion of the second connecting struts including a [third] slant angle have a second linear section coupled to the first linear section and the third slant angle is formed between the first and second linear sections.

68. (Amended) The stent of claim 64, wherein the portion of the second connecting struts including the [third] slant angle have a second linear section coupled to the first linear section of

the second connecting strut and the [third] slant angle is formed between the first and second linear sections.

69. (Amended) The stent of claim 68, wherein each [third strut] slant angle of the second connecting struts is directed in a second circumferential direction that is in an opposite direction of a first circumferential direction of [the first strut] a slant angle of the first connecting [strut] struts.

**Please add the following new claims.**

84.(New) A stent in a non-expanded state, comprising:

a first column expansion strut pair formed of a first expansion strut and a second expansion strut that is parallel to the first expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the first column expansion strut pair forming a first expansion column;

a second column expansion strut pair formed of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the second column expansion strut pair forming a second expansion column; and

a plurality of first serial connecting struts forming a first connecting strut column, the plurality of first serial connecting struts coupling the first expansion column to the second expansion column, a first connecting strut in the first connecting strut column being either vertical or including at least a first section having a slope in with a first vertical component, and a second section having a slope with a second vertical component; and

wherein the first expansion column, the second expansion column, and the first connecting strut column forming a plurality of geometric cells and at least a portion of the plurality are asymmetrical geometric cells.

85. (New) A stent in a non-expanded state, comprising:

a first expansion column formed of a plurality of pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a second expansion column formed of a plurality of pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a first connecting strut column formed of a plurality of first connecting struts, a first connecting strut in the first connecting strut column including at least a first section that is either vertical or has a slope with a first vertical component, and a second section that has a slope with a second vertical component, wherein the first connecting strut column couples the first expansion column to the second expansion column and a first expansion strut in the first expansion column is circumferentially offset from a corresponding second expansion strut of the second expansion column.

## REMARKS

Applicant thanks the Examiner for thoroughly reviewing the application. Amendments and remarks enclosed herein are intended to place all claims in the application in condition for allowance. Therefore, Applicant requests the Examiner's discretion in considering this response.

1.     **Election/Restriction Requirement**

In the Office Action, the Examiner requested that the Applicant withdraw claims 4, 6, 8, 9. Applicant has withdrawn these claims, but requests reinstatement of the claims if the Examiner indicates claim 1 is in condition for allowance. Claim 1 is a genus that reads on a structure such as shown by FIG. 8C, and claims 4, 6, 8, 9 are species under claim 1.

While Applicant disagrees with the Examiner's assertions regarding claims 75-83, Applicant has cancelled these claims without prejudice to expedite prosecution of this application.

2.    **Rejection Under 35 U.S.C. §112, Second Paragraph**

In the Office Action the Examiner rejected claims 10-12, 64, 67-69 under 35 U.S.C. § 112, second paragraph as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. Applicant has amended these claims to specifically deal with the language that the Examiner found objectionable. Applicant respectfully requests reconsideration of these claims in light of these amendments.

3.    **Rejection Under 35 U.S.C. § 102(e)**

In the Office Action, the Examiner rejected claims 1-3, 7, 12, 17, 22-22 and 35 under 35 U.S.C. § 102(e) as being anticipated by Pinchasik, et al. (U.S. Pat. No. 5,449,373). While Applicant disagrees with the applicability of Pinchasik, Applicant has amended each of the independent claims 1, 21, and 49 to recite at least one connecting strut in the connecting strut column to include multiple linear sections. Applicant submits that Pinchasik does not disclose linear connecting struts.

Further, Applicant requests reconsideration of claims 1, 21, and 49 because Pinchasik does not disclose a substantially linear joining strut connecting the expansion struts. In the Office Action, the Examiner stated that FIG. 3 of Pinchasik has "has *parts* to the joining struts 124 that are 'substantially linear' and non-perpendicular to the parallel struts." This characterization is not equivalent to "substantially linear joining strut", as recited in the independent claims. Applicant notes that the Examiner's characterization is applicable to curved struts and straight struts alike.

Therefore, Applicant submits that claims 1-3, 7, 12, 17, 21, 22, and 35 are patentably distinct from Pinchasik.

The features mentioned above regarding the connecting struts and the joining struts of amended claims 1, 21, and 49 are repeated with respect to Orth. Therefore, Applicant submits that claims 1-3, 5, 10-13, 21, 22, 49, 60, and 63 are patentably distinct from Orth.

4.    **Rejection Under 35 U.S.C. § 103(a)**

Claims 19, 20, 65, 66 and 72 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Pinchasik, Orth or Israel, as applied above in view of Fischell et al., (U.S. 5,607,442). However, in light of the amendments made to claims 1, 21 and 49, Applicant submits that this rejection is now moot.

## CONCLUSION

It is submitted that the present application is in form for allowance, and such action is respectfully requested. If any outstanding issues remain, Applicant urges the Patent Office to telephone Applicants attorneys so that these issues may be resolved in an expeditious manner.

The Commissioner is hereby authorized to charge any fees that may be required by this paper, and to credit any overpayment, to Deposit Account No. 23-2415 (Docket No. 18461.702).

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

By  _Van Mahamedi_

Van Mahamedi
Registration No. 42,828

650 Page Mill Road
Palo Alto, CA  94304-1050
Telephone:  (650) 320-4591
Date:   November 22, 1999

# EXHIBIT 20



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|

| | EXAMINER |
|---|---|

| ART UNIT | PAPER NUMBER |
|---|---|

DATE MAILED:

Please find below and/or attached an Office communication concerning this application or
proceeding.

Commissioner of Patents and Trademarks

| *Office Action Summary* | Application No. 08/824,142 | Applicant(s) Jang | |
|---|---|---|---|
| | Examiner Dinh Nguyen | Group Art Unit 3738 | |

☒ Responsive to communication(s) filed on *May 23, 1900*

☒ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ____3____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

  ☒ Claim(s) *1-13, 17, 19-22, 49, 60, 63-69, 72, and 75-85* _____ is/are pending in the application.

    Of the above, claim(s) *4, 6, 8, and 75-83* _____ is/are withdrawn from consideration.

  ☒ Claim(s) *49, 60, 63-69, and 72* _____ is/are allowed.

  ☒ Claim(s) *1-3, 7, 12, 17, 19-22, 84, and 85* _____ is/are rejected.

  ☒ Claim(s) *5, 9-11, and 13* _____ is/are objected to.

  ☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

  ☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

  ☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

  ☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

  ☐ The specification is objected to by the Examiner.

  ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

  ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____ .

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____

  ☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

  ☐ Notice of References Cited, PTO-892

  ☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

  ☐ Interview Summary, PTO-413

  ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

  ☐ Notice of Informal Patent Application, PTO-152

*--- SEE OFFICE ACTION ON THE FOLLOWING PAGES ---*

U.S. Patent and Trademark Office
PTO-326 (Rev. 9-95)              **Office Action Summary**            Part of Paper No. __20__

Application/Control Number: 08/824,142                                          Page 2

Art Unit: 3738

## DETAILED ACTION

Applicant has filed a request for CPA and an amendment dated 5-23-00. However, the amendment is a repeat of the amendment filed 11-22-99. Therefore, the office action dated 5-15-00 is repeated and reiterated below.

### *Claim Rejections - 35 USC § 112*

Claims 10-12 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

In claims 10 and 11, Applicant's amendment has stated that the distance between the first set of expansion struts is different from the second set, but at the end of the claim, the words "are different" at the last line of the claim still exist in the claim making it redundant and confusing. It would appear that these words were supposed to be deleted when additional language were added to the claim language.

