IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 05-768-SLR |
| CONOR MEDSYSTEMS, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

**BSC'S REPLY BRIEF IN SUPPORT OF ITS *DAUBERT* MOTION
TO STRIKE THE EXPERT REPORT AND TESTIMONY
OF JACOB (KOBI) RICHTER**

YOUNG CONAWAY
STARGATT & TAYLOR, LLP
Josy W. Ingersoll (I.D. #1088)
John W. Shaw (I.D. #3362)
Adam W. Poff (I.D. #3990)
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899
(302) 571-6600
apoff@ycst.com

*Attorneys for
Boston Scientific Corporation
and Boston Scientific Scimed, Inc.*

*Of Counsel*:

John M. Desmarais
Peter J. Armenio
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4611
(212) 446-4800

Dated: May 22, 2007

## TABLE OF CONTENTS

Page

I. CONOR DOES NOT DISPUTE THAT IT HAS VIOLATED THE COURT'S AMENDED SCHEDULING ORDER ..........................................................................1

II. THE RICHTER REPORT AND PROPOSED TESTIMONY ARE NOT EXPERT OPINIONS ..........................................................................................................2

III. THE RICHTER REPORT AND PROPOSED TESTIMONY ARE UNRELIABLE .......................................................................................................2

IV. THE RICHTER REPORT AND PROPOSED TESTIMONY WILL NOT ASSIST THE TRIER OF FACT TO DETERMINE ANY ISSUE IN THE CASE ............4

V. DRS. BULLER AND SOLAR SHOULD BE PROHIBITED FROM RELYING ON THE RICHTER REPORT AND EXHIBITS ................................................5

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cantor v. Perelman,*
 No. CIV A 97-586 KAJ, 2006 WL 3462596 (D. Del. Nov. 30, 2006)...............3

*Oddi v. Ford Motor Co.,*
 234 F.3d 136 (3d Cir. 2000).................................................................3

*Stolt Achievement, Ltd. v. Dredge B.E. Lindholm,*
 447 F.3d 360 (5th Cir. 2006) ...............................................................4

**Rules**

Fed. R. Civ. P. 16............................................................................1, 5

Fed. R. Evid. 702 ................................................................................3

Fed. R. Evid. 703 ................................................................................5

BSC respectfully submits this reply brief in support of its *Daubert* motion to strike the expert report and proposed testimony of Jacob (Kobi) Richter and any references to that report or proposed testimony by Conor experts Nigel Buller and Ronald Solar.

I. **CONOR DOES NOT DISPUTE THAT IT HAS VIOLATED THE COURT'S AMENDED SCHEDULING ORDER**

The Richter Report merely recites alleged facts and attaches as exhibits documents that were never disclosed during the discovery period in this case. As BSC showed in its opening brief, Conor's untimely production of documents in the guise of an expert report violates the Court's Amended Scheduling Order and Rule 16(b) of the Federal Rules of Civil Procedure. Conor does not even attempt to rebut BSC's showing because it is indisputable that the documents attached as exhibits to the Richter Report — upon which the factual recitation in the Richter Report is based — were never produced during discovery.

Indeed, nowhere in its 10-page brief does Conor address, much less justify, the fact that it produced the documents in violation of the Court's Amended Scheduling Order. Nor is this the first time Conor has tried to use with its experts documents not produced during fact discovery. The Court previously denied a formal request by Conor to obtain and use previously unproduced documents (Ex. G, March 15, 2007 Order denying Conor's request for emergency relief), noting that the request was untimely.

Instead of directly petitioning the Court in accordance with proper procedure, Conor is using the Richter Report as a vehicle to circumvent another such ruling against it. Conor has resorted to subterfuge, attempting to achieve through the pretext of an "expert report" what it would not otherwise be able to do. The Richter Report and its exhibits should be stricken as a violation of the Court's Scheduling Order and Rule 16 of the Federal Rules of Civil Procedure.

Similarly, Drs. Buller and Solar should not be permitted to rely on the late-produced documents to support their opinions.

