

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application:                          §
Bandula Wijay                               §    Examiner: J. Black
                                            §
Filed: January 4, 1996                      §    Art Unit: 3308
                                            §
Serial No: 08/582,657                       §
                                            §
For: Flexible Stent                         §    Docket No.: WIJAY–05
                                            §

Assistant Commissioner of Patents    JAN 1 3 1997
Washington, D.C. 20231

## SUPPLEMENTAL AMENDMENT TRANSMITTAL

1.  Transmitted herewith is a SUPPLEMENTAL AMENDMENT to the Office
    Action dated September 5, 1996, for this application.

2.  Applicant is a small entity. A Verified Statement Claiming Small Entity Status was
    filed on January 4, 1996.

3.  The fee for claims has been calculated as shown below:

| | NUMBER OF CLAIMS AFTER AMENDMENT | | PREVIOUSLY PAID FOR | | PRESENT EXTRA | | RATE | | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL CLAIMS | 30 | - | 26 | = | 4 | X | $11 | = | $44.00 |
| INDEPENDENT CLAIMS | 4 | - | 3 | = | 1 | X | $40 | = | $40.00 |
| MULTIPLE DEPENDENT CLAIM (S) (IF ANY) | | | | | | + | $125 | = | 0 |
| TOTAL FILING FEE | | | | | | | | | $84.00 |

BSC-J007978

BSC-C 017112

4.  A check in the amount of $84.00 is enclosed to cover the filing of extra claims. The Commissioner is authorized to charge any additional fees or credit any overpayment to Deposit Account No. 18-2020. A duplicate of this document is enclosed.

Respectfully submitted,

ROSENBLATT & REDANO, P.C.

December 18, 1996

*Richard T. Redano*

Richard T. Redano
Registration No. 32,292
One Greenway Plaza, Suite 500
Houston, TX 77046
Telephone: (713) 552-9900
Facsimile: (713) 552-0109

## CERTIFICATE OF MAILING UNDER 37 C.F.R. §1.8

I hereby certify that this paper, along with any referred to as being attached or enclosed, is being forwarded to the Assistant Commissioner of Patents, Washington, D.C. 20231, via the United States Postal Service, first class mail, postage prepaid, on this 16th day of December, 1996.

*Lee Brevard*

Lee Brevard

WILAY\03 SUPPLEMENTAL AMENDMENT TRANSMITTAL\lee

β

BSC-J007979

BSC-C 017113



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| Applicant: | § |
| Bandula Wijay | § Examiner: J. Black |
| | § |
| Filed: January 4, 1996 | § Art Unit: 3308 |
| | § |
| Serial No. 08/582,657 | § |
| | § |
| For: Flexible Stent | § Docket No.: WIJAY-05 |

Assistant Commissioner of Patents
Washington, D.C. 20231

SUPPLEMENTAL AMENDMENT TRANSMITTAL

1.  Transmitted herewith is a SUPPLEMENTAL AMENDMENT to the Office
Action dated September 5, 1996, for this application.

2.  Applicant is a small entity. A Verified Statement Claiming Small Entity Status was
filed on January 4, 1996.

3.  The fee for claims has been calculated as shown below:

| | NUMBER OF CLAIMS AFTER AMENDMENT | | PREVIOUSLY PAID FOR | | PRESENT EXTRA | | RATE | | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| TOTAL CLAIMS | 30 | - | 25 | = | 4 | X | $11 | = | $44.00 |
| INDEPENDENT CLAIMS | 4 | - | 3 | = | 1 | X | $40 | = | $40.00 |
| MULTIPLE DEPENDENT CLAIM (IF ANY) | | | | | | + | $125 | = | 0 |
| TOTAL FILING FEE | | | | | | | | | $84.00 |

*ß*

BSC-J007980

BSC-C 017114

4.    A check in the amount of $84.00 is enclosed to cover the filing of extra claims. The Commissioner is authorized to charge any additional fees or credit any overpayment to Deposit Account No. 18-2020.  A duplicate of this document is enclosed.

Respectfully submitted,

ROSENBLATT & REDANO, P.C.

December 18, 1996

*Richard J Redano*

Richard T. Redano
Registration No. 32,292
One Greenway Plaza, Suite 500
Houston, TX 77046
Telephone:  (713) 552-9900
Facsimile:  (713) 552-0109

CERTIFICATE OF MAILING UNDER 37 C.F.R. §1.8

I hereby certify that this paper, along with any referred to as being attached or enclosed, is being forwarded to the Assistant Commissioner of Patents, Washington, D.C. 20231, via the United States Postal Service, first class mail, postage prepaid, on this 16th day of December, 1996.

*Lee Brevard*

Lee Brevard

WIJAY\05 SUPPLEMENTAL AMENDMENT TRANSMITTAL\lee

BSC-J007981

BSC-C 017115

**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/382,657 | 01/04/96 | WIJAY | WIJAY-03 |

STEVE ROSENBLATT
ROSENBLATT & REDANO
ONE GREENWAY PLAZA
SUITE 500
HOUSTON TX 77046

33M1/0408

| EXAMINER |
|---|
| BLACK, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3308 | |

DATE MAILED:     04/08/97

Please find below a communication from the EXAMINER in charge of this application.

Commissioner of Patents

PTOL-90 (Rev. 8/94)

1 - PATENT APPLICATION FILE COPY

BSC-J007982

BSC-C 017116

| *Office Action Summary* | Application No.<br>08/582,657 | Applicant(s)<br>Bandula Wijay |
|---|---|---|
| | Examiner<br>John M. Black | Group Art Unit<br>3309 |

☒ Responsive to communication(s) filed on *Dec 23, 1996* _____ .

☒ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___ *3* ___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1, 3, 5-15, and 17-32* _____ is/are pending in the application.

    Of the above, claim(s) *7 and 19* _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1, 3, 5, 6, 8-15, 17, 18, and 20-32* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None   of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____ .

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

— *SEE OFFICE ACTION ON THE FOLLOWING PAGES* —

U. S. Patent and Trademark Office
PTO-326 (Rev. 9-95)                     Office Action Summary                     Part of Paper No. ___ 8 ___

BSC-J007983

BSC-C 017117

Serial Number: 08/582,657                                    Page 2

Art Unit: 3308

Note: ░░ = quotations

*Election/Restriction*

1.     This application contains claims drawn to an invention non-elected without traverse in

Paper No. 6. A complete response to the final rejection must include cancellation of non-elected

claims or other appropriate action (37 CFR 1.144) MPEP § 821.01.

2.  .   Applicant's election without traverse of the embodiment of Figure 6 in Paper No. 6 is

acknowledged.

*Claim Rejections - 35 USC § 112*

3.     Claims 1, 3, 5-6, 8-15, 17-18 and 20-32 are rejected under 35 U.S.C. § 112, second

paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject

matter which applicant regards as the invention.

       The claims are indefinite and unclear. The Examiner has provided amended claims 1, 3, 5

and 6. The succeeding claims suffer from many of the same and more indefinite language. It is

applicant's responsibility to review these claims and make the appropriate corrections to

overcome all indefinite language.

       Claim 1 should be amended as follows:

 . A stent, comprising:

BSC-J007984

BSC-C 017118

Serial Number: 08/582,657                                Page 3

Art Unit: 3308

a plurality of rings arranged in general alignment to define a cylindrical shape, each ring comprises

a singular elongated wire member having reversing bends forming an undulating pattern; and

at least one elongated crosstie connecting adjacent rings, said crosstie disposed along a

longitudinal axis defined by said rings, said crosstie having at least one bend formed therein.

     Claim 3 should be amended as follows:

The stent of claim 1, wherein:

a segment of said wire member having means which changes the cross sectional area adjacent at

least one of said reversing bends.

     Claim 5 should be amended to:

The stent of claim 3, wherein:

said means which changes the cross sectional area adjacent at least one of said reversing bends

comprises opposed notches formed in the reversing bends.

### *Claim Rejections - 35 USC § 102*

4.    The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless —

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

BSC-J007985

BSC-C 017119

Serial Number: 08/582,657                                    Page 4
Art Unit: 3308

5.    Claims 1, 12-14 and 29 are rejected under 35 U.S.C. § 102(e) as being anticipated by
Pinchasik et al.

Pinchasik et al. show the invention substantially as claimed where elements 112 are
crossties and elements 108 are rings as best seen in Fig. 2C.


6.    Claims 1, 3, 6, 8-10, 15, 18, 20-22 and 29-32 are rejected under 35 U.S.C. § 102(b) as
being anticipated by Cardon et al.

With respect to claims 1 and 29-32, Cardon et al. show the invention substantially as
claimed where elements 7 are crossties and the rings are located in region 1 as best seen in Fig. 4.

With respect to claims 3, 8, 9, 15, 20 and 21, Cardon et al. show the change in cross-
section in the ring segments as represented by e, e', and e" as best seen in Fig. 3.

With respect to claim 6 and 18, it appears that e is less than e' or e" as best seen in Fig. 3.

With respect to claims 10 and 22, the ring elements bend when the stent expands as best
seen in Fig. 4.

BSC-J007986

BSC-C 017120

Serial Number: 08/582,657                                    Page 5

Art Unit: 3308

*Allowable Subject Matter*

7.    Claims 5, 11, 17 and 23 would be allowable if rewritten to overcome the rejection(s)

under 35 U.S.C. 112 set forth in this Office action and to include all of the limitations of the base

claim and any intervening claims.


8.    Claims 27 and 28 would be allowable if rewritten or amended to overcome the rejection(s)

under 35 U.S.C. 112 set forth in this Office action.


*Response to Amendment*

9.    Applicant's arguments filed 9 December 1997 have been fully considered but they are not

persuasive.

        Applicant's arguments are not commensurate with the scope of the claims.  Applicant

argues that the disclosed references relied upon by the Examiner teach a rigid structure created by

etching a tube and that the stent of the present invention is more flexible over its length.  The

invention as claimed neither precludes the use of a rigid structure nor makes any mention directed

to the issue of stent flexibility.

        Amended claim 1 asserts that each of said plurality of rings comprises a singular wire-like

member having an undulating pattern using reversing bends.  Applicant further argues that the

structures of the present invention and those of Pinchasik et al. and Cardon et al. can be created

BSC-J007987

BSC-C 017121

Serial Number: 08/582,657                           Page 6

Art Unit: 3308

by etching a cylinder, albeit with different etching patterns.  Both Pinchasik et al. and Cardon et al. show rings formed from a single wire wherein the wire has an undulating pattern with reversing bends.

Applicant argues that the wire-like member has a cross-section which changes between two reversing bends as stated in claim 3.  The symbols e, e' and e≋ do not represent reversing bends but rather the width at particular locations of the wire where e  e'  e≋ as shown in Fig. 3 and as stated in col. 3, lines 49-53.  The symbol,  , means approximately equal.  Therefore, there are cross-sectional changes between the reversing bends of the stent Cardon et al.

With respect to claim 12, Applicant states that the cross ties are non-overlapping.  Applicant further argues that Pinchasik et al. show axially overlapping crossties.  Claim 12 does not preclude crossties that axially overlap.

Claim 15, see the arguments pursant to claim 3 supra.

Claim 29, both Pinchasik et al. and Cardon et al. show crossties having bends located remotely from the region where the crossties and the rings connect.

Claims 30-32, Cardon et al. show the invention as claimed including crossties having a first end circumferentially offset from a second end and having first and second ends that are in substantial longitudinal alignment with the longitudinal axis of the cylindrical shape.

BSC-J007988

BSC-C 017122

Serial Number: 08/582,657                                    Page 7

Art Unit: 3308

## *Conclusion*

10.    The prior art made of record and not relied upon is considered pertinent to applicant's

disclosure.

Orth et al.          5,591,197                    Stent with crossties

11.    **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time

policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for response to this final action is set to expire THREE

MONTHS from the date of this action.  In the event a first response is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37

CFR 1.136(a) will be calculated from the mailing date of the advisory action.  In no event will the

statutory period for response expire later than SIX MONTHS from the date of this final action.

BSC-J007989

BSC-C 017123

Serial Number: 08/582,657                                   Page 8

Art Unit: 3308

12.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to John M. Black whose telephone number is (703) 305-7341.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group Receptionist whose telephone number is (703) 308-0858.

JMB
March 27, 1997

DAVID J. ISABELLA
PRIMARY EXAMINER

BSC-J007990

BSC-C 017124

| *Notice of References Cited* | | Application No. 08/582,667 | | Applicant(s) Bandula Wijay | | | |
| | | Examiner John M. Black | | Group Art Unit 3308 | | Page 1 of 1 | |

**U.S. PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | NAME | | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| A | 5,591,197 | 1/1997 | Orth et al. | | 623 | 1 |
| B | | | | | | |
| C | | | | | | |
| D | | | | | | |
| E | | | | | | |
| F | | | | | | |
| G | | | | | | |
| H | | | | | | |
| I | | | | | | |
| J | | | | | | |
| K | | | | | | |
| L | | | | | | |
| M | | | | | | |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| S | | | | | | |
| T | | | | | | |

**NON-PATENT DOCUMENTS**

| | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

U.S. Patent and Trademark Office
PTO-892 (Rev. 9-95)          Notice of References Cited          Part of Paper No. ___8___

BSC-J007991

BSC-C 017125

GP
3308 AF

PK
6/10/97

#9/C(ats)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Applicant: | § |
| Bandula Wijay | § |
| | § |
| Serial No.: 08/582,657 | § Group Art Unit: 3308 |
| | § |
| Filed: January 4, 1996 | § Examiner: J. Black |
| | § |
| For: FLEXIBLE STENT | § Atty Docket No.: WIJAY–05 |

AMENDMENT AFTER FINAL REJECTION

Assistant Commissioner of Patents
Washington, D.C. 20231

RECEIVED

JUN 1 2 1997

GROUP 3380

Dear Sir:

Responsive to the Final Office Action mailed April 8, 1997, Applicant submits the following amendment.

