# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. No. 05-768-SLR |
| CONOR MEDSYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) |

**<u>EXPERT REPORT OF PROFESSOR JAMES E. MOORE JR., PH.D.</u>**

Pursuant to the Federal Rules of Civil Procedure and this Court's Amended Rule 16 Scheduling Order, the following is my written report detailing the subject matter areas and opinions about which I expect to testify at trial.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

27.     I have reviewed Conor's interrogatory responses regarding its infringement of the Jang '021 patent (*e.g.,* Conor's supplemental response to Interrogatory No. 7 of Plaintiffs' Second Set Of Interrogatories) as well as the testimony of certain Conor employees and engineers (*e.g.*, Feb. 28, 2007 deposition of John F. Shanley; Feb. 8, 2007 deposition of Joel den Dulk) (collectively, "Conor Noninfringement Arguments").  I have considered the Conor Noninfringement Arguments contained therein, and they do not alter my opinion that Conor's Costar, UniStar and related Conor stent designs infringe Claim 35 of the Jang '021 patent.

28.     As I understand from certain of Conor's Noninfringement Arguments, Conor alleges that what it calls "drug reservoirs" should be excluded from the definition of "expansion strut" and "connecting strut."  *See, ,e.g.*, Conor's supplemental response to Interrogatory No. 7 of Plaintiffs' Second Set Of Interrogatories.  Conor also alleges that what it calls "bridge element[s]" of CoStar are "well-blended" into what it calls "head[s]," stopping just short of what it calls "ductile hinge[s]."  *See, e.g.*, J. den Dulk Feb. 8, 2007 Deposition Tr. at 47:2-8, 59:7-9 and 61:3-7; J. den Dulk February 8, 2007 Deposition Ex. 4.  The figure attached hereto as Exhibit N demonstrates how the CoStar stent, even as named and apportioned by Conor, still literally meets each limitation of Claim 35.  To the extent any limitation of Claim 35 is somehow found not to be met literally under Conor's naming and apportioning of the CoStar stent, it is met under the doctrine of equivalents.  The CoStar stent has a structure that performs the same function, in the same way, to reach the same result as each of the limitations of Claim 35.  There are no substantial differences to the claimed subject matter.

### E.     CONOR APPEARS TO HAVE BASED ITS STENT DESIGNS ON THE INFRINGING BX VELOCITY STENT

29.     As I understand from my review of the transcript and exhibits from the February 28, 2007 deposition of John F. Shanley, BX Velocity played an important role in

Conor's stent design and development process.  For example, Conor admits to designing its stents, including CoStar, with BX Velocity in mind.  *See, e.g.*, J. F. Shanley February 28, 2007 Deposition Tr. at 103:8-22 and 249:20-25.  Conor further admits to manufacturing BX Velocity "knock-offs" and measuring, creating engineering drawings for, and conducting fatigue tests on these "knock-offs" for internal design purposes.  *See* J. F. Shanley Tr. at 106:7-20; 208:14-16 and 244:11-248:5; J.F. Shanley February 28, 2007 Deposition Ex. Nos. 10 and 18.  Based on my review of these and other portions of the February 28, 2007 deposition of John F. Shanley and certain exhibits from that deposition, I conclude that Conor used the BX Velocity as starting point for its stent design, adopting at least some of those aspects of the BX Velocity that infringe the '021 patent.  *See* J. F. Shanley February 28, 2007 Deposition Ex. Nos. 20 and 21.  Those infringing aspects were then preserved throughout the design and development process, despite design changes to other aspects of what became the CoStar stent.  *See id.*; Exhibit C.

       30.    I reserve the right to supplement or amend the above opinions including after the Court construes Claim 35 of the Jang '021 patent.