In claim 12, a similar problem exists similar to above for claims 10 and 11. It appears that line 6, "are the same" should be deleted.

Application/Control Number: 08/824,142                                    Page 3

Art Unit: 3738

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the United
> States before the invention thereof by the applicant for patent, or on an international application by another who
> has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371© of this title before the invention
> thereof by the applicant for patent.

Claims 1-3, 7, 12, 17, 21, 22, 84 and 85 are rejected under 35 U.S.C. 102(e) as being

anticipated by Pinchasik et al., USPN 5,449,373 as submitted in Applicant's IDS and applied in

the previous office action.  The rejection is reiterated herein for convenience:

"Pinchasik discloses a stent having all of the claimed features.  See figures 2A, 2B and 2C.

The stent as disclosed have different columns of expansion struts and connecting struts as

claimed.  In these figures, the cells immediately underneath the expansion struts 112 are

asymmetrical in shape as claimed for claim 1.  As to claim 21, the claim merely requires two sets

of column struts and a column of expansion struts having a linear section and an angel.  Figures

2A-2C clearly show a stent meeting all of these broadly claimed features.  The independent claims

as cited above merely require the struts to have generic geometry which are clearly found in the

stent of Pinchasik."

Application/Control Number: 08/824,142                                    Page 4

Art Unit: 3738

### Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the
> manner in which the invention was made.

Claims 19 and 20 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Pinchasik as applied above in view of Fischell et al., USPN 5,607,442. With respect to these

claims, the primary references as applied do not disclose the use of radiopaque material and

electroplating. However, Fischell teaches using radiopaque material for fluroscopic examination

and electroplating for stent material. See abstract and column 3, lines 39-49. It would have been

obvious to one of ordinary skill in the art to have combined the teaching of using radiopaque

material and electroplating, as taught by Fischell, to the stents of Pinchasik, in order to provide

fluroscopic examination.

### Response to Applicant's Arguments

Applicant has argued that Applicant's claim language regarding "substantially linear

joining struts" is not met by the prior art as applied. Examiner disagrees with this line of

argument. The figure as cited clearly show the struts to be slightly curved, they are considered to

meet the broad language of "substantially linear."

Application/Control Number: 08/824,142                                          Page 5

Art Unit: 3738

*Allowable Subject Matter*

Claims 49, , 60, 63-69 and 72 are allowed.

Claims 5, 9-11 and 13 are objected to as being dependent upon a rejected base claim, but

would be allowable if rewritten in independent form including all of the limitations of the base

claim and any intervening claims.


This is a CPA of applicant's earlier Application No. 08/824,142. All claims are drawn to

the same invention claimed in the earlier application and could have been finally rejected on the

grounds and art of record in the next Office action if they had been entered in the earlier

application. Accordingly, **THIS ACTION IS MADE FINAL** even though it is a first action in

this case. See MPEP § 706.07(b). Applicant is reminded of the extension of time policy as set

forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no, however,

event will the statutory period for reply expire later than SIX MONTHS from the mailing date of

this final action.

Application/Control Number: 08/824,142                                    Page 6

Art Unit: 3738

     Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Dinh X. Nguyen whose telephone number is (703) 305-3522.

Dinh X. Nguyen

June 3, 2000

# EXHIBIT 21

.



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address:   COMMISSIONER OF PATENTS AND TRADEMARKS
          Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/824,142 | 03/25/97 | JANG | D | 17828-707 |

```
                          QM12/0718
   WILSON SONSINI GOODRICH ROSATI
   650 PAGE MILL ROAD
   PALO ALTO CA 94304-1050
```

| EXAMINER |
|---|
| NGUYEN, D |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3738 | 21 |

DATE MAILED:
07/18/00

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

| *Interview Summary* | Application No. 08/824,142 | Applicant(s) Jang | |
|---|---|---|---|
| | Examiner Dinh Nguyen | Group Art Unit 3738 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Dinh Nguyen* _____    (3) _____

(2) *Van Mahamedi* _____    (4) _____

Date of Interview _____ *Jun 30, 2000* _____

Type:  ☒ Telephonic    ☐ Personal (copy is given to    ☐ applicant    ☐ applicant's representative).

Exhibit shown or demonstration conducted:    ☐ Yes    ☒ No.  If yes, brief description:

_____

_____

Agreement  ☒ was reached.  ☐ was not reached.

Claim(s) discussed: *all pending claims*

Identification of prior art discussed:
*none*

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
*It is agreed, as per Mr. Mahamedi's phone call to Examiner on June 30, 2000 that the final rejection dated 6-5-00 is*
*improper. The request for CPA and amendment, paper no. 18 and 19, are duplicates of earlier papers already entered. It*
*appears that Applicant had sent in copies of these since the papers were lost by PTO, and of which these original papers*
*have now been matched with the application. Thus, the final rejection dated 6-5-00 is hereby withdrawn and the*
*non-final rejection dated 5-15-00 stands.*

_____

_____

_____

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached.  Also, where no copy of the amendents which would render the claims allowable is available, a summary thereof must be attached.)

1. ☒   It is not necessary for applicant to provide a separate record of the substance of the interview.

Unless the paragraph above has been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a response to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.

2. ☐   Since the Examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.  Applicant is not relieved from providing a separate record of the interview unless box 1 above is also checked.

Examiner Note:  You must sign and stamp this form unless it is an attachment to a signed Office action.

U.S. Patent and Trademark Office
PTO-413 (Rev. 10-95)                    Interview Summary                    Paper No. __21__

# EXHIBIT 22

Practitioner's Docket No. 18461-702

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Jang                          )

Serial No.: 08/824,142                              )   Group No.: 3738

Filed: March 25, 1997                               )   Examiner: Nguyen, D.

For: INTRAVASCULAR STENT                            )

                                                    )

Commissioner for Patents
Washington, D.C. 20231

## AMENDMENT

Responsive to the Office Action mailed May 15, 2000, please consider the following amendments and remarks.

In the Claims:

Please cancel claim 12.

Please amend the claims as follows:

1.    (Three times Amended)  A stent in a non-expanded state, comprising:

a first column expansion strut pair formed of a first expansion strut and a second expansion strut that is parallel to the first expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the first column expansion strut pair forming a first expansion column;

a second column expansion strut pair formed of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the second column expansion strut pair forming a second expansion column; and

a plurality of first serial connecting struts forming a first connecting strut column, the plurality of first serial connecting struts coupling the first expansion column to the second expansion column, a first connecting strut in the first connecting strut column including multiple linear sections with at least one of the linear sections being substantially parallel to at least one of the first expansion strut or the second expansion strut of the first expansion strut column; and

wherein the first expansion column, the second expansion column, and the first connecting strut column forming a plurality of geometric cells and at least a portion of the plurality are asymmetrical geometric cells.

5.     (Amended)     [ The stent of claim 2] A stent in a non-expanded state, comprising:

a first column expansion strut pair formed of a first expansion strut and a second expansion strut that is parallel to the first expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the first column expansion strut pair forming a first expansion column;

a second column expansion strut pair formed of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the second column expansion strut pair forming a second expansion column; and

a plurality of first serial connecting struts forming a first connecting strut column, the plurality of first serial connecting struts coupling the first expansion column to the second expansion column, a first connecting strut in the first connecting strut column including multiple linear sections; and

wherein the first expansion column, the second expansion column, and the first connecting strut column forming a plurality of geometric cells and at least a portion of the plurality are asymmetrical geometric cells, and

wherein the first column expansion strut pair defines a first column loop slot, and the second column expansion strut pair defines a second column loop slot, the first column loop slot [is] being non-collinear to the second column loop slot.