## II. THE RICHTER REPORT AND PROPOSED TESTIMONY ARE NOT EXPERT OPINIONS

Conor argues that BSC's motion is not a *Daubert* motion because it does not challenge "the scientific basis *of the evidence* on which Dr. Richter will rely." (Conor Opp. Br. at 1 (emphasis added).) That sentence speaks volumes about the kind of report Dr. Richter submitted. The Richter Report does not contain opinions reached through the application of scientific method or analysis. Rather, as Conor implicitly concedes, the Richter Report merely consists of alleged evidence. It is not surprising that the report reads like a factual declaration, cataloguing alleged events, dates, and documents.

Conor claims that because Dr. Richter has been qualified as an expert in previous cases, he is qualified as an expert in this case and that his expert opinion should be admitted. BSC takes no position — and need not take any position — as to whether Dr. Richter is qualified to render an expert opinion on the issues in this case because Dr. Richter has not rendered any opinions on those issues. Instead, he has provided a chronology of events that allegedly took place and attached documents that purportedly evidence those alleged facts.

## III. THE RICHTER REPORT AND PROPOSED TESTIMONY ARE UNRELIABLE

Attempting to rehabilitate the report, Conor argues that the factual recitation in ¶¶ 1–17 culminates in an opinion expressed in ¶ 18. To the extent ¶ 18 sets forth an opinion on the state of the stent design art, the opinion is a bare conclusion extrapolated from personal experience with no application of any scientific analysis or methodology. Indeed, Dr. Richter never describes who the person of ordinary skill in the art is, what kind of knowledge about the art that person would have, or why the state of the art should be characterized as Dr. Richter

2

characterizes it. In fact, the *only* alleged art discussed by Dr. Richter is his own. As pure assertion, the opinion is not reliable under Rule 702 of the Federal Rules of Evidence.

Citing cases, Conor claims that Dr. Richter's expert opinion can be based on personal experience rather than scientific method. It is beyond legitimate dispute that Conor is offering Dr. Richter as a scientific expert in the field of stent design, yet the cases Conor cites pertain to situations involving non-scientific experts. In *Cantor v. Perelman*, the witness was offered as an expert on business customs and practices and opined as to what he would have done in similar situations based on his personal experience as a director of a Delaware corporation. No. CIV A 97-586 KAJ, 2006 WL 3462596, at *5 (D. Del. Nov. 30, 2006) (attached as Ex. H). There, the "methodology" essentially consisted of applying personal experience to the facts of the case.

Here, by contrast, Dr. Richter is offered as a technical expert in stent design. In his single "opinion paragraph," he asserts, without applying any scientific methodology or analysis, that certain features of stent design were "fundamental[]" in 1996. (BSC's Opening Br. Ex. A, Richter Rep. at ¶ 18.) While a corporate board member would not be expected to apply a scientific method to his or her decisionmaking as a board member, surely the designer of a medical device for implantation in a human must apply a scientific method to his or her decisionmaking about stent design. Indeed, this Court in *Cantor* drew a similar distinction — between the kind of opinion testimony based on customs and practices that is experience-based and not subject to proof by any particular methodology and the kind of expert conclusion we have here, which is based on a testable hypothesis using an identifiable methodology — and came to a similar conclusion. *Cantor*, 2006 WL 3462596, at *8 (comparing its admission of expert testimony regarding custom and practice based on personal experience rather than any particular method to the situation in *Oddi v. Ford Motor Co.*, 234 F.3d 136 (3d Cir. 2000), where

3

the court excluded an engineer's expert opinion because the expert "conducted no tests" and used "little, if any methodology beyond his own intuition").

In *Stolt Achievement, Ltd. v. Dredge B.E. Lindholm*, the proffered expert was allowed to testify as to proper ship handling, navigation, and observations based on his general experience as a Master Mariner, but was prohibited from testifying as to technical issues. 447 F.3d 360, 366–67 (5th Cir. 2006). The Court of Appeals for the Fifth Circuit upheld the district court's *refusal* of the witness' testimony regarding hydrodynamics given his lack of technical study and failure to perform the necessary scientific calculations. *Id.* Similarly in this case, Dr. Richter has not performed the necessary analysis, or any analysis, to show why stents in the art were designed a certain way. Instead, he offers sheer ipse dixit.