IN THE CLAIMS

Please enter the following amendments to the claims:

Please cancel claim 1 in favor of claim 33.

Please cancel claim 3 in favor of claim 34.

In claim 6, line 1, remove "3" and insert — 34 — therefor.

In claim 8, line 1, remove "3" and insert — 34 — therefor.

In claim 10, line 1, remove "3" and insert — 34 — therefor.

Claim 11 (Twice Amended) [The stent of claim 1, wherein:]

A stent, comprising:

BSC-J007992

BSC-C 017126

a plurality of rings arranged in general alignment to define a cylindrical shape, each ring comprises a singular elongated wire member having discrete reversing bends which do not intersect with other reversing bends, said wire member forming an undulating pattern;

at least one crosstie connecting adjacent rings said crosstie disposed along a longitudinal axis defined by said rings, said crosstie having at least one bend formed therein;

the cross-sectional area of said wire member changes adjacent at least one of said reversing bends;

said wire member which comprises each said rings, when expanded radially outwardly, bends at said cross-sectional change location adjacent said reversing bends; and

said reversing bends remain generally aligned to said cylindrical shape defined by said rings after radial expansion due to bending at said cross-sectional change locations.

Please cancel claim 15 in favor of claim 35.

In claim 18, line 1, remove "15" and insert — 35 — therefor.

In claim 20, line 1, remove "15" and insert — 35 — therefor.

In claim 22, line 1, remove "15" and insert — 35 — therefor.

-2-

BSC-J007993

BSC-C 017127

2/23. (Twice Amended) [The stent of claim 22, wherein:]

A stent, comprising:

a plurality of rings arranged in general alignment to define a cylindrical shape, each ring comprises a singular elongated wire member having discrete reversing bends which do not intersect with other reversing bends, said wire member forming an undulating pattern;

at least one crosstie connecting adjacent rings said crosstie disposed along a longitudinal axis defined by said rings, said crosstie having at least one bend formed therein;

said wire member having at least one straight section between said reversing bends;

the cross-section of said wire member changes in said straight section and adjacent said reversing bends;

said wire material which comprises each said rings, when expanded radially outwardly, bends at said cross-sectional change location adjacent said reversing bends; and

said reversing bends remain generally aligned to said cylindrical shape defined by said rings after radial expansion due to bending at said cross-sectional change locations.

-3-

BSC-J007994

BSC-C 017128

In claim 24, line 1, remove "15" and insert — 35 — therefor.

27. (Amended)   A stent, comprising:

[a plurality of rings arranged in general alignment to define a cylindrical shape;

at least one crosstie connecting adjacent rings, said crosstie disposed in general alignment with said cylindrical shape defined by said rings and having an elongated shape, with at least one bend between adjacent rings which it connects;

each said ring is made from an elongated wire-like member having an undulating pattern using reversing bends;

said wire-like member having a cross-section which changes adjacent at least one of said reversing bends; and

said change in cross-section is accomplished by at least one notch.]

a plurality of rings arranged in general alignment to define a cylindrical shape, each ring comprises a singular elongated wire member having discrete reversing bends which do not intersect with other reversing bends, said wire member forming an undulating pattern;

at least one crosstie connecting adjacent rings said crosstie disposed along a longitudinal axis defined by said rings, said crosstie having at least one bend formed therein;

-4-

BSC-J007995

BSC-C 017129

the cross–sectional area of said wire member is formed having a notch adjacent at least one of said reversing bends to thereby change its cross–section.

28. (Amended)  A stent, comprising:

C₃

[a plurality of rings, each said ring made of a wire–like material having a plurality of reversing bends;

each adjacent pair of rings connected by at least one crosstie; and

said wire–like material changing cross–sectional area adjacent at least one of said reversing bends; and

said change in cross–section is accomplished by at least one notch.]

a plurality of rings arranged in general alignment to define a cylindrical shape, each ring comprises a singular elongated wire member having reversing bends forming an undulating pattern;

at least one crosstie connecting adjacent rings said crosstie disposed along a longitudinal axis defined by said rings; and

said wire member is formed having a notch adjacent at least one of said reversing bends which defines a change in cross–sectional area.

In claim 29, line 1, remove "1" and insert — 33 — therefor.

-5-

C

BSC-J007996

BSC-C 017130

38. (Amended) [A stent, comprising] The stent of claim 38 wherein:

[a plurality of rings arranged in general alignment to define a cylindrical shape having a longitudinal axis;

at least one crosstie connecting adjacent rings, said crosstie disposed in general alignment with said cylindrical shape defined by said rings and having an elongated shape; ]

said at least one crosstie comprises at least two reversing bends located remotely from the end connections of said crosstie; and

said bends define a turn of no less than about 90°.

Please add the following new claims:

33.    A stent, comprising:

a plurality of rings arranged in general alignment to define a cylindrical shape, each ring comprises a singular elongated wire member having discrete reversing bends which do not intersect with other reversing bends, said wire member forming an undulating pattern; and

at least one crosstie connecting adjacent rings said crosstie disposed along a longitudinal axis defined by said rings, said crosstie having at least one bend formed therein.

34.    The stent of claim 33 wherein:

-6-

27

BSC-J007997

BSC-C 017131

the cross-sectional area of said wire member changes adjacent at least one of said reversing bends.

35.    A stent, comprising:

a plurality of rings arranged in general alignment to define a cylindrical shape, each ring comprises a singular elongated wire member having discrete reversing bends which do not intersect with other reversing bends, said wire member forming an undulating pattern;

at least one crosstie connecting adjacent rings said crosstie disposed along a longitudinal axis defined by said rings, said crosstie having at least one bend formed therein; and

said wire member having at least one straight section between said reversing bends;

the cross-section of said wire member changes in said straight section and adjacent said reversing bends.

## REMARKS

Applicant has carefully reviewed the Office Action mailed April 8, 1997 and has made numerous amendments to the claims.

Claim 1 has been rewritten as claim 33 adopting the Examiner's language so as to

-7-

BSC-J007998

BSC-C 017132

address the § 112 issues. Similar language has been adopted in other claims. The wire member is now recited as having discreet reversing bends which do not intersect with other reversing bends within the confines of each ring. Responsive to the Examiner's remarks with regard to the previous amendment, as found in paragraph 9 of the Office Action, claim 33 recites structurally a plurality of rings where each ring is made of a singular elongated wire member with discreet reversing bends which do not intersect with other reversing bends which form that ring or for that matter any other ring. Thus, in Applicant's invention, as claimed in claim 33, each ring of the plurality of rings is connected to an adjacent ring by at least one crosstie.

This structure cannot be read on the two references cited: Pinchasik and Cardon. Looking first at Pinchasik, Figures 2A through 2C, the Examiner appears to be taking a unitary ring of Pinchasik made of diamonds and labeled 108 and considering only half of it while calling that a wire member having reversing bends with an undulating pattern. It is respectfully submitted that the difference between the claimed invention in claim 33 and Pinchasik is that the diamond type rings 108 used by Pinchasik are stiff. Additionally, the diamond structure is a unitary structure in Pinchasik and it is not within the teaching of this reference to take the diamond mesh ring apart so that only half of it can be called a ring as it is being done by the Examiner in taking a broad view of the Pinchasik reference. However, in order to address the Examiner's very broad view of the Pinchasik rings 108, claim 33 now recites discreet reversing bends which do not intersect.

-8-

BSC-J007999

BSC-C 017133

with any other reversing bends. Even if the Examiner chooses to consider only half of the diamond structure 108 of Pinchasik, as the ring, it cannot meet the requirement of discreet reversing bends which do not intersect. In Pinchasik, as read by the Examiner, in order to create the diamond structure, an intersection between one reversing bend and another at every other reversing bend is required. It is this difference in structure that allows the stent of claim 33 to have greater flexibility since a ring structure of discreet reversing bends which do not intersect with other reversing bends is less constrained than the diamond mesh design shown in Pinchasik.

The Cardon reference has a similar structure in the ring area to Pinchasik. Referring to Figures 3 and 4, again the Examiner is seemingly taking one half of an oval ring structure and considering that to be the wire member with reversing bends. However, the same rationale that is applicable to Pinchasik is applicable to Cardon with the only difference being the use of a oval shape, instead of an diamond shape, with interconnections at every other bend. The structure of claim 33 which requires discreet reversing bends which do not intersect with other reversing bends should preclude the structure of Cardon from being read on claim 33. Again, the Cardon and Pinchasik interlocking structures in the rings using oval or diamonds represents a very rigid design which does not have the flexibility of the structure that is claimed in claim 33. Accordingly, claim 33 and the claims dependent thereon are now respectfully submitted to be in condition for allowance.

-9-

BSC-J008000

BSC-C 017134

Claim 15 has also been rewritten in independent form with the various amendments to address the § 112 issues raised by the Examiner. For the reasons described with regard to claim 33, claim 35 is also allowable because the claimed ring structure in claim 35 is not found in Pinchasik or Cardon. It is further submitted that the Examiner's reading of Cardon particularly with regard to the change in the cross-sectional area feature is at best strained. Cardon, column 5, line 50, indicates that the widths are intended to be substantially the same. Column 5, line 68 through column 6, line 2, indicates that depending on the width of the slots and the thickness of the tube being etched, the cross-sectional areas of e, e' and e" will be within a certain range. There is no suggestion in this reference to have a deliberate change. In fact, the Cardon reference use of the letter e repeatedly is an indication that the dimension is desirably the same; yet, the superscripts are used to point out different parts of the stent structure from each other which are intended to have substantially the same width. The present invention as claimed in claim 35 teaches away from the Cardon reference. Claim 35 expressly requires the cross-section of the wire to change adjacent the reversing bends in the straight section. As described in the specification, the purpose of a meaningful cross-sectional change in area is to induce bending at that point. There is no disclosure in Cardon of the desirability of having different cross-sections from the point of view of the function of Cardon's stent.

The Examiner's comments with regard to Applicant's argument with regard to

-10-

BSC-J008001

BSC-C 017135

claim 12 are not understood. Claim 12 claims a plurality of non-overlapping crossties. The fact that Pinchasik shows overlapping crossties simply means that Pinchasik is not a reference that teaches what is claimed in claim 12.

The Examiner has indicated allowability of claims 5, 11, 17 and 23 as well as independent claims 27 and 28 if the § 112 issues are addressed and any intervening claims are included when the claims are rewritten. Currently, claim 5 depends on claim 27 and claim 27 has been rewritten to address the § 112 issues. Accordingly, 27 and 5 are in allowable condition. Claim 28 has also been rewritten to address the § 112 issues and is now believed to be in allowable condition, along with claim 17 which depends on it. Claim 11 has been rewritten in independent form addressing the § 112 issues and including all the intervening claims. Accordingly, claim 11 which includes the limitations of claim 10 as well as claims 3 and 1 which are now rewritten as claims 34 and 33. Claim 23 has also been rewritten in independent form to address the § 112 issues and include the limitations of claim 22 and claim 15 which is now rewritten as claim 35. Accordingly, claim 23 is in condition for allowance.

In summary, the objected to subject matter has been put into allowable condition. The rejected claims are believed to be in allowable condition in view of the recitation in claims 33 and 35 wherein each ring comprises a singular elongated member having discreet reversing bends which do not intersect with other reversing bends in combination with a crosstie having at least one bend. This structure is more flexible than Pinchasik or

-11-

BSC-J008002

BSC-C 017136

Cardon whose diamond and oval structure is described as being rigid contrary to independent claims 33 and 35. The change in cross-sectional area is a feature in the claims 34 and 35 where there is a distinct teaching away from Cardon. Cardon specifically states the desirability of having substantially the same width and uses the same letter to apply to different portions of his oval ring structure. The use of superscripts indicates different points along the oval ring structure, but the use of the same small case letter e indicates Cardon's desire to have all of these be the same. For a given tube thickness, Cardon teaches that the uncut metal parts which are left over after the slots have been cut are desirably all the same. The cross-sectional area can change as between one stent and another stent if a thicker tube is used or a different dimension is used for the width of the slots being cut out. However, for a given stent $e$, $e'$ and $e''$ are taught to be identical within manufacturing tolerances. That is not the same as a cross-sectional change as claimed. In fact, it is the opposite.