Case 1:05-cv-00768-SLR    Document 167-6    Filed 06/13/2007    Page 5 of 33

## V.    OTHER EXPERT TESTIMONY

31.    In the preceding four years, I have testified as an expert by deposition in

*Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc. and Boston Scientific*

*Corporation*, Civil Action No. C 03-0375 PJH (N.D. Cal.), as an expert at trial and by deposition

in *Cordis Corporation v. Boston Scientific Corporation*, Civil Action No. 03-027-SLR (D. Del.),

as an expert by deposition in *SciMed Life Systems, Inc. et al v. Guidant Corporation, et al.*, Civil

Action No. 04-4962 JNE/JSM (D. Minn.) and as an expert by deposition in *Boston Scientific*

*SciMed, Inc. v. ev3, Inc.*, Civil Action No. 05-651 JNE/JGL (D. Minn.).

## VI.    COMPENSATION

32.    I am being compensated for the time I have spent on this litigation at my

customary rate of $450 per hour.  My compensation does not depend in any way upon the

outcome of this litigation.


Dated:  March 19, 2007

James Moore, Ph.D.

11

# Exhibit D

### INTERPRETATION OF CLAIM 35 OF THE JANG '021 PATENT

| Claim Limitation | Interpretation | Pictorial Representation |
|---|---|---|
| 23.  A stent in a non-expanded state, | "stent" means "a tubular structure left inside a vessel to hold the vessel open."  (*Cordis Corp. v. Boston Scientific Corp*., 2005 WL 1322966, No. 03-027-SLR, at *1 (D. Del. June 3, 2005)) | |
| comprising: | "comprising" means "the named elements are essential, but other elements may be added and still form a [device] within the scope of the claim" (*Cordis Corp. v. Boston Scientific Corp*., 2005 WL 1322966, No. 03-027-SLR, at *1, *2 (D. Del. June 3, 2005)) | |

**INTERPRETATION OF CLAIM 35 OF THE JANG '021 PATENT**

| Claim Limitation | Interpretation | Pictorial Representation |
|---|---|---|
| a first **expansion column** formed of a **plurality** of first expansion column strut pairs, a first **expansion strut pair** including a first **expansion strut** adjacent to a second expansion strut and a first **joining strut** that couples the first and second expansion struts at a **proximal** end of the first expansion strut pair, a second expansion strut pair including a third expansion strut adjacent to the second expansion strut and a second joining strut that couples the second and third expansion struts at a **distal** end of the second expansion strut pair, a third expansion strut pair including a fourth expansion strut adjacent to the third expansion strut and a third joining strut that couples the third and fourth expansion struts at a proximal end of the third expansion strut pair, a fourth expansion strut pair including a fifth expansion strut adjacent to the fourth expansion strut and a fourth joining strut that couples the fourth and fifth expansion struts at a distal end of the fourth expansion strut pair, | In general, this limitation should be construed in accordance with its plain and ordinary meaning, which meaning would be readily apparent to one of ordinary skill in art.  The following specific claim terms, however, would be construed by one of ordinary skill in the art to mean:<br><br>• "strut":  "a structural member designed to withstand force." (*Cordis Corp. v. Boston Scientific Corp.*, 2005 WL 1322966, No. 03-027-SLR, at *1 (D. Del. June 3, 2005))<br><br>• "expansion strut":  "a strut in an expansion column." (*Jang v. Boston Scientific Corp.*, No. 05-426-VAP, at *5-9 (C.D. Cal. Aug. 25, 2006))<br><br>• "expansion strut pair":  "a combination of two circumferentially adjacent expansion struts coupled at one end by a joining strut and open at the other."  (*Jang v. Boston Scientific Corp.*, No. 05-426-VAP, at *5-9 (C.D. Cal. Aug. 25, 2006))<br><br>• "joining strut":  "a strut that connects adjacent expansion struts to form an expansion strut pair" (U.S. Pat. No. 5,922,021 at 3:55-58; 5:66-67 and 6:2-3; "join:  to put or bring together so as to form a unit."  *Merriam-Webster's College Dictionary*, 10th ed. 1995 (Ex. O).)<br><br>• "proximal":  "to the left when viewing the stent from a horizontal perspective." (*Jang v. Boston Scientific Corp.*, No. 05-426-VAP, at *5-9 (C.D. Cal. Aug. 25, 2006))<br><br>• "distal":  "to the right when viewing the stent from a horizontal perspective." (*Jang v. Boston Scientific Corp.*, No. 05-426-VAP, at *5-9 (C.D. Cal. Aug. 25, 2006))<br><br>• "expansion column":  "a tubular structure formed solely by a plurality of expansion strut pairs arranged in a column along the circumference of the stent." (*Jang v. Boston Scientific Corp.*, No. 05-426-VAP, at *5-9 (C.D. Cal. Aug. 25, 2006)) | <br>ES1: "first expansion strut"<br>ES2: "second expansion strut"<br>ES3: "third expansion strut"<br>ES4: "fourth expansion strut"<br>ES5: "fifth expansion strut"<br>JS1: "first joining strut"<br>JS2: "second joining strut"<br>JS3: "third joining strut"<br>JS4: "fourth joining strut" |