6.     (Amended)     [ The stent of claim 2] A stent in a non-expanded state, comprising:

a first column expansion strut pair formed of a first expansion strut and a second expansion strut that is parallel to the first expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-

perpendicular angle, a plurality of the first column expansion strut pair forming a first expansion column;

a second column expansion strut pair formed of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the second column expansion strut pair forming a second expansion column; and

a plurality of first serial connecting struts forming a first connecting strut column, the plurality of first serial connecting struts coupling the first expansion column to the second expansion column, a first connecting strut in the first connecting strut column including multiple linear sections; and

wherein the first expansion column, the second expansion column, and the first connecting strut column forming a plurality of geometric cells and at least a portion of the plurality are asymmetrical geometric cells, and

wherein the first column expansion strut pair defines a first column loop slot, and the second column expansion strut pair defines a second column loop slot, the first column loop slot shape [is] being different than a second column loop slot shape.

10.    (Three times Amended) [ The stent of claim 1 ] A stent in a non-expanded state, comprising:

a first column expansion strut pair formed of a first expansion strut and a second expansion strut that is parallel to the first expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the first column expansion strut pair forming a first expansion column;

a second column expansion strut pair formed of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the second column expansion strut pair forming a second expansion column; and

a plurality of first serial connecting struts forming a first connecting strut column, the plurality of first serial connecting struts coupling the first expansion column to the second expansion column, a first connecting strut in the first connecting strut column including multiple linear sections; and

wherein the first expansion column, the second expansion column, and the first connecting strut column forming a plurality of geometric cells and at least a portion of the plurality are asymmetrical geometric cells, and

wherein a first distance between the first expansion strut and the second expansion strut of the first expansion column strut pair is different than a second distance between a first expansion strut and a second expansion strut of an adjacent first expansion column strut pair in the first expansion column [are different].

11. (Three times Amended) [ **The stent of claim 1**] A stent in a non-expanded state, comprising:

a first column expansion strut pair formed of a first expansion strut and a second expansion strut that is parallel to the first expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the first column expansion strut pair forming a first expansion column;

a second column expansion strut pair formed of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the second column expansion strut pair forming a second expansion column; and

a plurality of first serial connecting struts forming a first connecting strut column, the plurality of first serial connecting struts coupling the first expansion column to the second expansion column, a first connecting strut in the first connecting strut column including multiple linear sections; and

wherein the first expansion column, the second expansion column, and the first connecting strut column forming a plurality of geometric cells and at least a portion of the plurality are asymmetrical geometric cells, and

wherein a first distance between the first expansion strut and the second expansion strut of the second column  expansion strut pair is different than a second distance between a first expansion strut and a second expansion strut of an adjacent second column  expansion strut pair in the second expansion column [are different].

13. (Amended) A stent in a non-expanded state, comprising:

a first column expansion strut pair formed of a first expansion strut and a second expansion strut that is parallel to the first expansion strut, the first and second expansion struts being coupled by a

substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the first column expansion strut pair forming a first expansion column;

a second column expansion strut pair formed of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the second column expansion strut pair forming a second expansion column; and

a plurality of first serial connecting struts forming a first connecting strut column, the plurality of first serial connecting struts coupling the first expansion column to the second expansion column, a first connecting strut in the first connecting strut column including multiple linear sections; and

wherein the first expansion column, the second expansion column, and the first connecting strut column forming a plurality of geometric cells and at least a portion of the plurality are asymmetrical geometric cells;

wherein the first column expansion strut pair defines a first column loop slot, and the second column expansion strut pair defines a second column loop slot, and

wherein a spacing distance between the first expansion column strut pair and an adjacent expansion column strut pair in the first expansion column, and a spacing distance between the second column expansion strut pair and an adjacent second column expansion strut pair in the second expansion column are different.

21. (Three-times Amended) A stent in a non-expanded state, comprising:

a first expansion column formed of a plurality of pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a second expansion column formed of a plurality of pairs of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle;

a first connecting strut column formed of a plurality of first connecting struts, a first connecting strut in the first connecting strut column including [multiple] a plurality of linear sections, including a linear section in the plurality of linear sections being substantially parallel to at least one of the pairs of the first expansion strut and the second expansion strut in the first expansion

column, wherein the first connecting strut column couples the first expansion column to the second expansion column and includes a first slant angle formed between two of the multiple linear sections.

84.    (Amended)  A stent in a non-expanded state, comprising:

a first column expansion strut pair formed of a first expansion strut and a second expansion strut that is parallel to the first expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the first column expansion strut pair forming a first expansion column;

a second column expansion strut pair formed of a first expansion strut and a parallel second expansion strut, the first and second expansion struts being coupled by a substantially linear joining strut that is joined to each of the first and second expansion struts at a non-perpendicular angle, a plurality of the second column expansion strut pair forming a second expansion column; and

a plurality of first serial connecting struts forming a first connecting strut column, the plurality of first serial connecting struts coupling the first expansion column to the second expansion column, a first connecting strut in the first connecting strut column [being either] including multiple linear sections, the multiple linear sections including a first section that is vertical or [including] includes at least a first section having a first slope [in with a first vertical component, and] a second section having a second slope [with a second vertical component], and a third section that is substantially parallel to at least one of the first expansion strut or the second expansion strut of the first expansion strut column; and

wherein the first expansion column, the second expansion column, and the first connecting strut column forming a plurality of geometric cells and at least a portion of the plurality are asymmetrical geometric cells.

## REMARKS

### Summary of the Office Action

1. Claims 10-12 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

2. Claims 1-3, 7, 12, 17, 21, 22, 84 and 85 are rejected under 35 U.S.C. 102(e) as being anticipated by Pinchasik et al., USPN 5,449,373 as submitted in Applicant's IDS and applied in the previous office action.

3. Claims 19 and 20 are rejected under 35 U.S.C 103(a) as being unpatentable over Pinchasik in view of Fischell et al., USPN 5,607,442.

4. Claims 49, 60, 63-69 and 72 are allowed.

5. Claims 5, 9-11 and 13 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

### Summary of the Response

Applicant thanks the Examiner for indicating allowable subject matter. In response, Applicant has converted the dependent claims indicated as being allowable in the last Office Action to independent claims.

Applicant has amended independent claims 1, 21, and 84. Applicant is traversing the rejection to independent claim 85. A Notice of Allowance is Requested.

### Rejections under 35 U.S.C. §112

The Examiner rejects claims 10-12 under §112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. Claims 10 and 11 have been amended to overcome the rejection. Claim 12 ahs been cancelled.

**Rejections Under 35 U.S.C. §102**

The Examiner rejects claims 1-3, 7, 12, 17, 21, 22, 84 and 85 under §102(e) as being anticipated by Pinchasik et al., USPN 5,449,373 as submitted in Applicant's IDS and applied in the previous office action. Applicant traverses this rejection. In particular, Applicant disagrees with the Examiner's statement that Pinchasik includes connecting struts with multiple linear sections.

In response, Applicant has amended claims 1, 21 and 84 to further recite a feature of a section of the connecting strut that is substantially parallel to one of the expansion struts. Pinchasik discloses U-shaped connecting struts that are not parallel to the expansion struts.

With respect to claim 85, the claim recites a first expansion strut in the first expansion column is circumferentially offset from a corresponding second expansion strut of the second expansion column. Pinchasik does not disclose or suggest this feature (see e.g. FIG. 3).

Applicant respectfully requests allowance of the claims for all of the reasons stated above.