## IV. THE RICHTER REPORT AND PROPOSED TESTIMONY WILL NOT ASSIST THE TRIER OF FACT TO DETERMINE ANY ISSUE IN THE CASE

Furthermore, the documents that form the basis of Dr. Richter's purported opinion on the state of the art do not, in fact, constitute prior art and therefore do no assist the trier of fact in determining what the state of the art was in 1996. At his deposition, Dr. Richter admitted that the documents attached as exhibits to the Richter Report were intended to be maintained, and were maintained, in confidence internally at Medinol outside the United States without public disclosure. (*See* Conor Opp. Br. Ex. D at 13–15 (Exhibit G was an internal confidential Medinol document produced at the first patent litigation under protective order); 16–17 (Exhibit H was an internal confidential Medinol document shared subject to confidentiality restrictions and produced at the first patent litigation under protective order); 22 (Exhibits B, C, and D were internal Medinol documents that may have been previously produced under protective order); 142–144 (Exhibits E and F were internal confidential Medinol documents that may have been previously produced under protective order).) Thus, Exhibits B–G do not constitute prior art

4

under §§ 102 or 103. ¶ 18 is therefore not an opinion on the state of the art, but rather an observation of what may have been known internally to one company outside the United States.

### V. DRS. BULLER AND SOLAR SHOULD BE PROHIBITED FROM RELYING ON THE RICHTER REPORT AND EXHIBITS

As noted above, Drs. Buller and Solar should not be permitted to rely on the exhibits to the Richter Report or the paragraphs referring to those exhibits because the documents were not timely produced and should be stricken. Putting aside the Rule 16 violation (which BSC believes should be dispositive of the issue), Drs. Buller and Solar should not be allowed to rely on the documents because they are not "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed. R. Evid. 703. Drs. Buller and Solar both opine on the validity of the Jang patent and both rely on the exhibits attached to the Richter Report as evidence of prior art. As noted in the preceding paragraph, however, Exhibits B–G to the Richter Report were confidential documents not publicly known in the United States in 1996. Thus they are not "of the type reasonably relied upon" by an expert as evidence of prior art and Drs. Buller and Solar should not be allowed to rely on them, or any testimony regarding them, for that purpose in this case.

For all the foregoing reasons, as well as those stated in BSC's opening brief, BSC respectfully requests that the Richter Report and proposed testimony be stricken because the report does not contain any expert opinion that will assist the trier of fact, and instead consists of an untimely disclosure of alleged facts. BSC further respectfully requests that portions of the Buller and Solar Reports citing the Richter Report and exhibits also be stricken and that no testimony be allowed based on the Richter Report or any exhibits attached thereto.

| | |
|---|---|
| Dated: May 22, 2007 | Respectfully submitted,<br><br>/s/ Adam W. Poff<br>_____<br>Josy W. Ingersoll (I.D. #1088)<br>John W. Shaw (I.D. #3362)<br>Adam W. Poff (I.D. #3990)<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, Delaware 19899<br>(302) 571-6600<br>apoff@ycst.com<br><br>*Attorneys for*<br>*Boston Scientific Corporation*<br>*and Boston Scientific Scimed, Inc.* |

6

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on May 22, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Steven J. Balick, Esquire
>John G. Day, Esquire
>Lauren E. Maguire, Esquire
>Ashby & Geddes
>500 Delaware Avenue, 8th Floor
>Wilmington, DE 19899

I further certify that on May 22, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**

>Gregory L. Diskant, Esquire
>Eugene M. Gelernter, Esquire
>Kathleen M. Crotty, Esquire
>Scott W. Parker, Esquire
>Ravi V. Sitwala, Esquire
>Diana Breaux, Esquire
>Patterson, Belknap, Webb
>   & Tyler, LLP
>1133 Avenue of the Americas
>New York, NY 10036

>Courtland L. Reichman, Esquire
>King & Spalding
>1180 Peachtree Street, NE
>Atlanta, GA 30309

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
*apoff@ycst.com*

Attorneys for Boston Scientific Corporation and Boston Scientific Scimed, Inc.