With regard to claims 7 and 19, Applicant believes there are generic claims allowable in this case which do not warrant claim 7 and 19 being cancelled as directed to an unelected invention. However, should the Examiner interpret the situation differently, the Examiner is authorized to cancel claims 7 and 19 to the extent necessary to secure

-12-

BSC-J008003

BSC-C 017137

allowance. Again, Applicant is of the opinion no such cancellation is required in view of

the pendency of generic claims that are allowable in this case.

Respectfully submitted,

Date: June 6, 1997

Steve Rosenblatt
Registration No. 30,799
ROSENBLATT & REDANO, P.C.
One Greenway Plaza, Suite 500
Houston, Texas 77046
Telephone: (713) 552–9900
Facsimile: (713) 552–0109


<u>CERTIFICATE UNDER 37 CFR 1.8(a)</u>

I hereby certify that this correspondence is being deposited with the United States
Postal Service as First Class Mail, postage prepaid, in an envelope addressed to: Assistant
Commissioner for Patents, Attn: Box AF, Washington, D.C. 20231, on this 6th day of
June, 1997.

Steve Rosenblatt


WIJAY.05 AMENDMENT AFTER FINAL.w

-13-

BSC-J008004

BSC-C 017138

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Applicant:                   Examiner: J. Black
Bandula Wijay

Filed: January 4, 1996 §    Art Unit: 3308
                           §
Serial No. 08/582,657 §
                           §
For: Flexible Stent §    Docket No.: WIJAY-05

Attn: Box AF
Assistant Commissioner of Patents
Washington, D.C. 20231

RECEIVED
JUN 1 2 1997
GROUP 3300

### AMENDMENT TRANSMITTAL

1.     Transmitted herewith is the Amendment After Final Rejection dated April 8, 1997, for this application.

2.     Applicant is a small entity. A Verified Statement Claiming Small Entity Status was filed on January 4, 1996.

3.     The fee for claims has been calculated as shown below:

| | NUMBER OF CLAIMS AFTER AMENDMENT | | PREVIOUSLY PAID FOR | | PRESENT EXTRA | | RATE | | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| TOTAL CLAIMS | 29 | - | 26 | = | 3 | X | $11 | = | $ 33.00 |
| INDEPENDENT CLAIMS | 7 | - | 4 | = | 3 | X | $40 | = | $120.00 |
| MULTIPLE INDEPENDENT CLAIMS (IF ANY) | | | | | | + | $125 | = | 0 |
| TOTAL FILING FEE | | | | | | | | | $153.00 |

BSC-J008005

BSC-C 017139

4. The Commissioner is authorized to charge the $153.00 fee associated with this communication to Deposit Account No. 18-2020. A duplicate of this sheet is enclosed.

5. The Commissioner is authorized to charge any underpayment or credit any overpayment associated with this communication to Deposit Account No. 18-2020. A duplicate of this sheet is enclosed.

Respectfully submitted,

ROSENBLATT & REDANO, P.C.

Date: June 6, 1997.

Steve Rosenblatt
Registration No. 30,799
One Greenway Plaza, Suite 500
Houston, TX 77046
Telephone: (713) 552-9900
Facsimile: (713) 552-0109

## CERTIFICATE OF MAILING UNDER 37 C.F.R. §1.8

I hereby certify that this paper, along with any referred to as being attached or enclosed, is being forwarded to the Assistant Commissioner of Patents, Attn: Box AF, Washington, D.C. 20231, via the United States Postal Service, first class mail, postage prepaid, on this 6th day of June, 1997.

Steve Rosenblatt

WIJAY\05 AMENDMENT TRANSMITTAL\ee

BSC-J008006

BSC-C 017140



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

08/582,657

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/582,657 | 01/04/96 | WIJAY | B WIJAY-05 |

STEVE ROSENBLATT
ROSENBLATT & REDANO
ONE GREENWAY PLAZA
SUITE 500
HOUSTON TX 77046

33M1/0623

| EXAMINER |
|---|
| BLACK, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3308 | 10 |

DATE MAILED:    06/23/97

Below is a communication from the EXAMINER in charge of this application

COMMISSIONER OF PATENTS AND TRADEMARKS

## ADVISORY ACTION

☒ THE PERIOD FOR RESPONSE:

a) ☐ is extended to run _____ or continues to run __3 mo.__ from the date of the final rejection

b) ☐ expires three months from the date of the final rejection or as of the mailing date of this Advisory Action, whichever is later. In no event however, will the statutory period for the response expire later than six months from the date of the final rejection.

Any extension of time must be obtained by filing a petition under 37 CFR 1.136(a), the proposed response and the appropriate fee. The date on which the response, the petition, and the fee have been filed is the date of the response and also the date for the purpose of determining the period of extension and the corresponding amount of the fee. Any extension fee pursuant to 37 CFR 1.17 will be calculated from the date of the originally set shortened statutory period for response or as set forth in b) above.

☐ Appellant's Brief is due in accordance with 37 CFR 1.192(a).

☒ Applicant's response to the final rejection, filed _6-9-97_ has been considered with the following effect, but it is not deemed to place the application in condition for allowance.

1. ☐ The proposed amendments to the claim and/or specification will not be entered and the final rejection stands because:
   a. ☐ There is no convincing showing under 37 CFR 1.116(b) why the proposed amendment is necessary and was not earlier presented.
   b. ☒ They raise new issues that would require further consideration and/or search. (See Note).
   c. ☐ They raise the issue of new matter. (See Note).
   d. ☐ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal.
   e. ☐ They present additional claims without cancelling a corresponding number of finally rejected claims.

NOTE: _The new limitation "discrete reversing bends which do not intersect with other reversing bends" would require a new consideration. It may even require a new search. Figure 3-6 in Orth et al. (5,591,197) appear to read on the claims._

2. ☐ Newly proposed or amended claims _____ would be allowed if submitted in a separately filed amendment cancelling the non-allowable claims.

3. ☒ Upon the filing an appeal, the proposed amendment ☐ will be entered ☒ will not be entered and the status of the claims will be as follows:

   Claims allowed: _____
   Claims objected to: _____
   Claims rejected: _1,3,5,6,8-15,17,18,20-32_

   However,
   ☐ Applicant's response has overcome the following rejection(s): _____

4. ☐ The affidavit, exhibit or request for reconsideration has been considered but does not overcome the rejection because _____

5. ☐ The affidavit or exhibit will not be considered because applicant has not shown good and sufficient reasons why it was not earlier presented.

☐ The proposed drawing correction ☐ has ☐ has not been approved by the examiner.
☐ Other _____

JOHN G. WEISS
SUPERVISORY PATENT EXAMINER
GROUP 3300

BSC-J008007

BSC-C 017141



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | 04/96 | UNNAMED APPLICANT | ATTORNEY DOCKET NO. |
| --- | --- | --- | --- | --- |
| | | | | WIJAY-05 |

33M1/1112

STEVE ROSENBLATT
ROSENBLATT & REDANO
ONE GREENWAY PLAZA
SUITE 500
HOUSTON TX 77046

| EXAMINER |
| --- |
| BLACK, J |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 3308 | |

DATE MAILED:    11/12/97

Please find below a communication from the EXAMINER in charge of this application.

Commissioner of Patents

PTOL-90 (Rev. 6/84)

1-PATENT APPLICATION FILE COPY

BSC-J008008

BSC-C 017142

| *Notice of Abandonment* | Application No. 08/682,657 | Applicant(s) Bandula Wijay | |
|---|---|---|---|
| | Examiner John M. Black | Group Art Unit 3308 | |

This application is abandoned in view of:

☒ applicant's failure to timely file a proper response to the Office letter mailed on ___ *Apr 8, 1997* ___ .

   ☐ A response (with a Certificate of Mailing or Transmission of _____ ) was received on _____ , which is after the expiration of the period for response (including a total extension of time of ___ month(s)) which expired on _____ .

   ☒ A proposed response was received on ___ *Jun 9, 1997* ___ , but it does not constitute a proper response to the final rejection.
      (A proper response to a final rejection consists only of: a timely filed amendment which places the application in condition for allowance; a Notice of Appeal; or the filing of a continuing application under 37 CFR 1.62 (FWC)).

   ☐ No response has been received.

☐ applicant's failure to timely pay the required issue fee within the statutory period of three months from the mailing date of the Notice of Allowance.

   ☐ The issue fee (with a Certificate of Mailing or Transmission of _____ ) was received on _____ .

   ☐ The submitted issue fee of $ _____ is insufficient. The issue fee required by 37 CFR 1.18 is $ _____ .

   ☐ The issue fee has not been received.

☐ applicant's failure to timely file new formal drawings as required in the Notice of Allowability.

   ☐ Proposed new formal drawings (with a Certificate of Mailing or Transmission of _____ ) were received on _____ .

   ☐ The proposed new formal drawings filed _____ are not acceptable.

   ☐ No proposed new formal drawings have been received.

☐ the express abandonment under 37 CFR 1.62(g) in favor of the FWC application filed on _____ .

☐ the letter of express abandonment which is signed by the attorney or agent of record, the assignee of the entire interest, or all of the applicants.

☐ the letter of express abandonment which is signed by an attorney or agent (acting in a representative capacity under 37 CFR 1.34(a)) upon the filing of a continuing application.

☐ the decision by the Board of Patent Appeals and Interferences rendered on _____ and because the period for seeking court review of the decision has expired and there are no allowed claims.

☐ the reason(s) below:

JOHN G. WEISS
SUPERVISORY PATENT EXAMINER
GROUP 3300

U. S. Patent and Trademark Office
PTO-1432 (Rev. 5-95)

Notice of Abandonment

Part of Paper No. ___ 11 ___

BSC-J008009

BSC-C 017143

**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective October 1, 1996

Application or Docket Number
08883801

### CLAIMS AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 385.00 | OR | | 770.00 |
| TOTAL CLAIMS | 29 minus 20 = | 9 | x$11= | 99 | OR | x$22= | |
| INDEPENDENT CLAIMS | 6 minus 3 = | 3 | x40= | 120 | OR | x80= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +130= | | OR | +260= | |
| * If the difference in column 1 is less than zero, enter "0" in column 2 | | | TOTAL | 604 | | TOTAL | |

### CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | 29 | Minus ** 29 | = | x$11= | | OR | x$22= | |
| Independent | 8 | Minus *** 6 | = 2 | x40= | 78 | OR | x80= | 78 |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | 78 | OR | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | | Minus ** | = | x$11= | | OR | x$22= | |
| Independent | | Minus *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | | Minus ** | = | x$11= | | OR | x$22= | |
| Independent | | Minus *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

*U.S. Government Printing Office: 1996 - 413-203/40151　　Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

BSC-J008010

BSC-C 017144

59227  U.S. PTO
08/883801
06/27/97

PATENT APPLICATION SERIAL NO.

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET



PTO-1556
(5/87)

BSC-J008011

BSC-C 017145

604.01' 20/ A FW

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Docket No.:        WIJAY–12

Anticipated Classification of this application:
Class:        Subclass:

#12/Pre

Prior Application:
Examiner:    John M. Black
Art Unit:    3308

BOX FWC
ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

FILE WRAPPER CONTINUING APPLICATION (FWC) TRANSMITTAL

I.    This is a request for a filing under the file wrapper continuing application procedure,
37 CFR 1.62, for a continuation.

A.    Application Serial No. 08/582,657 filed on January 4, 1996.

B.    Title:  Flexible Stent.

C.    Name of applicant as originally filed:

        Bandula Wijay
        1903 Carriage Creek Drive
        Friendswood, Texas 77546
        (a citizen of the United States)

        (Applicants have not been amended)

    The above–identified application, in which no payment of issue fee, abandonment
of, or termination of proceedings has occurred, is hereby expressly abandoned as of the
filing date of this new application.  Please use all the contents of the prior application file
wrapper, including the drawings, as the basic papers for the new application.

FILE WRAPPER CONTINUING APPLICATION TRANSMITTAL          PAGE 2 OF 5

D

BSC-J008012

BSC-C 017146

In is understood that secrecy under 35 U.S.C. 122 is hereby waived to the extent that if information or access is available to any one of the applications in the file wrapper of a 37 CFR 1.62 application, be it either this application or a prior application in the same file wrapper, the PTO may provide similar information or access to all the other applications in the same file wrapper.

II.   This application discloses and claims only subject matter disclosed in the prior application whose particulars are set out above and the inventors in this application are the same.

The inventorship for all the claims in this application are the same.

III.   A Declaration or oath is not required.

IV.   The fees to be charged are to be based on the number of claims remaining as a result of the attached preliminary amendment.

V.   Fee Calculation

| | Number Filed | | | | Number Extra | Rate | | Basic Fee (37 C.F.R. 1.16(a)) $385 |
|---|---|---|---|---|---|---|---|---|
| Total Claims | 29 | – | 20 | = | 9 | x | $11 | = | 99 |
| Independent Claims | 6 | – | 3 | = | 3 | x | $40 | = | 120 |
| Multiple Dependent Claims (if any) | | | | | | + | $130 | | 0 |
| Total Filing Fee | | | | | | | | | $604 |

VI.   Status as a small entity was claimed in the prior application 08/582,657, filed on January 4, 1996, from which benefit is being claimed for this application.