**INTERPRETATION OF CLAIM 35 OF THE JANG '021 PATENT**

| Claim Limitation | Interpretation | Pictorial Representation |
|---|---|---|
| a first expansion strut pair first **corner** formed where the first joining strut is coupled to the first expansion strut, and a first expansion strut pair second corner formed where the first joining strut is coupled to the second expansion strut, and a second expansion strut pair first corner formed where the second joining strut is coupled to the second expansion strut, and a second expansion strut pair second corner formed where the second joining strut is coupled to the third expansion strut, and a third expansion strut pair first corner formed where the third joining strut is coupled to the third expansion strut, and a third expansion strut pair second corner formed where the third joining strut is coupled to the fourth expansion strut, and a fourth expansion strut pair first corner formed where the fourth joining strut is coupled to the fourth expansion strut, and a fourth expansion strut pair second corner formed where the fourth joining strut is coupled to the fifth expansion strut; | In general, this limitation should be construed in accordance with its plain and ordinary meaning, which meaning would be readily apparent to one of ordinary skill in art. The following specific claim terms would be construed by one of ordinary skill in the art to mean:<br><br>• "expansion strut pair corners"/"corners" of "expansion strut pairs": "a place where two surfaces meet to form an angle." (*Cordis Corp. v. Boston Scientific Corp.*, 2005 WL 1322966, No. 03-027-SLR, at *1 (D. Del. June 3, 2005)) | <br>C1: "first corner"<br>C2: "second corner" |

**INTERPRETATION OF CLAIM 35 OF THE JANG '021 PATENT**

| Claim Limitation | Interpretation | Pictorial Representation |
|---|---|---|
| a second expansion column formed of a plurality of second expansion column strut pairs, a first expansion strut pair including a first expansion strut adjacent to a second expansion strut and a first joining strut that couples the first and second expansion struts at a proximal end of the first expansion strut pair, a second expansion strut pair including a third expansion strut adjacent to the second expansion strut and a second joining strut that couples the second and third expansion struts at a distal end of the second expansion strut pair, a third expansion strut pair including a fourth expansion strut adjacent to the third expansion strut and a third joining strut that couples the third and fourth expansion struts at a proximal end of the third expansion strut pair, a fourth expansion strut pair including a fifth expansion strut adjacent to the fourth expansion strut and a fourth joining strut that couples the fourth and fifth expansion struts at a distal end of the fourth expansion strut pair, | This limitation should be construed in accordance with its plain and ordinary meaning to one of ordinary skill in the art, with any additional constructions provided above for specific claim terms. |  ES1: "first expansion strut" ES2: "second expansion strut" ES3: "third expansion strut" ES4: "fourth expansion strut" ES5: "fifth expansion strut" JS1: "first joining strut" JS2: "second joining strut" JS3: "third joining strut" JS4: "fourth joining strut" |