**Rejections under 35 U.S.C. §103**

The Examiner rejects claims 19 and 20 under §103(a) as being unpatentable over Pinchasik in view of Fischell et al., USPN 5,607,442. The Examiner points out that with respect to these claims, the primary references as applied do not disclose the use of radiopaque material and electroplating for stent material. However, Fischell teaches using radiopaque material for fluoroscopic examination and electroplating for stent material. Finally, the Examiner contends that it would have been obvious to one of ordinary skill in the art to have combined the teaching of using radiopaque material and electroplating, as taught by Fischell, to the stents of Pinchasik, in order to provide fluoroscopic examination. Applicant respectfully disagrees with the applicability of Fischell. Furthermore, there is no suggestion to combine the cited references in the manner suggested by the Examiner.

Applicant believes that this rejection is now moot, since claims 19 and 20 both depend from amended claim 1. Therefore, allowance of claims 19 and 20 is respectfully requested.

## CONCLUSION

It is submitted that the present application is in form for allowance, and such action is respectfully requested.

The Commissioner is authorized to charge any additional fees which may be required, including petition fees and extension of time fees, to Deposit Account No. 23-2415 (Docket No. 18461-702).

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

Date: ___10/16/00___

Van Mahamedi, Reg. No. 42,828

650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300
Customer No. 021971

3758

Please type a plus sign (+) inside this box → [ + ]

PTO/SB/21 (6-99)
Approved for use through 09/30/2000. OMB 0651-0031
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

OIPE
OCT 2 0 2000
PATENT & TRADEMARK OFFICE

# TRANSMITTAL FORM

*(to be used for all correspondence after initial filing)*

| | |
|---|---|
| Application Number | 08/824,142 |
| Filing Date | 03/25/1997 |
| First Named Inventor | Jang |
| Group/Art Unit | 3738 |
| Examiner Name | Nguyen, D. |

| Total Number of Pages in This Submission | 8 | Attorney Docket Number | 18461-702 |
|---|---|---|---|

## ENCLOSURES *(check all that apply)*

| | | |
|---|---|---|
| ☒ Fee Transmittal Form | ☐ Assignment Papers *(for an Application)* | ☐ After Allowance Communication to Group |
| ☐ Fee Attached | ☐ Drawing(s) | ☐ Appeal Communication to Board of Appeals and Interferences |
| ☒ Amendment / Response (Supplemental) | ☐ Licensing-related Papers | ☐ Appeal Communication to Group *(Appeal Notice, Brief, Reply Brief)* |
| ☐ After Final | ☐ Petition Routing Slip (PTO/SB/69) and Accompanying Petition | ☐ Proprietary Information |
| ☐ Affidavits/declaration(s) | ☐ Petition to Convert to a Provisional Application | ☐ Status Letter |
| ☒ Extension of Time Request | ☐ Power of Attorney, Revocation Change of Correspondence Address | ☐ Additional Enclosure(s) *(please identify below):* |
| ☐ Express Abandonment Request | ☐ Terminal Disclaimer | |
| ☐ Information Disclosure Statement | ☐ Small Entity Statement | |
| ☐ Certified Copy of Priority Document(s) | ☐ Request for Refund | |
| ☐ Response to Missing Parts/ Incomplete Application | Remarks | |
| ☐ Response to Missing Parts under 37 CFR 1.52 or 1.53 | | |

RECEIVED
OCT 24 2001
Technology Center 3700

## SIGNATURE OF APPLICANT, ATTORNEY OR AGENT

| Firm or Individual name | Van Mahamedi, Reg. No. 42,828, WILSON SONSINI GOODRICH & ROSATI |
|---|---|
| Signature | |
| Date | October 16, 2000 |

## CERTIFICATE OF MAILING/FACSIMILE TRANSMISSION

☐ I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner for Patents, Washington, D.C. 20231 on the date set out below:

FACSIMILE TELEPHONE:
☐ I hereby certify that this correspondence is being facsimile transmitted to the U.S. Patent and Trademark Office on the DATE OF TRANSMISSION set out below:

Date of Mailing/Facsimile Transmission: October 16, 2000

| Typed or printed name | |
|---|---|
| Signature | *[signature]* | Date | October 16, 2000 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

3738 /3

PTO/SB/17 (6/99)
Appro... for use through 09/30/2000  OMB 0651-0032
Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# FEE TRANSMITTAL
## for FY 2000

*Patent fees are subject to annual revision.*
*Small Entity payments must be supported by a small entity statement,*
*otherwise large entity fees must be paid. See Forms PTO/SB/09-12.*
*See 37 CFR §§ 1.27 and 1.28.*

**Complete if Known**

| | |
|---|---|
| Application Number | 08/824,142 |
| Filing Date | 03/25/1997 |
| First Named Inventor | Jong |
| Examiner Name | Nguyen, D. |
| Group/Art Unit | 3738 |
| Attorney Docket Number | 18461-702 |

OCT 2 0 2000

TOTAL AMOUNT OF PAYMENT ($) 435.00 195.00

## METHOD OF PAYMENT (check one)

1. [X] The Commissioner is hereby authorized to charge indicated fees and credit any over payments to:

Deposit Account Number **23-2415 (Docket No. 18461-702)**

Deposit Account Name: Wilson Sonsini Goodrich & Rosati
[ ] Charge Any Additional Fee Required Under 37 CFR §§ 1.16 and 1.17

2. [ ] Payment Enclosed:
   [ ] Check  [ ] Money Order  [ ] Other

## FEE CALCULATION

### 1. BASIC FILING FEE

| Large Fee Code | Entity Fee ($) | Small Fee Code | Entity Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 101 | 710 | 201 | 355 | Utility filing fee | |
| 106 | 320 | 206 | 160 | Design filing fee | |
| 107 | 490 | 207 | 245 | Plant filing fee | |
| 108 | 710 | 208 | 355 | Reissue filing fee | |
| 114 | 150 | 214 | 75 | Provisional filing fee | |

SUBTOTAL (1) ($) 0.00

### 2. EXTRA CLAIM FEES

| | Extra Claims | Fee from below | Fee Paid |
|---|---|---|---|
| Total Claims | -20** = x | | |
| Independent Claims | 9 5 - 4 0 x 40 = 240 | | |
| Multiple Dependent | 0 = | | |

| Large Fee Code | Entity Fee ($) | Small Fee Code | Entity Fee ($) | Fee Description |
|---|---|---|---|---|
| 103 | 18 | 203 | 9 | Claims in excess of 20 |
| 102 | 80 | 202 | 40 | Independent claims in excess of 3 |
| 104 | 270 | 204 | 135 | Multiple dependent claim, if not paid |
| 109 | 80 | 209 | 40 | **Reissue independent claims over original patent |
| 110 | 18 | 210 | 9 | **Reissue claims in excess of 20 and over original patent |