VII.   Enclosed is a check in the amount of $604 for the filing fee.

FILE WRAPPER CONTINUING APPLICATION TRANSMITTAL                    PAGE 3 OF 5

BSC-J008013

BSC-C 017147

VIII.    The Commissioner is hereby authorized to charge the following additional fees that may be required by this paper and during the pendency of this application to Deposit Account No. 18–2020.

          37 CFR 1.16   (filing fees)
          37 CFR 1.16   (presentation of extra claims)
          37 CFR 1.16   (surcharge for filing the basic filing fee and/or declaration on
                         a date later that the filing date of the application)
       ·   37 CFR 1.17   (application processing fees)

      A duplicate of this request is attached.

IX.     Please credit any overpayment to Deposit Account No. 18–2020.

X.      Amend the specification by inserting, before the first line, the sentence:

           "This application is a continuation of copending application Serial No. 08/582,657, filed on January 4, 1996."

XI.     The power of attorney in the prior application is to Steve Rosenblatt, registration number 30,799. The power appears in the original papers in the prior application.

      Address all future communication to:

           Steve Rosenblatt
           Rosenblatt & Redano, P.C.
           One Greenway Plaza, Suite 500
           Houston, Texas 77046
           Phone: (713) 552–9900
           Fax:   (713) 552–0109

FILE WRAPPER CONTINUING APPLICATION TRANSMITTAL         PAGE 4 OF 5

28



BSC-J008014

BSC-C 017148

XII.    Please abandon the prior application at a time while the prior application is pending
and when this application is granted a filing date as to make this application
copending with said prior application.

Respectfully submitted,

ROSENBLATT & REDANO, P.C.

Date ___6/27/97___

Steve Rosenblatt
Registration No. 30,799
One Greenway Plaza, Suite 500
Houston, Texas 77046
Houston, Texas 77057
(713) 552-9900

Attorney of record

BSC-J008015

BSC-C 017149

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Applicant:    BANDULA WIJAY          §
                                      §          Group Art Unit: 3308
Serial No:                            §
                                      §          Examiner:  J. Black
Filed:        Of even date herewith   §
                                      §          Atty Docket:  WIJAY-12
For:          FLEXIBLE STENT          §

## PRELIMINARY AMENDMENT

Assistant Commissioner of Patents
Washington, D. C. 20231

Dear Sir:

   Please make the following amendments:

In the Claims:

   33.   (Amended) A stent; comprising:

      a plurality of rings arranged in general alignment to define a cylindrical shape, each ring comprises a singular elongated wire member having discrete reversing bends which do not intersect with other reversing bends, said wire member forming an undulating pattern; and

      a least one crosstie having ends connecting adjacent rings, said crosstie disposed along a longitudinal axis defined by said rings, said crosstie having at least one bend formed [therein] between said ends to allow said crosstie to flex as said rings expand while remaining within the confines of said cylindrical shape.

## REMARKS

   Applicant has filed this file wrapper continuation to continue prosecution from the previous application, Serial No. 08/582,657.   In further response to the Examiner's notes in the Advisory Action mailed June 23, 1997, Applicant has

BSC-J008016

BSC-C 017150

amended claim 33 to indicate that the crosstie has ends and the bend is formed between the ends so that the crosstie can flex as the rings are expanded while remaining within the confines of the cylindrical shape defined by the rings. This structure does not appear in *Orth* '197. *Orth* uses notches 21 in his crossties, as shown in figures 3 and 4a, so that when bent, the crossties form barbs which extend out of the cylindrical shape defined by the rings. The crosstie claimed in claim 33 is structurally distinguishable as it has a bend in between its ends, which the *Orth* design does not have until it is actually expanded. The *Orth* design has straight crossties, as shown in figure 3, which under an expansion force to the stent bend at notch 21 to create barbs outside the cylindrical shape defined by the rings 13. The flexible crossties in claim 33 not only have a different structure but as a result of that different structure are able to accommodate the flexing as needed when the rings expand, while at the same time remaining within the confines of the cylindrical shape defined by the rings. As to the rest of the claims, none have the features of a cross-sectional area change in the ring structure for the purposes as described in the specification. It is respectfully submitted that all of the pending claims are novel over *Orth* to the extent the Examiner is suggesting in the Advisory Action that *Orth* anticipates all the pending claims. Allowance of all the claims is respectfully requested.

Respectfully submitted,

ROSENBLATT & REDANO, P.C.

6/27/97
Date

Steve Rosenblatt
Registration No. 30,799
One Greenway Plaza, Suite 500
Houston, TX 77046
Telephone: (713) 552-9900
Facsimile: (713) 552-0109

wijsy\12 preliminary amendment.wpd  xs

BSC-J008017

BSC-C 017151

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Docket No.:          WIJAY–12

Anticipated Classification of this application:
Class:          Subclass:

Prior Application:
Examiner:     John M. Black
Art Unit:      3308

BOX FWC
ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

CERTIFICATE OF EXPRESS MAILING UNDER 37 C.F.R. 1.10

I hereby certify that this FWC transmittal and the documents referred to as attached therein are being deposited with the United States Postal Service on this ___ /day of ____, 1997, in an envelope as "Express Mail, Post Office to Addressee", mailing label number EM370352740US addressed to: Box FWC, Assistant Commissioner for Patents, Washington, D.C. 20231.

Steve Rosenblatt

ROSENBLATT & REDANO, P.C.
One Greenway Plaza, Suite 500
Houston, Texas 77046
(713) 552-9900

FILE WRAPPER CONTINUING APPLICATION TRANSMITTAL                    PAGE 1 OF 5

BSC-J008018

BSC-C 017152



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Docket No.:        WIJAY–12

Anticipated Classification of this application:
Class:      Subclass:

Prior Application:
Examiner:    John M. Black
Art Unit:    3308

BOX FWC
ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

### FILE WRAPPER CONTINUING APPLICATION (FWC) TRANSMITTAL

I.    This is a request for a filing under the file wrapper continuing application procedure,
      37 CFR 1.62, for a continuation.

    A.    Application Serial No. 08/582,657 filed on January 4, 1996.

    B.    Title:  Flexible Stent

    C.    Name of applicant as originally filed:

        Bandula Wijay
        1903 Carriage Creek Drive
        Friendswood, Texas 77546
        (a citizen of the United States)

        (Applicants have not been amended)

    The above–identified application, in which no payment of issue fee, abandonment
of, or termination of proceedings has occurred, is hereby expressly abandoned as of the
filing date of this new application.  Please use all the contents of the prior application file
wrapper, including the drawings, as the basic papers for the new application.

FILE WRAPPER CONTINUING APPLICATION TRANSMITTAL                PAGE 2 OF 5

BSC-J008019

BSC-C 017153

In is understood that secrecy under 35 U.S.C. 122 is hereby waived to the extent that if information or access is available to any one of the applications in the file wrapper of a 37 CFR 1.62 application, be it either this application or a prior application in the same file wrapper, the PTO may provide similar information or access to all the other applications in the same file wrapper.

II.  This application discloses and claims only subject matter disclosed in the prior application whose particulars are set out above and the inventors in this application are the same.

    The inventorship for all the claims in this application are the same.

III.  A Declaration or oath is not required.

IV.  The fees to be charged are to be based on the number of claims remaining as a result of the attached preliminary amendment.

V.  Fee Calculation

| | Number Filed | | | | Number Extra | | Rate | | Basic Fee (37 C.F.R. 1.16(a) $385 |
|---|---|---|---|---|---|---|---|---|---|
| Total Claims | 29 | − | 20 | = | 9 | x | $11 | = | 99 |
| Independent Claims | 6 | − | 3 | = | 3 | x | $40 | = | 120 |
| Multiple Dependent Claims (if any) | | | | | | + | $130 | | 0 |
| Total Filing Fee | | | | | | | | | $604 |

VI.  Status as a small entity was claimed in the prior application 08/582,657, filed on January 4, 1996, from which benefit is being claimed for this application.

VII.  Enclosed is a check in the amount of $604 for the filing fee.

FILE WRAPPER CONTINUING APPLICATION TRANSMITTAL          PAGE 3 OF 5

BSC-J008020

BSC-C 017154

VIII.   The Commissioner is hereby authorized to charge the following additional fees that may be required by this paper and during the pendency of this application to Deposit Account No. 18–2020.

        37 CFR 1.16  (filing fees)
        37 CFR 1.16  (presentation of extra claims)
        37 CFR 1.16  (surcharge for filing the basic filing fee and/or declaration on a date later that the filing date of the application)
        37 CFR 1.17  (application processing fees)

A duplicate of this request is attached.

IX.   Please credit any overpayment to Deposit Account No. 18–2020.

X.   Amend the specification by inserting, before the first line, the sentence:

"This application is a continuation of copending application Serial No. 08/582,657, filed on January 4, 1996."

XI.   The power of attorney in the prior application is to Steve Rosenblatt, registration number 30,799. The power appears in the original papers in the prior application.

Address all future communication to:

Steve Rosenblatt
Rosenblatt & Redano, P.C.
One Greenway Plaza, Suite 500
Houston, Texas 77046
Phone: (713) 552–9900
Fax:   (713) 552–0109

BSC-J008021

BSC-C 017155

XII.    Please abandon the prior application at a time while the prior application is pending and when this application is granted a filing date as to make this application copending with said prior application.

Respectfully submitted,

ROSENBLATT & REDANO, P.C.

5/27/97
Date

Steve Rosenblatt
Registration No. 30,799
One Greenway Plaza, Suite 500
Houston, Texas 77046
Houston, Texas 77057
(713) 552-9900

Attorney of record

w[jkyl/12 fwc transmittal    ts]

FILE WRAPPER CONTINUING APPLICATION TRANSMITTAL                    PAGE 5 OF 5

BSC-J008022

BSC-C 017156

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Docket No.:     WIJAY–12

Anticipated Classification of this application:
Class:        Subclass:

Prior Application:
Examiner:    John M. Black
Art Unit:      3308

BOX FWC
ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

CERTIFICATE OF EXPRESS MAILING UNDER 37 C.F.R. 1.10

I hereby certify that this FWC transmittal and the documents referred to as attached therein are being deposited with the United States Postal Service on this __ /day of _____, 1997, in an envelope as "Express Mail, Post Office to Addressee", mailing label number EM370352740US addressed to: Box FWC, Assistant Commissioner for Patents, Washington, D.C. 20231.

Steve Rosenblatt

ROSENBLATT & REDANO, P.C.
One Greenway Plaza, Suite 500
Houston, Texas 77046
(713) 552–8900

FILE WRAPPER CONTINUING APPLICATION TRANSMITTAL                    PAGE 1 OF 5

BSC-J008023

BSC-C 017157



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, DC 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/883,801 | 06/27/97 | WIJAY | B | WIJAY-12 |

QM31/0918

STEVE ROSENBLATT
ROSENBLATT & REDANO
ONE GREENWAY PLAZA
SUITE 500
HOUSTON TX 77046

| EXAMINER |
|---|
| BLACK, J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3738 | 1F/3 |

DATE MAILED:    09/18/98

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

BSC-J008024

BSC-C 017158

| *Office Action Summary* | Application No.<br>08/883,80~~2~~ | Applicant(s)<br>Wijay |
| | Examiner<br>John M. Black | Group Art Unit<br>3738 |

☒ Responsive to communication(s) filed on *Jun 27, 1997*

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___3___ month(s); or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *5-14 and 17-35* _____ is/are pending in the application.

Of the above, claim(s) *7 and 19* _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *5, 6, 8-14, 17, 18, and 20-35* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐approved ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐Some* ☐None  of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) _____ .

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

*— SEE OFFICE ACTION ON THE FOLLOWING PAGES —*

BSC-J008025

BSC-C 017159

```
Serial Number: 08/883,801                              Page 2
Art Unit: 3738
```

### *Claim Rejections - 35 USC § 112*

1.    Claims 5-6, 8-14, 17-18 and 20-35 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The claims are indefinite and unclear. The Examiner has provided amended claim 34. Some of the claims dependency requires correction. See claim 8 and 12. The succeeding claims suffer from many of the same and more indefinite language. It is applicant's responsibility to review these claims and make the appropriate corrections to overcome all indefinite language.

Claim 5 should be amended to:

--The stent of claim 27, wherein: the wire member is formed having opposed notches wherein the cross-sectional area of the wire member changes at a notch location; said notches are located adjacent at least one of said reversing bends.--

With respect to claims 6 and 8-10, "said wire-like member" lacks antecedent basis.

With respect to claim 10, "said cross-sectional change location" lacks antecedent basis.

With respect to claim 11, line 9, "the cross-sectional area" lacks antecedent basis. See suggested amended claim 33 below. In line 12, "said cross-sectional change location" lacks antecedent basis.

BSC-J008026

BSC-C 017160

Serial Number: 08/883,801                                    Page 3
Art Unit: 3738

    With respect to claim 17, "said change in cross section" lacks antecedent basis.  Applicant is advised to amend the claim to read, --said change in cross sectional area-- to be consistent with claim 28.

    With respect to claims 20-22, "said wire-like material" lacks antecedent basis.

    With respect to claim 23, line 11, "the cross-section"; line 13, "said wire material"; and line 14, "said cross-sectional change location" lack antecedent basis.  With respect to lines 11-12, see suggested amended claim 33 below.