**INTERPRETATION OF CLAIM 35 OF THE JANG '021 PATENT**

| Claim Limitation | Interpretation | Pictorial Representation |
|---|---|---|
| a first expansion strut pair first corner formed where the first joining strut is coupled to the first expansion strut, and a first expansion strut pair second corner formed where the first joining strut is coupled to the second expansion strut, and a second expansion strut pair first corner formed where the second joining strut is coupled to the second expansion strut, and a second expansion strut pair second corner formed where the second joining strut is coupled to the third expansion strut, and a third expansion strut pair first corner formed where the third joining strut is coupled to the third expansion strut, and a third expansion strut pair second corner formed where the third joining strut is coupled to the fourth expansion strut, and a fourth expansion strut pair first corner formed where the fourth joining strut is coupled to the fourth expansion strut, and a fourth expansion strut pair second corner formed where the fourth joining strut is coupled to the fifth expansion strut; | This limitation should be construed in accordance with its plain and ordinary meaning to one of ordinary skill in the art, with any additional constructions provided above for specific claim terms. |  |

**INTERPRETATION OF CLAIM 35 OF THE JANG '021 PATENT**

| Claim Limitation | Interpretation | Pictorial Representation |
|---|---|---|
| **a first connecting strut column formed of a plurality of first connecting struts**, each connecting strut of the first connecting strut column including a connecting strut proximal section, a connecting strut distal section and a connecting strut **intermediate** section, a first connecting strut proximal section is coupled to the joining strut of the second expansion strut pair of the first expansion strut column, and a first connecting strut distal section is coupled to the joining strut of the first expansion strut pair of the second expansion strut column, and a second connecting strut proximal section is coupled to the joining strut of the fourth expansion strut pair of the first expansion strut column, and a second connecting strut distal section is coupled to the joining strut of the third expansion strut pair of the second expansion strut column, | In general, this limitation should be construed in accordance with its plain and ordinary meaning, which meaning would be readily apparent to one of ordinary skill in art.  The following specific claim terms would be construed by one of ordinary skill in the art to mean:<br><br>• "connecting strut": "a strut that connects adjacent expansion columns." (*Jang v. Boston Scientific Corp.*, No. 05-426-VAP, at *5-9 (C.D. Cal. Aug. 25, 2006))<br><br>• "connecting strut column": "a column formed solely of a plurality of connecting struts unattached to each other and arranged along the circumference of the strut [sic]." (*Jang v. Boston Scientific Corp.*, No. 05-426-VAP, at *5-9 (C.D. Cal. Aug. 25, 2006))<br><br>• "A first connecting strut column formed of a plurality of first connecting struts": "a column formed of at least two first connecting struts." (*Cordis Corp. v. Boston Scientific Corp.*, 2005 WL 1322966, No. 03-027-SLR, at *1-2 (D. Del. June 3, 2005)) | <br><br>CS1: "first connecting strut"<br>CSP1: "first connecting strut proximal section"<br>CSI1: "first connecting strut intermediate section"<br>CSD1: "first connecting strut distal section"<br>CS2: "second connecting strut"<br>CSP2: "second connecting strut proximal section"<br>CSI2: "second connecting strut intermediate section"<br>CSD2: "second connecting strut distal section" |
| the first connecting strut intermediate section being non-parallel to the first connecting strut proximal and distal sections | This limitation should be construed in accordance with its plain and ordinary meaning to one of ordinary skill in the art, with any additional constructions provided above for specific claim terms. | |

**INTERPRETATION OF CLAIM 35 OF THE JANG '021 PATENT**

| Claim Limitation | Interpretation | Pictorial Representation |
|---|---|---|
| wherein the first expansion strut of the first expansion strut pair in the first expansion column has a longitudinal axis **offset** from a longitudinal axis of the first expansion strut of the second expansion strut pair in the second expansion column. | • "Wherein the first expansion strut of the first expansion strut pair in the first expansion column has a longitudinal axis offset from a longitudinal axis of the first expansion strut of the second expansion strut pair in the second expansion column":  "the first expansion strut in the first column does not share a longitudinal axis with the second expansion strut in the second column." (*Cordis Corp. v. Boston Scientific Corp.*, 2005 WL 1322966, No. 03-027-SLR, at *2 (D. Del. June 3, 2005)) |  |
| 35. The stent of claim 23, wherein the first connecting strut proximal section is coupled to the first corner of the second expansion strut pair of the first expansion strut column, and the first connecting strut distal section is coupled to the second corner of the first expansion strut pair of the second expansion strut column, and the second connecting strut proximal section is coupled to the first corner of the fourth expansion strut pair of the first expansion strut column, and the second connecting strut distal section is coupled to the second corner of the third expansion strut pair of the second expansion strut column. | This limitation should be construed in accordance with its plain and ordinary meaning to one of ordinary skill in the art, with any additional constructions provided above for specific claim terms. |  |