SUBTOTAL (2) ($) 240.00

### 3. ADDITIONAL FEES

| Large Fee Code | Entity Fee ($) | Small Fee Code | Entity Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| | 130 | | 205 | 65 | Surcharge - late filing fee or oath | |
| 113 | 1,840 | 113 | 1,840 | Requesting publication of SIR after Examiner action | |
| 115 | 110 | 215 | 55 | Extension for reply within first month | |
| 116 | 380 | 216 | 195 | Extension for reply within second month | 195.00 |
| 117 | 890 | 217 | 445 | Extension for reply within third month | |
| 118 | 1,390 | 218 | 695 | Extension for reply within fourth month | |
| 119 | 310 | 219 | 155 | Notice of Appeal | |
| 120 | 310 | 220 | 155 | Filing a brief in support of an appeal | |
| 121 | 270 | 221 | 135 | Request for oral hearing | |
| 138 | 1,510 | 138 | 1,510 | Petition to institute a public use proceeding | |
| 140 | 110 | 240 | 55 | Petition to revive - unavoidable | |
| 141 | 1,240 | 241 | 620 | Petition to revive - unintentional | |
| 142 | 1,240 | 242 | 620 | Utility issue fee (or reissue) | |
| 143 | 440 | 243 | 220 | Design issue fee | |
| 144 | 600 | 344 | 300 | Plant issue fee | |
| 122 | 130 | 122 | 130 | Petitions to the Commissioner | |
| 126 | 240 | 126 | 240 | Submission of Information Disclosure Stmt | |
| 581 | 40 | 581 | 40 | Recording each patent assignment per property (times number of properties) | |
| 146 | 710 | 246 | 355 | Filing a submission after final rejection (37 CFR 1.129(a)) | |
| 149 | 710 | 249 | 355 | For each additional invention to be examined (37 CFR 1.129(b)) | |
| Other fee (specify) | | | 25 | Request for Expedited Filing Receipt | |
| Other fee (specify) | | 55/110 | | Terminal Disclaimer | |

* Reduced by Basic Filing Fee Paid

SUBTOTAL (3) ($) 195.00

## SUBMITTED BY

| Name (Print/Type) | Van Mahamedi | Registration No. (Attorney/Agent) | 42,828 | Complete (if applicable) | |
|---|---|---|---|---|---|
| Signature | | | | Telephone | 650-493-9300 |
| | | | | Date | 10/16/2000 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

# EXHIBIT 23

| *Notice of Allowability* | Application No.<br>08/824.142 | Applicant(s)<br>Jang | |
|---|---|---|---|
| | Examiner<br>Dinh Nguyen | Group Art Unit<br>3738 | |

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance and Issue Fee Due or other appropriate communication will be mailed in due course.

☒ This communication is responsive to *the amendment dated 10-20-00*

☒ The allowed claim(s) is/are *1-3, 5, 7, 9-11, 13, 17, 19-22, 49, 60, 63-69, 72, 84, and 85*

☐ The drawings filed on _____ are acceptable.

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   ☐ All ☐ Some* ☐ None   of the CERTIFIED copies of the priority documents have been

      ☐ received.

      ☐ received in Application No. (Series Code/Serial Number) _____

      ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE **THREE MONTHS** FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☒ Applicant MUST submit NEW FORMAL DRAWINGS

   ☒ because the originally filed drawings were declared by applicant to be informal.

   ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. _____.

   ☐ including changes required by the proposed drawing correction filed on _____, which has been approved by the examiner.

   ☐ including changes required by the attached Examiner's Amendment/Comment.

   Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal lettter addressed to the Official Draftsperson.

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

   ☐ Notice of References Cited, PTO-892

   ☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

   ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

   ☐ Notice of Informal Patent Application, PTO-152

   ☐ Interview Summary, PTO-413

   ☒ Examiner's Amendment/Comment

   ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

   ☐ Examiner's Statement of Reasons for Allowance

DINH X. NGUYEN<br>PRIMARY EXAMINER

Application/Control Number: 08/824,142                                      Page 2

Art Unit: 3738

### Examiner's Amendment

An examiner's amendment to the record appears below.  Should the changes and/or

additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312.

To ensure consideration of such an amendment, it MUST be submitted no later than the payment

of the issue fee.

Cancel the non-elected claims, claims 4, 6, 8 and 75-83.

In claim 63, at line 1, delete "55" and insert --49-- therefor.

Authorization for this examiner's amendment was given in a telephone interview with Mr.

Van Mahamedi on January 22, 2001.

Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Dinh X. Nguyen whose telephone number is (703) 305-3522.

DINH X. NGUYEN
PRIMARY EXAMINER

January 22, 2001

## ATTACHMENT TO AND MODIFICATION OF
## NOTICE OF ALLOWABILITY (PTO-37)
### (November, 2000)

NO EXTENSIONS OF TIME ARE PERMITTED TO FILE
CORRECTED OR FORMAL DRAWINGS, OR A SUBSTITUTE
OATH OR DECLARATION, notwithstanding any indication to the
contrary in the attached Notice of Allowability (PTO-37)

If the following language appears on the attached Notice of Allowability, the
portion lined through below is of no force and effect and is to be ignored[1]

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to
EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office action. Failure to comply will result in
ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

Similar language appearing in any attachments to the Notice of Allowability,
such as in an Examiner's Amendment/Comment or in a Notice of
Draftperson's Patent Drawing Review, PTO-948, is also to be ignored.

---

[1] The language which is crossed out is contrary to amended 37 CFR 1.85(c) and 1.136. See "Changes to
Implement the Patent Business Goals", 65 Fed. Reg. 54603, 54629, 54643, 54670, 54674 (September 8,
2000), 1238 Off. Gaz. Pat. Office 72, 99, 110, 135, 139 (September 19, 2000)



**UNITED STATE ARTMENT OF COMMERCE**
Patent and Trademark Office

/ʌ/

# 23

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

QM1270125

WILSON SONSINI GOODRICH ROSATI
650 PAGE MILL ROAD
PALO ALTO CA 94304-1050

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/824,142 | 03/25/97 | 026 | NGUYEN, B | 3738 | 01/25/01 |
| First Named Applicant | JANG, | | 35 USC 154(b) term ext. = | 0 Days. | |

TITLE OF INVENTION  INTRAVASCULAR STENT

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3    17828-707 | 623-001.120 | B06 | UTILITY | NO | $1240.00 | 04/25/01 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.
PROSECUTION ON THE MERITS IS CLOSED.**

**THE ISSUE FEE MUST BE PAID WITHIN _THREE MONTHS_ FROM THE MAILING DATE OF THIS NOTICE OR THIS
APPLICATION SHALL BE REGARDED AS ABANDONED. _THIS STATUTORY PERIOD CANNOT BE EXTENDED._**

## HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
If the SMALL ENTITY is shown as YES, verify your
current SMALL ENTITY status:

A. If the status is changed, pay twice the amount of the
FEE DUE shown above and notify the Patent and
Trademark Office of the change in status, or
B. If the status is the same, pay the FEE DUE shown
above.

If the SMALL ENTITY is shown as NO:

A. Pay FEE DUE shown above, or

B. File verified statement of Small Entity Status before, or with,
payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your
ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal
should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part
B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give application number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of
maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance
fees when due.**

**PATENT AND TRADEMARK OFFICE COPY**

PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)

# EXHIBIT 24

J#
# 24

Practitioner's Docket No. 18461-702                                    PATENT

APR 1 6 2001

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: Jang                    Group: 3738
Serial No.: 08/824,142                        Examiner: Nguyen, D.
Filed: March 25, 1997                         Batch: B06
For: INTRAVASCULAR STENT

BOX ISSUE FEE
Commissioner for Patents
Washington, D.C. 20231

TRANSMITTAL OF NEW DRAWING(S) TO CORRECT INFORMALITIES
WITHIN THREE MONTH PERIOD OF RESPONSE SET
IN NOTICE OF ALLOWABILITY (PTOL 37)

SUBMISSION OF DRAWING(S)

1.  To correct the informalities in the drawings as noted in the Draftsman's objection(s) on PTO-948 and in
    accordance with the Notice of Allowability dated 01/25/2001, applicants submit herewith new drawing(s)
    for this application.

              Number of sheets of drawings submitted:  14

2.  The three month period of response set in the Notice of Allowability (PTOL 37) expires on 04/25/2001.
    This submission is on or before this expiry date.