    With respect to claim 24, it is unclear what Applicant intends to claim.  Does Applicant mean the claim to read, --A stent of claim 35, further comprising a plurality of non-overlapping crossties each having at least two bends.--?

    With respect to claim 27, lines 9 and 10, "the cross-sectional area" lacks antecedent basis; the pronoun "its" is improperly used.  These last two lines are unclear.  It appears from the drawings that the wire member is formed having a notch rather than the cross-sectional area. Applicant is advised to amend lines 9 and 10 as follows: delete lines 9 and 10 and replace with --said wire member is formed having a notch wherein the cross-sectional area of the wire member changes at a notch location; said notch is located adjacent at least one of said reversing bends.--

    With respect to claim 28, line 5, after "rings", insert --wherein--; before "disposed", insert --is--.

    With respect to claims 29 and 30, "the end connections" lack antecedent basis.

BSC-J008027

BSC-C 017161

Serial Number: 08/883,801                                    Page 4

Art Unit: 3738

    With respect to claim 32, it is unclear what Applicant means by "first and second ends up

to said bends".

    With respect to claim 33, line 6, "a" should be --at--.

    Claim 34 should be amended as follows:

--The stent of claim 33, wherein:

a segment of said wire member having means which changes the cross sectional area adjacent at

least one of said reversing bends.--

    With respect to claim 35, line 11, "the cross-section" lacks antecedent basis.


*Claim Rejections - 35 USC § 102*

2.    The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless --

(e) the invention was described in a patent granted on an application for patent by another filed in the United
States before the invention thereof by the applicant for patent, or on an international application by another who
has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention
thereof by the applicant for patent.

3.    Claims 6, 8-10, 11-13, 18, 20-25, 29, 30, 32 and 33-35 are rejected under 35

U.S.C. 102(e) as being anticipated by Israel et al. (5,733,303).

    Israel et al. show a stent having several rings formed into a sinusoidal pattern having

reversing bends and straight sections as best seen in Figs. 4, 7 and 8. The cross sectional changes

BSC-J008028

BSC-C 017162

Serial Number: 08/883,801                                      Page 5

Art Unit: 3738

are best seen in Fig. 4 where the cross section is greater in the reversing bend section of the rings

and smaller in the straight section of the rings.


4.      Claims 12, 13, 29, 30, 32 and 33 are rejected under 35 U.S.C. 102(e) as being anticipated

by Globerman (5,776,161).

        Globerman shows a stent having several rings formed into a sinusoidal pattern having

reversing bends and straight sections.  The rings are connected by crossties 35 wherein the

crossties have at least one reversing bend.  See Fig. 16.


                        *Claim Rejections - 35 USC § 103*

5.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness

rejections set forth in this Office action:

        (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
        section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
        such that the subject matter as a whole would have been obvious at the time the invention was made to a person
        having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
        manner in which the invention was made.

6.      Claims 14, 26 and 31 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Israel et al. as applied to claims 12, 13, 24, 25, 30, 33 and 35 above, and further in view of

Pinchasik et al. (5,449,373).

        Israel et al. show a stent having crossties that connect distinct rings.  Israel et al fail to

show or teach the crossties connected to a next adjacent circumferentially offset reversing bend

on an adjacent ring.  Pinchasik et al. show crossties connecting next adjacent circumferentially

BSC-J008029

BSC-C 017163

Serial Number: 08/883,801                                   Page 6
Art Unit: 3738

offset reversing bends of adjacent rings as best seen in Figs. 2A - 2C. It would have been obvious to one of ordinary skill in the art at the time of the invention to connect the rings of Israel et al in the fashion taught by Pinchasik et al in order to manufacture a stent providing continuous and uniform support to both straight and curved portions of a bodily conduit.

### *Allowable Subject Matter*

7.     Claims 5, 17, 27 and 28 would be allowable if rewritten or amended to overcome the rejection(s) under 35 U.S.C. 112 set forth in this Office action.

### *Conclusion*

8.     The prior art made of record and not relied upon is considered pertinent to applicant's disclosure:

| Fischell et al. | 5,697,971 | Undulating rings with crossties |
| Frantzen | 5,746,691 | Undulating rings with crossties |
| Jayaraman | 5,755,781 | Stent with crossties |
| Kanesaka et al | 5,776,183 | Stent with crossties |

BSC-J008030

BSC-C 017164

Serial Number: 08/883,801                                   Page 7

Art Unit: 3738

11.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to John M. Black whose telephone number is (703) 305-7341.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group Receptionist whose telephone number is (703) 308-0858.

JMB
September 14, 1998

Mickey Yu
Supervisory Patent Examiner
Group 3700

BSC-J008031

BSC-C 017165

*Notice of References Cited*

| | Application No. 08/363,803 | Applicant(s) | Wijay | |
|---|---|---|---|---|
| | Examiner John M. Black | Group Art Unit 3738 | | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| A | | 5,733,303 | 3/1998 | Israel et al. | 623 | 1 |
| B | | 5,776,161 | 7/1998 | Globerman | 623 | 1 |
| C | | 5,697,971 | 12/1997 | Fischell et al. | 623 | 12 |
| D | | 5,746,691 | 5/1998 | Frantzen | 623 | 1 |
| E | | 5,755,781 | 5/1998 | Jayaraman | 623 | 1 |
| F | | 5,776,183 | 7/1998 | Kanesaka et al. | 606 | 195 |
| G | | | | | | |
| H | | | | | | |
| I | | | | | | |
| J | | | | | | |
| K | | | | | | |
| L | | | | | | |
| M | | | | | | |

### FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|---|
| N | | | | | | | |
| O | | | | | | | |
| P | | | | | | | |
| Q | | | | | | | |
| R | | | | | | | |
| S | | | | | | | |
| T | | | | | | | |

### NON-PATENT DOCUMENTS

| | | DOCUMENT (including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|---|
| U | | | |
| V | | | |
| W | | | |
| X | | | |

U. S. Patent and Trademark Office
PTO-892 (Rev. 9-95)          Notice of References Cited          Part of Paper No. __13__

BSC-J008032

BSC-C 017166



GP 37281

3-25-99
#H 14

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Bandula Wijay | § |
| Serial No: | 08/883,801 | § |
| Date Filed: | June 27, 1997 | § |
| Title: | Flexible Stent | § |

Examiner:        J. Black

Group Art Unit:  3738

Docket No:       RECEIVED

RECEIVED

MAR 25 1999

Group 3700

Assistant Commissioner of Patents
Washington, D. C. 20231

**PETITION AND FEE FOR EXTENSION OF TIME TO MAINTAIN
PARENT CASE THAT IS TO BE ABANDONED WHEN FILING
NEW APPLICATION CLAIMING ITS BENEFIT**

1.   This is a petition under 37 C.F.R. § 1.136(a) for an extension of time to respond to the Office Action mailed December 18, 1998.

2.   Please abandon this application conditioned upon the granting of the petition and the granting of a filing date to the continuing application, so as to make the continuing application copending with the application.

3.   Applicant is a small entity. The statement is already filed in the parent application. This status is still proper and its benefit under 37 C.F.R. §1.28(a) is hereby claimed.

4.   Application petitions for extension of time for the total of three months. If any additional extension of time is required, please consider this a petition therfor.

5.   Enclosed is a check in the amount of $435. If any additional extension and/or fee is required, charge Account No. 18–2020.

03/23/1999 AIERAHIN 00000045 08883801

01 FC:217              435.00 OP

Respectfully submitted,

ROSENBLATT & REDANO, P.C.

March 18, 1999

Steve Rosenblatt
Reg. No. 30,799
One Greenway Plaza, Suite 500
Houston, TX 77046
(713) 552–9900

BSC-J008033

BSC-C 017167

CERTIFICATE OF MAILING UNDER 37 C.F.R. 1.10

I hereby certify that this paper, along with any referred to as being attached is being deposited with the United States Postal Service in an envelope as "Express Mail Post Office to addressee" Mailing Label Number EL265782664US addressed to the Assistant Commissioner of Patents, Washington, D.C. 20231, on March 18, 1999.

Steve Rosenblatt

w\jay\t2 extension 8

BSC-J008034

BSC-C 017168



**UNITED S   TES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address:  COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/883,901 | 06/27/97 | WIJAY | B | WIJAY-12 |

QM12/0730

| EXAMINER |
|---|
| KOH, C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3738 | 15 |

STEVE ROSENBLATT
ROSENBLATT & REDANO
ONE GREENWAY PLAZA
SUITE 500
HOUSTON TX 77046

DATE MAILED:    07/30/99

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

1- File Copy

BSC-J008035

BSC-C 017169

| *Notice of Abandonment* | Application No. 08/883,901 | Applicant(s) Wijay |
|---|---|---|
| | Examiner Choon P. Koh | Group Art Unit 3738 |

This application is abandoned in view of:

☐ applicant's failure to timely file a proper response to the Office letter mailed on _____ .

  ☐ A response (with a Certificate of Mailing or Transmission of _____ ) was received on _____ , which is after the expiration of the period for response (including a total extension of time of _____ month(s)) which expired on _____ .

  ☐ A proposed response was received on _____ , but it does not constitute a proper response to the final rejection.
    (A proper response to a final rejection consists only of: a timely filed amendment which places the application in condition for allowance; a Notice of Appeal; or the filing of a continuing application under 37 CFR 1.62 (FWC)).

  ☐ No response has been received.

☐ applicant's failure to timely pay the required issue fee within the statutory period of three months from the mailing date of the Notice of Allowance.

  ☐ The issue fee (with a Certificate of Mailing or Transmission of _____ ) was received on _____ .

  ☐ The submitted issue fee of $_____ is insufficient. The issue fee required by 37 CFR 1.18 is $_____ .

  ☐ The issue fee has not been received.

☐ applicant's failure to timely file new formal drawings as required in the Notice of Allowability.

  ☐ Proposed new formal drawings (with a Certificate of Mailing or Transmission of _____ ) were received on _____ .

  ☐ The proposed new formal drawings filed _____ are not acceptable.

  ☐ No proposed new formal drawings have been received.

☒ the express abandonment under 37 CFR 1.62(g) in favor of the FWC application filed on  *Mar 16, 1999* .

☐ the letter of express abandonment which is signed by the attorney or agent of record, the assignee of the entire interest, or all of the applicants.

☐ the letter of express abandonment which is signed by an attorney or agent (acting in a representative capacity under 37 CFR 1.34(a)) upon the filing of a continuing application.

☐ the decision by the Board of Patent Appeals and Interferences rendered on _____ and because the period for seeking court review of the decision has expired and there are no allowed claims.

☐ the reason(s) below:

Mickey Yu
Supervisory Patent Examiner
Group 3700

U. S. Patent and Trademark Office
PTO-1432 (Rev. 5-95)           Notice of Abandonment           Part of Paper No. __16__

BSC-J008036

BSC-C 017170



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: Bandula Wijay

Serial No.: 08/883,801                    Examiner: Choon P. Koh

Filed: March 18, 1999                     Group Art Unit: 3738

For:    FLEXIBLE STENT

<u>CHANGE OF CORRESPONDENCE ADDRESS</u>

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

      Applicant requests that all further correspondence in the subject patent application be

directed to:

          Steve Rosenblatt, Esq.
          Duane, Morris & Heckscher LLP
          One Liberty Place
          Philadelphia, PA  19103-7396
          (215) 979-1280

Date: 10/20/99

          Respectfully submitted,

          Steve Rosenblatt
          Registration No. 30,799
          Duane, Morris & Heckscher LLP
          One Liberty Place
          Philadelphia, PA 19103-7396
          (215) 979-1280

Docket No.: D5446-11 (WIJAY-12)

RECEIVED
OCT 27 1999
TC 3100 MAIL ROOM

BSC-J008037

BSC-C 017171

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of Bandula Wijay

Serial No. 08/883,801--  Group Art Unit 3738

Filed: March 18, 1999  Examiner: Choon P. Koh

For: FLEXIBLE STENT

CERTIFICATE UNDER 37 CFR 1.8(a)
I HEREBY CERTIFY THAT THIS
CORRESPONDENCE IS BEING DEPOSITED
WITH THE UNITED STATES POSTAL SERVICE
AS FIRST CLASS MAIL IN AN ENVELOPE
ADDRESSED TO ASSISTANT COMMISSIONER
FOR PATENTS, WASHINGTON, D.C. 20231.
BY _____
REG.NO.-
DATE  10-20-99

### PRELIMINARY AMENDMENT

Further to the CPA filing in this case which occurred on March 18, 1999 please make the

following amendments:

### IN THE CLAIMS

5. (Amended)  The stent of claim 27, wherein:

said change in cross-section in said wire member is accomplished by opposed

notches thereon located adjacent at least one of said reversing bends.

In claim 6 line 2 remove "-like".

In claim 8 line 1 remove "34" and insert --33-- in its place.

In claim 8 line 2 remove "-like".

In claim 9 line 2 remove "-like".

In claim 10 line 1 remove "34" and insert --33-- in its place.

In claim 10 line 2 remove "-like".