**INTERPRETATION OF CLAIM 35 OF THE JANG '021 PATENT**

# Exhibit L

# Figure 1



# Figure 2



C1: "first corner"
C2: "second corner"

# Figure 3



CS1: "first connecting strut"
CSP1: "first connecting strut proximal section"
CSI1: "first connecting strut intermediate section"
CSD1: "first connecting strut distal section"

CS2: "second connecting strut"
CSP2: "second connecting strut proximal section"
CSI2: "second connecting strut intermediate section"
CSD2: "second connecting strut distal section"

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of March, 2007, I caused true and correct copies of the EXPERT REPORT OF JAMES E. MOORE to be served on counsel for Conor Medsystems, Inc., as follows:

### BY ELECTRONIC MAIL AND FEDERAL EXPRESS

Eugene M. Gelernter, Esq.
emgelernter@pbwt.com
Laura Storto, Esq.
lstorto@pbwt.com
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, New York 10036

### BY ELECTRONIC MAIL

Steven J. Ballick, Esq.
sballick@ashby-geddes.com
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19899

Courtland L. Reichman, Esq.
creichman@kslaw.com
King & Spalding
1180 Peachtree Street, NE
Atlanta, GA 30309

Timothy K. Gilman

# EXHIBIT 12



Page 693

1          - VOLUME D -
2          IN THE UNITED STATES DISTRICT COURT
3          IN AND FOR THE DISTRICT OF DELAWARE
4          - - -
5   BOSTON SCIENTIFIC CORPORATION,     :    CIVIL ACTION
6          Plaintiff                   :
7          vs.                         :
8   CORDIS CORPORATION and             :
    JOHNSON & JOHNSON, INC.,           :
9                                      :
          Defendants                   :    NO. 03-27 (SLR)
10  --------------------------------
    BOSTON SCIENTIFIC SCIMED, INC.,    :    CIVIL ACTION
11  and BOSTON SCIENTIFIC              :
    CORPORATION,                       :
12                                     :
          Plaintiffs                   :
13                                     :
          vs.                          :
14                                     :
    CORDIS CORPORATION and             :
15  JOHNSON & JOHNSON, INC.,           :
16        Defendants                   :    NO. 03-283 (SLR)
17        - - -
18               Wilmington, Delaware
                 Friday, June 24, 2005
19               9:30 o'clock, a.m.
20        - - -
21  BEFORE:  HONORABLE SUE L. ROBINSON, Chief Judge, and a jury
22        - - -
23                      Valerie J. Gunning and
                        Leonard A. Dibbs,
24                      Official Court Reporters
25

Page 694

1   APPEARANCES:
2
3        ASHBY & GEDDES
         BY: STEVEN J BALICK, ESQ and
4            JOHN G DAY, ESQ
5        -and-
6        PATTERSON, BELKNAP, WEBB & TYLER LLP
         BY: GREGORY L. DISKANT, ESQ.,
7            MICHAEL TIMMONS, ESQ,
             EUGENE GELERNTER, ESQ.,
8            KIM J LANDSMAN, ESQ.,
             SCOTT HOWARD, ESQ. and
9            THOMAS PIPPERT, ESQ.
             (New York, New York)
10
11       -and-
12
13       JOHNSON & JOHNSON
         BY: ERIC HARRIS, ESQ
14
         Counsel for Cordis Corporation
15
16       YOUNG, CONAWAY, STARGAT & TAYLOR
         BY: JOSY W INGERSOLL, ESQ.
17
18       -and-
19
         BOUCHARD, MARGULES & FRIEDLANDER, P.A.
20       BY: KAREN L. PASCALE, ESQ
21
         -and-
22
23
24
25