                              Respectfully submitted,

                              WILSON SONSINI GOODRICH & ROSATI

                              Paul Davis, Reg. No. 29,294

650 Page Mill Road
Palo Alto, CA  94304
(650) 493-9300
Customer No. 021971

CERTIFICATE OF MAILING (37 C.F.R. 1.10)

I hereby certify that this correspondence is being deposited with the United States Postal Service as Express Mail (Label No.: EL 757
449 691 US) in an envelope addressed to:  Commissioner for Patents, Washington, D.C. 20231 on the date indicated below.

Date:  4/16/01                                Leilani Acosta

WARNING.        "Facsimile transmissions are not permitted and if submitted will not be accorded a date of receipt" for "(4)
                Drawings submitted under §§ 1.81, 1.83 through 1.85, 1.152, 1.165, 1.174, 1.437 . . ." 37 C.F.R. 1.6(d)(4).

                              (Transmittal of New Drawing(s) to Correct Informalities Within Three
                              Month Period of Response Set in Notice of Allowability page 1 )

01/01

6241760



FIG. 1A

FIG. 1C

FIG. 1B



FIG. 2A



FIG. 2B



FIG. 3B



FIG. 3A



FIG. 4A

FIG. 4B



FIG. 5



FIG. 6A



FIG. 6B



FIG. 7A



FIG. 7B



FIG. 7C



FIG. 8A



FIG. 8B



FIG. 8C

FIG. 8D

FIG. 8E



FIG. 9

**PART B—ISSUE FEE TRANSMITTAL**

Complete and mail this form, together with applicable fee(s), to: **Box ISSUE FEE**
Assistant Commissioner for Patents
Washington, D.C. 20231

04-18-01

*MAILING INSTRUCTIONS:* This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

**Note:** The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

QM12/0125
WILSON SONSINI GOODRICH ROSATI
650 PAGE MILL ROAD
PALO ALTO CA 94304-1050

**Certificate of Mailing**

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

I hereby certify that this correspondence is being deposited with the United States Postal Service as ExpressMail (Label No.: EL 757 449 141 US in an envelope addressed to: Commissioner for Patents, Washington, D.C. 20231 on the date indicated below.

4/16/01

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | DATE MAILED |
|---|---|---|---|---|
| 08/824,142 | 03/25/97 | 026 | NGUYEN, D    3738 | 01/25/01 |

First Named Applicant: JANG,    35 USC 154(b) term ext. = 0 Days.

TITLE OF INVENTION: INTRAVASCULAR STENT

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3  17828-707 | 623-001.120 | B06 | UTILITY | NO | $1240.00 | 04/25/01 |

**1.** Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached.

**2.** For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Wilson, Sonsini
Goodrich & Rosati

2

3

**3.** ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE  G. David Jang

(B) RESIDENCE: (CITY & STATE OR COUNTRY)  Redlands, CA, US

Please check the appropriate assignee category indicated below (will not be printed on the patent)
☐ individual ☑ corporation or other private group entity ☐ government

**4a.** The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☐ Issue Fee
☐ Advance Order - # of Copies ___

**4b.** The following fees or deficiency in these fees should be charged to:
DEPOSIT ACCOUNT NUMBER  23-2415
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☑ Issue Fee
☑ Advance Order - # of Copies  10

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above.

(Authorized Signature)

(Date)  4/16/2001

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

*Burden Hour Statement:* This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

04/19/2001 KGERHE1  00000110 232415   08824142
01 FC:142   1240.00 CH
02 FC:1561    30.00 CH

**TRANSMIT THIS FORM WITH FEE**

PTOL-85B (REV.10-96) Approved for use through 06/30/99. OMB 0651-0033    Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

17

PATENT COOPERATION TREATY

*[handwritten: Jang 18461-706 P.D]*

From the INTERNATIONAL SEARCHING AUTHORITY

# PCT

To:

Wilson, Sonsini, Goodrich & Rosati
Attn. DAVIS, Paul
650 Page Mill Road
Palo Alto, California  94304-1050
UNITED STATES OF AMERICA  **RECEIVED**

SEP 16 1997

WILSON, SONSINI,
GOODRICH & ROSATI

NOTIFICATION OF TRANSMITTAL OF
THE INTERNATIONAL SEARCH REPORT
OR THE DECLARATION

(PCT Rule 44.1)

| | |
|---|---|
| Applicant's or agent's file reference | Date of mailing *(day/month/year)* 12/09/1997 |
| 18461-706 | FOR FURTHER ACTION   See paragraphs 1 and 4 below |
| International application No. PCT/US 97/06611 | International filing date *(day/month/year)* 24/04/1997 |
| Applicant JANG, G. David | |

*[handwritten stamp: WSGR PATENT DOCKET  U.S.: _____  FOREIGN: Vpc  DOCKETED:  BY: VC  ACTION: Pct-Search Report  DUE DATE:  Amend Abstract 10-12-97  Amend Claims 11-12-97  ATTY: PD  CMI #: 18461-706]*

1. [X]  The applicant is hereby notified that the International Search Report has been established and is transmitted herewith.

   **Filing of amendments and statement under Article 19:**
   The applicant is entitled, if he so wishes, to amend the claims of the International Application (see Rule 46).

   When?   The time limit for filing such amendments is normally 2 months from the date of transmittal of the International Search Report; however, for more details, see the notes on the accompanying sheet.

   Where?   Directly to the  International Bureau of WIPO
   34, chemin des Colombettes
   1211 Geneva 20, Switzerland
   Facsimile No.: (41-22) 740.14.35

   For more detailed instructions, see the notes on the accompanying sheet.

2. [ ]  The applicant is hereby notified that no International Search Report will be established and that the declaration under Article 17(2)(a) to that effect is transmitted herewith.

3. [ ]  With regard to the protest against payment of (an) additional fee(s) under Rule 40.2, the applicant is notified that:

   [ ]   the protest together with the decision thereon has been transmitted to the International Bureau together with the applicant's request to forward the texts of both the protest and the decision thereon to the designated Offices.

   [ ]   no decision has been made yet on the protest; the applicant will be notified as soon as a decision is made.

4. Further action(s):   The applicant is reminded of the following:

   Shortly after 18 months from the priority date, the international application will be published by the International Bureau. If the applicant wishes to avoid or to postpone publication, a notice of withdrawal of the international application, or of the priority claim, must reach the International Bureau as provided in Rules 90bis.1 and 90bis.3, respectively, before the completion of the technical preparations for international publication.

   Within 19 months from the priority date, a demand for international preliminary examination must be filed if the applicant wishes to postpone the entry into the national phase until 30 months from the priority date (in some Offices even later).

   Within 20 months from the priority date, the applicant must perform the prescribed acts for entry into the national phase before all designated Offices which have not been elected in the demand or in a later election within 19 months from the priority date or could not be elected because they are not bound by Chapter II.

| Name and mailing address of the International Searching Authority | Authorized officer |
|---|---|
| European Patent Office, P.B. 5818 Patentlaan 2 NL-2280 HV Rijswijk Tel. ( + 31-70) 340-2040, Tx. 31 651 epo nl, Fax: ( + 31-70) 340-3016 | Sabine Dekoninck |

Form PCT/ISA/220 (January 1994)

## NOTES TO FORM PCT/ISA/220

These Notes are intended to give the basic instructions concerning the filing of amendments under article 19. The Notes are based on the requirements of the Patent Cooperation Treaty, the Regulations and the Administrative Instructions under the Treaty. In case of discrepancy between these Notes and those requirements, the latter are applicable. For more detailed information, see also the PCT Applicant's Guide, a publication of WIPO.

In these Notes, "Article", "Rule", and "Section" refer to the provisions of the PCT, the PCT Regulations and the PCT Administrative Instructions respectively.