RECEIVED
OCT 27 1999
TC 3700 MAIL ROOM

11. (Amended)  A stent comprising:

a plurality of rings arranged in general alignment to define a cylindrical shape, each ring

comprises a singular elongated wire member having discrete reversing bends which do not

29

BSC-J008038

BSC-C 017172

intersect with other reversing bends <u>and at least two cross-sectional areas identified by at least</u> <u>one cross-sectional change location,</u> said wire member forming an undulating pattern;

at least one crosstie connecting adjacent rings said crosstie disposed [along] <u>in general</u> <u>alignment with</u> a longitudinal axis defined by said rings, said crosstie having at least one bend formed therein;

the cross-sectional area of said wire member changes adjacent at least one of said reversing bends;

said wire member which comprises each said rings, when expanded radially outwardly, bends at said cross-sectional change location adjacent said reversing bends; and

said reversing bends remain generally aligned to said cylindrical shape defined by said rings after radial expansion due to bending at said cross-sectional change locations.

In claim 12 line 1 remove "1" and insert --33-- therefore.

In claim 17 line 2 remove "cross-section" and insert --cross-sectional area-- in its place.

In claim 20 line 2 remove "-like material" and insert --member-- therefore.

In claim 21 line 2 remove "-like material" and insert --member-- in its place.

In claim 22 line 2 remove "-like material" and insert --member-- in its place.

23.(Amended)   A stent, comprising:

a plurality of rings arranged in general alignment to define a cylindrical shape, each ring comprises a singular elongated wire member having discrete reversing bends which do not

2

30

BSC-J008039

BSC-C 017173

intersect with other reversing bends, and at least two cross-sectional areas defined by at least one

cross-sectional change location, said wire member forming an undulating pattern;

at least one crosstie connecting adjacent rings said crosstie disposed [along] in general

alignment with a longitudinal axis defined by said rings, said crosstie having at least one bend

formed therein;

said wire member having at least one straight section between said reversing bends;

the cross[-section] sectional area of said wire member changes in said straight section

and adjacent said reversing bends;

said wire [material] member which comprises each said rings, when expanded radially

outwardly, bends at said cross-sectional change location adjacent said reversing bends; and

said reversing bends remain generally aligned to said cylindrical shape defined by said

rings after radial expansion due to bending at said cross-sectional change locations.

In claim 24 line 1 remove "wherein" and insert —further comprising— in its place.

27.(Amended)    A stent, comprising:

a plurality of rings arranged in general alignment to define a cylindrical shape, each ring

comprises a singular elongated wire member having discrete reversing bends which do not

intersect with other reversing bends, said wire member forming an undulating pattern, said wire

member having at least one cross-sectional area;

3

BSC-J008040

BSC-C 017174

at least one crosstie connecting adjacent rings said crosstie disposed [along] in general alignment with a longitudinal axis defined by said rings, said crosstie having at least one bend formed therein;

[the cross-sectional area of said wire member is formed having a notch adjacent at least one of said reversing bends to thereby change its cross-section.] the wire member is formed having a notch wherein the cross-sectional area of the wire member changes at a notch location; said notch is located adjacent at least one of said reversing bends.

28.(Amended)  A stent, comprising:

a plurality of rings arranged in general alignment to define a cylindrical shape, each ring comprises a singular elongated wire member having reversing bends forming an undulating pattern; .

at least one crosstie connecting adjacent rings wherein said crosstie is disposed [along] in general alignment with a longitudinal axis defined by said rings; and

said wire member is formed having a notch adjacent at least one of said reversing bends which defines a change in cross-sectional area.

In claim 29 line 3 remove "the end connections" and insert --said ends-- in its place.
In claim 30 line 3 remove "the end connections" and insert --said ends-- in is place.

4

32

E

BSC-J008041

BSC-C 017175

32.(Amended)    The stent of claim 30, wherein

that portion of said crossties extending between said first and second ends and up to said

bends of said crosstie are in substantial longitudinal alignment with the longitudinal axis of said

cylindrical shape.

33.(Amended)    A stent, comprising:

a plurality of rings arranged in general alignment to define a cylindrical shape, each ring

comprises a singular elongated wire member having discrete reversing bends which do not

intersect with other reversing bends, said wire member forming an undulating pattern; and

having at least two cross-sectional areas identified by at least one cross-sectional change

location; and

at least one cross-tie having said connecting adjacent rings said crosstie disposed [along]

in general alignment with a longitudinal axis defined by said rings, said crosstie having at least

one bend formed between said ends to allow said crosstie to flex as said rings expand while

remaining within the confines of said cylindrical shape; and

the cross-sectional area of said wire member changes adjacent at least one of said

reversing bends.

Please cancel claim 34 without prejudice.

5

33

E

BSC-J008042

BSC-C 017176

36.(Amended)   A stent, comprising:

a plurality of rings arranged in general alignment to define a cylindrical shape, each ring comprises a singular elongated wire member having discrete reversing bends which do not intersect with other reversing bends; said wire member forming an undulating pattern <u>and having at least one cross-section;</u>

at least one crosstie connecting adjacent rings said crosstie disposed {along} <u>in general alignment with</u> a longitudinal axis defined by said rings, said crosstie having at least one bend formed therein; and

said wire member having at least one straight section between said reversing bends;

the cross-section of said wire member changes in said straight section and adjacent said reversing bends.

## REMARKS

Applicants have carefully reviewed the office action mailed September 18, 1998 in the preceding filing which was initially filed on June 27, 1997. Responsive to that office action applicants have made extensive revisions to the claims to respond to the extensive §112 rejections. With regard to paragraph 1 of the office action claim 5 has been amended to indicate that the change in cross-section in the wire member accomplished by opposed notches on the wire member which are located adjacent at least one of the reversing bends. While the exact language suggested by the Examiner as to claim 5 has not been adopted, it is believed that the proposed language is sum and substance the same change. Claim 6 and 8 through 10 have been

6

34

BSC-J008043

BSC-C 017177

corrected to refer to wire member for proper antecedent. The dependency of claims 8 and 10 have been changed to claim 33 in view of a combination of claims 33 and 34 and cancellation of claim 34.

Claim 11 has been amended to include all the antecedents indicated by the Examiner. The reference in claim 17 has been changed to the cross-sectional area for antecedent purposes. Claim 20 has been changed to refer to the wire member as have claims 21 and 22. The requested antecedents have been inserted into claim 23. The Examiner's suggestion as to lines 10 and 11 of claim 23 as well as claim 33 which repeats that language is respectfully traversed. In claim 23 line 11 the reference has been changed to cross-sectional area and the claim is currently structural and definite and indicates to a person of ordinary skill in art that the cross-sectional area of the wire member changes in the straight section in a location which is adjacent to the reversing bends. Applicants fails to see where this language is indefinite.

The reference in claim 24 has been changed to further comprising for clarity. Antecedents have been provided in claim 27 as requested and the last two lines have been rewritten as suggested by the Examiner. The Examiner's suggestion as to claim 28 has been adopted. Proper antecedent has been put into claims 29 and 30 by changing the reference from the end connections to said ends. Additional language has been added to claim 32 to provide context of a definition of the segment of the crosstie which is being referred to. Antecedents have been placed into claim 33 and claim 33 has been amend to add the substance of claim 34. Antecedents have also been added into claim 35 as requested. Additionally, the independent claims have been amended to indicate the location of the crossties as being in general alignment with the longitudinal axis defined by the rings. Since the stent structure is cylindrical the

7

*E*

BSC-J008044

BSC-C 017178

longitudinal axis of the rings is in the center of the rings. Thus for clarity since the crossties are part of the stent structure the amendment was made as to where the crossties are disposed with respect to the longitudinal axis of the structure of the stent which is formed by the rings.

The Examiner uses the Israel reference to reject independent claims 11, 23, 33 and 35. The examiner also rejects independent claim 33 in view of Globerman. All the independent claims which are now rejected over prior art have a common feature of a cross-sectional change of the wire member in a straight section adjacent the reversing bend. The Examiner principally looks to Figures 4, 7 and 8 of Israel to take the position that the cross-section is greater in the reversing bend section of the rings and smaller in the straight section of the rings. To do this the Examiner relies on Figure 4 which is a perspective drawing of the stent in its expanded condition. The actual patterns in the stent are described in the specification as shown in figure 2. It should first be noted that the Examiner is not permitted to scale drawings from prior art references. The Examiner must rely on text in the specification which gives the relative proportions of the members which the Examiner is reading from the drawing. Here the Examiner points to no line in the specification to support the conclusion that there are any cross-sectional changes. The examiner neglects to take into account that a perspective drawing such as Figure 4 can skew the relative sizes of the members because they are part of a cylindrical structure and thus are oriented from the point from which the perspective is drawn in different orientations. This could give members that have the same thickness the appearance of being thinner as is precisely the case in Figure 4. When the structure of the Israel stent is spread out on a flat surface as it is in Figure 2 it can be readily seen that all the members are of the exact same thickness. This presupposes that one were allowed to actually scale the Figure 2 drawing. As

8

*E*

BSC-J008045

BSC-C 017179

long as the Examiner is engaging in scaling of drawings from the prior art then the proper figure is Figure 2 because it does not present the distortions of a perspective view. There's simply no discussion in Israel's specification of any appreciation to change the cross-sectional area adjacent a reversing bend as claimed in the independent claims rejected. It is thus respectfully submitted that all of the rejected independent claims are novel and unobvious over Israel.

The Examiner applies Globerman to independent claim 33 for the feature that the crossties have at least one reversing bend as illustrated in Figure 16. The Globerman reference does not render claim 33 anticipated or obvious because it is lacking in the cross-sectional change feature adjacent a reversing bend. Accordingly, all of the claims are now in condition for allowance.

It should be noted that the Examiner has indicated allowability of claims 27 and 28. These claims have been amended to correct the section 112 rejections posed by the Examiner. The corrections of claims 27 and 28 has in turn made claims 5 and 17 which depend on them, respectively, also in allowable condition. Accordingly the allowance of the entire case is respectfully requested.

Respectfully submitted,

Steve Rosenblatt
Reg. No. 30,799
Duane, Morris & Heckscher, LLP
One Liberty Place
Philadelphia, PA 19103-7396
(215) 979-1280

Docket No. WIJAY-12 (D5446-00011)
PHD\596066.1

9

*E*

BSC-J008046

BSC-C 017180

GP - 3738

OIPE
OCT 2 5 1999
PATENT & TRADEMARK

Koh
X 11-3-99

Please type a plus sign (+) inside this box → [X]

Approved for use through 8/30/00, OMB 0651-0031
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
PTO/SB/21 (12-97)
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## TRANSMITTAL FORM
*(to be used for all correspondence after initial filing)*

| | |
|---|---|
| Application Number | 08/863,801 |
| Filing Date | March 18, 1999 |
| First Named Inventor | Bandula Wijay |
| Group Art Unit | 3738 |
| Examiner Name | Choon P. Koh |
| Total Number of Pages in This Submission  10 | Attorney Docket Number  D5446-11 (WIJAY-12) |

### ENCLOSURES  *(check all that apply)*

- [ ] Fee Transmittal Form
  - [ ] Fee Attached
- [X] Preliminary Amendment / Response
  - [ ] After Final
  - [ ] Affidavits/declaration(s)
- [ ] Extension of Time Request
- [ ] Express Abandonment Request
- [ ] Information Disclosure Statement
- [ ] Certified Copy of Priority Document(s)
- [ ] Response to Missing Parts/Incomplete Application
  - [ ] Response to Missing Parts under 37 CFR 1.52 or 1.83

- [ ] Assignment Papers (for an Application)
- [ ] Drawing(s)
- [ ] Licensing-related Papers
- [ ] Petition Routing Slip (PTO/SB/69) and Accompanying Petition
- [ ] To Convert a Provisional Application
- [ ] Power of Attorney, Revocation Change of Correspondence Address
- [ ] Terminal Disclaimer
- [ ] Small Entity Statement
- [ ] Request for Refund
- [ ] Remarks

- [ ] After Allowance Communication to Group
- [ ] Appeal Communication to Board of Appeals and Interferences
- [ ] Appeal Communication to Group (Appeal Notice, Brief, Reply Brief)
- [ ] Proprietary Information
- [ ] Status Letter
- [X] Additional Enclosure(s) (please identify below):
  Change of Correspondence Address

TC 3700 MAIL ROOM
OCT 27 1999
RECEIVED

### SIGNATURE OF APPLICANT, ATTORNEY, OR AGENT

| Firm or Individual name | Steve Rosenblatt  Duane, Morris & Heckscher, LLP |
|---|---|
| Signature | |
| Date | October 20, 1999 |

### CERTIFICATE OF MAILING

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231 on this date: 10/20/99

| Typed or printed name | |
| Signature | Date 10/20/99 |

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

E. 1

BSC-J008047

BSC-C 017181

Feb-07-00 11:17   From-DUANE, MORRIS, HECKSCHER LLP      7135220100      T-518   P.02/04   F-734

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Applicant: | Bandula Wijay | § |
| | | § Group No.: 3738 |
| Serial No.: | 08/883,801 | § |
| | | § Examiner:   J. Black |
| Filed: | June 27, 1997 | § |
| | | § Atty. Docket: WIJAY-12 |
| Title: | Flexible Stent | § |

BOX CPA
ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

FAXED COPY RECEIVED
FEB 7 2000

### CONTINUED PROSECUTION APPLICATION (CPA)
### (37 C.F.R. § 1.53(d))

1.    This is a request for the filing of a continuation continued prosecution application under 37 C.F.R. 1.53(d) of the above–identified prior nonprovisional application.