Page 695

1   APPEARANCES (Continued):
2
3        KENYON & KENYON
         BY: RICHARD DeLUCIA, ESQ.,
4            THOMAS MELORO, ESQ and
             ELIZABETH GARDNER, ESQ.
5            (New York, New York)
6        -and-
7
         KIRKLAND & ELLIS
8        BY: JOHN DESMARAIS, ESQ and
             PETER J. ARMENIO, ESQ
9            (New York, New York)
10           Counsel for Boston Scientific
             Corporation
11           . . .
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 696

1
2                P R O C E E D I N G S
3
4        (Proceedings commenced at 9:30 a.m., and the
5   following occurred without the presence of the jury.)
6
7        THE COURT:  I understand we have issues before
8   we bring the jury in?
9        MR. DISKANT:  There are issues that relate to
10  the third witness today, so I think it's your Honor's
11  call whether you want to hear it now or at the later
12  break.
13       THE COURT:  Will we make it to 11:00 o'clock
14  before the third witness?
15       MR. DISKANT:  Yes.  The lead witness is going
16  to get cross-examined for a while.  He will probably go
17  most of the morning.  Then we have our first witness.
18  So I guarantee you we'll get to the morning break and
19  probably lunchtime.
20       THE COURT:  All right.
21       MR. DeLUCIA:  I think that's fine, your Honor.
22  Yes.
23       THE COURT:  All right.  I did want to bring
24  one thing to your attention.  One of our jurors, Juror
25  19, who I think is the third juror on the front row,

BSC vs. Cordis & J&J, CA No. 03-27 & 03-283 (SLR)

Page 693 - Page 696

BSC-C 008123

Page 860

1  was an exciting time because it was the first time we
2  saw these types of clinical trial results.
3  Revolutionary.
4  Q.  And what was your reaction when you heard those
5  results?
6  A.  I was as excited as the cardiologists were in the
7  room because for the first time we saw this kind of
8  data that we knew was going to have tremendous benefit
9  to patients.  And had the potential to really
10 revolutionize the way patients were treated with coronary
11 artery disease.
12 Q.  And when was the Palmaz-Schatz stent first actually
13 sold in the United States?
14 A.  Well, we got FDA approval about, shortly after
15 that data was presented, so that would have been in
16 August of 1994, almost eight years after we started work.
17 Q.  And what effect did the introduction of the
18 Palmaz-Schatz stent have on the treatment of coronary
19 artery disease?
20           - - -
21 A.  It was enormous.  It completely revolutionized the
22 way interventional cardiologists treated patients with
23 coronary arteries.
24 Q.  Did there come a time when Cordis introduced a
25 so-called second-generation stent which was more

BSC-C 008164

Page 861

1  flexible than the original Palmaz-Schatz stent?
2                    - - -
3  A   Yes, we did.  In May of 2000, we introduced the  .
4  BX Velocity stent, which was a much more flexible stent.
5  Q.  And let me show you what has already been
6  introduced into evidence, I think it is Cordis Exhibit
7  2673.
8            This has already been introduced into
9  evidence, your Honor.  I think the jury has seen this.
10           Can you tell them what this is?
11 A.  Yes.  This is a BX Velocity stent.
12 Q.  And was that stent successful?
13 A.  Yes, it was.  We captured about 30 percent of
14 the market in the U.S. marketplace.
15 Q.  And how was the BX Velocity stent developed?  By
16 whom?
17 A.  Well, as I think you've heard yesterday in
18 testimony, it was developed by Dr. David Fischell, his
19 dad, his brother, working with Cordis engineers.
20 Q.  And did you pay the Fischells to use the ideas
21 they contributed?
22 A.  Yes, we did.
23 Q.  Now, you've told us about the ideas of Dr. Palmaz
24 and Dr. Fischell.
25           How often do people approach Johnson &