## INSTRUCTIONS CONCERNING AMENDMENTS UNDER ARTICLE 19

The applicant has, after having received the international search report, one opportunity to amend the claims of the international application. It should however be emphasized that, since all parts of the international application (claims, description and drawings) may be amended during the international preliminary examination procedure, there is usually no need to file amendments of the claims under Article 19 except where, e.g. the applicant wants the latter to be published for the purposes of provisional protection or has another reason for amending the claims before international pbulication. Furthermore, it should be emphasized that provisional protection is available in some States only.

**What parts of the international application may be amended?**

Under Article 19, only the claims may be amended.

During the international phase, the claims may also be amended (or further amended) under Article 34 before the International Preliminary Examining Authority. The description and drawings may only be amended under Article 34 before the International Examining Authority.

Upon entry into the national phase, all parts of the international application may be amended under Article 28 or, where applicable, Article 41.

**When?**

Within 2 months from the date of transmittal of the international search report or 16 months from the priority date, whichever time limit expires later. It should be noted, however, that the amendments will be considered as having been received on time if they are received by the International Bureau after the expiration of the applicable time limit but before the completion of the technical preparations for international publication (Rule 46.1).

**Where not to file the amendments?**

The amendments may only be filed with the International Bureau and not with the receiving Office or the International Searching Authority (Rule 46.2).

Where a demand for international preliminary examination has been is filed, see below.

**How?**

Either by cancelling one or more entire claims, by adding one or more new claims or by amending the text of one or more of the claims as filed.

A replacement sheet must be submitted for each sheet of the claims which, on account of an amendment or amendments, differs from the sheet originally filed.

All the claims appearing on a replacement sheet must be numbered in Arabic numerals. Where a claim is cancelled, no renumbering of the other claims is required. In all cases where claims are renumbered, they must be renumbered consecutively (Administrative Instructions, Section 205(b)).

**The amendments must be made in the language in which the international application is to be published.**

**What documents must/may accompany the amendments?**

**Letter (Section 205(b)):**

The amendments must be submitted with a letter.

The letter will not be published with the international application and the amended claims. It should not be confused with the "Statement under Article 19(1)" (see below, under "Statement under Article 19(1)").

**The letter must be in English or French, at the choice of the applicant. However, if the language of the international application is English, the letter must be in English; if the language of the international application is French, the letter must be in French.**

## NOTES TO FORM PCT/ISA/220 (continued)

The letter must indicate the differences between the claims as filed and the claims as amended. It must, in particular, indicate, in connection with each claim appearing in the international application (it being understood that identical indications concerning several claims may be grouped), whether

    (i)   the claim is unchanged;

    (ii)   the claim is cancelled;

    (iii)  the claim is new;

    (iv)  the claim replaces one or more claims as filed;

    (v)   the claim is the result of the division of a claim as filed.

The following examples illustrate the manner in which amendments must be explained in the accompanying letter:

1.  [Where originally there were 48 claims and after amendment of some claims there are 51]:
"Claims 1 to 29, 31, 32, 34, 35, 37 to 48 replaced by amended claims bearing the same numbers; claims 30, 33 and 36 unchanged; new claims 49 to 51 added."

2.  [Where originally there were 15 claims and after amendment of all claims there are 11]:
"Claims 1 to 15 replaced by amended claims 1 to 11."

3.  [Where originally there were 14 claims and the amendments consist in cancelling some claims and in adding new claims]:
"Claims 1 to 6 and 14 unchanged; claims 7 to 13 cancelled; new claims 15, 16 and 17 added." or
"Claims 7 to 13 cancelled; new claims 15, 16 and 17 added; all other claims unchanged."

4.  [Where various kinds of amendments are made]:
"Claims 1-10 unchanged; claims 11 to 13, 18 and 19 cancelled; claims 14, 15 and 16 replaced by amended claim 14; claim 17 subdivided into amended claims 15, 16 and 17; new claims 20 and 21 added."

### "Statement under article 19(1)" (Rule 46.4)

The amendments may be accompanied by a statement explaining the amendments and indicating any impact that such amendments might have on the description and the drawings (which cannot be amended under Article 19(1)).

The statement will be published with the international application and the amended claims.

It must be in the language in which the international application is to be published.

It must be brief, not exceeding 500 words if in English or if translated into English.

It should not be confused with and does not replace the letter indicating the differences between the claims as filed and as amended. It must be filed on a separate sheet and must be identified as such by a heading, preferably by using the words "Statement under Article 19(1)."

It may not contain any disparaging comments on the international search report or the relevance of citations contained in that report. Reference to citations, relevant to a given claim, contained in the international search report may be made only in connection with an amendment of that claim.

### Consequence if a demand for international preliminary examination has already been filed

If, at the time of filing any amendments under Article 19, a demand for international preliminary examination has already been submitted, the applicant must preferably, at the same time of filing the amendments with the International Bureau, also file a copy of such amendments with the International Preliminary Examining Authority (see Rule 62.2(a), first sentence).

### Consequence with regard to translation of the international application for entry into the national phase

The applicant's attention is drawn to the fact that, where upon entry into the national phase, a translation of the claims as amended under Article 19 may have to be furnished to the designated/elected Offices, instead of, or in addition to, the translation of the claims as filed.

For further details on the requirements of each designated/elected Office, see Volume II of the PCT Applicant's Guide.

# PATENT COOPERATION TREATY

# PCT

## INTERNATIONAL SEARCH REPORT

(PCT Article 18 and Rules 43 and 44)

| Applicant's or agent's file reference | FOR FURTHER ACTION | see Notification of Transmittal of International Search Report (Form PCT.ISA.220) as well as, where applicable, item 5 below. |
|---|---|---|
| 18461-706 | | |
| International application No. | International filing date (day/month/year) | (Earliest) Priority Date (day/month/year) |
| PCT/US 97/06611 | 24/04/1997 | 26/04/1996 |
| Applicant | | |
| JANG, G. David | | |

This International Search Report has been prepared by this International Searching Authority and it transmitted to the applicant according to Article 18. A copy is being transmitted to the International Bureau.

This International Search Report consists of a total of ____3____ sheets.
[X] It is also accompanied by a copy of each prior art document cited in this report.

1.  [ ]  Certain claims were found unsearchable (see Box I).

2.  [ ]  Unity of invention is lacking (see Box II).

3.  [ ]  The international application contains disclosure of a nucleotide and/or amino acid sequence listing and the
         international search was carried out on the basis of the sequence listing
             [ ] filed with the international application.
             [ ] furnished by the applicant separately from the international application.
                 [ ] but not accompanied by a statement to the effect that it did not include
                 matter going beyond the disclosure in the international application as filed.

             [ ] Transcribed by this Authority

4.  With regard to the title,   [X] the text is approved as submitted by the applicant.
                                [ ] the text has been established by this Authority to read as follows:

5.  With regard to the abstract,
        [X] the text is approved as submitted by the applicant.
        [ ] the text has been established, according to Rule 38.2(b), by this Authority as it appears in
        Box III. The applicant may, within one month from the date of mailing of this International
        Search Report, submit comments to this Authority.

6.  The figure of the drawings to be published with the abstract is:
        Figure No. __3B, 3A__  [ ] as suggested by the applicant.   [ ] None of the figures.
        [X] because the applicant failed to suggest a figure.
        [ ] because this figure better characterizes the invention.