It is further requested that this continued prosecution application utilize the file jacket and contents of the prior application, including the specification, drawings, and oath or declaration from the prior application, to constitute this new application, and that the application number of the above–identified prior application be assigned for identification purposes. 37 C.F.R. § 1.53(d)(2)(iv).

It is also requested that the above–identified prior application be expressly abandoned as of the filing date accorded this continued prosecution application. 37 C.F.R. §1.53(d)(2)(v).

### CERTIFICATION UNDER 37 C.F.R. 1.10

I hereby certify that this CPA transmittal and the documents referred to as attached therein are being deposited with the United States Postal Service on this date, March 18, 1999, in an envelope as "Express Mail, Post Office to Addressee", mailing label number EL265782655US addressed to: Box CPA, Assistant Commissioner for Patents, Washington, D.C. 20231.

EL265782655US                                    Steve Rosenblatt

CONTINUED PROSECUTION APPLICATION                                    Page 1 of 3

BSC-J008048

BSC-C 017182

Feb-07-00 11:17    From-DUANE, MORRIS, HECKSCHER LLP       7136220100       T-319  P.03/04  F-734

2.   With respect to the above-identified prior nonprovisional application, this continued prosecution application is being filed before termination of the proceedings of the prior application (37 C.F.R. § 1.53(d)(1)(ii)(c). The term for response or taking action in the prior application expires on March 18, 1999. An extension of time is filed concurrently in the prior application.

3.   It is noted that:

   • This application discloses and claims only subject matter disclosed in the prior application. 37 C.F.R. § 1.53(d)(2)(ii).

   • Filing of this continued prosecution application is to be construed to include a waiver of confidentiality by the applicant under 35 U.S.C. § 122, to the extent that any member of the public, who is entitled under the provisions of § 114 to access to, copies of, or information concerning, either the prior application or any continuing application filed under the provisions of 37 C.F.R. § 1.53(d), may be given similar access to, copies of, or similar information concerning the other application or applications in the file jacket. 37 C.F.R. § 1.53(d)(6).

   • Filing of this request is the specific reference required by 35 U.S.C. § 120 to every application assigned the application number identified in this request. No amendment in this application may delete this specific reference to any prior application. 37 C.F.R. § 1.53(d)(7) and 1.78(a)(2).

4.   This continued prosecution application names as inventors the same inventors named in the prior application on the date this continued prosecution application under 37 C.F.R. § 1.53(d)(2)(iii). is being filed.

5.   A preliminary amendment will be filed after the filing receipt for this application is received.

BSC-J008049

BSC-C 017183

Feb-07-00 11:17    From-DUANE, MORRIS, HECKSCHER LLP    7135220102    T-318  P.04/04  F-734

6.    Fee Calculation

| | Number Filed | | | Number Extra | | Rate | | Basic Fee (37 C.F.R. 1.16(a) $330 |
|---|---|---|---|---|---|---|---|---|
| Total Claims | 27 | — | 20 | = | 7 | x | 59 | $63 |
| Independent Claims | 6 | – | 3 | = | 3 | x | $39 | $117 |
| Multiple Dependent Claims (if any) | | | | | | + | $130 | 0 |
| Total Filing Fee | | | | | | | | $560 |

7.    Enclosed is a check in the amount of $560 for the filing fee.

8.    Status as a small entity was claimed in the prior application. This status is still proper and its benefit under 37 C.F.R. § 1.28(a) is hereby claimed.

9.    The Commissioner is hereby authorized to charge the following additional fees that may be required by this paper and during the pendency of this application to Deposit Account No. 18-2020.

    37 CFR 1.16  (filing fees)
    37 CFR 1.16  (presentation of extra claims) —
    37 CFR 1.16  (surcharge for filing the basic filing fee and/or declaration on
              a date later that the filing date of the application)
    37 CFR 1.17  (application processing fees) -

10.    Please credit any overpayment to Deposit Account No. 18-2020.

                                Respectfully submitted,                    FEB  7 200

                                ROSENBLATT & REDANO, P.C.

March 18, 1999

                                Steve Rosenblatt
                                Registration No. 30,799
                                One Greenway Plaza, Suite 500
                                Houston, Texas 77046
                                Houston, Texas 77057
                                (713) 552-9900

CONTINUED PROSECUTION APPLICATION                                Page 3 of 3

BSC-J008050

BSC-C 017184



3738  /0-/3-00  Koh  change 37.?\\ 3738
↯ 7X

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE    RECEIVED

MAR 18 1998

| Applicant: | Bandula Wijay | § | | | MAR 25 1999 |
| Serial No.: | 08/883,801 | § | Group No.: | 3738 | Group 3700 |
| Filed: | June 27, 1997 | § | Examiner: | J. Black | |
| Title: | Flexible Stent | § | Atty. Docket: | WIJAY–12 | |

BOX CPA
ASSISTANT COMMISSIONER FOR PATENTS
WASHINGTON, D.C. 20231

### CONTINUED PROSECUTION APPLICATION (CPA)
### (37 C.F.R. § 1.53(d)

1.    This is a request for the filing of a continuation continued prosecution application under 37 C.F.R. 1.53(d) of the above–identified prior nonprovisional application.

It is further requested that this continued prosecution application utilize the file jacket and contents of the prior application, including the specification, drawings, and oath or declaration from the prior application, to constitute this new application, and that the application number of the above–identified prior application be assigned for identification purposes. 37 C.F.R. § 1.53(d)(2)(iv).

It is also requested that the above–identified prior application be expressly abandoned as of the filing date accorded this continued prosecution application. 37 C.F.R. §1.53(d)(2)(v).

### CERTIFICATION UNDER 37 C.F.R. 1.10

I hereby certify that this CPA transmittal and the documents referred to as attached therein are being deposited with the United States Postal Service on this date, March 18, 1999, in an envelope as "Express Mail, Post Office to Addressee"; mailing label number EL265782655US addressed to: Box CPA, Assistant Commissioner for Patents, Washington, D.C. 20231.

03/24/1999 CHOANG   00000048 08883801

| 01 FC:231 | 380.00 OP |
| 02 FC:202 | 117.00 OP |
| 03 FC:203 | .63.00 OP |

Steve Rosenblatt

CONTINUED PROSECUTION APPLICATION                    Page 1 of 3

BSC-J008051

BSC-C 017185

2.  With respect to the above–identified prior nonprovisional application, this continued prosecution application is being filed before termination of the proceedings of the prior application (37 C.F.R. § 1.53(d)(1)(ii)(c).  The term for response or taking action in the prior application expires on March 18, 1999.  An extension of time is filed concurrently in the prior application.

3.  It is noted that:

- This application discloses and claims only subject matter disclosed in the prior application. 37 C.F.R. § 1.53(d)(2)(ii).

- Filing of this continued prosecution application is to be construed to include a waiver of confidentiality by the applicant under 35 U.S.C. § 122, to the extent that any member of the public, who is entitled under the provisions of § 114 to access to, copies of, or information concerning, either the prior application or any continuing application filed under the provisions of 37 C.F.R. § 1.53(d), may be given similar access to, copies of, or similar information concerning the other application or applications in the file jacket. 37 C.F.R. § 1.53(d)(6).

- Filing of this request is the specific reference required by 35 U.S.C. § 120 to every application assigned the application number identified in this request. No amendment in this application may delete this specific reference to any prior application. 37 C.F.R. § 1.53(d)(7) and 1.78(a)(2).

4.  This continued prosecution application names as inventors the same inventors named in the prior application on the date this continued prosecution application under 37 C.F.R. § 1.53(d)(2)(iii). is being filed.

5.  A preliminary amendment will be filed after the filing receipt for this application is received.

BSC-J008052

BSC-C 017186

6.  Fee Calculation

|  | Number Filed |  |  | Number Extra |  | Rate |  | Basic Fee (37 C.F.R. 1.16(a) $380) |
|---|---|---|---|---|---|---|---|---|
| Total Claims | 27 | – | 20 | = | 7 | x | $9 | = | $63 |
| Independent Claims | 6 | – | 3 | = | 3 | x | $39 | = | $117 |
| Multiple Dependent Claims (if any) |  |  |  |  |  | + | $130 |  | 0 |
| Total Filing Fee |  |  |  |  |  |  |  |  | $560 |

7.  Enclosed is a check in the amount of $560 for the filing fee.

8.  Status as a small entity was claimed in the prior application. This status is still proper and its benefit under 37 C.F.R. § 1.28(a) is hereby claimed.

9.  The Commissioner is hereby authorized to charge the following additional fees that may be required by this paper and during the pendency of this application to Deposit Account No. 18–2020.

      37 CFR 1.16  (filing fees)
      37 CFR 1.16  (presentation of extra claims)
      37 CFR 1.16  (surcharge for filing the basic filing fee and/or declaration on
          a date later that the filing date of the application)
      37 CFR 1.17  (application processing fees)

10.  Please credit any overpayment to Deposit Account No. 18–2020.

Respectfully submitted,

ROSENBLATT & REDANO, P.C.

March 18, 1999

Steve Rosenblatt
Registration No. 30,799
One Greenway Plaza, Suite 500
Houston, Texas 77046
Houston, Texas 77057
(713) 552–9900

wljayk12:cpa_tt

CONTINUED PROSECUTION APPLICATION

Page 3 of 3

BSC-J008053

BSC-C 017187

COPY

RECEIVED

MAR 25 1999

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Group 3700

| | | |
|---|---|---|
| Applicant: | Bandula Wijay | § |
| | | § |
| Serial No: | 08/883,801 | § |
| | | § |
| Date Filed: | June 27, 1997 | § |
| | | § |
| Title: | Flexible Stent | § |

Examiner:        J. Black

Group Art Unit:   3738

Docket No:       WIJAY-12

Assistant Commissioner of Patents
Washington, D. C. 20231

### PETITION AND FEE FOR EXTENSION OF TIME TO MAINTAIN
### PARENT CASE THAT IS TO BE ABANDONED WHEN FILING
### NEW APPLICATION CLAIMING ITS BENEFIT.

1.   This is a petition under 37 C.F.R. § 1.136(a) for an extension of time to respond to the Office Action mailed December 18, 1998.

2.   Please abandon this application conditioned upon the granting of the petition and the granting of a filing date to the continuing application, so as to make the continuing application copending with the application.

3.   Applicant is a small entity. The statement is already filed in the parent application. This status is still proper and its benefit under 37 C.F.R. §1.28(a) is hereby claimed.

4.   Application petitions for extension of time for the total of three months. If any additional extension of time is required, please consider this a petition therfor.

5.   Enclosed is a check in the amount of $435. If any additional extension and/or fee is required, charge Account No. 18-2020.

Respectfully submitted,

ROSENBLATT & REDANO, P.C.

March 18, 1999

Steve Rosenblatt
Reg. No. 30,799
One Greenway Plaza, Suite 500
Houston, TX 77046
(713) 552-9900

BSC-J008054

BSC-C 017188



CERTIFICATE OF MAILING UNDER 37 C.F.R. 1.10

I hereby certify that this paper, along with any referred to as being attached is being deposited with the United States Postal Service in an envelope as "Express Mail Post Office to addressee" Mailing Label Number EL265782664US addressed to the Assistant Commissioner of Patents, Washington, D.C. 20231, on March 18, 1999.

Steve Rosenblatt

w:jsy\f2 extension III

BSC-J008055

BSC-C 017189

...  of  ...

... claim ... table, ...
... revi... y mail ...
...ed ... ...

This ... is ... _____

The ... ) ... ...

The ... on _____

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

   ☐ All  ☐ Some*  ☐ None  of the CERTIFIED copies of the priority documents have been

     ☐ received.

     ☐ received in Application No. (Series Code/Serial Number) _____ .

     ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

   *Certified copies not received: _____ .

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE THREE MONTHS FROM THE "DATE MAILED" of this Office action. Failure to timely comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

☐ Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL APPLICATION, PTO-152, which discloses that the oath or declaration is deficient. A SUBSTITUTE OATH OR DECLARATION IS REQUIRED.

☒ Applicant MUST submit NEW FORMAL DRAWINGS

   ☐ because the originally filed drawings were declared by applicant to be informal.

   ☒ Including changes required by the Notice of Draftsperson's Patent Drawing Review, PTO-948, attached hereto or to Paper No. _5_ .

   ☐ Including changes required by the proposed drawing correction filed on _____ , which has been approved by the examiner.

   ☐ Including changes required by the attached Examiner's Amendment/Comment.

   Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the reverse side of the drawings. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

☐ Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Any response to this letter should include, in the upper right hand corner, the APPLICATION NUMBER (SERIES CODE/SERIAL NUMBER). If applicant has received a Notice of Allowance and Issue Fee Due, the ISSUE BATCH NUMBER and DATE of the NOTICE OF ALLOWANCE should also be included.

Attachment(s)

   ☐ Notice of References Cited, PTO-892

   ☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

   ☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

   ☐ Notice of Informal Patent Application, PTO-152

   ☐ Interview Summary, PTO-413

   ☒ Examiner's Amendment/Comment

   ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

   ☒ Examiner's Statement of Reasons for Allowance

U.S. Patent and Trademark Office
PTO-37 (Rev. 9-95)          Notice of Allowability          Part of Paper No. _20_

BSC-J008056

BSC-C 017190

Application/Control Number: 08/883,801                                      Page 2

Art Unit: 3738

## EXAMINER'S AMENDMENT

1.      An examiner's amendment to the record appears below.  Should the changes and/or
additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312.
To ensure consideration of such an amendment, it MUST be submitted no later than the payment
of the issue fee.

2.      The application has been amended as follows:

Cancel non-elected claims 7 and 19.

In claim 6, line 1, remove "34" and insert --33-- in its place for correct dependency.

BSC-J008057

BSC-C 017191

Application/Control Number: 08/883,801                                  Page 3

Art Unit: 3738

## REASONS FOR ALLOWANCE

3.     The following is an examiner's statement of reasons for allowance:

None of the prior art of record teaches a stent comprising a wire member having reversing

bends wherein the wire member comprises at least two cross-sectional areas identified by at least

one cross-sectional change location adjacent at least one of said reversing bends or the wire

member is formed having a notch wherein the cross-sectional area of the wire member changes

at a notch location which is adjacent at least one of said reversing bends.

4.     Any comments considered necessary by applicant must be submitted no later than the
payment of the issue fee and, to avoid processing delays, should preferably accompany the issue
fee.  Such submissions should be clearly labeled "Comments on Statement of Reasons for
Allowance."

5.     Any inquiry concerning this communication or earlier communications from the examiner
should be directed to Choon P. Koh whose telephone number is (703) 305-1232.

*Choon P. Koh*
Choon P. Koh
November 17, 2000

David J. Isabella
Primary Examiner

BSC-J008058

BSC-C 017192

## _ATTACHMENT TO AND MODIFICATION OF_
## _NOTICE OF ALLOWABILITY (PTO-37)_
### _(November, 2000)_

**NO EXTENSIONS OF TIME ARE PERMITTED TO FILE CORRECTED OR FORMAL DRAWINGS, OR A SUBSTITUTE OATH OR DECLARATION,** notwithstanding any indication to the contrary in the attached Notice of Allowability (PTO-37).

If the following language appears on the attached Notice of Allowability, the portion lined through below is of no force and effect and is to be ignored[1]:

A SHORTENED STATUTORY PERIOD FOR RESPONSE to comply with the requirements noted below is set to EXPIRE **THREE MONTHS** FROM THE "DATE MAILED" of this Office action. Failure to comply will result in ABANDONMENT of this application. Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

Similar language appearing in any attachments to the Notice of Allowability, such as in an Examiner's Amendment/Comment or in a Notice of Draftperson's Patent Drawing Review, PTO-948, is also to be ignored.

---

[1] The language which is crossed out is contrary to amended 37 CFR 1.85(c) and 1.136. See _"Changes to Implement the Patent Business Goals"_, 65 _Fed. Reg._ 54603, 54629, 54641, 54670, 54674 (September 8, 2000), 1238 _Off. Gaz. Pat. Office_ 77, 99, 110, 135, 139 (September 19, 2000).

BSC-J008059

BSC-C 017193



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

## NOTICE OF ALLOWANCE AND ISSUE FEE DUE

008933                    GM12/1122
WILLIAM H. MURRAY
DUANE MORRIS & HECKSCHER LLP
ONE LIBERTY PLACE
PHILADELPHIA PA 19103-7396

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/883,801 | 06/27/97 | 026 | KOH, C | 3738 | 11/22/00 |

| First Named Applicant | WIJAY, | 35 USC 154(b) term ext. = 0 Days. | | | |

TITLE OF INVENTION: FLEXIBLE STENT

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3 | WIJAY-12 | 623-001.150 | U49 | UTILITY | YES | $620.00 | 02/22/01 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.**

**THE ISSUE FEE MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED.**

### HOW TO RESPOND TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.
If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is changed, pay twice the amount of the FEE DUE shown above and notify the Patent and Trademark Office of the change in status, or
B. If the status is the same, pay the FEE DUE shown above.

If the SMALL ENTITY is shown as NO:

A. Pay FEE DUE shown above, or

B. File verified statement of Small Entity Status before, or with, payment of 1/2 the FEE DUE shown above.

II. Part B-Issue Fee Transmittal should be completed and returned to the Patent and Trademark Office (PTO) with your ISSUE FEE. Even if the ISSUE FEE has already been paid by charge to deposit account, Part B Issue Fee Transmittal should be completed and returned. If you are charging the ISSUE FEE to your deposit account, section "4b" of Part B-Issue Fee Transmittal should be completed and an extra copy of the form should be submitted.
III. All communications regarding this application must give application number and batch number.
Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PATENT AND TRADEMARK OFFICE COPY
PTOL-85 (REV. 10-96) Approved for use through 06/30/99. (0651-0033)          *U.S. GPO: 1999-454-457/24401

BSC-J008060

BSC-C 017194

#29
LL

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | | | |
|---|---|---|---|---|---|
| Applicant: | Bandula Wijay | § | Examiner: | C. Koh | |
| | | § | | | |
| Serial No.: | 08/883,801 | § | Group Art Unit: | 3738 | |
| | | § | | | |
| Filing Date: | June 27, 1997 | § | Batch No.: | V48 | |
| | | § | | | |
| Title: | Flexible Stent | | Atty. Docket: | WIJAY-12 | |
| | | | | D5446-11 | |

Commissioner of Patents
Washington, D.C. 20231
Attn: Official Draftsman

### SUBMISSION OF FORMAL DRAWINGS

Dear Sir:

In accordance with the Notice of Allowability mailed November 22, 2000 Applicant submits four (4) sheets of formal drawings in the above-identified application.

Respectfully submitted,

January 22, 2001

*Richard T Redano*

Richard T. Redano
Registration No. 32,292
Duane, Morris & Heckscher LLP
One Greenway Plaza, Suite 500
Houston, Texas 77046
Telephone: (713) 552-9900
Facsimile: (713) 552-0109

### CERTIFICATE OF MAILING UNDER 37 CFR 1.10

I hereby certify that this correspondence, and any referred to as being attached or enclosed, is being deposited with the United States Postal Service as "Express Mail, Post Office to Addressee," Express Mail No. EL674495375US in an envelope addressed to: BOX ISSUE FEE, Assistant Commissioner for Patents, Washington, D.C. 20231, on January 22, 2001.

*Tracie Magee*

HOU\5475.1

BSC-J008061

BSC-C 017195

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | | |
|---|---|---|---|---|
| Applicant: | Bandula Wijay | § | Examiner: | C. Koh |
| Serial No.: | 08/883,801 | § | Group Art Unit: | 3738 |
| Filing Date: | June 27, 1997 | § | Batch No.: | V48 |
| Title: | Flexible Stent | § | Atty. Docket: | WIJAY-12 D5446-11 |

TRANSMITTAL OF ISSUE FEE

BOX: ISSUE FEE
Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

Applicants are hereby submitting the following items in response to the Notice of Allowance and Issue Fee Due mailed November 22, 2000.

(1)    Issue Fee Transmittal Form PTOL-85B (in duplicate);

(2)    Four (4) Sheets of Formal Drawings;

(3)    A Check in the amount $620; and

(4)    Acknowledgment Postcard.

The Commissioner is also authorized to charge any under payment or credit any over payment to Deposit Account No. 04-1679.

Respectfully submitted,

January 22, 2001

Richard T. Redano
Registration No. 32,292
Duane, Morris & Heckscher LLP
One Greenway Plaza, Suite 500
Houston, TX 77046
Telephone:  (713) 552-9900
Facsimile:  (713) 552-0109

ROO\3475.1

11-00

BSC-J008062

BSC-C 017196

### CERTIFICATE OF MAILING UNDER 37 CFR 1.10

I hereby certify that this correspondence, and any referred to as being attached or enclosed, is being deposited with the United States Postal Service as "Express Mail, Post Office to Addressee," Express Mail No. EL674495375US in an envelope addressed to: BOX ISSUE FEE, Commissioner for Patents, Washington, D.C. 20231, on **January 22, 2001.**



HOU\9475.1

BSC-J008063

BSC-C 017197

6203569

1/4



FIG. 1

FIG. 2



FIG. 3

BSC-J008064

BSC-C 017198

2|4



*FIG. 4*



*FIG. 5*



*FIG. 6*     *FIG. 7*     *FIG. 8*

BSC-J008065

BSC-C 017199

3/4



FIG. 10

FIG. 9

BSC-J008066

BSC-C 017200

4/4



**FIG. 11**

BSC-J008067

BSC-C 017201

**PART B—ISSUE FEE TRANSMITTAL**

Complete and mail this form, together with applicable fees, to:  Box ISSUE FEE
Assistant Commissioner for Patents
Washington, D.C. 20231

NOV 2 9 2000

01-23-01

MAILING INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE. Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Issue Fee Receipt, the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

Note: The certificate of mailing below can only be used for domestic mailings of the Issue Fee Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

CURRENT CORRESPONDENCE ADDRESS

009933      GM12
WILLIAM H. MURRAY
DUANE MORRIS & HECKSCHER LLP
ONE LIBERTY PLACE
PHILADELPHIA PA 19103-7396

JAN 2 2 2001

**Certificate of Mailing**

I hereby certify that this Issue Fee Transmittal is being deposited with the United States Postal Service with sufficient postage for FIRST CLASS mail in an envelope addressed to the Box Issue Fee address above on the date indicated below. Express Mail No.
EL674495375

Tracie Thigpen  (Depositor's name)

Tracie Thigpen  (Signature)

January 22, 2001

| APPLICATION NO. | FILING DATE | TOTAL CLAIMS | EXAMINER AND GROUP ART UNIT | | DATE MAILED |
|---|---|---|---|---|---|
| 08/883,801 | 06/27/97 | 026 | KOH, C | 3738 | 11/22/00 |

First Named Applicant  WIJAY,     35 USC 154(b) term ext. =    0 Days.

TITLE OF INVENTION  FLEXIBLE STENT

| ATTY'S DOCKET NO. | CLASS-SUBCLASS | BATCH NO. | APPLN. TYPE | SMALL ENTITY | FEE DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 3  WIJAY-12 | 623-001.150 | V48 | UTILITY | YES | $520.00 | 02/22/01 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1  Duane, Morris &
Heckscher LLP
2
3

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)
PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the PTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.
(A) NAME OF ASSIGNEE
(B) RESIDENCE (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category indicated below (will not be printed on the patent)
☐ individual   ☐ corporation or other private group entity   ☐ government

4a. The following fees are enclosed (make check payable to Commissioner of Patents and Trademarks):
☒ Issue Fee
☐ Advance Order - # of Copies

4b. The following fees or deficiency in these fees should be charged to:
DEPOSIT ACCOUNT NUMBER
(ENCLOSE AN EXTRA COPY OF THIS FORM)
☐ Issue Fee
☐ Advance Order - # of Copies

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee to the application identified above.

(Authorized Signature)  Richard T. Redano  (Date) 1/22/01

NOTE: The Issue Fee will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the Patent and Trademark Office.

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

01/25/2001 ...  0000152 0883801
01 FC:142  520.00 OP

**TRANSMIT THIS FORM WITH FEE**

PTOL-85 (REV.10-96) Approved for use through 06/30/99. OMB 0651-0033    Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

BSC-J008068

BSC-C 017202

**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective October 1, 1995

Application or Docket Number

582659

## CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE | SMALL ENTITY FEE | OR | OTHER THAN SMALL ENTITY RATE | OTHER THAN SMALL ENTITY FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 375.00 | | | 750.00 |
| TOTAL CLAIMS | 26 minus 20 = | 6 | x$11= | 66 | OR | x$22= | |
| INDEPENDENT CLAIMS | 2 minus 3 = | * | x39= | | | x78= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +125= | | | +250= | |
| | | | TOTAL | 441 | | TOTAL | |

* If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | 26 | Minus | ** 26 | = | x$11= | | OR | x$22= | |
| Independent | 4 | Minus | *** 3 | = 1 | x39= 40 | 40 | OR | x78= 80 | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +125= | | OR | +250= | |
| | | | | | TOTAL ADDIT. FEE | 40 | OR | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | 29 | Minus | ** 26 | = 3 | x$11= | 33 | OR | x$22= | |
| Independent | 5 | Minus | *** 4 | = 1 | x39= 40 | 40 | OR | x78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +125= | | OR | +250= | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | 29 | Minus | ** 29 | = | x$11= | | OR | x$22= | |
| Independent | 7 | Minus | *** 4 | = 3 | x39= 40 | 120 | OR | x78= 80 | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | +125= | | OR | +250= | |
| | | | | | TOTAL ADDIT. FEE | 120 | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev. 10/95)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

33 extra pd

BSC-J008069

BSC-C 017203

BSC-J008070

BSC-C 017204