BSC-C 008165

Page 878

1 right? That's one of the characteristics of the BX
2 Velocity; is that right?
3 A. Yes.
4 Q. Now, am I right that this connector, which is curvy
5 and offset, has been credited with giving the flexibility
6 to the BX Velocity that was the key, one of the keys to
7 the BX Velocity success in the marketplace?
8 A. Well, that's one of the factors, yes.
9 Q. And, in fact, let me show you something I used in
10 my opening.
11          MR. DESMARAIS: May I approach, your Honor?
12          THE COURT: Yes, you may.
13 BY MR. DESMARAIS:
14 Q. This is Boston Scientific Exhibit 4129 (handing
15 exhibit to the witness).
16          (Pause while counsel conferred.)
17 BY MR. DESMARAIS:
18 Q. Let me also show you Boston Scientific Exhibits
19 764, 1122-F and 3391 (handing exhibits to the witness).
20          Let's take 1122-F first.
21          Boston Scientific Exhibit 1122-F is a chapter
22 from the Fourth Edition of the Handbook of Coronary
23 Stents; right?
24 A. That's correct.
25 Q. And it talks about the BX Velocity product,

BSC vs. Cordis & J&J, CA No. 03-27 & 03-283 (SLR)

BSC-C 008169

# EXHIBITS 13-15
# REDACTED IN FULL

**EXHIBIT 16**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BOSTON SCIENTIFIC CORPORATION and
BOSTON SCIENTIFIC SCIMED, INC.,

         Plaintiffs,

      v.

CORDIS CORPORATION,

         Defendant.

C.A. No. 03-27-SLR

BOSTON SCIENTIFIC CORPORATION and
BOSTON SCIENTIFIC SCIMED, INC.,

         Plaintiffs,

      v.

CORDIS CORPORATION and
JOHNSON AND JOHNSON, INC.,

         Defendants.

C.A. No. 03-283-SLR

## JURY VERDICT

We, the jury, unanimously find as follows:

## I.   THE '536 PATENT

1.   Has Boston Scientific shown by a preponderance of the evidence that the Cypher stent infringes claim 8 of the '536 patent?

| YES<br>(A finding for Boston Scientific) | NO<br>(A finding for Cordis) |
|---|---|
| ✓ | |

2.   Has Cordis shown by clear and convincing evidence that claim 8 of the '536 patent is invalid because the prior art would have rendered the subject matter of that claim obvious to a person of ordinary skill in the art as of September 11, 1995?

| YES<br>(A finding for Cordis) | NO<br>(A finding for Boston Scientific) |
|---|---|
| | ✓ |

2

## II. THE '021 PATENT

3.   Has Boston Scientific shown by a preponderance of the evidence that the Cypher, Bx Velocity, Bx Sonic and Genesis stents literally infringe claim 36 of the '021 patent?

| YES (A finding for Boston Scientific) | NO (A finding for Cordis) |
|---|---|
|  | ✓ |

Answer the next question, number 4, only if you answered "no" to question 3 and did so only because you determined that the Cypher, Bx Velocity, Bx Sonic and Genesis stents do not literally infringe the "corners" limitation of the '021 patent.


4.   Has Boston Scientific shown by a preponderance of the evidence that the Cypher, Bx Velocity, Bx Sonic and Genesis stents infringe the "corners" limitation of claim 36 of the '021 patent under the doctrine of equivalents?

| YES (A finding for Boston Scientific) | NO (A finding for Cordis) |
|---|---|
| ✓ |  |

5.   Has Cordis shown by clear and convincing evidence that claim 36 of the '021 patent is invalid because the prior art would have rendered the subject matter of that claim obvious to a person of ordinary skill in the art as of the date of invention?

| YES (A finding for Cordis) | NO (A finding for Boston Scientific) |
|---|---|
|  | ✓ |

Each juror should sign the verdict form to reflect that a unanimous verdict has been reached.

Dated _July  1_____, 2005

_Foleta Waters_____
FOREPERSON

_James B Newell_____

_Maria Matz_____

_Frederick J Blone_____

_Lit m for_____

_Dave Matthew_____

_Nicholas J. Smith_____

_____

_____

5

# EXHIBIT 17

**Bx Sonic**



**Cypher**



**Cordis Uses Connectors In Its Stents**

**Genesis**



**BX Velocity**



BSC-C 008590