Form PCT.ISA.210 (first sheet) (July 1992)

# INTERNATIONAL SEARCH REPORT

International Application No
PCT/US 97/06611

| A. CLASSIFICATION OF SUBJECT MATTER |
| --- |
| IPC 6    A61F2/06 |

According to International Patent Classification (IPC) or to both national classification and IPC

| B. FIELDS SEARCHED |
| --- |

Minimum documentation searched (classification system followed by classification symbols)

IPC 6    A61F

Documentation searched other than minimum documentation to the extent that such documents are included in the fields searched

Electronic data base consulted during the international search (name of data base and, where practical, search terms used)

| C. DOCUMENTS CONSIDERED TO BE RELEVANT | | |
| --- | --- | --- |
| Category* | Citation of document, with indication, where appropriate, of the relevant passages | Relevant to claim No. |
| X | US 5 449 373 A (PINCHASIK ET AL.) 12 September 1995 | 1-9,11, 13,18, 19, 25-33, 35,37, 42,43, 49-53, 55,57, 62,63,81 |
| Y | see the whole document | 16,21, 40,45, 60,65, 71,72, 79,80 |
| | --- | |
| | -/-- | |

[X] Further documents are listed in the continuation of box C.    [X] Patent family members are listed in annex.

* Special categories of cited documents :

"A" document defining the general state of the art which is not considered to be of particular relevance

"E" earlier document but published on or after the international filing date

"L" document which may throw doubts on priority claim(s) or which is cited to establish the publication date of another citation or other special reason (as specified)

"O" document referring to an oral disclosure, use, exhibition or other means

"P" document published prior to the international filing date but later than the priority date claimed

"T" later document published after the international filing date or priority date and not in conflict with the application but cited to understand the principle or theory underlying the invention

"X" document of particular relevance; the claimed invention cannot be considered novel or cannot be considered to involve an inventive step when the document is taken alone

"Y" document of particular relevance; the claimed invention cannot be considered to involve an inventive step when the document is combined with one or more other such documents, such combination being obvious to a person skilled in the art.

"&" document member of the same patent family

| Date of the actual completion of the international search | Date of mailing of the international search report |
| --- | --- |
| 1 September 1997 | 1 2. 09. 97 |
| Name and mailing address of the ISA | Authorized officer |
| European Patent Office, P.B. 5818 Patentlaan 2 NL - 2280 HV Rijswijk Tel. ( + 31-70) 340-2040, Tx. 31 651 epo nl, Fax: ( + 31-70) 340-3016 | Hagberg, A |

Form PCT/ISA/210 (second sheet) (July 1992)

# INTERNATIONAL SEARCH REPORT

International Application No

PCT/US 97/06611

C.(Continuation)  DOCUMENTS CONSIDERED TO BE RELEVANT

| Category* | Citation of document, with indication, where appropriate, of the relevant passages | Relevant to claim No. |
|---|---|---|
| P,X | EP 0 709 067 A (MEDINOL) 1 May 1996 | 1-9,11, 13,18, 19, 25-33, 35,37, 42,43, 49-53, 55,57, 62,63,81 |
| | see the whole document | |
| | --- | |
| P,X | WO 96 26689 A (SCIMED LIFE SYSTEMS) 6 September 1996 see page 4, line 1 - page 5, line 3; figures | 1 |
| | --- | |
| P,Y | DE 296 08 037 U (SITOMED) 11 July 1996 see the whole document | 16,40,60 |
| Y | EP 0 679 372 A (ADVANCED CARDIOVASCULAR SYSTEMS) 2 November 1995 see abstract; figures | 21,45,65 |
| | --- | |
| Y | EP 0 587 197 A (ANGIOMED) 16 March 1994 see column 2, line 52 - line 56; figure 2 | 71,72, 79,80 |
| | ----- | |

Form PCT/ISA/210 (continuation of second sheet) (July 1992)

# INTERNATIONAL SEARCH REPORT

Information on patent family members

International Application No

PCT/US 97/06611

| Patent document cited in search report | Publication date | Patent family member(s) | | Publication date |
|---|---|---|---|---|
| US 5449373 A | 12-09-95 | WO | 9633671 A | 31-10-96 |
| | | AU | 2427995 A | 18-11-96 |
| | | DE | 19581506 T | 21-08-97 |
| EP 709067 A | 01-05-96 | AU | 3451595 A | 09-05-96 |
| | | BR | 9504561 A | 25-02-97 |
| | | CA | 2161509 A | 28-04-96 |
| | | JP | 8206226 A | 13-08-96 |
| WO 9626689 A | 06-09-96 | CA | 2186029 A | 06-09-96 |
| | | EP | 0758216 A | 19-02-97 |
| DE 29608037 U | 11-07-96 | NONE | | |
| EP 679372 A | 02-11-95 | CA | 2147709 A | 26-10-95 |
| | | JP | 8126704 A | 21-05-96 |
| EP 587197 A | 16-03-94 | DE | 9014230 U | 21-11-91 |
| | | AT | 107495 T | 15-07-94 |
| | | DE | 9116936 U | 01-09-94 |
| | | DE | 59102001 D | 28-07-94 |
| | | EP | 0481365 A | 22-04-92 |
| | | ES | 2057709 T | 16-10-94 |
| | | JP | 4256759 A | 11-09-92 |

## PATENT APPLICATION FEE DETERMINATION RECORD
### Effective October 1, 1996

Application or Docket Number

08/824142

### CLAIMS AS FILED - PART I

| FOR | NUMBER FILED | NUMBER EXTRA | SMALL ENTITY RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|-----|-------------|--------------|-------|-----|-----|------|-----|
| BASIC FEE | | | | 385.00 | OR | | 770.00 |
| TOTAL CLAIMS | 74 minus 20 = | 54 | x$11= | | OR | x$22= | 188 |
| INDEPENDENT CLAIMS | 3 minus 3 = | | x40= | | OR | x80= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +130= | | OR | +260= | |
| | | | TOTAL | | OR | TOTAL | |

\* If the difference in column 1 is less than zero, enter "0" in column 2.

### CLAIMS AS AMENDED - PART II

**A**

#### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * 32 | ** 74 | = | x$11= | | OR | x$22= | |
| Independent | * 3 | *** 3 | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

#### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | ** | = | x$11= | | OR | x$22= | |
| Independent | * | *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

#### AMENDMENT C

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | ** | = | x$11= | | OR | x$22= | |
| Independent | * | *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875    \*U.S. Government Printing Office: 1996 - 413-293/49191    Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective November 10, 1998

Application or Docket Number: 08/824,142

## CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) |
|---|---|---|
| BASIC FEE | | |
| TOTAL CLAIMS | 72 minus 20 = | * 52 |
| INDEPENDENT CLAIMS | 5 minus 3 = | * 2 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | |

\* If the difference in column 1 is less than zero, enter "0" in column 2

| SMALL ENTITY TYPE ☐ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | FEE | | RATE | FEE |
| | 380.00 | OR | | 760.00 |
| X$ 9= | | OR | X$18= | 936.00 |
| X39= | | OR | X78= | 156.00 |
| +130= | | OR | +260= | |
| TOTAL | | OR | TOTAL | 1852 |

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) |
|---|---|---|---|---|
| Total | * | Minus | ** | = |
| Independent | * | Minus | *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | |

| SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
| X$ 9= | | OR | X$18= | |
| X39= | | OR | X78= | |
| +130= | | OR | +260= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) |
|---|---|---|---|---|
| Total | * | Minus | ** | = |
| Independent | * | Minus | *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | |

| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X39= | | OR | X78= | |
| +130= | | OR | +260= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) |
|---|---|---|---|---|
| Total | * | Minus | ** | = |
| Independent | * | Minus | *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | |

| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X39= | | OR | X78= | |
| +130= | | OR | +260= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE